# A Group of Strategies for The Sands Family and Entity

(Graphics)

8/16/01

GOVERNMENT EXHIBIT 13

PENGAD-Bayonne, N. J.

SANDS5304

## Risks of Wealth Transfer Planning, Business Continuation, and Capital Gains Planning

A group of strategies is presented in the enclosed materials. The selection of strategies is based on various assumptions, which are predictions about conditions and experiences which will happen at times in the future. These assumptions may include, but are not limited to, presumptions about the values, growth and/or taxation of: a) assets held, distributed and/or transferred via gifts, will, and/or sale; b) income earned or imputed; and/or c) non-guaranteed insurance values including premiums, dividends, cash values, and/or death benefits. As with any prediction, there is the certainty that reality will not be the same as the predictions used in these analyses. This is especially true since these predictions are being made for conditions and experiences years into the future. None of the plan assumptions are guaranteed and all will most likely change each year based on then prevailing conditions and experiences. Any plan may also be affected by other factors and conditions not anticipated or mentioned here.

**Possible Adverse Effects of Changes in Tax Laws or Tax Law Interpretation:**

Wealth Transfer, Business Continuation, and Tax Strategies are affected by federal and state regulations and rates for taxes on income, capital gains, gifts, pension plan distributions, estate settlement, and/or generation-skipping transfers.

There may be an indefinite period of time between the implementation of a Wealth Transfer, Business Continuation, and/or Tax Strategy and the resulting consequences of the Strategy, and thus there is always a risk (especially when using irrevocable trusts) in planning due to the complex interpretation of existing tax laws, and due to the possibility of changes to existing law. Since the tax laws are subject to so much individual interpretation by revenue agents, tax courts and appellate courts, it is not possible to predict what the law may be at any given time. For example, an irrevocable trust may be established at a point in time that the courts have taken a particular position, and subsequently the courts' position may be altered by a decision involving another case, resulting in an adverse impact on the purposes for which the irrevocable trust was established in the first place. Also, tax rates and/or rules on taxation may be changed by Congress and/or the Internal Revenue Service at any time, and, although not done historically, such changes could be made on a retroactive basis which could affect any plan.

**Possible Problems with Determination of Value:**

Another significant factor to consider in planning is the valuation of assets being transferred, in particular when the transfer involves stock in a closely held company, real estate, and/or limited partnership interests.

If any asset transferred as part of a Business Continuation, Wealth Transfer, and/or Tax Strategy is subsequently determined by the Internal Revenue Service and/or the courts to have a higher value than the value placed on it by the involved parties at plan enactment, unplanned gift taxes, estate taxes and/or penalties may be incurred. Also, an under-valuation may result in a gift with a retained life interest, causing the entire future value of the asset, at the time of estate settlement, to be included in the donor's taxable estate.

For plans involving the transfer of S Corporation stock, the valuation method used should take into account the special taxation and cash distribution possibilities for this type of company. Corporations which pay tax at the corporate level and then declare dividends which are taxable to shareholders may be valued differently than corporations that elect to be taxed under Subchapter S of the Internal Revenue Code.

It is recommended that formal valuations by independent appraisers be used for any plan involving the transfer of assets. Even then, since there is no guarantee that the valuation will be upheld, the results of a plan may be vastly different than that originally anticipated.

No attempt has been made by The Heritage Organization, L.L.C., or any of its affiliates, to give legal advice and/or accounting advice regarding the federal or state tax treatment of this or any other plan. Please seek the counsel of your own legal advisor, accountant, qualified appraiser, and tax advisor with respect to the possible consequences of choices and actions taken with regard to this or any other plan.

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies for the Sands Family

## ACKNOWLEDGMENT

We, the undersigned, hereby acknowledge that on August 16, 2001, The Heritage Organization, L.L.C. (the "Organization") divulged and communicated to us this book consisting of 46 pages of materials including graphic pages and written descriptions of various Strategies (as such term is defined and used in the Agreement signed by the Organization and the undersigned as effective on August 9, 2001). A full and accurate understanding of a Strategy may depend, in part, on consideration of all of the information (i.e., the graphic pages and the written descriptions) relating to that Strategy. Thus, all of the Strategies, and all of the pages contained herein, should be read together for explanatory purposes.

