98TH CONGRESS
*2d Session*

HOUSE OF REPRESENTATIVES

REPORT
98-861

# DEFICIT REDUCTION ACT OF 1984

JUNE 23, 1984 —Ordered to be printed

Mr. ROSTENKOWSKI, from the committee of conference, submitted the following

## CONFERENCE REPORT

[To accompany H R 4170]

The committee of conference on the disagreeing votes of the two Houses on the amendment of the House to the amendments of the Senate to the bill (H.R. 4170) to provide for tax reform, and for other purposes, having met, after full and free conference, having agreed to recommend and do recommend to their respective Houses as follows:

That the Senate recede from its disagreement to the amendment of the House to the amendment of the Senate to the text of the bill and agree to the same with an amendment as follows:

In lieu of the matter proposed to be inserted by the House amendment insert the following:

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

***SECTION 1. SHORT TITLE.***

*(a) SHORT TITLE.—This Act may be cited as the "Deficit Reduction Act of 1984".*

*(b) ACT DIVIDED INTO 2 DIVISIONS.—This Act consists of 2 divisions as follows:*

*(1) DIVISION A.—Tax Reform Act of 1984.*

*(2) DIVISION B.—Spending Reduction Act of 1984.*

### *DIVISION A—TAX REFORM ACT OF 1984*

***SEC. 5. SHORT TITLE, ETC.***

*(a) SHORT TITLE.—This division may be cited as the "Tax Reform Act of 1984".*

*(b) AMENDMENT OF 1984 CODE —Except as otherwise expressly provided, whenever in this division an amendment or repeal is expressed in terms of an amendment to, or repeal of, a section or other*

35-426 O



GOVERNMENT EXHIBIT 2
PENGAD-Bayonne, N. J.

crual method) and allocated among the partners in proportion to their interests in the partnership at the close of each day.

In the case of tiered partnerships, the bill provides that the upper-tier partnership's share of any item of income, gain, loss, deduction, or credit of the lower-tier partnership will, except as otherwise provided in regulations, be prorated equally over the portion of the taxable year during which the upper-tier partnership had an interest in the subsidiary.

The provision applies to items attributable to periods after, or amounts paid or accrued after, March 31, 1984.

*Senate amendment*

*Contributions*

The Senate amendment is the same as the House bill with respect to the partner's share of depreciation, depletion, and gain or loss on property contributed to a partnership.

*Retroactive allocations*

The Senate amendment generally is the same as the House bill with respect to retroactive allocations of partnership items, except that the amendment explicitly provides that when there is a disposition of less than an entire interest in a partnership by a partner (including entry of a new partner), the partnership may elect (on an annual basis) to determine the varying interests of the partners by using a monthly convention that treats any changes in any partner's interest as occurring on the first day of the month.

*Conference agreement*

The conference agreement follows the House bill and the Senate amendment with modifications to eliminate gaps in the provisions identified by the conference committee.

*Contributions*

Under the conference agreement, the Secretary is provided with authority to require items of income, gain, loss, and deduction with respect to contributed property to be shared among the partners to take account of the variation between the basis and fair market value of such property at the time of contribution By making reference to items of income and deduction, the conferees do not intend for the Treasury to require such variations to be eliminated by allocations of operating income and loss attributable to the contributed property (other than depreciation, depletion, and similar items). Rather, the conference agreement intends to address situations in which a partner on the cash receipts and disbursements method of accounting contributes accounts receivable, accounts payable, or other accrued but unpaid items to a partnership that uses the same method of accounting. Thus, for example, if a cash-method taxpayer contributes accounts payable to a cash-method partnership, the deductions attributable to those items generally will be allocated to the contributing partner if possible, and if not, capitalized (see the discussion of retroactive allocations below) The committee intends that, similar to the amendments recently made to section 357(c) (and contrary to Rev. Rul. 60-345, 1960-2 C.B. 211),

these accrued but unpaid items should not be treated as partnership liabilities for purposes of section 752. The conferees expect that the Treasury will provide regulations to cover situations in which the partnership is on the accrual method of accounting. These changes, and the changes contained in new section 724, are not intended to override the anticipatory assignment of income doctrine in those situations in which such doctrine would apply to a cash-method partner's contribution of accrued but unpaid items to a partnership. *See*, e.g., Rev. Rul. 80-198, 1980-2 C.B. 113 and Rev. Rul. 80-199, 1982-2 C.B. 122, and the cases cited therein. These changes compliment, and are consistent with, the modifications to the retroactive allocation provisions adopted by the conferees which prevent a cash-method partnership from shifting its accrued deductions to partners who are admitted to the partnership after such deductions are accrued

The conferees are concerned with complexities that may arise in applying this new rule to allocations of depreciation and depletion. In this regard, the conferees note that the report of the Senate committee suggests ways in which the Treasury might provide for flexibility in applying the new rule (for example, in the case of small operating partnerships) when no tax avoidance potential exists. The conferees intend that this language be read as illustrative of, rather than as a limitation on, the Secretary's authority to provide reasonable rules as long as no abuse potential is present. For example, the conferees recognize that the Secretary may decide to require taxpayers to allocate only the built-in gain or loss on contributed property under new section 704(c) and permit allocations of depreciation, depletion, or similar items with respect to such property, to be governed by section 704(b), provided this flexibility is not likely to result in the contributing partner avoiding the effect of the allocation of built-in gain or loss (such as when the property is expected to be held by the partnership until it has little, if any fair market value). Although partnerships may continue to rely on the regulations issued under present section 704(c)(2) until new regulations are proposed, the conference agreement provides authority for the Secretary to significantly modify or expand those rules. Those modified regulations may take into account situations not addressed by the current rules, including those involving contributions of (1) more than one item of property with built-in gain or loss by a single partner, (2) property with built-in gain or loss by more than one partner, (3) property with built-in gain that would constitute ordinary income under the various recapture provisions, (4) property which is disposed of by the partnership for "substituted basis" transaction as defined in new section 7701(a)(42), (5) property when there are disproportionate profit and loss sharing arrangements contained in the partnership agreement, and (6) property which is not disposed of prior to the contributing partner's disposition of his partnership interest.

Finally, the conferees wish to clarify the intended effect of this new rule on the allowance for depletion. Under present law, a partnership allocates the adjusted basis of an oil or gas property among those who are partners as of the time the property is acquired and also allocates the amount realized from the taxable disposition of such property among the partners. Each partner uses these items