IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: April 9, 2007)

| | |
|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-409 T |

| | | |
|---|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**UNITED STATES' LIMITED MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFFS' DOCUMENT REQUEST NUMBER 35**

Defendant, the United States, moves the Court to extend, until 60 days after the Court rules on the relevancy issue raised by any motion to compel that Plaintiffs may file with respect to the United States' response to production request 35, defendant's time to prepare a declaration formally asserting executive (deliberative process) privilege as to certain documents (described in a "privilege log" that the United States will imminently provide to plaintiffs) withheld or redacted in response to this document production request. In support of this motion, the United States further argues as follows:

Plaintiffs have tendered 36 document production requests. By agreement, the United States' responses are due June 25, 2007. The United States has responded by producing its administrative files containing approximately 15,000 pages of documents (12,245 pages were initially produced with the United States' Initial Disclosures and an additional 2,477 pages were produced at the time that the United States responded to plaintiffs' Interrogatories). The United States also produced an additional disk containing responsive (although in the United States' opinion, irrelevant) documents related to requests seeking documents addressing IRS' administrative views on various IRS Code provisions and Treasury Regulations. In response to the requests covering the administrative views,

the United States also provided extensive and detailed declarations asserting executive (deliberative process) privilege for the documents which were either redacted or withheld. Due to the limited response time available, however, the United States was not able to prepare a similar declaration with respect to the documents withheld in response to document production request 35. Further, for the reasons set forth below, the United States asks to be relieved from doing so unless plaintiffs first overcome the United States' relevancy objection to the requested but withheld or redacted documents.

Plaintiff's Request 35 states:

> Please provide a copy of all documents of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, relating in any manner to the settlement initiatives offered relating to transactions described in Notice 2000-44.

The United States has objected to this request on grounds of irrelevancy. Notwithstanding this objection, the United States has compiled the non-privileged documents responsive to this request, and it has further prepared a privilege log listing withheld or redacted documents. These non-privileged documents and the privilege log will be reproduced digitally and will be provided to plaintiffs within the week.

However, because the irrelevance of the withheld documents is so obvious, and because the preparation of the privilege declaration would consume substantial time by high-ranking officials in the IRS, the United States respectfully requests that the time to prepare a declaration asserting privilege as to the same documents be extended until 60 days after the Court rules on the relevancy objection, should plaintiffs decide to pursue a motion to compel regarding the withheld or redacted documents. This request is made to avoid to IRS expending considerable time preparing a

declaration to assert executive (deliberative process) privilege where the underlying documents have no relevance to the cases at hand.

For the reasons set out above, the United States respectfully requests that the time for it to submit a declaration asserting privilege in response to document production request number 35 be extended until 60 days after the Court rules on the relevancy objection, should plaintiffs decide to file a motion to compel regarding the withheld or redacted documents.

Respectfully submitted,

/s/ Thomas M. Herrin
THOMAS M. HERRIN
Attorney of Record
Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / (214) 880-9762
(214) 880-9742 (FAX)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
LOUISE HYTKEN
Chief, Southwestern Civil Trial Section
MICHELLE C. JOHNS
Trial Attorney

/s/ Louise Hytken
Of Counsel