[JOINT COMMITTEE PRINT]

# GENERAL EXPLANATION OF THE REVENUE PROVISIONS OF THE DEFICIT REDUCTION ACT OF 1984

(H.R. 4170, 98TH CONGRESS; PUBLIC LAW 98-369)

---

PREPARED BY THE STAFF

OF THE

JOINT COMMITTEE ON TAXATION

DECEMBER 31, 1984

JAN 28 1985

LIBRARY
SUTHERLAND ASBILL & BRENNAN

U.S. GOVERNMENT PRINTING OFFICE
WASHINGTON : 1985

40-926 O

JCS-41-84

tabbies
EXHIBIT
3

## 7. Certain Expenses Incurred in Connection With Short Sales (sec. 56 of the Act and secs. 163, 263, and 265 of the Code)[13]

### *Prior Law*

#### *Treatment of short sales of stock*

In a "short sale," the taxpayer sells borrowed property (such as stock or securities) and later closes the short sale by returning identical property to the lender. Gain or loss on the closing of a short sale is considered gain or loss from the sale or exchange of a capital asset if the property used to close the short sale is a capital asset in the hands of the taxpayer. Where the property sold short is stock, and a dividend is distributed with respect to the stock, the taxpayer is required to pay an amount equal to the value of the distribution to the lender of the stock. The Internal Revenue Service ruled that this payment in lieu of a dividend is deductible currently against ordinary income. Rev. Rul. 72-521, 1972-2 C.B. 178; Rev. Rul. 62-42, 1962-1 C.B. 133.

When a dividend is paid with respect to stock, the stock can be expected to decline in value by an amount that approximates the value of the dividend distribution. Taxpayers could effectively convert ordinary income to capital gain by entering into a short sale of stock just before the ex-dividend date,[14] deducting the dividend-substitute payment against ordinary income, and realizing an offsetting capital gain upon closing the short sale.

When a taxpayer borrows property for use in a short sale, the taxpayer may receive a rebate fee—taxable as ordinary income—with respect to short sale proceeds deposited with the lender as collateral. This rebate fee compensates the taxpayer for the lender's use of the short sale proceeds during the period before the short sale is closed and property is returned.

#### *Investment interest limitation*

Section 163(d) limits deductions for interest by an individual or other noncorporate taxpayer on indebtedness to purchase or carry an investment. The deduction for investment interest is limited to the taxpayer's net investment income plus $10,000. Disallowed interest deductions are carried over and may be allowed in future years. Under prior law, short sale expenses were not treated as in-

[13] For legislative background of the provision, see: H.R. 4170, committee amendment approved by the House Committee on Ways and Means on March 1, 1984, sec. 56; H. R. Rep. No. 98-432, Pt. 2 (March 5, 1984), pp. 1194-1195; "Deficit Reduction Act of 1984," as approved by the Senate Committee on Finance on March 21, 1984, sec. 41; S. Prt. 98-169, Vol. I (April 2, 1984), pp 181-182; Senate floor amendment, 130 Cong. Rec. S. 4433-4436 (April 12, 1984); and H. R. Rep. No. 98-861 (June 23, 1984), pp. 824-827 (Conference Report).

[14] The ex-dividend date is the date immediately after the day on which the shareholder must have purchased the stock to be entitled to receive the dividend.

terest for purposes of this limitation (although rebate fees were included in net investment income for purposes of the limitation).

*Interest related to tax-exempt income*

In general, section 265(2) provides that no deduction is allowed for interest on indebtedness incurred or continued to purchase or carry tax-exempt obligations.

In the case of a securities dealer who borrows money for the purpose of conducting a business that includes the holding of tax-exempt obligations, but whose borrowings cannot be traced to the purchase or continued holding of such obligations, section 265(2) is applied on the basis of an allocation. (See Rev. Proc. 72-18, 1971-1 C.B. 1; and *Leslie* v. *Commissioner*, 413 F.2d 636 (2d Cir. 1969), *cert. denied*, 396 U.S. 1007 (1970).) The amount of interest allocated to tax-exempt obligations is determined by multiplying the taxpayer's total interest expense by a fraction the numerator of which is the average adjusted basis of the tax-exempt obligations held during the taxable year and the denominator of which is the average adjusted basis of the total assets held during the year. Interest on debt that is traceable entirely to tax-exempt obligations and interest that is not subject to disallowance under section 265(2) is excluded from this computation. The Internal Revenue Service has ruled that section 265(2) does not apply to disallow interest deductions with respect to indebtedness that is collateralized by tax-exempt securities held for the accounts of customers and that the securities dealer is required to segregate pursuant to rules promulgated under the Securities and Exchange Act of 1934. Rev. Rul. 74-294, 1974-1 C.B. 71.

Under prior law, a short sale was not treated as a borrowing for purposes of section 265(2). It was unclear whether amounts (*e.g.*, rebate fees) paid by the lender of property used in a short sale, which amounts represent compensation for the use of money, were treated as interest.

## *Reasons for Change*

The short sale transaction described above provided a means to avoid the limitations on the deductibility of capital losses through a scheme lacking substantial economic substance. Capital losses, whose deductibility against ordinary income is limited, could be deducted against the capital gain generated by the short sale. The transaction was also attractive to a taxpayer who had both long-term capital gain and short-term capital loss, because it effectively converted ordinary income to long-term capital gain.

In the case of large dividends, short sale transactions prior to ex-dividend dates were widely used to avoid tax. For example, Chrysler Corp. recently paid a large dividend on 10 million shares of preferred stock. At the time of the ex-dividend date, short sales of the preferred stock exceeded 6 million shares.

In many cases, costs incurred in a short sale for the use of property to produce investment income or exempt interest have the same function relative to such investment income or exempt interest as interest paid, the deduction of which is limited or disallowed