(4) *Related partners.* Except as otherwise provided in this section, if related persons (within the meaning of this paragraph (h)) own (directly or indirectly) interests in the same partnership, then such persons shall not be treated as related persons for purposes of determining the economic risk of loss borne by each of them for the liabilities of such partnership.

(i) [Reserved.]

(j) *Special rules*—(1) *Tiered partnerships.* If a partnership (the "upper-tier partnership") is a partner in another partnership (the "subsidiary partnership"), the upper-tier partnership's share of the liabilities of the subsidiary partnership (other than any liability of the subsidiary partnership that is owed to the upper-tier partnership) shall be treated as liabilities of the upper-tier partnership for purposes of applying section 752 and the regulations thereunder to the partners of the upper-tier partnership.

(2) *Liabilities which are part recourse and part nonrecourse.* If one or more partners bears the economic risk of loss (within the meaning of paragraph (d)(3) of this section) for only a portion of a partnership liability, such liability shall be treated as a recourse liability of the partnership to the extent that the partners bear the economic risk of loss for such liability and as a nonrecourse liability of the partnership in an amount equal to the excess. See examples (13)(iv) and (19)(ii) of paragraph (k) of this section.

(3) *Increase and decrease in share of liabilities resulting from same transaction.* For purposes of section 752 and the regulations thereunder, if as a result of a single transaction (for example, a contribution by a partner to the partnership of property subject to a liability or the termination of the partnership under section 708(b)) a partner incurs both an increase (or decrease) in the partner's share of the liabilities of the partnership and a decrease (or increase) in the partner's individual liabilities—

(i) Such increase and decrease must be offset against each other prior to the application of paragraph (b) or (c) of this section; and

(ii) Only the amount of the net increase or decrease, if any, in the sum of the partner's share of the liabilities of the partnership and the partner's individual liabilities resulting from such transaction shall be treated as a contribution of money by the partner to the partnership or a distribution of money by the partnership to the partner, respectively, under paragraph (b) or (c) of this section.

See § 1.752-2T(b) (examples (1) and (2)).

(4) *Time of determination.* A partner's share of the liabilities of the partnership must be determined whenever such determination is necessary in order to determine the tax liability of the partner or any other person. See § 1.705-1(a) for rules regarding when the adjusted basis of a partner's interest in the partnership must be determined.

(5) *Limitation.* For purposes of section 752 and the regulations thereunder, the amount of an indebtedness shall be taken into account only once, even though a partner (in addition to his liability for such indebtedness as a partner) may be separately liable therefor in a capacity other than as a partner.

(k) *Examples.* The following examples illustrate the application of the rules of this section. Except as otherwise provided, these examples assume that (1) the partnerships discussed therein are formed under state laws corresponding to the Uniform Partnership Act or the Revised Uniform Limited Partnership Act, whichever is appropriate, (2) partnership indebtedness constitutes debt for federal income tax purposes, and (3) any debt instrument given in consideration for the sale or exchange of property bears adequate stated interest (within the meaning of section 1274(c)).

*Example (1).* A and B are equal partners in a general partnership. The partnership borrows $1,000. A and B, as equal partners, share the partnership liability for that obligation equally under the rules of this section. The resulting $500 increase in each partner's share of the liabilities of the partnership is treated as a contribution of $500 by that partner to the partnership. See paragraph (b) of this section. Each time the partnership pays a portion of the outstanding balance of the $1,000 loan, each partner's share of the liabilities of the partnership is decreased by one-half of the payment, and the decrease in each partner's share of partnership liabilities is treated as a distribution of that amount by the partnership to that partner. See paragraph (c) of this section.

*Example (2).* (i)C and D are partners in a general partnership that uses the cash method of accounting. At the close of its taxable year, the partnership has accrued interest expense of $1,000 and accounts payable of $500 for services performed on behalf of the partnership.

(ii) Under its method of accounting, the partnership's accrued interest expense and accounts payable are not deductible until paid. Also, the partnership obligations represented by those items have not created or increased the basis of any partnership property or given rise to a nondeductible expenditure of the partnership that is not properly chargeable to capital account. As provided by paragraph (g) of this section, an obligation that constitutes a debt for federal income tax purposes is a liability of the obligor only to the extent

EXHIBIT 5



© 1989, Commerce Clearing House, Inc.

that incurring or holding such obligation gives rise to (1) the creation of, or an increase in, the basis of any property owned by the obligor, (2) a deduction that is taken into account in computing the taxable income of the obligor, or (3) an expenditure that is not deductible in computing the obligor's taxable income and is not properly chargeable to capital. Therefore, the partnership obligations for accrued but unpaid interest expense and accounts payable are not partnership liabilities for purposes of section 752.

