# TRANSFER AND ASSIGNMENT

THIS TRANSFER AND ASSIGNMENT, made and entered into December 17, 2001, by and between ANDREW STERN, whose current address is c/o 300 Willowbrook Office Park, Fairport, New York 14450, hereinafter referred to as "Assignor," and ALPHA I L.P., a Missouri limited partnership, whose current address is c/o 500 N. Broadway, Suite 2000, St. Louis, Missouri 63102, hereinafter referred to as "Assignee."

## WITNESSETH:

WHEREAS, Assignor is the current owner of Paine Webber brokerage accounts, specifically account numbers [redacted] and [redacted], hereinafter referred to as the "Accounts";

WHEREAS, the Accounts presently hold the assets set forth on Exhibit A to this Transfer and Assignment (the "Assets");

WHEREAS, Assignor has certain obligations as provided by applicable statutes, regulations, and exchange rules in connection with open investment positions in the Accounts (the "Obligations");

WHEREAS, Assignor desires to assign all of the Assets of the Accounts to the Assignee, and to delegate the Obligations to the Assignee; and

WHEREAS, Assignee is willing to accept the Assets and the Obligations.

NOW, THEREFORE, the Assignor and Assignee agree as follows:

1. **TRANSFER AND ACCEPTANCE**: The Assignor hereby transfers and assigns the Assets and delegates the Obligations to Assignee, together with cash in the amount of seventy-two thousand six hundred ninety-four and 48/100 dollars ($72,694.48), for and in consideration of Assignee's accepting the transfer and assignment of the Assets and the delegation of the Obligations, and Assignee's issuing and transferring to Assignor five and eight hundred fifty-seven one-thousandths percent (5.857%) limited partnership interest of ALPHA I L.P. Assignee hereby accepts such transfer and assignment of the Assets and the delegation of the Obligations and, furthermore, hereby agrees to be bound by, observe and perform, all past (to the extent unsatisfied), present and future terms, provisions and covenants of Assignor under and associated with the Obligations.

EXHIBIT 29
tabbies

2. **INDEMNIFICATION:** Assignee does hereby agree to defend, indemnify, and hold harmless Assignor, against any and all claims, demands, judgments, damages, actions, injuries, administrative orders, consent agreements and orders, obligations, penalties, costs and expenses of any kind whatsoever, incurred by Assignor in connection with the defense of any action, suit, or proceeding relating to the Obligations, whether civil, criminal, or administrative, in which the Assignor is made a party by reason of its ownership of the Obligations. Furthermore, Assignee releases Assignor from any claims or causes of action, of whatsoever kind or nature, whether known or unknown, accrued or yet to arise or accrue, which relate to or arise out of the Obligations.

3. **SEVERABILITY:** In lieu of any provision of this Transfer and Assignment that may be deemed invalid or unenforceable for any reason, there shall be automatically added as a matter of law a provision as identical as possible which is deemed valid and enforceable, and the remaining provisions of this Transfer and Assignment shall not be affected thereby but rather shall be enforced to the greatest extent permitted by applicable law.

4. **COUNTERPARTS:** This Transfer and Assignment may be executed through the use of multiple original counterparts.

5. **GOVERNING LAW:** This Transfer and Assignment shall be construed in accordance with and governed by the laws of the State of Missouri.

6. **ASSIGNEE'S EXPENSES:** All taxes and other governmental charges and fees relating to the transaction evidenced by this instrument shall be paid by Assignee.

7. **BINDING EFFECT:** This Transfer and Assignment shall be binding upon the successors and assigns of the parties.

8. **DOCUMENTATION:** The Assignor and the Assignee shall execute and deliver such further and additional instruments, agreements, and other documents as may be necessary to evidence or carry out the provisions of this Transfer and Assignment.

9. **ENTIRE AGREEMENT:** This instrument contains the entire agreement between the parties, and may only be amended by instrument in writing signed by both of the parties hereto.

