IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: August 1, 2007)

| | | |
|---|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-409 T |

| | | |
|---|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-410 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-411 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-810 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION TO EXTEND DEADLINES**

The United States moves this Court for an Order extending certain discovery deadlines. Pursuant to this Court's November 13, 2006 Order, fact discovery must be completed by August 1, 2007. Expert Reports must be exchanged by October 1, 2007 and expert discovery must be completed by November 1, 2007. There is currently no trial setting in these consolidated cases and the parties have submitted partial motions for summary judgment. As set forth below, subject to Court approval, the parties have agreed to extend the time to take certain depositions. However, and as also set forth below, on July 25, 2007, the United States obtained key documents directly related to plaintiffs' intent at the time they entered into the transactions at issue in these cases. The United States need to take additional depositions to authenticate these recently obtained documents. However, these depositions could not be scheduled prior to the August 1, 2007 fact discovery deadline. Plaintiffs oppose extending the discovery deadlines to permit the United States to take these additional depositions.

Because the parties cannot take the depositions contemplated by this extension request until the Court grants the requested extension, the parties are unable to schedule these additional depositions. As such, the United States asks for a 60 day extension to take these depositions and further requests that the requested extension run from the date the Court grants the extension.

Additionally, the United States requests that the time for exchanging expert reports and to complete expert discovery be similarly extended both to permit the parties to concentrate on the fact depositions as well as to enable the experts to consider the deponents' testimony in formulating their reports.

In support hereof, the United States would respectfully show that the motion should be granted for the following reasons:

(1) Plaintiffs served a Rule 30(b)(6) deposition notice on July 9, 2007, for a deposition(s) scheduled on July 20, 2007. The United States moved for a protective order limiting the scope of plaintiffs' Rule 30(b)(6) deposition notice to testimony which is relevant to the claims and defenses in these cases. The Plaintiffs have not yet responded to this Motion for Protective Order. Until the Court determines the scope of the deposition(s), the parties cannot reschedule as the United States cannot determine who will be needed to testify.

(2) Due to scheduling difficulties and the filing of the United States' Motion for Protective Order, the parties also need additional time to take certain other depositions. In particular, the parties still need to depose representatives of The Heritage Organization, including Gary M. Kornman and Brian Czerwinski. The Heritage Organization was the promoter of the tax shelters at issue in this case. Both Kornman and Czerwinski were subpoenaed for deposition for dates prior to the close of discovery. Due to Kornman and Czerwinski's scheduling conflicts, and to accommodate opposing counsel's schedule, the parties agreed to postpone these depositions to coincide with whatever date that the 30(b)(6) deposition is rescheduled.

(3) The parties have also tentatively agreed to take the deposition of George Goerig of Georig & Associates. Because Mr. Goerig is located in Alaska, the parties have been unable to

schedule his deposition prior to the close of discovery. The parties anticipate that Mr. Goerig's deposition, if taken, will be scheduled sometime in August. However, plaintiffs are unwilling to extend the discovery deadline for Mr. Goerig's deposition unless the United States agrees that Mr. Goerig's testimony will be used in lieu of live testimony at trial. The United States is unable to agree to this request at this time.

(4) On July 25, 2007, counsel for the United States received additional documents consisting of business records and files of The Heritage Organization. The IRS obtained these documents through an IRS summons served on the Trustee in The Heritage Organization bankruptcy. The documents obtained from the bankruptcy trustee were quite voluminous and related to taxpayers other than those involved in these consolidated cases. As such, the IRS needed to spend several months reviewing and segregating the documents by taxpayer to ensure that the documents provided to government counsel in this case did not violate any disclosure restrictions imposed by 26 U.S.C. § 6103. The United States had notified opposing counsel on several occasions that these documents existed and that they would be produced as soon as they had been obtained. The United States provided a copy of these documents to plaintiffs on July 31, 2007.[1]

(5) At least part of these additional Heritage documents contain transcripts of meetings and telephone conversations between Richard and/or Robert Sands and representatives of Heritage. Because Richard Sands and Robert Sands were deposed before these transcripts were obtained, the United States seeks to authenticate the transcripts through the other participants to the

---

[1] The United States has learned that additional Heritage documents were just recently turned over to the bankruptcy trustee by the attorney representing Heritage in the bankruptcy estate. Apparently these additional documents were withheld by Heritage's attorney until after the entry of the April 9, 2007 guilty plea by Heritage's principal (Gary Kornman) in an unrelated S.E.C. proceeding. It is anticipated that at least some of these additional documents will be related to the transactions.

meetings/conversations. These transcripts contradict key statements made by Robert Sands and Richard Sands at their depositions taken on June 12-13, 2007, as well as representations made in affidavits attached to the plaintiffs' response to its Motion for Summary Judgment. Furthermore, the United States anticipates that plaintiffs will refuse to authenticate the transcribed recordings. As such, the United States seeks to depose one or more of the Heritage employees who participated in these meetings to authenticate the transcripts. Naturally, if plaintiff will admit to the authenticity of the transcripts the additional depositions will not be needed.

(6) Because additional time will be needed for depositions, the United States also requests that the dates for expert reports and expert discovery also be extended consistent with this Motion to enable the experts to consider all relevant facts in preparing expert reports.

(7) The requested extensions will not negatively impact scheduling since no trial date has been set and the parties have already filed partial motions for summary judgment.

(8) Plaintiffs do not oppose an extension of time to take depositions of Brian Czerwinski, Gary M. Kornman, and the United States' 30(b)(6) witness. The plaintiffs will oppose an extension of time for other depositions that will be necessary related to the documents and files obtained from The Heritage Organization and an extension of time related to expert reports and discovery.

CONCLUSION

For the reasons stated above, the United States respectfully prays that the Court enter an order extending the time for the taking of depositions by 60 days from the date the Court grants the requested extension, and granting a similar extension of time for the exchange of expert reports and expert discovery.

Respectfully submitted,

/s/ Thomas M. Herrin

THOMAS M. HERRIN
Attorney of Record
Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / (214) 880-9762
(214) 880-9742 (FAX)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
LOUISE HYTKEN
Chief, Southwestern Civil Trial Section
MICHELLE C. JOHNS
Trial Attorney
LOUISE P. HYTKEN
Of Counsel