IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: August 6, 2007)

| | |
|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-409 T |

| | |
|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO UNITED STATES' MOTION FOR PROTECTIVE ORDER**

The defendant has filed a motion for protective order to limit or prohibit plaintiffs' discovery of the following two major areas covered by plaintiffs' RCFC 30(b)(6) deposition notice: 1) conduct of defendant's agents in auditing the tax returns of plaintiffs and their partners, including the facts gathered or relied on by the IRS in making its determinations in the FPAAs issued to plaintiffs; and 2) the IRS's interpretation and application of Section 752. Plaintiffs oppose the government's motion for the reasons discussed below.

## I. Introduction

The Rules of the Court of Federal Claims adopt a liberal policy for providing discovery. In the Court of Federal Claims, parties may obtain discovery

> regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Ct. Fed. Cl. R. 26(b). Here, plaintiffs have attempted to do just that through their Ct. Fed. Cl. R. 30(b)(6) deposition notice to defendant. A copy of the notice is attached to this motion as Exhibit A.

Plaintiffs' notice requests defendant to produce a witness or witnesses to provide

information regarding eight topics. Topics 1 through 7 of the attached notice relate to conduct of the audit of plaintiffs. Topics 1 and 8 relate to the Internal Revenue Service's interpretation and application of Section 752. Defendant has generally objected to each topic listed in plaintiffs' notice. However, the basis for the government's objections regarding plaintiffs' proposed inquiries into the audit of plaintiffs' tax returns is unclear, as defendant agreed in its motion to produce a witness to testify regarding the conduct of the audit (in particular the facts revealed or determined and the evidence on which such determinations were based) at a time mutually agreed on by the parties. (Def.'s Mot. for Prot. Order at 4-12.)

In Part II below, plaintiffs address defendant's arguments that information relating to the IRS's interpretation and application of Section 752 is irrelevant or protected by the deliberative process privilege. Contrary to the government's argument, such information is routinely admissible and particularly relevant to this case because the defendant has asserted significant penalties for negligence and disregard of the rules. The plaintiffs have asserted that they had reasonable cause and good faith for the positions taken on their returns. The opportunity to engage in discovery of evidence indicating that the IRS previously interpreted and applied Section 752 in a manner that supported the plaintiffs' positions relates directly to the penalty issues. Moreover, to the extent, if any, that the deliberative process privilege would apply to the areas of inquiry covered by the Ct. Fed. Cl. R. 30(b)(6) notice, that privilege is inapplicable or has been waived, or plaintiffs can make the showing necessary to overcome the privilege.

In Part III below, plaintiffs address defendant's general objection to Topics 1 through 7 that information relating to the Commissioner's determinations in the audit is not relevant in a *de novo* partnership proceeding as well as defendant's specific objections to Topics 1 through 7.

**II. Plaintiffs' Proposed Areas of Inquiry Relating to the IRS's Interpretation and Application of Section 752 Are Relevant and Not Protected by the Deliberative Process Privilege.**

Defendant has requested that the Court prohibit plaintiffs from inquiring into the IRS's interpretation and application of Section 752 based on its assertion that such testimony would not be relevant and if it is, it is protected by the deliberative process privilege. (Def.'s Mot. for Prot. Order at 13-17.) Neither of these arguments should be upheld as the protection requested is not warranted.

A. <u>Plaintiffs' Proposed Areas of Inquiry Relating to the IRS's Interpretation and Application of Section 752 Are Relevant.</u>

Evidence of the government's changing interpretation of Section 752 is particularly relevant to plaintiffs' defenses to penalties in this case. One issue in this case is whether plaintiffs should be subject to penalties under Section 6662 if the Court were to decide that plaintiffs' tax positions are incorrect. Defendant has asserted significant financial penalties in this case. As discussed in plaintiffs' cross motion for summary judgment, taxpayers are not liable for such penalties if they had substantial authority for their position and acted reasonably and in good faith. Depending on the outcome of pending motions for summary judgment, plaintiffs may have to prove at trial that they were not negligent, that substantial authority existed for the positions they took, and that they had a reasonable basis for reporting the positions taken on their returns. Given that defendant has called plaintiffs' interpretation of Section 752 "specious" (Def.'s Mot. Summ. J. at 7), plaintiffs wish to engage in discovery relating to the IRS's prior application and interpretation of Section 752.

