# EXHIBIT B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No.06-407T
(into which have been consolidated Nos. 06-408T, 06-409T, 06-410T, 06-411T, 06-810T, 06-811T)
Judge Emily C. Hewitt

| | |
|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 06-407T |
| BETA PARTNERS, L.L.C, BY AND THROUGH ALPHA I, L.P., A NOTICE PARTNER<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant | No. 06-408T |
| R,R,M & C PARTNERS, L.L.C., BY AND THROUGH R,R,M & C GROUP, L.P., A NOTICE PARTNER,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant. | No. 06-409T |

EXHIBIT
B
PENGAD-Bayonne, N. J.

| | |
|---|---|
| R,R,M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>Defendant | No. 06-410T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G, ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 06-411T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | No. 06-810T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-811T |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, plaintiffs hereby request that defendant serve counsel for plaintiffs a written response to this request and produce the following requested documents for inspection and copying at the offices of plaintiffs' counsel, Sutherland Asbill & Brennan LLP, 999 Peachtree Street, N.E., Atlanta, GA 30309, within 30 days of service of this request or at such other time and place as the parties mutually agree in writing.

DEFINITIONS AND INSTRUCTIONS

A. "Document" means all materials (including originals, drafts, or non-identical copies, including copies with handwritten or other notations) containing representations of information by means of some mark, symbol or electronic recording, including but not limited to letters, telegrams, memoranda, reports, studies, notes, statements of account, checks, computer printouts, computer records, email, calendar or diary entries, minutes, pamphlets, notes, worksheets, charts, tabulations, records of meetings, conferences, and telephone or other conversations or communications, or any other written or otherwise recorded materials.

B. To "provide" or "produce" means to send a legible copy of each responsive document to plaintiffs' counsel at Sutherland Asbill & Brennan LLP, 999 Peachtree St., NE, Atlanta, GA 30309.

C. "Defendant" refers to the federal government of the United States including, but not limited to, the Department of Treasury, the Internal Revenue Service, and to any person at any time acting or purporting to act on behalf of the federal government of the United States, including any present or former attorneys, agents, officers or employees.

D. "Plaintiffs" refers to Alpha I, L.P., Beta Partners, L.L.C., R,R,M & C Partners, L.L.C., R,R,M & C Group, L.P., CWC Partnership I, Mickey Management, L.P., and M, L, R & R through their respective notice or tax matters partners unless otherwise specified in a particular request.

E. Terms in the singular shall be deemed to include the plural, and terms in the plural shall be deemed to include the singular.

F. If any document requested was, but is no longer, in defendant's possession or subject to defendant's control, or has been destroyed, state what disposition was made of it, explain the circumstances surrounding and the identity of the person(s) authorizing such disposition, and state the date or approximate date of the disposition.

G. When providing any document, identify it by the request number to which it is responsive. If any document is responsive to more than one request, identify all such requests to which such document is responsive.

H. If any request is deemed ambiguous, set forth the construction employed in responding to the request.

I. To the extent defendant objects to providing any document in full without redaction, set forth all reasons therefore. If a privilege is claimed as a ground for not producing any document or any part of a document, identify the document and describe the factual basis for the claim of privilege in sufficient detail so as to permit plaintiffs and the Court to ascertain the validity of any such claim and provide (a) the date of the communication, (b) the name of the persons participating in the communication, (c) the identity of any persons who have received copies of the communication, (d) all purposes for the communication, and (e) a sufficient description of the contents to apprise plaintiffs and, if necessary, the Court fully of all issues relating to the applicability of the privilege.

J. If for any reason defendant cannot furnish the information as requested, defendant should respond to the extent possible and specify the reason for the inability to reply fully. If defendant objects to the request, or the production of any particular document, plaintiffs requests that the document and the reasons for the objection be identified with sufficient specificity to permit the objection to be addressed by the Court.

K. To the extent that documents produced by defendant in its RCFC 26(a) initial disclosures are responsive to a request, please identify the documents by their bates numbers in response to the applicable document request.

REQUESTED DOCUMENTS

1. Please provide all documents defendant identified in response to any interrogatory served by plaintiffs.

2. Please provide all documents included in the IRS's administrative files relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners which were

redacted or not previously produced by defendant as part of defendant's Rule 26 initial disclosures.

3. Please provide a complete, unaltered copy of the documents defendant redacted in its RCFC 26(a) Disclosures, including, but not limited to the following:

   a. DOJ-000215 to DOJ-000218

   b. DOJ-001231 to DOJ-001233

   c. DOJ-011215 to DOJ-0011218

   d. DOJ-011222 to DOJ-011225

   e. DOJ-011228 to DOJ-011243

   f. DOJ-011246 to DOJ-011276

   g. DOJ-011278 to DOJ-011292

4. Please provide all documents prepared by any consultant or expert retained by defendant relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners.

5. Please provide all documents or information relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners summonsed or otherwise obtained from any third party, including any law firm, accounting firm, financial institution, or investment advisory firm, as well as any firm that the IRS construes as a "promoter" of the transaction.

6. Please provide all documents reviewed, prepared, or relied upon by the IRS in preparing the FPAAs issued to plaintiffs for the 2001 and/or 2002 tax years.

7. Please provide any and all documents, memoranda, workpapers, letters, or interview notes between or among any personnel of the Internal Revenue Service associated

with this case, including but not limited to the Office of the Commissioner, Office of Chief Counsel, LMSB, SB/SE, or the Appeals Division with respect to the 2001 and/or 2002 audits of plaintiffs and/or their partners.

