IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: August 6, 2007)

| | |
|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-409 T |

| | | |
|---|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO UNITED STATES' OPPOSED MOTION TO EXTEND TIME TO RESPOND TO PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT**

Plaintiffs hereby respond to defendant's motion to extend time to respond to plaintiffs' cross-motion for summary judgment, and in support hereof state as follows:

1) Defendant filed its motion for summary judgment on June 4, 2007.

2) Defendant did not conduct **any** depositions in these consolidated cases until June 12, 2007. Thus, defendant has only recently become convinced that depositions are necessary to the issues raised in the cross-motion for summary judgment.

3) The Court originally scheduled discovery to end on August 1, 2007, despite defendant's request for a longer period in the JPSR. Thus, defendant waited until approximately one and one-half months were left in the discovery period before it took any depositions in this case. On August 2, 2007, the Court partially granted defendant's request for an extension of the discovery period (beyond what the parties had agreed to) because defendant had not had time to complete discovery.

4) Defendant asserts that it needs additional time to respond to plaintiffs' cross-motion for summary judgment so that it may conduct additional discovery regarding various documents it has obtained from the trustee for The Heritage Organization, which it believes might be useful in responding to plaintiffs' cross-motion for summary judgment.

However, defendant has had the Heritage documents in its possession since at least June 19, 2007, when it informed plaintiffs in response to their First Request for Production of Documents that these documents existed but were not being produced because the IRS was still reviewing them. (Plaintiffs believe that defendant orally advised plaintiffs of these documents even earlier, but the attorney for plaintiffs who would have knowledge of this is out of the country and not presently reachable.) Defendant delayed until just this week to produce these documents to plaintiffs.

5) Defendant was not required to file its motion for summary judgment before discovery was complete in this case. Under the Court's prior scheduling order, dispositive motions were not due until December 17, 2007.

6) Defendant does not explain why the additional discovery is necessary to the issues it raised on its own schedule in its own motion for summary judgment, particularly when it had the documents in its possession when it filed its motion (or shortly thereafter).

7) Defendant's response to the summary judgment motion was due August 7, 2007. If defendant needed to conduct discovery pertaining to the Heritage documents (which it has had in its possession since at least June 19, 2007) it should have timely conducted that discovery rather than wait until the day before its response to the plaintiffs' cross-motion is due to seek relief from the Court for defendant's own delay.

8) Plaintiffs respectfully request that defendant's request be denied.

Respectfully submitted this 7th day of August, 2007.

s/ Lewis S. Wiener
LEWIS S. WIENER
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Kent L. Jones
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing Plaintiffs' Response to United States' Opposed Motion to Extend Time to Respond to Plaintiffs' Cross Motion for Summary Judgment has been made on August 7, 2007 via the Court's CM/ECF system to:

Thomas M. Herrin
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201
thomas.m.herrin@usdoj.gov

s/ Lewis S. Wiener
LEWIS S. WIENER