# In the United States Court of Federal Claims

FILED
AUG 15 2005
U.S. COURT OF FEDERAL CLAIMS

No. 03-2164T
(Filed August 15, 2005)
(Not for Publication)

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

JADE TRADING, LLC, ET AL.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## ORDER SUSTAINING DEFENDANT'S INVOCATION OF DELIBERATIVE PROCESS PRIVILEGE

This matter comes before the Court on the parties' joint request that the Court review documents in camera and rule on whether they are protected from disclosure in discovery under the deliberative process privilege.[1] The documents were submitted for in camera review in two increments. The first group of documents contained comments regarding the Internal Revenue Service's proposed adoption of Treasury Regulation § 1.701-2 -- including its scope, content and the pros and cons of adopting the regulation or portions thereof. The second submission contained two documents that mentioned Helmer v. Comm'r, T.C. Memo 1975-160 (1975) and the definition of "liability" under Internal Revenue Code Sections 357, 358, and 752. During the Pretrial Conference on August 4, 2005, the Court orally ruled that the documents are properly protected by the deliberative process privilege. This decision memorializes and explains that ruling.

### Background

In support of its invocation of the executive privilege, Defendant submitted five declarations of Margo L. Stevens, Assistant Chief Counsel (Disclosure and Privacy Law) in the Office of Associate Chief Counsel (Procedure & Administration), Office of Chief Counsel, Internal Revenue

---

[1] Joint Stipulation (May 25, 2005).

GOVERNMENT EXHIBIT A

Service (IRS), and two declarations of Eric Solomon, the Acting Deputy Assistant Secretary of Treasury.[2] There ensued a dispute concerning the adequacy of these assertions of executive privilege by these individuals because neither is the head of his or her respective agency. On April 22, 2005, the Court issued an order requiring Defendant to assert the executive privilege through the head of each agency by providing declarations from the Commissioner of the IRS and the Secretary of Treasury, or producing the documents. Jade Trading v. United States, 65 Fed. Cl. 487 (2005).

On May 6, 2005, Defendant filed a motion seeking reconsideration of the April 22, 2005, order, certification of the order for interlocutory appeal, or stay of its enforcement pending resolution of the issue of who must assert the privilege -- which is currently pending before the United States Court of Appeals for the Federal Circuit in Marriott Int'l Resorts v. United States, Nos. 01-256T and 01-257T. Plaintiffs opposed Defendant's motion. In an effort to resolve this controversy, the parties filed a stipulation requesting in camera review of documents. In this stipulation, the parties narrowed the scope of documents responsive to Plaintiffs' first request for production of documents, including No. 18 relating to Treas. Reg. § 1.701-2, which sought "the 'Background, Information, and Notes' file (BIN), any other documents maintained by Defendant with respect to the drafting, proposal, reservations, vagueness, criticisms, invalidity, abandonment, and/or inconsistent application of Treas. Reg. § 1.701-2," Pl.s' First Request ¶ 18, and Plaintiffs' second request for production of documents, including Nos. 1, 2, 3, 4, and 5, which sought documents addressing Helmer v. Comm'r, T.C. Memo 1975-160 (1975), "the definition of 'liability' under [Internal Revenue] Code Sections 357, 358, and 752, and associated topics." Stip. at ¶ 3. Plaintiffs narrowed the body of documents relating to Treas. Reg. 1.701-2 by excluding the drafts of the regulation. See Stip. at ¶ 11(a). As to the documents relating to Helmer and the definition of liability, Plaintiffs narrowed the request to documents "containing a citation or reference to Helmer." See Id., ¶ 11(b).

On May 26, 2005, Defendant filed approximately 87 documents for in camera review relating to Treasury Regulation § 1.701-2. In general, these documents appear to have been authored by and directed to IRS and/or Treasury employees. The documents contain draft language of and comments on the proposed regulation, proposed recommendations and opinions on drafts of the proposed regulation, opinions on public comments, questions asked by the IRS Chief Counsel and answers of IRS staffers, predecisional discussions of the pros and cons regarding the proposed regulation and its scope and content, opinions about potential examples to be included in the final regulation, and a partial draft of a notice of proposed rulemaking.[3]

On June 2, 2005, Defendant filed two additional documents for in camera review – one of which had been produced in the Marriott litigation and given to Plaintiff, the "Helmer/Cram memo." In Ms. Stevens' Declaration filed in the Marriott litigation, she described the withheld document as

---

[2] The Government submitted declarations of Margo Stevens on April 9, 2003, March 25, 2004, December 23, 2004, January 10, 2005, and January 28, 2005 and of Eric Solomon on January 5, 2005, and February 12, 2005. See Stip. at ¶ 6.

