IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T, 06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: August 24, 2007)

| | |
|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-409 T |

| | |
|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' SUR-REPLY TO UNITED STATES' MOTION FOR PROTECTIVE ORDER**

Plaintiffs hereby respond to four particular issues raised or implied in the United States' Reply to Plaintiffs' Response to United States' Motion for Protective Order ("Defendant's Reply").

First, Defendant's Reply implies that Plaintiffs have not challenged Defendant's motion for protective order as to Topic 8 of Plaintiffs' Ct. Fed. Cl. R. 30(b)(6) deposition notice. Topic 8 specifically requested information regarding the IRS's prior interpretation and application of Code Section[1] 752. In Plaintiffs' Response to United States' Motion for Protective Order ("Plaintiffs' Response"), filed August 6, 2007, Plaintiffs opposed Defendant's motion as to Topics 1 and 8, on grounds that the IRS's prior interpretation and application of Section 752 was relevant to the applicability of penalties imposed by Defendant and that the deliberative process privilege had been waived or was not applicable. If the IRS had previously determined that Plaintiffs' position had merit, such a determination would be important to Plaintiffs. As discussed in greater detail in Plaintiffs' Response, it is believed that such information is not only relevant, but also not protected by the deliberative process privilege. Defendant's Reply implies

[1] All references to "the Code" are references to the Internal Revenue Code of 1986, as amended., and references to "Sections" are to Sections of the Code.

that Plaintiffs are not contesting this topic by ignoring Plaintiffs' August 6 response. Plaintiffs opposed and continue to oppose Defendant's motion for a protective order as to Topic 8. For this reason, Defendant's motion for protection as to Topic 8 should be denied.

Second, Defendant's Reply repeatedly states that Plaintiffs should not object to limiting the scope of the Rule 30(b)(6) notice as proposed by Defendants' motion. Plaintiffs believe that their requests as described in the notice and in Plaintiffs' Response are sufficiently narrow that a protective order is not warranted in regard to the topics for which Defendant has designated Mr. Brokus to testify on its behalf. Defendant has agreed to produce Mr. Brokus to testify as to part of Topic 1 and Topics 2 through 7, which are those requested by Plaintiffs.

Third, in Defendant's Reply at page 5, Defendant asserts that "the IRS has consistently maintained that when . . . an obligation creates or increases the basis of the obligor's assets, that obligation is a "liability" under § 752," and therefore Plaintiffs could not have relied on the IRS's interpretation and application of Section 752 in taking the positions reported on their returns. As discussed in Plaintiffs' Cross-Motion for Summary Judgment (at pp. 14-22), in a number of cases and rulings, the IRS previously took the position that a contingent obligation was not a liability for purposes of Section 752 and that such obligations did not increase partnership basis because they were not fixed. *See, e.g. Long v. Comm'r*, 71 T.C. 1 (1978), *motion for reconsideration*, 71 T.C. 724 (1979), *aff'd and remanded*, 660 F.2d 416 (10th Cir. 1981). Such a position previously taken by the IRS which is contrary to Defendant's position in this case (and supportive of the reporting positions taken on Plaintiffs' tax returns) directly relates to whether Plaintiffs were negligent and whether Defendant asserted penalties against plaintiffs in good faith. Defendant is attempting to ignore its previous position and assert that evidence of the position is irrelevant while simultaneously asserting millions of dollars in penalties against Plaintiffs.

Finally, in Defendant's Reply at page 6, Defendant makes yet another attempt to keep Plaintiffs from discovering evidence that supports their penalty defenses. Defendant has asserted that no deponent could provide testimony as to anything other than their personal views as to the IRS's interpretation of Section 752. Defendant cites *Sidell v. Commissioner*, 225 F.3d 103, 111 (1st Cir. 2000), for that proposition. *Sidell* is clearly distinguishable. It dealt with a court's determination of the weight of evidence contained in internal memoranda in construction of a statute, not the discoverability of such evidence, and certainly not its weight in regard to the assertion of penalties against a taxpayer. Here, Plaintiffs are seeking testimony pursuant to Ct. Fed. Cl. R. 30(b)(6) (rather than seeking testimony of particular IRS employees) and fail to understand how no witness can provide information and identify documents regarding the IRS's prior interpretation and application of Section 752. Plaintiffs believe this is simply another attempt by Defendant to keep out evidence of its prior position while at the same time applying penalties to taxpayers even where Defendant previously believed the position they have taken was correct.

* * *

For the reasons set forth above and in Plaintiffs' Response to Defendant's Motion for Protective Order, Plaintiffs respectfully request this Court to deny Defendant's motion for protective order in its entirety.

Respectfully submitted this 24th day of August, 2007.

s/ Lewis S. Wiener
LEWIS S. WIENER
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Kent L. Jones
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing Plaintiffs' Sur-Reply to United States' Motion for Protective Order has been made on August 24, 2007 via the Court's CM/ECF system to:

Thomas M. Herrin
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201
thomas.m.herrin@usdoj.gov

s/ Lewis S. Wiener
LEWIS S. WIENER