IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: August 20, 2007)

| | | |
|---|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-409 T |

R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER

Plaintiff,

v. 06-410 T

THE UNITED STATES,

Defendant.

---

CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,

Plaintiff,

v. 06-411 T

THE UNITED STATES,

Defendant.

---

MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,

Plaintiff,

v. 06-810 T

THE UNITED STATES,

Defendant.

---

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**UNITED STATES' SUPPLEMENTAL**
**MOTION FOR PROTECTION OR PROTECTIVE ORDER**

On July 18, 2007, the United States filed a motion for protective order with respect to a Fed. R. Civ. Proc. 30(b)(6) deposition notice served by plaintiffs. This motion is currently pending before the Court. Plaintiffs subsequently expanded the scope of their 30(b)(6) notice to include three additional subjects. These additional subjects are: (1) the review and handling of the Heritage documents obtained from the bankruptcy trustee and produced to plaintiffs by the United States in this proceeding; (2) the IRS examination of the Educational and Health Support Fund's ("the Fund's") application for tax exempt status and the determination regarding that status; (3) the United States' position regarding calculating the "aggregate amount invested" under 26 U.S.C. §6707. The United States is producing a deponent regarding the Heritage documents on August 30, 2007. As such, this supplemental motion for protection is only directed at the second and third areas of plaintiffs' expanded Rule 30(b)(6) motion.

1. **The IRS examination of the Educational and Health Support Fund's application of tax exempt status and the determination regarding that status**

Plaintiffs' inquiry into the Fund's tax exempt status is nothing more than an blatant waste of time and resources. The Fund's is neither a party to these consolidated proceedings nor is its tax exempt status at issue in these proceedings. Accordingly, the requested testimony is not reasonably

calculated to lead to the discovery of admissible evidence. Further, the testimony would be prohibited by 26 U.S.C. §6103.

### 2. The United States' position regarding calculating the "aggregate amount invested" under 26 U.S.C. §6707

26 U.S.C. §6707 relates to a penalty assessed based on the failure to report a reportable or listed transaction. No such penalty is at issue in this case. Accordingly, the requested testimony is not reasonably calculated to lead to the discovery of admissible evidence. Further, any deponent produced by the United States with respect to this line of inquiry would be unable to offer testimony as to anything other than their personal opinion as to the interpretation of §6707. As stated in *Sidell v. Commissioner*, 225 F.3d 103, 111 (1st Cir. 2000):

> The tax code is an intricate web and demands clear rules so that it may be administered with as little uncertainty as possible. To achieve this goal, the IRS must speak with a single voice, that is, through formal statements of policy such as regulations or revenue rulings. *See Connecticut Gen. Life Ins. Co. v. Commissioner*, 177 F.3d 136, 145 (3d Cir.1999). Accordingly, statements by individual IRS employees cannot bind the Secretary. *See Armco, Inc. v. Commissioner*, 87 T.C. 865, 867, 1986 WL 22040 (1986); *see generally Irving v. United States*, 162 F.3d 154, 166 (1st Cir.1998) (en banc) ("[C]ourts customarily defer to the statements of the official policymaker, not others, even though the others may occupy important agency positions."). Because these internal memoranda represent the personal views of the authors, not the official position of the agency, they do not figure in our decisional calculus. *See Honeywell Inc. v. United States*, 228 Ct.Cl. 591, 661 F.2d 182, 185-86 (1981).

At most, any deponent offered by the United States could only direct plaintiffs to the statute itself, and compelling the United States to produce a deponent who could only point plaintiffs to this material is pointless.

## CONCLUSION

For the reasons set out above, the United States respectfully requests that the Court grant it protection from plaintiffs' expanded Rule 30(b)(6) deposition notice and that the Court limit the scope of any such deposition(s) to exclude testimony about the Educational and Health Support Fund and 26 U.S.C. §6707.

Respectfully submitted,

/s/ Thomas M. Herrin
THOMAS M. HERRIN
Attorney of Record
Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / (214) 880-9762
(214) 880-9742 (FAX)

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
LOUISE HYTKEN
Chief, Southwestern Civil Trial Section
MICHELLE C. JOHNS
Trial Attorney