# 06-11422

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

KORNMAN & ASSOCIATES INC., as tax matters partner for Valiant Investments 99-100, LP, a TEFRA Partnership;
Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,
Defendant-Appellee

---

COLM PRODUCER INC., as tax matters partner for GMK-GMK II, LP, a TEFRA Partnership;
Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,
Defendant-Appellee

---

ETTMAN FAMILY TRUST I, a 5-percent group of Valiant Investments 99-100, LP, a TEFRA Partnership;
Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,
Defendant-Appellee

---

ETTMAN FAMILY TRUST I, a partner of GMK-GMK II, LP, a TEFRA Partnership;
Plaintiff-Appellant

v.

UNITED STATES OF AMERICA,
Defendant-Appellee

---

ON APPEAL FROM THE JUDGMENT OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

---

## BRIEF FOR THE APPELLEE

RICHARD T. MORRISON
*Acting Assistant Attorney General*
GILBERT S. ROTHENBERG
*Acting Deputy Assistant Attorney General*
RICHARD FARBER (202) 514-2959
JOAN I. OPPENHEIMER (202) 514-2954
*Attorneys, Tax Division*
*Department of Justice*
*Post Office Box 502*
*Washington, D.C. 20044*

*Of Counsel:*
RICHARD ROPER, III
*United States Attorney*

EXHIBIT
tabbies
9

realized. Treas. Reg. § 1.752-1(h). *See also* Treas. Reg. § 1.1001-2(a)(1), Example (3).

As indicated above, appellants maintain that Czerwinski's assumption of GMK's obligation to replace the borrowed T-Notes with a face value of $100 million to DLJ as part of his purchase of GMK's interest in Valiant is not treated under § 752(d) as an additional amount realized by GMK on the sale because the obligation was a contingent one and, as such, outside the scope of § 752. Appellants further contend in this regard that whether an obligation acquired by a partnership pursuant to a contribution by a partner of encumbered property to the partnership is contingent or fixed must be determined at the time of such contribution and that the District Court here erred in determining, *sua sponte*, that the relevant date in this case was the date that GMK sold its interest in Valiant to Czerwinski.

We agree with appellants that the District Court erred in using, *sua sponte*, the date of sale of a partnership interest to determine whether a partnership obligation is fixed or contingent. The proper time for determining whether an obligation is fixed is the date the obligation becomes a partnership obligation. In this case, the obligation to replace the borrowed property became a partnership obligation on December 27, 1999, when the Trust transferred the brokerage account (containing approximately $104,000,000 in cash but