AICPA

April 26, 2004

Mark W. Everson, Commissioner
Internal Revenue Service
1111 Constitution Avenue, NW, Room 3000
Washington, DC 20224

Dear Commission Everson:

Please find enclosed one original and eight photocopies of comments by the AICPA on proposed and temporary regulations regarding the assumption of partner liabilities under Section 752. This comment letter has been separately sent to the individuals listed below.

We are happy to discuss our comments in further detail if at any time you or your staff should have any questions. Please contact Elizabeth A. Case, Chair of the Partnership Taxation Technical Resource Panel at (202) 414-1628 or elizabeth.case@us.pwc.com or Marc A. Hyman, AICPA Technical Manager at (202) 434-9231 or mhyman@aicpa.org.

Sincerely,

Robert A. Zarzar, Chair
Tax Executive Committee

Cc: Horace H. Howell, IRS Attorney (CC:PSI:B01) (Room 5007)
Dianna K. Miosi, IRS Branch Chief (CC:PSI:B01) (Room 5002)
Heather Maloy, IRS Associate Chief Counsel – PSI (Room 5300)
William P. O'Shea, IRS Deputy Associate Chief Counsel – PSI (Room 5300)
Marlene Gross, IRS Deputy Associate Chief Counsel – PSI (Room 5300)

EXHIBIT
tabbies
10

APP-A-6

AICPA

AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

# Comments on Proposed (REG-106736-00) and Temporary Regulations (T.D. 9062) Issued June 24, 2003 Regarding Assumption of Partner Liabilities Under Section 752

**Section 1.752-7 Task Force**
Hughlene Burton, Chair
Richard Jones
Michael Kane
Robert Ricketts
Marc A. Hyman, Technical Manager

Approved by the

PARTNERSHIP TAXATION TECHNICAL RESOURCE PANEL

and the

TAX EXECUTIVE COMMITTEE

APP-A-7

**Submitted to the Internal Revenue Service**
**April 26, 2004**

**APP-A-8**

**AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS**

**Comments on Proposed and Temporary Regulations Under Section 752**

**April 26, 2004**

**Executive Summary:**

In response to recently issued temporary and proposed regulations [T.D. 9062; REG-106736-00] that extend the section 358(h) basis to some situations in which partnerships assume partner liabilities, the AICPA has submitted comments:

- Requesting more guidance on:
    - the appropriate treatment when an assumed liability is satisfied and the built-in loss and the liability reduction are not the same amount;
    - how to apply section 704(c) principles to allocate the built-in loss to the contributing partner; and
    - valuing the contributed liability.
- Requesting an extended deadline for making the prop. reg. section 1.752-7 election for liabilities contributed between October 18, 1999, and June 24, 2003.
- Suggesting that:
    - any loss the contributing partner might incur should be of the same character, as if the liability did not exist when the partner exited the partnership;
    - partnerships must notify contributing partners that have exited the partnership when economic performance has occurred (noting the difficulties for tiered partnerships);
    - a "substantially all" exception should apply to partnerships; and
    - the de minimis amount be increased.

**Comments:**

## I. Proposed Regulation Section 1.752-7

### *A. Enhancing the quality, utility and clarity of the regulations*

#### 1. Character of a Partner's Loss When the Liability Is Satisfied for Less Than Partner's Share

Under prop. reg. section 1.752-7(e), (f), and (g), if a partnership settles a section 1.752-7 liability (hereinafter "-7 liability" or "-7 partner" as the case may be) for less than the amount by which the partner reduced its basis (the liability reduction) when it exited the partnership, and the partnership notifies the -7 partner, that partner may deduct a *capital loss* equal to the difference between the liability reduction and the amount paid by the partnership to settle the liability. Thus this rule increases the gain recognized by the liability reduction when the affected partner exited the partnership and allows a capital loss when the -7 liability is settled for less than the partner's basis reduction.

