LEXSTAT 2003 TNT 195-16

Copyright © 2003 Tax Analysts
Tax Notes Today

OCTOBER 8, 2003 WEDNESDAY

**DEPARTMENT:** Regulations and Comments; Public Comments on Regulations

**CITE:** *2003 TNT 195-16*

**LENGTH:** 1577 words

**HEADLINE:** 2003 TNT 195-16 CPAs COMMENT ON PROPOSED DEFINITION OF PARTNERSHIP LIABILITIES. (Section 752 -- Partnership Liabilities;) (Release Date: SEPTEMBER 15, 2003) (Doc 2003-21408 (6 original pages))

**CODE:** *Section 752* -- Partnership Liabilities;
*Section 358* -- Basis to Distributees

**ABSTRACT:** The New York State Society of CPAs has submitted comments on proposed regulations to prevent the duplication and acceleration of noneconomic tax losses resulting from a partnership's assumption of a partner's liabilities or so-called son of BOSS transactions.

**SUMMARY:**

Published by Tax AnalystsTM

Jeffrey Hoops of the New York State Society of CPAs has submitted comments on proposed regulations (REG-106736-00) to prevent the duplication and acceleration of noneconomic tax losses resulting from a partnership's assumption of a partner's liabilities or so- called son of BOSS transactions.

The group criticizes as unsound tax policy the different tax treatments for the same transaction based on an entity's status with the Securities and Exchange Commission. Investment partnerships, such as hedge funds and venture capital funds, conduct a trade or business but aren't registered with the SEC, the group notes, adding that no reason exists to exclude these legitimate entities from proposed reg. section 1.752-7. The group also opposes the retroactive application of provisions that are at odds with Tax Court interpretations. The group explains that the definition of a liability in the proposed regs doesn't follow the Tax Court's interpretation of an option in *Helmer v. Commissioner, T.C. Memo 1975-160.*

**AUTHOR:** Hoops, Jeffrey R.
New York State Society of Certified Public Accountants

**GEOGRAPHIC:** United States

**REFERENCES:** Subject Area:
Partnership taxation
Cross Reference:
For a summary of REG-106736-00, see Tax Notes, June 30, 2003, p. 1900; for the full text, see Doc 2003-15226 (4 original pages), *2003 TNT 125-73*, or H&D, June 24, 2003, p. 3859.
Principal Cited Reference:
Helmer v. Commissioner, T.C. Memo 1975-160



EXHIBIT 12

© 2003, Tax Analysts, Tax Notes Today, OCTOBER 8, 2003

**TEXT:**

Release Date: SEPTEMBER 15, 2003

Published by Tax AnalystsTM

September 15, 2003

Mr. Horace Howells
Internal Revenue Service
CC:PA:RU (REG-106736-00)
Room 5226
PO Box 7604
Ben Franklin Station
Washington, DC 20044

Dear Mr. Howells:

[1] The New York State Society of Certified Public Accountants, the oldest state accounting association, representing approximately 30,000 CPAs, welcomes the opportunity to comment on proposed regulations relating to the definition of liabilities under *section 752 of the Internal Revenue Code*.

[2] The NYSSCPA Taxation of Financial Institutions and Products Committee has prepared the attached comments. If you would like additional discussion with the committee, please contact the committee's chair, Leon M. Metzger, at 203-861-3232, or Ernest J. Markezin, NYSSCPA staff, at (212) 719-8303.

Sincerely,

Jeffrey R. Hoops
President
NYSSCPA
New York

Attachment

cc: Mr. Horace Howells
Internal Revenue Service
Washington, D.C.

