C
2005 WL 43711 (I.R.S.)

Internal Revenue Service (I.R.S)

Industry Specialization Program Coordinated Issue

All Industries

NOTIONAL PRINCIPAL CONTRACTS UIL NO: 9300.20-00

Effective Date: January 6, 2005

## INTRODUCTION

On May 28, 2002, the Service issued Notice 2002-35, 2002-1 C.B. 992 announcing that the Service will challenge transactions involving the use of a notional principal contract (" NPC" ) to claim current deductions for periodic payments made by a taxpayer while disregarding the accrual of a right to receive offsetting payments in the future. The taxpayer using this type of NPC, also referred to as a swap, is typically a limited partnership.

## ISSUES

1. Is the Partnership required to accrue, and include in income, a payment ratably over the term of the NPC under Treas. Reg. § 1.446-3(f)(2)(i)?

2. Should the NPC payment received by the Partnership on the early termination date of an NPC be treated by the Partnership as ordinary income or capital gain?

3. Should the Partnership's loan be disregarded for federal income tax purposes?

4. Does I.R.C. § 465 limit the Investor's amount at risk?

5. Is the Investor entitled to deductions under I.R.C. § 162 for payments made by the Partnership on the NPC?

6. Do the Partnership's transactions lack economic substance?

7. Should the Investor be allowed to take deductions attributable to his investment in the Partnership under I.R.C. § 183(a) if the Partnership's expenditures deducted under I.R.C. § 162 were primarily incurred for the purposes of creating tax benefits?

8. Should the Service assert the appropriate section 6662 accuracy-related penalties against taxpayers who entered into these NPC transactions?

9. Should tax adjustments in these NPC cases be determined at the partnership level pursuant to the Tax Equity and Fiscal Responsibility Act of 1982 (" TEFRA" )?

## SUMMARY OF CONCLUSIONS

APP-A-30

EXHIBIT 14

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Treas. Reg. § 1.6662-4(d) for the treatment of the item and the corporation reasonably believed, when the return was filed, that such treatment was more likely than not the proper treatment. Treas. Reg. § 1.6664-4(f)(2)(i)(B).

The reasonable belief standard is met if:

- the corporation analyzed pertinent facts and relevant authorities to conclude in good faith that there would be a greater than 50 percent likelihood (" more likely than not" ) that the tax treatment of the item would be upheld if challenged by the IRS; or
- the corporation reasonably relied in good faith on the opinion of a professional tax advisor who analyzed all the pertinent facts and authorities, and who unambiguously states that there is a greater than 50 percent likelihood that the tax treatment of the item will be upheld if challenged by IRS. (See Treas. Reg. § 1.6664-4(c) for requirements with respect to the opinion of a professional tax advisor upon which the foregoing discussion elaborates).

Satisfaction of the minimum requirements for legal justification is an important factor in determining whether a corporation acted with reasonable cause and in good faith, but is not necessarily dispositive. See Treas. Reg. § 1.6664-4(f)(3). For example, the taxpayer's participation in a tax shelter lacking a significant business purpose or whether the taxpayer claimed benefits that are unreasonable in comparison to the taxpayer's investment should be considered in your determination. Failure to satisfy the minimum standards will, however, preclude a finding of reasonable cause and good faith based (in whole or in part) on a corporation's legal justification. See Treas. Reg. § 1.6664-4(f)(2)(i).

Other facts and circumstances also may be taken into account regardless of whether the minimum requirements for legal justification are met. See Treas. Reg. § 1.6664-4(f)(4).

**Special Rules for Partnerships Subject to Unified Partnership Audit and Litigation Procedures of Sections 6221 through 6234**

Special rules apply in transactions involving a partnership subject to the unified partnership audit and litigation procedures of sections 6221 through 6234 (which may occur, for example, where Taxpayer forms a partnership that participates directly in the transaction). For taxable years ending after August 5, 1997, penalties may be determined at the partnership level. I.R.C. § 6221. Treas. Reg. § 301.6221-1, effective for years ending after October 3, 2001[FN24], provides as follows.