We acknowledge these Strategies to be subject to the provisions of the Agreement, including but not limited to, Articles IV and VII thereof.

______________________________ Date:________________
Robert S. Sands, as Individual

______________________________ Date:________________
Witness

______________________________ Date:________________
Robert S. Sands, acting in his representative or other capacity, if any, whether it be as an officer, member, manager, partner, trustee and/or beneficiary to execute for and bind on behalf of any and/or all of the entities listed in Exhibit A attached hereto.

______________________________ Date:________________
Witness

______________________________ Date:________________
J. Nancy Sands, as Individual

______________________________ Date:________________
Witness

Copyright 2001 The Heritage Organization, L.L.C.

____________________________ Date:________________

J. Nancy Sands, acting in her representative or other capacity, if any, whether it be as an officer, member, manager, partner, trustee and/or beneficiary to execute for and bind on behalf of any and/or all of the entities listed in Exhibit A attached hereto.

____________________________ Date:________________

Witness

____________________________ Date:________________

Richard E. Sands, Ph.D., as Individual

____________________________ Date:________________

Witness

____________________________ Date:________________

Richard E. Sands, Ph.D., acting in his representative or other capacity, if any, whether it be as an officer, member, manager, partner, trustee and/or beneficiary to execute for and bind on behalf of any and/or all of the entities listed in Exhibit A attached hereto.

____________________________ Date:________________

Witness

____________________________ Date:________________

Jennifer Sands, as Individual

____________________________ Date:________________

Witness

____________________________ Date:________________

Jennifer Sands, acting in her representative or other capacity, if any, whether it be as an officer, member, manager, partner, trustee and/or beneficiary to execute for and bind on behalf of any and/or all of the entities listed in Exhibit A attached hereto.

____________________________ Date:________________

Witness

Copyright 2001 The Heritage Organization, L.L.C.

Date:________________________

Marilyn Sands, as Individual

Date:________________________

Witness

Date:________________________

Marilyn Sands, acting in her representative or other capacity, if any, whether it be as an officer, member, manager, partner, trustee and/or beneficiary to execute for and bind on behalf of any and/or all of the entities listed in Exhibit A attached hereto.

Date:________________________

Witness

Copyright 2001 The Heritage Organization, L.L.C.

# EXHIBIT A

CWC Partnership-I, a New York general partnership

CWC Partnership-II, a New York general partnership

M,L,R&R, a New York general partnership

Laurie Sands Trust Under Will for the benefit of Andrew Stern, M.D.

Marvin Sands Master Trust

Mac and Sally Sands Foundation, Incorporated, a Virginia non-stock corporation

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

8/16/01

Page No.


1 Cover Page
2 Disclaimer
3 - 6 Acknowledgment
7 Index

PLAN GRAPHICS

8 COVER PAGE - SECTION 1
9 INDIVIDUALS OR ENTITIES SELLING SHARES OF STZ
10 OWNERSHIP OF MLR&R
11 OWNERSHIP OF CWC-I
12 SUMMARY OF SHARES TO BE SOLD
13 - 14 BUSINESS PURPOSES OF TRANSACTIONS

Stage 1
15 Open Margin Accounts
16 - 22 Execute Securities Transactions Utilizing a Short Sale
23 Strategies Related to a Short Sale Transaction - Text
24 Strategies Related to a Short Sale Transaction - Summary

Stage 2
25 Contributions into CWC-I
26 Contributions into MLR&R
27 Formation of an Investment Control Entity LP Interest
28 Overview of Effect on LP Basis
29 Strategies Related to an Investment Control Enitity - Text
30 Strategies Related to an Investment Control Enitity - Summary

Stage 3
31 - 33 Formation of an Investment Trading Limited Liability Company
34 Overview of Effect on Member's Basis
35 Summary of Plan Structure
36 Strategies Related to an Investment Trading Entity - Text
37 Strategies Related to an Investment Trading Entity - Summary

Stage 4
38 Purchase U.S. Treasuries to Cover Settlement Obligations
39 - 40 Strategies Related to Covering Settlement Obligations - Text
41 Strategies Related to Covering Settlement Obligations - Summary

Stage 5
42 Termination of Sands Trading, L.L.C.
43 Results of Termination of Sands Trading, L.L.C.
44 Overview of Basis Allocation at Termination of Sands Trading, L.L.C.
45 Strategies Related to Termination of Sands Trading, L.L.C. - Text
46 Strategies Related to Termination of Sands Trading, L.L.C. - Summary

# Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family and Entities

Copyright 2001 The Heritage Organization, L.L.C.