*Example (3).* (i) E and F form a general partnership with cash contributions of $20,000 each. The partnership agreement provides that E and F will share all partnership profits and losses equally. The partnership purchases depreciable personal property for $40,000 in cash and a recourse purchase money note for $60,000.

(ii) The indebtedness represented by the purchase money note is a partnership liability because incurring that obligation creates an additional $60,000 of basis in the partnership's depreciable personal property. See paragraph (g) of this section. Under paragraph (d) of this section, the partnership liability for the purchase money note constitutes a recourse liability of the partnership to the extent, but only to the extent, that one or more partners bears the economic risk of loss for such liability, and each partner's share of the recourse liabilities of the partnership equals the portion of those liabilities for which such partner bears the economic risk of loss. To the extent that no partner bears the economic risk of loss for the liability represented by the purchase money note, that liability constitutes a nonrecourse liability of the partnership. See paragraph (e)(2) of this section. Under paragraph (d)(3)(i) of this section, a partner bears the economic risk of loss for a partnership liability to the extent that such partner would be obligated to make a net payment to a creditor or other person or a net contribution to the partnership with respect to such liability if the partnership constructively liquidated (within the meaning of paragraph (d)(3)(iii) of this section).

(iii) In a constructive liquidation of the partnership, all partnership assets are assumed to become worthless and all partnership liabilities are assumed to become due and payable in full. See paragraph (d)(3)(iii)(A)(*1*) and (*2*) of this section. Thus, if the partnership constructively liquidated, the purchase money note would be due and payable, but the partnership would lack the assets needed to discharge the note. As a result, E and F, as equal general partners, would each be obligated by operation of law to make a net contribution of $30,000 to the partnership with respect to the partnership liability for the purchase money note. See paragraph (d)(3)(ii)(B) of this section. Therefore, under paragraph (d)(3)(i) of this section, E and F each bear the economic risk of loss for $30,000 of that liability. Accordingly, the $60,000 partnership liability for the purchase money note is a recourse liability, and E and F share that liability equally.

*Example (4).* (i) The facts are the same as in example (3), except that F is a limited partner, who guarantees the purchase money note and has no obligation to make additional capital contributions to the partnership. Under the guarantee, if the partnership defaults on the purchase money note, F is obligated to pay the outstanding balance of the note. In addition, F is subrogated to the seller's rights against the partnership under the purchase money note for any payments made by F pursuant to the guarantee.

(ii) Under F's guarantee, if the partnership constructively liquidated (within the meaning of paragraph (d)(3)(iii) of this section), F would be obligated to make a $60,000 payment to the seller with respect to the partnership liability for the purchase money note. F would, however, be entitled to be reimbursed (within the meaning of paragraph (d)(3)(ii)(C) of this section) by the partnership for any payment made under the guarantee pursuant [to] F's right to subrogation. As a result, F would not be obligated to make a net payment to a creditor or other person with respect to the liability for the purchase money note. See paragraph (d)(3)(ii)(A) of this section. E, as the sole general partner, however, would be obligated to make a net contribution of $60,000 to the partnership with respect to the partnership liability for the purchase money note in order to provide the partnership with the funds needed to pay the outstanding balance of the note that is owed to F, as subrogee. See paragraph (d)(3)(ii)(B) of the section. Thus, E bears the economic risk of loss for the entire $60,000 partnership liability. Accordingly, under paragraph (d) of this section, the liability is a recourse liability, and E's share of that liability is $60,000.

*Example (5).* (i) The facts are the same as in example (3), except that the partnership agreement provides that capital accounts will be determined and maintained for the partners in accordance with § 1.704-1(b)(2)(iv), distributions in liquidation of the partnership (or any partner's interest) are to be made in accordance with the partners' positive capital account balances (as set forth in § 1.704-1(b)(2)(ii)(*b*)(*2*)), and any partner with a deficit balance in the partner's capital account following the liquidation of the partner's interest must restore that deficit to the partnership (as set forth in § 1.704-1(b)(2)(ii)(*b*)(*3*)). At the time it incurs the liability for the purchase money note, the partnership has no