10. **NOTICES:** All notices or other documents under this Transfer and Assignment shall be in writing and delivered personally or mailed by certified mail, postage prepaid, addressed to the parties at their last known addresses.

11. **NON-WAIVER:** No delay or failure by either party to exercise any right under this Transfer and Assignment, and no partial or single exercise of such right, shall constitute a waiver of that or any other right, unless otherwise expressly provided herein.

12. **HEADINGS:** Headings in this instrument are for convenience only and shall not be used to interpret or construe its provisions.

13. **IRREVOCABLE:** This Transfer and Assignment is irrevocable and shall remain in full force and effect until its release in writing by Assignee.

IN WITNESS WHEREOF, the parties hereto have executed this Transfer and Assignment the day and year first above written.

________________________________

ANDREW STERN

"Assignor"

ALPHA I L.P., a Missouri limited partnership

By: R, R, M & C Management Corporation, a Missouri corporation, Managing Partner

By: ________________________________

Robert Sands, President

"Assignee"

904884.1

11. **NON-WAIVER:** No delay or failure by either party to exercise any right under this Transfer and Assignment, and no partial or single exercise of such right, shall constitute a waiver of that or any other right, unless otherwise expressly provided herein.

12. **HEADINGS:** Headings in this instrument are for convenience only and shall not be used to interpret or construe its provisions.

13. **IRREVOCABLE:** This Transfer and Assignment is irrevocable and shall remain in full force and effect until its release in writing by Assignee.

IN WITNESS WHEREOF, the parties hereto have executed this Transfer and Assignment the day and year first above written.

ANDREW STERN

"Assignor"

ALPHA I L.P., a Missouri limited partnership

By: R, R, M & C Management Corporation, a Missouri corporation, Managing Partner

By: ______________________
Robert Sands, President

"Assignee"

904884.1

EXHIBIT A

PaineWebber Accounts:

[redacted]L and [redacted]L $2,645,511.74

**Andrew Stern**
3500 Elmwood Ave.
Rochester, New York 14610

2001/12/17 11:29 349

December 17, 2001

Mr. Fritz Luedke
PaineWebber
100 Crescent Court Suite 600
Dallas, TX 75201
Phone: (214) 979-0404
Fax: (214) 965-6133

**Re: Account #[redacted] & #[redacted] in the name of Andrew Stern**

Dear Mr. Luedke:

Please be advised that as of the close of business on December 17, 2001, I transferred and assigned all the assets, obligations and duties from the above-referenced brokerage account to account number [redacted] and [redacted] in the name of Alpha I L.P. Please reflect this transfer in your records.

Respectfully,

Andrew Stern

UBS|PaineWebber

UBS PaineWebber Inc.
100 Crescent Court
Suite 600
Dallas, TX 75201
214 220 0400
214 754 7185 fax
800 527 5746 toll free
ubspainewebber.com

December 17, 2001

Mr. Andrew Stern
300 Willowbrook Office park
Fairport, N.Y. 14450-4222

Dear Mr. Stern

The purpose of this letter is to acknowledge the receipt of a letter of authorization (LOA), on 12/17/01 that transfers absolute ownership and responsibility for the accounts entitled, Andrew Stern account [redacted] to the account entitled Alpha I, L.P. [redacted] and transfers absolute ownership and responsibility for the account entitled Andrew Stern [redacted] to the account entitled Alpha I L.P. account, [redacted]

With the receipt of the above referenced LOA, ownership and responsibility for all positions in the original account were transferred to the new account. The new account has provided all required documents, including a trading authorization, to establish a new account in good standing.

Accordingly, and notwithstanding any provisions of our Customer Agreement or other documents, ownership and all responsibilities for the positions transferred are assumed by, and are the sole obligation of, the new account. Any transactions in the positions can only be initiated by individuals designated in the new account's trading authorization.

Sincerely,

Fritz C. Luedke

Fritz C. Luedke

FCL:le