Plaintiffs' tax position under Section 752 was based, in large part, on defendant's position in *Helmer v. Comm'r*, 34 T.C.M. (CCH) 727 (1975), *Long v. Comm'r*, 71 T.C. 1 (1978), and *La Rue v. Comm'r*, 90 T.C. 465 (1988). Plaintiffs have already discovered documents that indicate that the highest officials in the IRS, including the Chief Counsel of the IRS, believed

that the reporting position taken by the plaintiffs had substantial merit. Plaintiffs should be allowed to ask the IRS about these documents and to discover if other such relevant documents exist.

Although defendant asserts in this case that plaintiffs' position is "specious," that contention is belied by defendant's own understanding that **its** current interpretation of Section 752 is, at best, "cram[ming] through [a] result." (App. A. to Pls.' Resp. to Def.'s Mot. Summ. J. at 81-82.) For example, notes made by Richard Starke, an attorney in the office of Chief Counsel in 1995, confirm that the IRS was well aware that the position it had taken in the cases described above on the definition of a "liability" for purposes of Section 752 could result in taxpayers obtaining tax benefits. (*Id*.) Mr. Starke was charged with drafting IRS Revenue Ruling 95-45, which addressed whether a short sale is a liability in the corporate context. As reflected in his notes, Mr. Starke attended numerous meetings with IRS officials where the definition of "liability" for purposes of section 752 was discussed. Mr. Starke reported that the IRS understood that the manner in which "liability" had been defined could be advantageous or disadvantageous to the IRS, depending on the situation, and that the underlying issue involved "mismatch between inside and outside basis." He then reported that "if [the IRS] had to choose one poison or another, [Stuart Brown, then Chief Counsel of the IRS] tended [to] agree with Helmer (a position IRS perhaps needs, lesser of two evils.)" (*Id.)*

Chief Counsel Brown suggested writing a regulation to address these issues. In debating which was the correct path to follow, the Treasury Department advocated using Section 752 to equate inside and outside basis, but understood that such use of Section 752 would be "cram[ming] through [a] result" and "not an entirely clean way of doing it." (*Id*.) Because the government's own tax lawyers acknowledged that the correct interpretation of Section 752 would support plaintiffs' position in this case, it is both disingenuous and legally incorrect for the

government to assert a negligence penalty. A taxpayer's interpretation of Section 752 that is in accord with defendant's own longstanding interpretation of that section cannot be a basis for penalties.

These and other similar documents are the very documents that defendant is attempting to keep out of this litigation by claiming that they are privileged or not relevant. Plaintiffs need to engage in discovery into documents setting forth the IRS's position prior to and during the events at issue in this case because such information directly refutes the government's penalty claims in this case. While plaintiffs have already discovered some such relevant documents, plaintiffs believe there are further documents in defendant's possession which are relevant to plaintiffs' defenses to penalties and such documents may be identified by a witness supplied by defendant. Indeed, discovery of these documents will establish that defendant's assertion of penalties is disingenuous and that the penalty claims are not advanced by the government in good faith.

In *Jade Trading, LLC v. United States*, 65 Fed. Cl. 487 (2005), this Court held that the precise information sought by plaintiffs is relevant to the claims at issue in this case. Defendant failed to discuss *Jade Trading* in its brief. In *Jade Trading*, defendant alleged, as it alleges here, that the taxpayers had engaged in a "Son of Boss" transaction, and defendant made the same types of adjustments to the taxpayers' tax returns as it has made in to the tax returns involved in these consolidated cases. Finally, the government is defending the adjustments to the tax returns it made in *Jade Trading* and in this case under section 752 and Treas. Reg. § 1.701-2, which are the two areas into which plaintiffs principally seek discovery. In *Jade Trading*, this Court flatly rejected the exact arguments that defendant is refurbishing here, and correctly determined that the discovery sought by the taxpayers into section 752 and Treas. Reg. § 1.701-2 (the same

discovery that plaintiffs seek here) **was** relevant. Plaintiffs respectfully believe that the decision in *Jade Trading* should be followed here.