8. Please provide any documents and information relating to the IRS determination as to whether penalties under Internal Revenue Code § 6662 should apply in these consolidated cases.

9. Please provide any agents' reports or correspondence relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners which were redacted or not previously produced by defendant as part of defendant's Rule 26 initial disclosures.

10. Please provide any other statements, correspondence, reports, letters or documents of whatever kind relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners.

11. Please provide any data via electronic or magnetic form, including but not limited to any e-mail correspondence or information saved to computer disks, pertaining to the 2001 and/or 2002 audits of plaintiffs and any of their partners or relied upon and utilized by agents of the IRS relating to such audits, including, but not limited to, the IRS's consideration to issue the Notices of Final Partnership Administrative Adjustment to plaintiffs.

12. Please provide any and all documents, memoranda, work papers, letters, or interview notes sent to or received from any person or entity relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners.

13. Please provide any documents or information relating to the audits of plaintiffs or their members summonsed or otherwise obtained from any third party, including

any law firm, accounting firm, financial institution, or investment advisory firm, as well as any firm that the IRS construes as a "promoter" of the transaction.

14. Please provide all other documents relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners which were not previously produced by defendant as part of defendant's Rule 26 initial disclosures.

15. Please produce any and all documents prepared, relied upon, or used by the IRS in formulating its position with respect to the definition of "liability" in all revenue rulings, revenue procedures, private letter rulings, technical advice memorandums, general counsel memorandums, briefs, or other IRS documents under I.R.C. § 752 (including documents relating to the ongoing consideration, reconsideration, development, interpretation or application of the requested documents to options such as the options at issue in this case).

16. Please provide any and all documents and information of the defendant, including LMSB, SB/SE, Appeals Division, and Chief Counsel, citing or discussing *Helmer v. Commissioner*, T.C. Memo 1975-160 in the context of Internal Revenue Code § 752.

17. Please provide any and all documents and information relating to the decision of the IRS to promulgate Treas. Reg. § 1.752-6, including all background and information notes with respect to such regulation.

18. Please provide any and all documents and information relating to the authority of the IRS to promulgate Treas. Reg. § 1.752-6.

19. Please provide any and all documents and information relating to the constitutionality of Treas. Reg. § 1.752-6.

20. Please provide any and all documents and information relating to the determination of the IRS to make the exception described in Treas. Reg. § 1.752-6 inapplicable to assumptions of liabilities by partnerships as part of a transaction the same as or substantially similar to any transaction described in Notice 2000-44.

21. Please provide any and all documents and information relating to the determination of the IRS to dispense with the notice and comment requirements of the Administrative Procedure Act when promulgating Treas. Reg. § 1.752-6.

22. Please provide any and all documents and information relating to the determination by the IRS that Treas. Reg. § 1.752-6 is not a "significant regulatory action" within the meaning of Executive Order 12866.

23. Please provide any and all documents and information relating to the promulgation of Treas. Reg. § 1.752-6, such as background information notes, the "Regulation File" and drafts of the regulation.

24. Please provide any and all documents and information relating to the decision of the IRS to rely upon Treas. Reg. § 1.701-2 in the FPAAs issued to plaintiffs Alpha I, L.P., R,R,M & C Group, L.P., Beta Partners, L.L.C., CWC Partnership I, and R,R,M & C Partners, L.L.C.

25. Please provide any and all documents and information relating to how clearance was obtained from the National Office in order for the agent to rely upon Treas. Reg. § 1.701-2 in the FPAAs issued to plaintiffs Alpha I, L.P., R,R,M & C Group, L.P., Beta Partners, L.L.C., CWC Partnership I, and R,R,M & C Partners, L.L.C.

26. Please provide any and all documents and information relating to the decision of the IRS generally to rely on Treas. Reg. § 1.701-2 to contest the tax benefits being claimed by participants in Notice 2000-44 transactions.

27. Please provide any and all documents and information relating to the authority of the IRS to promulgate Treas. Reg. § 1.701-2, including all background and information notes with respect to such regulation.

28. Please provide any and all documents and information of defendant, including LMSB, SB/SE, Appeals Division, and Chief Counsel, relating to the constitutionality of Treas. Reg. § 1.701-2.

29. Please provide a copy of any technical advice memoranda, Coordinated Issue Papers, technical assistance memoranda, Field Service Advice, General Counsel Memoranda, Designation Recommendation Memoranda, or similar documents or drafts thereof relating to transactions that are the same as or substantially similar to transactions described in IRS Notice 2000-44.

30. Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of The Heritage Organization relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

31. Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of Lewis, Rice & Fingersh L.C. relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

32. Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of UBS PaineWebber relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

33. Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of Milbank, Tweed, Hadley & McCloy LLP relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters,

correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

34. Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of Goerig & Associates relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

35. Please provide a copy of all documents of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, relating in any manner to the settlement initiatives offered relating to transactions described in Notice 2000-44.

36. Please provide a redacted copy of one opinion rendered by each of the law firms and accounting firms identified in response to Interrogatory 13 regarding the federal tax consequences and proper reporting of the transactions described in IRS Notice 2000-44.

Dated: May 15, 2007

Respectfully submitted,

LEWIS S. WIENER
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Kent L. Jones
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing Plaintiffs' First Request for Production of Documents has been made on May 15, 2007 by mailing a copy thereof to:

Thomas M. Herrin
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201

LEWIS S. WIENER
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Kent L. Jones
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593

Attorneys for Plaintiffs