[3] Some of these documents reflect legal analysis and legal opinion as well.

follows:

> Bates Nos. 10997-10999. Document drafted by Mary Berman, attorney, Passthroughs and Special Industries, Branch 1, titled "Attachment to Chief Counsel Meeting Request Form," addressing the appropriate treatment of short sales of securities by partnerships. The portions of this document for which the Service asserts executive privilege consist of: the second sentence of the first full paragraph on page one (Bates No. 10997) since this sentence contains the recommended holding of a proposed revenue ruling on short sales of securities, the paragraph beginning on the bottom on page one (Bates No. 10997) and continuing on the first four lines of page two (Bates No. 10998) since this information contains the author's recommendations concerning the definition of liability and the expansion of a project with respect to liability, and the final paragraph on page three (Bates No. 10999) since these paragraphs contain opinions concerning the use of section 705(b) to reach short sales.[4]

Stevens Decl. at 53, Def.'s Opp'n to Pl.'s Supp. Motion to Compel (Feb.11, 2005) at 53.

## Discussion

The executive privilege denotes at least three broad categories of privilege. First, the state secrets doctrine or privilege is an evidentiary privilege protecting military and state secrets, so as not to compel the dissemination of sensitive or classified information. Reynolds v. United States, 345 U.S. 1, 7-8 (1953); Marriott, 61 Fed. Cl. 411, 416 (2004). Second, the presidential privilege protects conversations and communications between the President and senior advisors. See Cheney v. United States Dist. Ct. for the Dist. of Columbia, 542 U.S 367 (2004); United States v. Nixon, 418 U.S. 683 (1974); Marriott, 61 Fed. Cl. at 416. This case involves a third category of executive privilege -- the deliberative process privilege, covering intra-governmental pre-decisional documents reflecting advisory opinions, recommendations, and deliberations comprising part of a process by which governmental decisions are formulated. NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975).

The deliberative category of the executive privilege was first articulated and adopted by the Court of Claims in Kaiser Aluminum & Chem. Corp. v. United States, 157 F. Supp. 939 (Ct. Cl. 1958).[5] The Kaiser Court characterized this privilege as an "evidentiary privilege" and recognized

---

[4] If Defendant has not yet provided a redacted version of this document to Plaintiffs in this action, it shall do so forthwith.

[5] See, CACI v. Field Servs., Inc. v. U.S., 12 Cl. Ct. 680, 687 n.7 (1987) ("[A]ccording to commentators, the creation of the executive deliberation privilege can be traced to Kaiser.") (citing Development in the Law of Privileged Communications, 98 HARV. L. REV. 1592, 1620 (1985); Note, "Discovery of Government Documents and the Official Information Privilege," 76 COLUM. L. REV.

that "[t]he power must lie in courts to determine executive privilege in litigation." Id. This privilege subsequently has been widely recognized in Federal courts. CACI, 12 Cl. Ct. at 686 (citing Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 324 (D.D.C. 1966), aff'd, 384 F.2d 979, cert. denied, 389 U.S. 952 (1967)).

For a document to fall within the deliberative category of the executive privilege, it must be both pre-decisional and deliberative. Vons Cos. v. United States, 51 Fed. Cl. 1, 22 (2001). To qualify as pre-decisional, the information must address matters "antecedent to the adoption of agency policy." Walsky Constr. Co. v. United States, 20 Cl. Ct. 317, 320 (1990) (quoting Jordan v. Dep't of Justice, 591 F.2d 753, 774 (D.C. Cir. 1978). Additionally, to be deliberative, a document must reflect 'the give-and-take of the consultative process,' rather than constituting a 'body of secret law.' Vons, 51 Fed. Cl. at 22 (quoting Coastal States Gas Corp. v. Dep't of Energy, 67 F.2d 854, 866-67 (D.C. Cir. 1980)). The executive privilege is a qualified one, and can be overcome upon a showing of evidentiary need weighted against the harm that may result from disclosure. Kaiser, 157 F. Supp. at 946; CACI at 68, (citing Smith v. FTC, 403 F. Supp. 1000, 1015-16 (D. Del. 1975)); FTC v. Bramman, 54 F.R.D. 364, 366-367 (W.D. Mo. 1972).