The AICPA is concerned that the proposed regulation may convert what would normally be an ordinary loss to the partner into a capital loss. This would occur if the partnership has unrealized receivables (also known as "hot assets"), defined in section 751(c). A partner selling a partnership interest or receiving a liquidating distribution from a partnership with "hot assets" would treat part of the gain or loss on the disposition as ordinary under section 751(a) or (b). The proposed regulation disregards these rules by mandating capital loss treatment. This loss should have the same character as if the liability had not existed when the -7 partner exited the partnership.

#### 2. When the Liability Is Satisfied for an Amount Between the Built-In Loss and the Liability Reduction

The proposed regulation requires -7 partners to reduce their partnership basis by the lesser of: (1) the excess of the partner's basis in the partnership interest over the adjusted value of that interest; or (2) the remaining built-in loss associated with the -7 liability. In addition, neither the partnership nor any of its partners is entitled to a deduction for the economic performance of the -7 liability to the extent of the remaining built-in loss.

The final regulations should clarify how to treat the amount paid by a partnership to settle a -7 liability when that amount exceeds the liability reduction and the liability reduction is less than the remaining built-in loss. Under the proposed regulations, a selling partner's basis in a partnership interest is reduced to the interest's adjusted value at the time of the sale. When the -7 liability is ultimately satisfied, the partner's ordinary deduction is limited to the excess of basis over the adjusted value of the partnership interest (i.e., the economic loss). According to prop. reg. section 1.752-7(e)(2) Example 1, the partnership may deduct the amount paid to satisfy the -

7 liability, but only to the extent the amount exceeds the amount of the remaining built in loss. It appears no one benefits from the amount of built-in loss that exceeds the liability reduction.

The AICPA recommends that final regulations be clarified to permit partnerships to deduct the amount of built-in loss that exceeds the liability reduction.

3. Allocating Built-In Loss Using Section 704(c) Principles

The proposed regulations apply section 704(c) principles to a partner's -7 liability assumed by a partnership. The section 704(c) regulations allow partners to use a variety of methods for allocating income, deductions, gains and losses. Reg. section 1.752-7 mandates the use of section 704(c) when allocating the built-in loss related to a -7 liability. The AICPA recommends that the regulations clearly state that *all* section 704(c) principles and methods are allowed.

Additionally, the AICPA suggests that the final regulations contain more guidance on how to apply section 704(c) methods and section 704(c)(1)(B) to -7 liabilities, including liabilities that meet either the exceptions in the proposed regulations or the de minimis rule.

4. Section 704(b) Capital Account Maintenance and Section 704(c)

Proposed reg. section 1.704-1(b)(2)(iv)(b) suggests that -7 liabilities assumed in connection with the contribution of a trade or business before June 24, 2003, do not reduce section 704(b) capital accounts. Because it was not clear how such -7 liabilities were to be treated, some taxpayers have taken the position that, under reg. section 1.704-1(b)(2)(iv)(q), a contributor's section 704(b) capital account is reduced if the value of -7 liabilities are taken into account in determining the contribution's net equity value.

The AICPA suggests that, for assumptions of liabilities before June 24, 2003, taxpayers should be given the option to reduce section 704(b) capital accounts by the amount of the -7 liabilities when: (1) the liability is assumed in connection with the contribution of a trade or business; and (2) the net equity value of the contribution reflects the fair market value of any -7 liabilities transferred.

How -7 liabilities should be treated for capital account maintenance purposes when there is a revaluation event should also be clarified. Under prop. reg. section 1.752-7(c), section 704(c) principles apply only to contributed -7 liabilities. We recommend that reverse section 704(c) principles should apply to the revaluation if the -7 liabilities are considered.

5. Clarify Treatment of Subsequently Determined Section 1.752-7 Liabilities

Proposed reg. section 1.752-7 addresses what happens to a partner's basis if the reg. section 1.752-7 liability is *known* when the property is contributed to the partnership. However the proposed regulations do not address the impact on a contributing partner's basis when the

obligation is *not known* when the property is contributed to the partnership, for example in the case of an environmental liability.

The final regulations should address the treatment of subsequently determined -7 liabilities associated with the property.