NEW YORK STATE SOCIETY OF CERTIFIED PUBLIC ACCOUNTANTS

COMMENTS ON INTERNAL REVENUE SERVICE AND TREASURY PROPOSED AND TEMPORARY REGULATIONS UNDER *SECTION 752*

SEPTEMBER 15, 2003

Principal Drafters

Israel A. Press, CPA
Leon M. Metzger, CPA

NYSSCPA 2003 - 2004 Board of Directors

Jeffrey R. Hoops,

© 2003, Tax Analysts, Tax Notes Today, OCTOBER 8, 2003

President

John J. Kearney,
President-elect

Thomas E. Riley,
Secretary

Arthur Bloom,
Treasurer

Vincent J. Love,
Vice President

Sandra A. Napoleon-Hudson,
Vice President

Raymond M. Nowicki,
Vice President

Steven Rubin,
Vice President

Louis Grumet,
ex officio

William Aiken

Spencer L. Barback

Michael G. Baritot

Rosemarie A. Barnickel

Peter L. Berlant

Andrew Cohen

Ann B. Cohen

Michelle A. Cohen

Walter Daszkowski

Michael J. DePietro

Katharine K. Doran

Barbara S. Dwyer

Robert L. Ecker

Mark Ellis

David Evangelista

Peter H. Frank

Jo Ann Golden

Neville Grusd

David W. Henion

Raymond P. Jones

© 2003, Tax Analysts, Tax Notes Today, OCTOBER 8, 2003

Nancy A. Kirby

David J. Moynihan

Kevin J. O'Connor

Robert S. Peare

Richard E. Piluso

Mark A. Plostock

Joseph J. Schlegel

Robert E. Sohr

Robert A. Sypolt

Robert N. Waxman

Howard D. Weiner

Philip G. Westcott

Philip Wolitzer

NYSSCPA 2003-2004 Tax Division Oversight Committee

Stephen P. Valenti, Chair

Marie Arrigo

Stewart Buxbaum

Franklin H. Federmann

Howard S. Fleischman

Alan T. Frankel

Robert L. Goldstein

John O. Hatab

Richard L. Hecht

Janice M. Johnson

Alan D. Kahn

John J. Kearney

Laurence Keiser

Stuart Kessler

Michael J. Knight

Kevin Leifer

James B. McEvoy

Leon M. Metzger

Edwin B. Morris

Eugene M. Nadel

Ian M. Nelson

Avery E. Neumark

© 2003, Tax Analysts, Tax Notes Today, OCTOBER 8, 2003

Theodore J. Sarenski

Susan R. Schoenfeld

Lawrence E. Shoenthal

Warren Weinstock

Maryann M. Winters

Kenneth T. Zemsky

NYSSCPA 2003-2004 Taxation of Financial Institutions and Products Committee

Leon M. Metzger, Chair

Christian Bekmessian

David H. Blivaiss

Maury Cartine

Sandy Y. Chan

Lesly Espert

Steven M. Etkind

Robert M. Greenberger

Harold M. Hendler

Harris M. Horowitz

Janice M. Johnson

Steven C. Kaplan

Glenn Kessler

Stuart A. Kralstein

Philip Lebovits

Lawrence M Lipoff

Gavin Morrocu

Richard W. Moskowitz

Joel N. Pelofsky

Israel A. Press

Riaz S. Qureishi

Gerald H. Ranz

Robert S. Schachter

Jonathan D. Schmeltz

Joseph Signorile

Richard B. Stabinsky

Philip F. Strassler

Eusebio J. Teixeira

© 2003, Tax Analysts, Tax Notes Today, OCTOBER 8, 2003

Joseph Tepfer

Helga M. Trocha

Seth Wantuch

Lawrence S. Weinblatt

Shimon Wolf

Holly Zabitz

NYSSCPA Staff

Ernest J. Markezin

NEW YORK STATE SOCIETY OF CERTIFIED PUBLIC ACCOUNTANTS

COMMENTS ON INTERNAL REVENUE SERVICE AND TREASURY PROPOSED AND TEMPORARY REGULATIONS UNDER *SECTION 752*

SEPTEMBER 15, 2003

General Comments

[3] Different tax treatments for the same transaction based on an entity's status with the SEC does not represent sound tax policy. Nor does retroactive application of provisions that are at odds with Tax Court interpretations inspire great confidence in the fairness of the regulatory process. The specific comments below detail our concerns about the regulations proposed for the assumption of liabilities under *Section 752*.

Specific Comments

1. Prom *Reg. 1.752-7*. Congress authorized Treasury to prescribe rules that provide appropriate adjustments under partnership rules to prevent acceleration or duplication of losses through the assumption of liabilities pertaining to *section 358(h)*. Under this section, if property is transferred to a corporation where the basis exceeds its fair market value, then such basis is to be reduced (not below fair market value) by the amount of liability which is assumed in exchange for such property. However, there is an exception under *section 358(h)(2)* for any liability if the trade or business with which the liability is associated is transferred to the person assuming the liability as part of the exchange. Under Prop. Reg. 1.752-7, the activity of acquiring, holding, or disposing of financial instruments constitutes a trade or business for this purpose if the activity is conducted by an entity registered as a management company with the Securities and Exchange Commission (SEC), under the Investment Company Act of 1940, as amended. An exception is given for contributions by mutual funds to a master partnership.

Comments: There are countless investment partnerships such as hedge funds and venture capital funds that conduct a trade or business but are not registered with the SEC. There is no reason to exclude such legitimate entities from Prop. Reg. 1.752-7. Good tax policy weighs substance over form. In this case, transactions should be treated similarly without regard to

© 2003, Tax Analysts, Tax Notes Today, OCTOBER 8, 2003

whether an entity is regulated by the SEC.

2. *Temp Reg. 1.752-6T.* The Internal Revenue Service (IRS) issued Notice 2000-44 describes two arrangements that "have been designed to produce non economic tax losses on the disposition of partnership interests. These arrangements purport to give taxpayers artificially high bases in partnership interests and thereby give rise to deductible losses on disposition of those partnership interests." The Notice concluded that the "purported losses resulting from the transaction described herein do not represent bona fide losses reflecting actual economic consequences as required for purposes of *sec. 165*."

The new temporary regulation states that the above position is to apply retroactively to liabilities assumed by a partnership after October 18, 1999 and before June 24, 2003, when the regulations were issued. The definition of a liability in this regulation does not follow the Tax Court interpretation of an option in Helmer TCM 1975-160.

Comments: We are troubled by the issuance of regulations as temporary with a retroactive date of almost three years because taxpayers should be able to take tax positions as currently interpreted by the Courts and not be second guessed a few years later. Furthermore, the Helmer case was reinforced in a recent Tax Court decision in Salina Partnership LP TCM 2000-352 wherein the Court stated that the writing of an option and a short sale transaction are "materially different" because the option in Helmer, as is the case with short options, created no claim for repayment or demand for further services. Thus, the Court implicitly approved its decision in Helmer that an option, which may expire unexercised, is not a liability for purposes of section 752.

[4] The above cases have not been challenged by the IRS. In fact, the IRS won the Helmer case, denying basis to the partners who claimed they had an obligation under the option sold to perform. The proposed regulation does not reconcile with the above cases.

*************** End of Document ***************