> (c) Penalties determined at partnership level. Any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item shall be determined at the partnership level. Partner-level defenses to such items can only be asserted through refund actions following assessment and payment. Assessment of any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item shall be made based on partnership-level determinations. Partnership-level determinations include all the legal and factual determinations that underlie the determination of any penalty, addition to tax, or additional amount, other than partner-level defenses specified in paragraph (d) of this section.
>
> (d) Partner-level defenses. Partner-level defenses to any penalty, addition to tax, or additional amount that relates to an adjustment to a partnership item may not be asserted in the partnership-level proceeding, but may be asserted through separate refund actions following assessment and payment. See section

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

> 6230(c)(4). Partner-level defenses are limited to those that are personal to the partner or dependent upon the partner's separate return and cannot be determined at the partnership level. Examples of these determinations are whether any applicable threshold underpayment of tax has been met with respect to the partner or whether the partner has met the criteria of section 6664(b) (penalties applicable only where return is filed), or section 6664(c)(1) (reasonable cause exception) subject to partnership-level determinations as to the applicability of section 6664(c)(2).

Following prior partnership law with respect to partnership items, relevant inquiries into tax motivation and negligence with respect to partnership level determinations of penalties should be determined with reference to the state of mind of the general partner. See Wolf v. Commissioner, 4 F.3d 709, 713 (9th Cir. 1993); Fox v. Commissioner, 80 T.C. 972, 1008 (1983), aff'd 742 F.2d 1441 (2nd Cir. 1984); aff'd sub nom. Barnard v. Commissioner, 731 F.2d 230 (4th Cir. 1984). Nevertheless, to the extent the general partner essentially acted as the alter ego of the taxpayer, the taxpayer's intent is relevant in this context.

Partner-level defenses may only be raised through subsequent partner-level refund suits. See Treas. Reg. §§ 301.6221-1(d) and 301.6231(a)(6)-3. Good faith and reasonable cause of individual investors pursuant to I.R.C. § 6664 would be the type of partner level defense that can be raised in a subsequent partner-level refund suit. However, to the extent that the taxpayer effectively acted as the general partner and that the intent of the general partner is determined at the partnership level, it is likely that such partnership level determinations may also dispose of partner-level defenses under the unique facts of each case.

**9. Whether the unified partnership audit and litigation procedures of I.R.C sections 6221 through 6234 apply to the tax shelter adjustments.**

Under the Tax Equity and Fiscal Responsibility Act of 1982 (" TEFRA" ) all adjustments to " partnership items" are determined in a single proceeding at the partnership level rather than at the partner level. I.R.C. § 6221. A partnership item is any item required to be taken into account for the partnership's taxable year under subtitle A to the extent provided by regulations. I.R.C. § 6231(a)(3). The end result is consistent treatment of the partnership items on each partner's return.

Certain small partnerships are not subject to unified proceedings under TEFRA unless they elect to be subject to them. For taxable years ending after August 5, 1997, a " small partnership" excluded from the TEFRA provisions is defined as a partnership in which there are ten or fewer partners and each partner is an individual (other than a nonresident alien), C corporation, or an estate. I.R.C. § 6231(a)(1)(B). The partnerships generating tax benefits by using the NPCs described in Notice 2002-35 are generally subject to TEFRA because they often have flow-through entity partners. These include LLCs treated as a disregarded entities, partnerships, S corporations, and trusts.

A. Notices and Adjustments

The Service adjusts partnership items by issuing a Notice of Final Administrative Adjustment (FPAA) to the Tax Matters Partner (TMP) and all notice partners. The Service cannot adjust items which are affected by partnership items (" affected items" ) prior to the completion of the TEFRA partnership proceeding. See GAF Corp

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.