# Individuals or Entities Selling Shares of Constellation Brands, Inc.

(STZ)

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Ownership of MLR&R




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Ownership of CWC-1




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Summary of Shares of Constellation Brands, Inc. to be Sold

| Beneficial Owner | Number of Shares |
|---|---|
| Marilyn Sands | 500,000 |
| Richard Sands (25,657 thru MLR&R) | 525,657 |
| Robert Sands (28,472 thru MLR&R) | 528,472 |
| Zac Stern Trust (thru CWC-I) | 256,402 |
| Abigail Stern Trust (thru CWC-I) | 256,402 |
| Marvin Sands Living Trust (thru MLR&R) | 63,748 |
| Andy Stern (thru MLR&R) | 17,320 |
| | 2,148,000 |

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Business Purposes of Transactions

I. Investments are made in an attempt to profit from fluctuations in interest rates by shorting U.S. Treasury securities.

II. Brokerage accounts are opened in order to increase diversification of holdings and transact short sales which serve as a hedge versus current holdings.

III. A limited partnership is formed as an Investment Control Entity to provide consolidation and control of diversified investments with the flexible structure and tax benefits of a partnership.

IV. A Management Corporation is formed to manage the investments within the Investment Control Entity and ensure continuity of management while the equity ownership of the Investment Control Entity may change.

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Business Purposes of Transactions

V. The Management Corporation will elect to be treated as an S-Corporation in order to avoid the dual levels of taxation inherent in corporate taxation.

VI. A limited liability company is formed as an Investment Trading Entity to provide a vehicle for engaging in high risk investments with other investors while providing maximum liability protection for the Investment Control Entity.

VII. The Limited Liability Company combines the tax advantages of a partnership with the liability protection of a corporation while not having the ownership restrictions of an S-Corporation.

VIII. Implement estate planning to effect the dispositive intent involving transfers of assets for benefit of descendants while protecting such beneficiaries against significant interest rate fluctuations and related market risks.

Copyright 2001 The Heritage Organization, L.L.C.


A Group of Strategies to Maximize Capital Preservation
and Provide Investment Profits for The Sands Family
Stage 1
Open Margin Accounts at Brokerage Firm
Marvin Sands Living Trust
Marilyn Sands
Richard Sands
Robert Sands
Andy Stern
Zac Stern Trust U/W Laurie Sands
Abigail Stern Trust U/W Laurie Sands
Cash
Cash
Cash
Cash
Cash
Cash
Cash
BROKER
Each Individual or Trust Will Open a Margin Account and Contribute Cash for Required Margin
Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 1

## Execute a Securities Transaction Utilizing A Short Sale




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 1

### Execute a Securities Transaction Utilizing A Short Sale




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 1

## Execute a Securities Transaction Utilizing A Short Sale




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 1

## Execute a Securities Transaction Utilizing A Short Sale




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 1

## Execute a Securities Transaction Utilizing A Short Sale




Copyright 2001 The Heritage Organization, L.L.C.

SANDS5323

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 1

## Execute a Securities Transaction Utilizing A Short Sale




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 1

## Execute a Securities Transaction Utilizing A Short Sale




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 1: Text

## Strategies Related to a Short Sale Transaction

**Strategy 1.** Margin accounts with a brokerage firm are opened for the purpose of enacting security transactions (e.g., short sales of U.S. Treasury Securities).

**Strategy 2.** A short sale is essentially a contractual arrangement under which the seller is obligated to make delivery of a specified amount of specified property at some date in the future.