Defendant argues that information relating to the IRS's interpretation and application of Section 752 is irrelevant because the proper construction of Section 752 is an issue of law for the Court to decide and the recollections and views of the government officials or the drafters of regulations should not be weighed by the Court in making its determination. (Def. Mot. for Prot. Order at 14.) Defendant cites cases in which courts have held that the personal views of IRS employees are irrelevant when used as evidence of the proper construction of a regulation. (*Id.).* However, none of the cases cited by defendant addressed a situation where the internal memoranda or views of the IRS employees show that the penalties claimed by the government are not asserted in good faith. Defendant's citation to *Evergreen Trading LLC v. United States*, 75 Fed. Cl. 730 (2007) is an attempt to misdirect the issue. In *Evergreen*, the Court held that the **personal** views of IRS employees, who were not being asked to testify on behalf of the agency, are not relevant. It is important to note that here plaintiffs are seeking testimony pursuant to Ct. Fed. Cl. R. 30(b)(6) and that they are **not** seeking the personal views of any IRS employee.

Moreover, an agency's change in policy clearly is important in determining whether its regulations are valid. While this Court is the final arbiter of the proper construction of Section 752, courts have often analyzed the reasoning behind an agency's change in its interpretation of a statute in determining whether the reasons for the change have been adequately explained. *Nat'l Cable & Telecomm. Ass'n v. Brand X Internet Services*, 545 U.S. 967, 981-982 (2005). Furthermore, defendant neglects to address the fact that another court, in ruling on the proper construction of Section 752 and the application of Treas. Reg. § 1.752-6 considered the fact that the agency's construction of the statute had changed previously settled law. *Klamath Strategic Inv. Fund, LLC v. United States,* 440 F. Supp. 2d 608, 620 (E.D. Tex. 2006) ("There is no doubt

that the government knew it was changing the law regarding "liabilities" under Section 752 with this new regulation."). The court in *Klamath* looked at the reasons for the change in the IRS's interpretation of Section 752 and partially based its decision not to apply Treas. Reg. § 1.752-6 retroactively because the court believed the government made the regulation retroactive to a specific date to buttress its litigating position. *Klamath*, 440 F. Supp. 2d at 624-25.

Plaintiffs submit that the government's motion to curtail the relevant discovery is nothing but an attempt to conceal the bad faith in which the penalties have been asserted in this case. The government's attempt to conceal these relevant historical facts should not be allowed by this Court.

B. Plaintiffs' Proposed Areas of Inquiry Relating to the IRS's Interpretation and Application of Section 752 Are Not Protected by the Deliberative Process Privilege.

Plaintiffs' proposed topics of inquiry cover factual information that is not protected by the deliberative process privilege. Moreover, as to documents and information, any such privilege has already been waived by defendant. To the extent that any portion of plaintiffs' proposed topics cover documents or information for which the deliberative process privilege exists and has not been waived, plaintiffs can overcome the privilege as discussed below.

Defendant has argued that, even if plaintiffs are correct that the topics discussed above are relevant or would lead to the discovery of relevant evidence, its motion should still be granted because the topics covered are protected by the deliberative process privilege. (Def. Mot. for Prot. Order at 16-17.) Such an application of the deliberative process privilege would stretch it beyond the breaking point. The deliberative process privilege is to be construed as narrowly as possible, consistent with efficient government operation. *First Heights Bank, F.S.B. v. United States*, 46 Fed. Cl. 827, 829-30 (2000); *Coastal States Gas Corp. v. Dept. of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980). "Like all evidentiary privileges that derogate a court's

inherent power to compel the production of relevant evidence, the deliberative process privilege is narrowly construed." *Deseret Mgmt. Corp. v. United States*, 76 Fed. Cl. 88, 95-96 (2007).

The deliberative process privilege protects **materials** that are both predecisional and part of the deliberative process. *N.L.R.B. v. Sears*, 421 U.S. 132, 150-52 (1975); *CACI Field Services, Inc. v. United States*, 12 Cl. Ct. 680, 686 (1987) ("This privilege, which applies to inter- and intra-agency deliberative communications or official information, protects 'documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions and policies are formulated.'"). Defendant argues that plaintiffs' requested depositions seek disclosure of privileged information. Plaintiffs have not requested the designee to bring any documents to the deposition, but have requested the opportunity to depose an individual with knowledge of the IRS's interpretation and application of I.R.C. § 752 prior to 1995 and in the years from 1995 to 2002, including the contents of documents related to that position.