At the outset, the Court concludes that the description of documents in the seven declarations is accurate and complete.[6] Also, after in camera review, the Court finds that all of the documents or portions thereof for which the privilege has been claimed contain pre-decisional opinions, recommendations or advice offered in the course of the IRS' decisionmaking process and are therefore properly withheld under the deliberative process privilege.[7] Specifically, the first set of documents reflect predecisional give-and-take among government employees' including their opinions, questions, answers and debate on what should be included in the final version of a proposed regulation -- quintessential examples of communications protected by the deliberative process privilege. Similarly, the second document, drafted by an IRS attorney, contains a recommended holding of a proposed revenue ruling on short sales of securities, as well as recommendations concerning the definition of liability, the expansion of a project with respect to liability and opinions concerning the use of Section 705(b) to reach short sales. Such predecisional deliberations about the scope of a statutory definition and a recommended governmental decision

---

142, 156 (1976)).

[6] Nothing in this opinion alters the Court's earlier conclusion that the deliberative process privilege must be raised by the head of the agency. See Jade Trading v. United States, 65 Fed. Cl. 487 (2005).

[7] The Court issued a Notice to the Parties indicating that it had completed its review of the in camera documents submitted on May 26, 2005, but had questions relating to four of the documents reviewed. On June 6, 2005, Defendant provided its response to the Notice to Parties, answering the Court's questions about the author of certain documents and amplifying its explanation regarding why portions of certain documents were properly subject to the deliberative process privilege.

are protected under the deliberative process privilege. See CACI, 12 Cl. Ct. at 686 (stating that the privilege protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated" (quoting Carl Zeiss, Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 324 (D.D.C. 1966), aff'd, 384 F.2d 979, cert. denied, 389 U.S. 952 (1967)).

This does not end the inquiry. Rather the Court must assess whether the need for disclosure here outweighs the harm that would result from opening up the Government's deliberative and pre-decisional files to inspection. See In re Grand Jury Subpoena dated August 9, 2000, 218 F. Supp. 2d 544, 553 (S.D.N.Y. 2002) ("The deliberative process privilege is qualified; it may be overcome by a showing of need, which is determined on a case by case basis."). In support of their need for these internal documents relating to Treas. Reg. 1.701-2, Plaintiffs' aver:

> [t]he treasury regulation is Defendant's primary weapon to deny Plaintiffs' tax return position. It is cited in four of the five substantive contentions in Defendant's [Notice of Final Partnership Administrative Adjustment] and it is the primary authority contained in Defendant's Preliminary Statement of Contentions. As a result, it is the primary basis for imposing over $4 million in penalties against the Ervins. Only through the underlying documents can Plaintiffs . . . prove their claim . . . that the regulation is unconstitutionally vague and subject to multiple interpretations.

Pl.s' Reply to Def.'s Invalid Assertion of Executive Privilege at 1. In support of their need for the internal documents relating to the definition of liabilities, Plaintiffs' assert:

> Plaintiffs are only trying to discover Defendant's ever-changing position with respect to the definition of contingent liabilities -- a position that seems to change when it benefits the Government.

Pl.s' Reply to Def.'s Opp. to Pl.s' Mot. to Compel Pl.s' Second Set of Requests for Production of Documents at 9.

Despite Plaintiffs' stated goals in this litigation, disclosure of the deliberative documents is not warranted here. In weighing a litigant's need for discovery against the government's interest in protecting its predecisional internal deliberations, the Court "must consider 'the interests of the litigants, society's interest in the accuracy and integrity of fact finding, and the public's interest in honest, effective government.'" In re Grand Jury Subpoena, 218 F. Supp. 2d at 553 (internal citations omitted); In re Sealed Case, 121 F.3d 729, 737-38 (D.C. Cir. 1997) ("This need determination is to be made flexibly on a case-by-case, ad hoc basis. 'Each time [the deliberative process privilege] is asserted the district court must undertake a fresh balancing of the competing interests,' taking into account factors such as 'the relevance of the evidence,' 'the availability of other evidence,' 'the seriousness of the litigation,' 'the role of the government,' and the 'possibility of future timidity by

government employees.'" (internal citations omitted)). In the instant case, production of the deliberative documents will not advance the accuracy and integrity of fact finding. Rather, the documents address solely internal governmental debate on matters of law -- the scope and content of a regulation and the interpretation of a legal term. Both the validity of the regulation and the interpretation of the term "liabilities" can be adjudicated by the court without resort to the Government's predecisional debate and opinion.

## Conclusion

For the foregoing reasons, the documents reviewed in camera and withheld by the Government are protected by the deliberative process privilege. Plaintiffs' motions to compel, to the extent still viable under the parties' stipulation of May 25, 2005, are **DENIED**.

The documents submitted for in camera review will be preserved as part of the record for purposes of any appeal in this case.

Mary Ellen Coster Williams

**MARY ELLEN COSTER WILLIAMS**
**Judge**