6. Clarify Treatment of Section 752-7 Liabilities

Under section 752, liabilities are treated as either recourse or nonrecourse based on who is economically responsible for the debt. Proposed reg. section 1.752-7 treats these obligations as nonrecourse for purposes of making the minimum gain calculations. However, in many cases, these obligations are recourse debts to the contributing partner. The AICPA requests guidance on the recourse or nonrecourse treatment of -7 liabilities for *all* partnership issues.

7. Additional and Consistent Examples Needed

The examples in prop. reg. section 1.752-7 are not adequate to explain its complex rules. We suggest including additional examples throughout the regulation, in particular examples demonstrating: (1) how various section 704(c) methods apply; (2) how revalued -7 liabilities are treated; and (3) how to determine whether certain -7 liabilities are recourse or nonrecourse. We also suggest adding the tax and book capital account illustrations typically found in other partnership regulations. These parallel illustrations would greatly simplify the reader's understanding of the example.

*B. Minimizing the Compliance Burden*

1. Valuation of Liabilities

Proposed reg. section 1.752-7 states that it is effective for assumptions on or after June 24, 2003. Thus, taxpayers should consider whether assumptions of -7 liabilities by partnerships to which prop. reg. section 1.752-7 applies should be valued as of the date of the partnership's assumption of those liabilities.

Valuation is often a difficult task. The proposed regulations offer no guidance about how obligations should be valued or what factors should be taken into account (or disregarded) in performing a valuation. Facts and circumstances that may be taken into account include: (1) the likelihood that payment will be required; (2) when payment may be required; and (3) the type of obligation involved – from a cash method trade account payable which is likely to be called at a date certain to something highly speculative such as a novel or untested tort claim.

Valuation of -7 liabilities may be very cumbersome and costly to the partnership. The final regulations should contain guidance on acceptable alternative methods for valuing -7 liabilities and identify the appropriate discount rate for determining the liability's present value.

2. Notification of Economic Performance

Under the current wording of the regulation, partnerships do not have to notify -7 partners when economic performance has occurred. This would result in the loss of a legitimate deduction, because the partnership *cannot* take the deduction and the partner would not know *when* to take the deduction.

The partnership bears no penalty if it fails to inform the -7 partner of economic performance. The affected partner might well discover that economic performance happened in a prior, closed tax year, thereby losing the opportunity to file an amended return. To avoid this problem, a -7 partner would need to make annual inquiries about economic performance for the indefinite future. This is not a practical scheme.

The AICPA recommends requiring the partnership or acquiring partner to notify the -7 partner when economic performance has occurred, including the amount the liability was settled for. Likewise, -7 partners should be required to keep the partnership apprised of their up-to-date contact information.

3. Notification in Tiered Partnerships

Proposed reg. section 1.752-7(i) applies the principles of reg. section 1.752-7(e), (f) and (g) to tiered partnerships. According to prop. reg. section 1.752-7(i)(4), upon satisfaction of a -7 liability by a lower tier partnership (LTP), the LTP is not entitled to a deduction for the -7 liability. Under prop. reg. section 1.752-7(i)(3), neither is the upper tier partnership (UTP) entitled to a deduction for satisfying the liability). Instead, the LTP would be entitled to the deductions *only if* it notifies the UTP partners of the economic performance.

This notification process is impractical. First, there is no underlying duty for the LTP to notify the UTP partners. Second, the LTP often lacks enough information about the UTP partners to make the notification. Instead, we suggest requiring the LTP to notify the UTP of the economic performance; in turn, the UTP must be required to notify its -7 partners. The -7 partners will still be required to keep the partnership apprised of their current contact information.

4. Election Filing Date

Proposed reg. section 1.752-7 applies to contingent liabilities assumed on or after June 24, 2003. Section 1.752-7(j)(2) allows a partnership to elect to apply prop. reg. section 1.752-7 to liabilities assumed between October 18, 1999, and June 24, 2003. However, the proposed regulation requires the election under reg. section 1.752-7(j)(2) to be filed with the first federal income tax return filed by the partnership on or after September 24, 2003.