The usual form of a short sale transaction is the seller's borrowing of property from a broker which is immediately sold on the open market. After sale of the borrowed property, the proceeds (or collateral of substantially equal value) are retained by the broker to secure the seller's obligation to return the borrowed property.

**Strategy 3.** For income tax purposes, a short sale is not deemed to be consummated until delivery of property to close the short sale under I.R.C. § 1233, and specifically Treas. Reg. 1.1233-1(a)(1) .

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 1: Summary

## Strategies Related to Short Sale Transaction

**Stage 1:** In this analysis, it is assumed that Marilyn Sands, Richard Sands, Robert Sands, the Zac Stern Trust, the Abigail Stern Trust, the Marvin Sands Living Trust, and Andy Stern will open margin accounts with a brokerage firm and execute short sales of U.S. Treasury Securities. Each participant will contribute cash and/or marketable securities into the margin accounts for the required margin.

A short sale of U.S. Treasury Securities will likely result in a profit if interest rates rise while the short position is open. This occurs because as interest rates rise, there is a decreasing cost of the bonds needed to replace those previously borrowed and sold. Contrarily, if interest rates fall while the short position is open, a net loss will likely occur due to an increasing cost of the bonds.

Multiple transactions may be executed in the accounts, depending upon market conditions, in an attempt to maximize profits.

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 2
## Contributions Into CWC-I




Copyright 2001 The Heritage Organization, L.L.C.


A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family
Stage 2
Contributions Into MLR&R
Marvin Sands Living Trust
Richard
Robert
Andy
CWC - I
Pro-Rata Contribution of Assets of Margin Account
Pro-Rata Contribution of Assets of Margin Account
Pro-Rata Contribution of Assets of Margin Account
Pro-Rata Contribution of Assets of Margin Account
Pro-Rata Contribution of Assets of Margin Account
MLR&R
Brokerage Accounts
Copyright 2001 The Heritage Organization, L.L.C.

SANDS5329

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 2

## Formation of an Investment Control Entity Limited Partnership Interest




Copyright 2001 The Heritage Organization, L.L.C.

SANDS5330

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 2

### Overview of Effect on Limited Partner's Basis Due to Contribution of Margin Accounts and Stock

Assumes that the Collective Transaction for The Sands Family is $ 80MM with 5.0% Margin Required

| Effect on Basis | Asset Contributed |
|---|---|
| $ 4,000,000 | Cash Contributed for Required Margin |
| $ 80,000,000 | Cash Proceeds From Short Sale |
| $ 0 | Unknown Value of Obligation to Return 80,000 U.S. Treasuries |
| $ 0 | 2,148,000 Shares of Constellation Brands, Inc. ($ 0 Basis/Share) |
| $ 84,000,000 | Total Basis in Investments, L.P. Received by Family Members and Entities |

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 2: Text

## Strategies Related to an Investment Control Entity

| | |
|---|---|
| Strategy 1. | One or more individuals establish a corporation taxed under Subchapter-S of the U.S. Internal Revenue Code. |
| Strategy 2. | An entity (i.e., a limited partnership or limited liability company) is formed with an S-Corporation as its managing general partner and with an Individual or Trust as holder of its other equity interests. |
| Strategy 3. | Additional assets are contributed to an entity (i.e., a limited partnership or limited liability company). |
| Strategy 4. | The Individual(s) and/or Entities receive an outside basis in the Partnership equal to their cash contributions plus any prior basis on the assets that are contributed. The short sale obligations are not liabilities in accordance with I.R.C. § 752 and, hence, do not reduce outside basis. |

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 2: Summary

## Strategies Related to an Investment Control Entity

Stage 2: In this analysis, Marilyn Sands, Richard Sands, Robert Sands, CWC-I, and MLR&R contribute the assets of the new margin accounts and shares of Constellation Brands, Inc. to Sands Investments, L.P., a newly formed limited partnership. The basis in the Limited Partnership Interests received is equal to the cash proceeds received from the short sale of U.S. Treasuries and the required margin, plus any prior basis in the appreciated shares of Constellation Brands, Inc. The outstanding obligations to return the U.S. Treasuries do not affect basis due to the fact that the obligations are not fixed and determinable.