The deliberative process privilege applies only to the opinion or recommendatory portion of a document, not to the underlying factual information contained in the document. *EPA v. Mink*, 410 U.S. 73, 87-93 (1973). "The privilege does not protect factual or investigative material, except as necessary to avoid indirect revelation of the decision-making process. Thus, factual findings and conclusions, as opposed to opinions and recommendations, are not protected." (internal citations omitted). *Deseret Mgmt. Corp.*, 76 Fed. Cl. at 95-96. Any documents and portions of documents representing facts – including the IRS's prior interpretation of Section 752 – are not protected by the privilege.

Even if a document is covered by the deliberative process privilege, it can lose that status if it is adopted, formally or informally, as the agency position on an issue or is used by the agency in its dealings with the public. "The deliberative process privilege will not permit an

agency to develop a body of secret law, used by it in the discharge of its regulatory duties and in its dealings with the public, but hidden behind a veil of privilege because it is not designated as "formal," "binding," or "final."" *Coastal States Gas Corp.*, 617 F.2d at 867.

Furthermore, the deliberative process privilege is waived for all documents or information that the government has previously produced or that has been the subject of testimony in this or other cases. *See Wilson v. Maricopa County*, 2006 U.S. Dist. LEXIS 29645 (D. Ariz. 2006) (determining that waiver of the deliberative process privilege occurred for pages produced to the plaintiff in the litigation and for various deposition exhibits which had been used in another case without objection by the defendant). Defendant has produced documents in this and other cases relating to its prior interpretation of Section 752 that have been introduced into evidence or relied on at trial. For example, defendant previously produced the notes of an employee of defendant, Richard Starke, and Mr. Starke testified regarding his notes in the *Jade Trading* trial. (App. A. to Pls.' Resp. to Def.'s Mot. Summ. J. at 39-65.)

Finally, questioning a witness regarding information relating to the IRS's previous interpretation of Section 752 in documents that the government has previously produced or on which testimony has previously been allowed clearly will not hinder the government's decision-making processes and will not stifle honest and frank communication within the IRS in the future. Plaintiffs' need for accurate fact-finding regarding defendant's previous interpretation of Section 752 in order to support their defenses to penalties clearly outweighs whatever interest the government may have in avoiding production of a witness to testify as to these same matters on which the government has testified in other cases.

## III. Plaintiffs' Proposed Areas of Inquiry Relating to the Audit of Their Returns Are Permissible.

The seven topics that cover plaintiffs' inquiries relating to the audit of their returns are permissible topics, and based on defendant's agreement in its motion to provide a witness to

testify on each topic at a mutually convenient time, plaintiffs regard defendant's belated objections to be vague and unfounded. Nevertheless, plaintiffs have addressed defendant's general and specific objections to each topic below.

A. Plaintiffs' Proposed Areas of Inquiry Relating to the Audit of Their Returns Are Relevant.

Throughout its motion, defendant opposes discovery of relevant facts based on the incorrect theory that, because the partnership proceeding is a "de novo" proceeding in which the Court has jurisdiction to determine all partnership items of plaintiffs, the reasons for the Commissioner's determination (including the facts supporting or contradicting that determination discovered during the audit) are not relevant. (Def. Mot. for Prot. Order at 7, 9-11 and 13.) The case cited by the defendant in support of that proposition is *Greenberg's Express, Inc. v. Comm'r*, 62 T.C. 324, 327-28 (1974). That case does not even remotely support the government's position. The fact that a partnership proceeding is "de novo" means that the Court's determination is based on an independent, new review of the evidence, and no deference is given to the IRS's determinations. It does not mean that the parties and this Court must pretend the audit never happened. If relevant evidence is developed during the course of an IRS audit, then it is just as discoverable as any other evidence would be.

*Greenberg's Express* does not in any way support defendant's contention that taxpayers are precluded from seeking discovery of evidence developed by the government in the course of its audit. *Greenberg's Express* involved a taxpayer's challenge to the validity of a deficiency notice and request for impoundment of documents. In *Greenberg's Express*, the taxpayers alleged that the government discriminated against them in selecting their returns for audit and that the government would attempt to destroy or conceal documents to cover up the harassment directed against them. The taxpayers moved for a protective order which would have required the government to produce various documents relating to the audit to the Tax Court. The

taxpayers also requested the court to declare the government's determinations null and void because the government's determination of deficiencies resulted from official actions which violated the constitutional rights of the taxpayers. The court determined that even if the taxpayers could show IRS discrimination against them in selecting their return for audit, they were not entitled to the relief requested. In that case, the taxpayers presented no evidence of unconstitutional conduct by the government, and the court held that it would not look behind the deficiency notice or declare it null and void in such circumstances. 62 T.C. at 326-38.