Calendar year partnerships on full extension that filed their 2002 partnership returns between September 24, 2003, and October 15, 2003, and partnerships filing short-period 2003 returns on and after September 24, 2003, did not have sufficient time to understand the possible implications of these complex regulations and decide whether to make the election to have the proposed regulations apply to all post-October 18, 1999, transactions.

Therefore, the IRS should permit partnerships to make the prop. reg. section 1.752-7(j)(2) election in their 2003 partnership returns. This will allow a more meaningful analysis of the effects of the proposed regulations.

*C. Definition of Liability*

A definition of a liability should be included in the regulations to clear up any questions that may arise as to whether an obligation is or is not a liability, because regulations are more authoritative than revenue rulings or other guidance.

The AICPA suggests changing the definition of "other liabilities" in reg. section 1.752-1(a)(iii), by inserting "assumed" before "obligation." This will clarify (1) that only obligations contributed to the partnership by a partner are subject to the rules under reg. sections 1.752-6 and 1.752-7; and (2) that liabilities not covered by reg. section 1.752-1(a) incurred by the partnership are not subject to the complex rules of reg. sections 1.752-6 and 1.752-7.

*D. Additional Suggested Exceptions to Section 1.752-7*

<u>1. "Substantially All" Exception</u>

Proposed reg. section 1.752-7 diverges from temp. reg. section 1.752-6T and section 358(h) by not providing a "substantially all" exception for partnerships. Including a "substantially all" exception for partnerships would maintain consistency with the corporate tax rules. In many situations substantially all the assets and liabilities of a trade or business are contributed to a partnership for valid business reasons. These liabilities should not be subject to the rules of prop. reg. section. 1.752-7 any more than a similar contribution would be subject to section 358(h) if made to a corporation.

A better way to prevent *abusive* transactions would be to apply the partnership anti-abuse regulations of reg. section 1.701-2 and impose penalties on participants and promoters of listed transactions and tax shelters.

<u>2. De Minimis Exception</u>

Proposed reg. section 1.752-7(d)(2)(i)(B) provides a de minimis exception for the assumption of liabilities under the lesser of $1 million or 10 percent of the partnership's gross asset value. This exception acknowledges that tax avoidance strategies are generally only employed if the potential tax savings is substantial.

Although we agree with the value of a de minimis exception, the AICPA suggests that a better de minimis threshold would be $5 million. There are many non-abusive business transactions in which a partner contributes a contingent liability of $1,000,000 or more.

## II. Proposed Regulation Section 1.752-6 and Temporary Regulation Section 1.752-6T

Proposed reg. section 1.752-6 is brief and references temp. reg. 1-752-6T. Although comments were not specifically requested, the AICPA is concerned that these regulations appear to exceed the underlying statutory authority. Several matters need to be addressed, including the following:

### *A. Clarify How Subsequent Economic Performance Is Treated*

Temporary reg. section 1.752-6T leaves out many important issues. The temporary regulations only discuss the reduction of basis when the liability is contributed to the partnership, but does not address whether, and to what extent, the partnership will be allowed a deduction of its economic performance of the assumed obligation – unlike prop. reg. section 1.752-7 which does. Also, the temporary regulation does not address how the deduction should be allocated. The final regulations should clarify that the partnership would be entitled to a deduction when the partnership settles the assumed liability and how it should be allocated.

### *B. Clarify Capital Accounting Methods*

The temporary regulation does not address whether, and to what extent, the new rules affect the partnership's capital accounting. The temporary regulations' preamble discusses value and "basis", but does not identify whether this refers to tax or book basis. Guidance is needed on how the rules under temp. reg. section 1.752-6T affect a partner's capital account.

### *C. Clarify and Define Key Terms*

Certain critical terms are not defined in the temporary regulations. An example demonstrating how to determine the "amount" of a contingent liability, as described in section 358(h)(3), would clarify how the rules work.

What constitutes an "association" or a "trade or business" for purposes of the temporary regulations' exceptions should also be clarified. Guidance should indicate whether definitions already developed in the Code or whether definitions applying exclusively to prop. reg. section 1.752-7 apply. Examples should be given.