Sands Management Corporation contributes a small amount of cash and/or marketable securities in exchange for its General Partnership Interest.

Sands Investments, L.P. may be used for the consolidation of assets held by The Sands Family and Entities in order to simplify their estate structure as well as effect their dispositive intent involving transfers of assets for the benefit of descendants, while limiting the risk of The Sands Family and Entities .

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 3

## Formation of an Investment Trading Entity L.L.C. Equity Interest




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 3

## Formation of an Investment Trading Entity L.L.C. Equity Interest




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 3

## Formation of an Investment Trading Entity
## Ownership Summary of L.L.C.




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 3

### Overview of Effect on Member's Basis Due to Contribution of Margin Accounts and Stock

Assumes that the Collective Transaction for The Sands Family is $ 80MM with 5.0% Margin Required

| Effect on Basis | Asset Contributed |
|---|---|
| $ 4,000,000 | Cash Contributed for Required Margin |
| $ 80,000,000 | Cash Proceeds From Short Sale |
| $ 0 | Unknown Value of Obligation to Return 80,000 U.S. Treasuries |
| $ 0 | 2,148,000 Shares of Constellation Brands, Inc. ($ 0 Basis/Share) |
| $ 84,000,000 | Total Basis in Sands Trading L.L.C. Received by Sands Investments, L.P. |

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 3

## Summary of Plan Structure




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 3: Text

## Strategies Related to an Investment Trading Entity

Strategy 1. An entity (i.e., a limited liability company) is formed with two or more members as owners of its equity interests.

Strategy 2. Assets in the form of stock, marketable securities, cash and/or real estate are contributed to the entity (i.e., a limited liability company).

Strategy 3. An entity (i.e., a limited liability company) with more than one member, should be designated for partnership taxation at formation. The entity (i.e., a limited liability company) should be formed in a state which allows for a single member L.L.C.

Strategy 4. The members receive outside basis in the entity equal to their cash contributions plus any prior basis on the stock, real estate and marketable securities that are contributed. The short sale obligations are not liabilities in accordance with I.R.C. § 752 and, hence, do not reduce outside basis.

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 3: Summary

## Strategies Related to an Investment Trading Entity

Stage 3: In this analysis, Sands Trading, L.L.C., a limited liability company, is shown to be formed with a capital contribution by Sands Investments, L.P. of the assets of the margin accounts and shares of Constellation Brands, Inc. in return for 99.9% of the L.L.C. Equity Interests. The Shares of Constellation Brands, Inc., as well as the other assets of the margin accounts were previously contributed by Marilyn Sands, Richard Sands, Robert Sands, CWC-I, and MLR&R to Sands Investments, L.P. The basis in the L.L.C. Interests received is equal to the cash proceeds received from the short sale of U.S. Treasuries and the required margin, plus any prior basis in the appreciated shares of Constellation Brands, Inc. The outstanding obligations to return the U.S. Treasuries do not affect basis due to the fact that the obligations are not fixed and determinable.

An Investment Partner contributes cash in return for .1% of the L.L.C. Equity Interests.

Sands Trading, L.L.C. is formed by Sands Investments, L.P. and an Investment Partner who have similar investment objectives in order to jointly seek out and invest in profitable ventures.

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 4

## Purchase U.S. Treasuries to Cover Settlement Obligations




Copyright 2001 The Heritage Organization, L.L.C.

SANDS5341

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 4: Text

## Strategies Related to Covering Settlement Obligations

Strategy 1. After sale of the borrowed property for cash, the seller incurred an obligation to return the borrowed property on an unspecified future date. The short seller will repay the borrowed property to the lender with property the seller held at the time of the short sale or with property the seller purchases in the market, whichever it chooses.

Strategy 2. The act of delivering property to the lender in repayment for the borrowed property is referred to as "closing" the short sale.

Strategy 3. The taxable event following a short sale does not occur when the sales agreement was made, nor when the borrowed property was delivered to the purchaser, but only when the seller delivers stock to the lender to "close" the sale.