An analogy to the "de novo" standard of review applied by the Courts of Appeals is illustrative. When a Court of Appeals reviews a District Court judgment or order *de novo*, clearly it is not required to ignore or proceed as if the opinion or reasoning of the District Court does not exist. In fact, the District Court's opinion is often the first thing discussed by the Court of Appeals in its "de novo" decision. It is also discussed and referred to by the parties in their briefs. The "de novo" standard of review simply means that the Court of Appeals determines the question anew and is not required to defer to the District Court's conclusions. Likewise, in a *de novo* partnership proceeding, it is typical for the parties to frame their case around the adjustments made by the IRS and the reasons offered by the IRS for its decisions.

Unlike the taxpayers in *Greenberg's Express*, in the instant case plaintiffs are seeking, through discovery, the facts gathered and determined through an audit of their returns. The plaintiffs here are not seeking to litigate the procedural niceties of the audit or whether the IRS respected its own procedures. They are not challenging the procedures used by the IRS in issuing the FPAAs. Plaintiffs are, however, seeking the opportunity to discover from the government's witness(es) the evidence that was developed over the course of the audit, for purposes of preparing for trial. That is exactly what discovery is meant for.

B. Defendant's Specific Objections to Topics 1 through 7 are Not Supportable.

> Topic 1. The identity and contents of documents produced in defendant's Rule 26(a) disclosures or in response to plaintiffs' discovery requests, including, but not limited to the documents in defendant's administrative file(s) relating to the audits of plaintiffs.

Defendant objected to this topic to the extent that it covers documents produced in response to plaintiffs' document production requests[1] 15 – 29 and 35 because defendant believes such documents are irrelevant and that exploring the identity and contents of such documents with a person having knowledge of them would be a waste of resources. (Def. Mot. for Prot. Order at 4-5.) Plaintiffs disagree, particularly with respect to plaintiffs' requests 15 – 23. Plaintiffs' requests 15-23 sought documents relating to the IRS's interpretation of what constitutes a liability under Section 752, including documents citing *Helmer v. Comm'r* and documents relating to the promulgation of Treas. Reg. § 1.752-6. The documents responsive to these requests include documents evidencing the IRS's prior interpretation of Section 752. As discussed in Part II (A) above, information relating to the IRS's prior application and interpretation of Section 752 directly relates to the government's assertion of penalties against plaintiffs and plaintiffs' defenses to those penalties.

Plaintiffs' requests 24 – 28, 29, and 35 sought documents relating to Treas. Reg. § 1.701-2, Notice 2000-44, and settlement initiatives offered relating to transactions described in Notice 2000-44, respectively. Defendant's contention that such documents are irrelevant or that exploring the contents of them with a knowledgeable witness would be a waste of resources is incorrect as to these documents as well. The IRS has asserted that Treas. Reg. § 1.701-2, an anti-abuse regulation whose application is inherently based on factual determinations, supports the adjustments in the FPAAs. Testimony of a witness as to the contents of documents relating to the application of Treas. Reg. § 1.701-2 to plaintiffs may lead to discoverable evidence. Relating

[1] A copy of plaintiffs' document production requests is attached hereto as Exhibit B.

to the settlement initiative, plaintiffs have no intention of getting into the terms of any individual settlements – plaintiffs do, however, intend to explore the contents of documents concerning the government's position on Section 752 and how that position relates to the settlement initiative. Evidence that the government believed settlement to be an appropriate course of action in light of its previous interpretation of Section 752 is relevant to the question of whether the penalties asserted by the IRS should be upheld and whether plaintiffs had a reasonable basis for the positions taken on their returns. Defendant's motion to avoid discovery as to Topic 1 should therefore be denied.

> Topic 2. The identity and contents of documents in files of The Heritage Organization LLP reviewed by defendant's agents incident to their work in this matter.