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 4: Text

## Strategies Related to Covering Settlement Obligations

Strategy 4. Gain or loss from "closing" the sale is dependent upon the difference between the amount realized from the sale of the borrowed property and the cost of the property used to "close" the sale.

Strategy 5. The limited liability company's purchase and delivery of Treasury securities to close its short sale is different from the type of expenditures contemplated under I.R.C. § 705(a)(2)(B) and therefore does not cause a downward adjustment in the tax basis of an interest in the Partnership under I.R.C. § 705.

Strategy 6. In addition, the purchase and delivery of Treasury securities to close out a short sale should not be deemed an expenditure for purposes of I.R.C. § 705(a)(2)(B) because such purchase and delivery of Treasury securities in and of itself does not give rise to an expense, deduction or loss to the limited liability company which is disallowed by a specific section of the Code.

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 4: Summary

## Strategies Related to Covering Settlement Obligations

Stage 4: In this analysis, Sands Trading, L.L.C., a limited liability company, is shown to purchase U.S. Treasury Securities to cover the short sale obligations previously incurred.

Sands Trading, L.L.C. repays the borrowed property to the lender with the U.S. Treasury Securities it purchases. This "closes" the short sales.

After closing the short sales, Sands Trading, L.L.C. holds shares of Constellation Brands, Inc. and the initial cash contributed for the required margin, plus or minus the performance of any transactions in the margin accounts.

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 5

## Redemption of Investment Partner Results in Termination of Sands Trading, L.L.C.




Copyright 2001 The Heritage Organization, L.L.C.

SANDS5345

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 5

## Results of Termination of Sands Trading, L.L.C.




Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family
## Stage 5

### Overview of Basis Allocation at Termination of L.L.C.

Assumes that the Collective Transaction for The Sands Family is $ 80MM with 5.0% Margin Required

$ 84,000,000 Total Basis in L.L.C. at Termination

| Basis Allocation | Asset Receiving Basis Allocation |
|---|---|
| $ 4,000,000 | Cash (Plus or Minus Performance of Trade) |
| $ 80,000,000 | 2,148,000 Shares of Constellation Brands, Inc. |
| $ 84,000,000 | Total Basis Allocated to Assets at Termination |

**Increased Basis/Share of Constellation Brands, Inc. = $ 37.24/share**

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 5: Summary

## Strategies Related to Termination of Sands Trading, L.L.C.

Stage 5: In this analysis, Sands Trading, L.L.C., a limited liability company redeems Investment Partner's Member Interests in exchange for cash if any capital call is not met. The redemption of Investment Partner would result in a single member limited liability company. Since the limited liability company is taxed as a partnership, and a partnership cannot exist with only one member, a termination of the limited liability company would occur.

Upon becoming a single member L.L.C., Sands Trading, L.L.C. would be terminated for federal income tax purposes and the basis of the partnership property (Shares of Constellation Brands, Inc.) may be adjusted in accordance with I.R.C. § 732 (b) and I.R.C. § 732 (c).

Anytime thereafter that shares of Constellation Brands, Inc. are sold, capital gains will be incurred on any amount in excess of their adjusted basis.

Copyright 2001 The Heritage Organization, L.L.C.

# A Group of Strategies to Maximize Capital Preservation and Provide Investment Profits for The Sands Family

## Stage 5: Text

## Strategies Related to Termination of Sands Trading, L.L.C.

**Strategy 1.** The redemption of the equity interests of all members, with the exception of one, of a limited liability company being taxed as a partnership results in the termination of the limited liability company.

**Strategy 2.** Following the termination of the limited liability company, all assets held by the limited liability company may be distributed to its remaining member. Under I.R.C. § 732 (b) the basis of property distributed by a partnership to a partner in liquidation of the partner's interest shall be an amount equal to the adjusted basis of such partner's interest in the partnership reduced by any money distributed in the same transaction. If the assets are not distributed, a deemed distribution and re-contribution to a limited liability company now taxed as a sole proprietorship occurs.

**Strategy 3.** Any future sale of the assets will result in recognized gain on any amount in excess of the assets' adjusted basis, which was created at the time of the termination.

Copyright 2001 The Heritage Organization, L.L.C.