Defendant requested protection from this request on the grounds that the category is unduly broad, includes materials gathered by counsel in preparation for trial, and could be construed to require disclosure of the files of other taxpayers. (Def. Mot. for Prot. Order at 5.) Plaintiffs are not attempting to discover the work product of defendant's attorneys or documents relating to the files of taxpayers other than plaintiffs or their partners. To the extent there is any confusion as to this topic, defendant may construe the term "agents" to mean "revenue agents or other employees involved in the examination of plaintiffs' returns." Furthermore, any documents of Heritage gathered by defendant's counsel in preparation for trial should have already been provided in response to plaintiffs' discovery requests or should have been provided as a supplement to such responses.[2] Certainly, the defendant should not be holding back documents in an attempt to gain some advantage during trial. Defendant's motion to avoid discovery as to Topic 2 should therefore be denied.

---

[2] Defendant failed to produce these documents with its initial disclosures. Defendant also failed to produce them in response to plaintiffs' initial discovery requests, and only began to produce them in response to plaintiffs' repeated requests on the date that the discovery period was initially scheduled to expire.

> Topic 3. The identity and contents of documents from the files of any other third parties (individuals or entities other than plaintiffs, plaintiffs' partners, or the Heritage Organization) reviewed by defendant's agents incident to their work in this matter.

Defendant requested protection from this request on grounds that the category is unduly vague, includes materials reviewed by counsel in preparation for trial, and could be construed to require disclosure of the files of other taxpayers. (Def. Mot. for Prot. Order at 6.) Plaintiffs are not attempting to discover the work product of defendant's attorneys or documents relating to the files of taxpayers other than plaintiffs or their partners. To the extent there is any confusion as to this topic, defendant may construe the term "agents" to mean "revenue agents or other employees involved in the examination of plaintiffs' returns." Furthermore, any documents of third parties gathered by defendant's counsel in preparation for trial should have already been provided in response to plaintiffs' discovery requests or should have been provided as a supplement to such responses. Defendant's motion to avoid discovery as to Topic 3 should therefore be denied.

> Topic 4. The conduct of the IRS audits of plaintiffs and their partners, including, but not limited to issuance of the Notices of Beginning of Administrative Proceeding, issuance of information document requests, responses to information document requests, summonses, and interviews.

Defendant objected to this topic to the extent it could be interpreted as an attempt to solicit testimony regarding the analysis and deliberations of the IRS in connection with issuing the FPAA to plaintiffs because this is a *de novo* proceeding. (Def. Mot. for Prot. Order at 7.) As discussed above, *de novo* review in a partnership proceeding such as this does not mean that the parties cannot seek discovery of facts gathered during the audit. Furthermore, the deliberative process privilege does not protect factual or investigative material. *Deseret Mgmt. Corp. v. United States*, 76 Fed. Cl. 88, 95-96 (2007). Defendant's motion to avoid discovery as to Topic 4 should therefore be denied.

Topic 5. The facts and mixed matters of fact and law (including conclusions and opinions) upon which defendant based its determinations/adjustments in the following portions of the FPAAs issued to plaintiffs:

a. Items I – IV and VI – VIII of the Explanation of Adjustments to Partnership Items and Partnership Level Determinations in the FPAA issued to R, R, M & C Group, L.P.
b. Items I and III of the Explanation of Adjustments to Partnership Items and Partnership Level Determinations in the FPAA issued to Mickey Management, L.P.
c. Items I and III of the Explanation of Adjustments to Partnership Items and Partnership Level Determinations in the FPAA issued to M, L, R & R.
d. Items I – III and V of the Explanation of Adjustments to Partnership Items and Partnership Level Determinations in the FPAA issued to CWC Partnership I.
e. Items I – III and V – VI of the Explanation of Adjustments to Partnership Items and Partnership Level Determinations in the FPAA issued to R, R, M & C Partners, LLC.
f. Items I – II and IV – V of the Explanation of Adjustments to Partnership Items and Partnership Level Determinations in the FPAA issued to Beta Partners, LLC.
g. Items I – II and IV – V of the Explanation of Adjustments to Partnership Items and Partnership Level Determinations in the FPAA issued to Alpha I, L.P.

Defendant objected to this topic to the extent it seeks legal or opinion testimony or expert testimony. (Def. Mot. for Prot. Order at 8.) Plaintiffs are not seeking expert testimony and are not seeking testimony as to legal conclusions. However, opinions and conclusions of defendant as to the facts and mixed matters of fact and law on which defendant based its determinations in the FPAA are areas into which plaintiffs intend to inquire. Inquiring into the facts and mixed matters of fact and law which defendant believes to support its adjustments may lead to the discovery of relevant factual evidence.

As discussed above, *de novo* review in a partnership proceeding such as this does not mean that the parties cannot seek discovery of facts discovered in the audit upon which the Commissioner's decision was based. Furthermore, the deliberative process privilege does not protect factual or investigative material. *Deseret Mgmt. Corp. v. United States*, 76 Fed. Cl. 88, 95-96 (2007). Defendant's motion to avoid discovery as to Topic 5 should therefore be denied.

Topic 6. The conduct of the IRS in determining to apply accuracy-related penalties to Plaintiffs, including but not limited the following:

a. The facts gathered, discovered, or relied on to support the IRS's alternative determination that plaintiffs failed to make a reasonable attempt to comply with the provisions of the Internal Revenue Code or were careless, reckless or intentionally disregarded any rules or regulations.
b. The facts gathered, discovered, or relied on to support the IRS's alternative determination that plaintiffs' made substantial understatements.
c. The facts gathered, discovered, or relied on to support the IRS's alternative determination that any such understatement should not be reduced because such understatement was attributable to tax treatment of an item for which there was substantial authority or was attributable to the tax treatment of an item which was adequately disclosed on the tax return and for which there was a reasonable basis.
d. The facts gathered, discovered, or relied on to support the IRS's alternative determination that plaintiffs' made a substantial valuation misstatement, including any appraisals or calculations.
e. The facts gathered, discovered, or relied on to support the IRS's alternative determination that plaintiffs' made a gross valuation misstatement, including any appraisals or calculations.

Defendant objected to this topic solely to the extent it could be interpreted to request testimony regarding the analyses and deliberations of the IRS in connection with issuing the FPAAs to plaintiffs because this partnership proceeding is a *de novo* proceeding. (Def. Mot. for Prot. Order at 10.) As discussed above, *de novo* review in a partnership proceeding such as this does not mean that the parties cannot seek discovery of facts discovered in the audit upon which the Commissioner's decision was based. Furthermore, the deliberative process privilege does not protect factual or investigative material. *Deseret Mgmt. Corp. v. United States*, 76 Fed. Cl. 88, 95-96 (2007). Defendant's motion to avoid discovery as to Topic 6 should therefore be denied.

Topic 7. The facts, mixed matters of fact and law, and underlying documents relating directly or indirectly to the reasonable cause, good faith, or negligence of:

a. Plaintiffs.
b. Partners or Members of Plaintiffs.

Defendant objected to this topic to the extent it seeks legal or opinion testimony or expert testimony. (Def. Mot. for Prot. Order at 11.) Plaintiffs are not seeking expert testimony and are

not seeking testimony as to legal conclusions. However, opinions and conclusions of defendant as to the facts and mixed matters of fact and law on which defendant based its determinations in the FPAA are areas into which plaintiffs intend to inquire. Inquiring into the facts and mixed matters of fact and law which defendant believes to support its adjustments may lead to the discovery of relevant factual evidence.

Defendant also premised its objection on the ground that such information was not relevant to a *de novo* partnership proceeding. (*Id.)* As discussed above, *de novo* review in a partnership proceeding such as this does not mean that the parties cannot seek discovery of facts discovered in the audit upon which the Commissioner's decision was based. Furthermore, the deliberative process privilege does not protect factual or investigative material. *Deseret Mgmt. Corp. v. United States*, 76 Fed. Cl. 88, 95-96 (2007). Defendant's motion to avoid discovery as to Topic 7 should therefore be denied.

* * *

For the reasons set forth above, plaintiffs respectfully request this Court to deny the United States' motion for protective order in its entirety.

Respectfully submitted this 6th day of August, 2007.

s/ Lewis S. Wiener
LEWIS S. WIENER
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Kent L. Jones
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing Plaintiffs' Response to United States' Motion for Protective Order has been made on August 6, 2007 via the Court's CM/ECF system to:

Thomas M. Herrin
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201
thomas.m.herrin@usdoj.gov

s/ Lewis S. Wiener
LEWIS S. WIENER