COPY



IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407T

(into which have been consolidated Nos. 06-408T, 06-409T, 06-410T, 06-411T, 06-810T, 06-811T)

\- - - - - - - - - - - - - - - - X

ALPHA I, L.P., by and through )
ROBERT SANDS, a notice partner, )
Plaintiff )Case No. 06-407T
-vs- )
THE UNITED STATES, )
Defendant )

\- - - - - - - - - - - - - - - - X

Deposition of ANDREW STERN taken pursuant to notice at Constellation Brands, 370 Woodcliff Drive, Suite 300, Fairport, New York on Tuesday, July 31, 2007 commencing at 2:00 p.m.

Reported by:
COMPUTER REPORTING SERVICE
Amy M. Condon, CSR, RPR
270 Reynolds Arcade Building
16 East Main Street
Rochester, New York 14614 (585) 325-3170

APP-B-122

EXHIBIT 68

APPEARANCES:

SUTHERLAND, ASBILL & BRENNAN
By: THOMAS A. CULLINAN, Esq.
JULIE BOWLING, Esq.
1275 Pennsylvania Avenue, N.W.
Washington, D.C., 20004
Attorneys for plaintiff.

U.S. DEPARTMENT OF JUSTICE
By: THOMAS M. HERRIN, Esq.
717 North Harwood Street, Suite 400
Dallas, Texas 75201
Attorneys for defendant.

APP-B-123

MR. HERRIN: I have no further questions.

MR. CULLINAN: We're going to go out in the hall for a minute.

(Recess taken.)

MR. CULLINAN: We have one or two questions. Actually, you can go on the record and clarify something.

THE WITNESS: I would just like to make one statement for the record to clarify what I said. It's Tom and Tom, isn't it?

MR. CULLINAN: Yes, it is.

THE WITNESS: Oh, my gosh. I said that I don't do business with Richard. And what I meant by that just to be crystal clear about it, is that I have nothing at all to do with the running of this company. I don't know anything about that. I don't have business meetings with Richard. I really in a sense don't do any business with Richard, but I completely rely on Richard and Rob for my financial investments.

So I just need to clarify that.

BY MR. HERRIN:

Q. And for completely relying on them they discuss the investments with you before they make them or --

A. Not all -- they both have a general power of attorney for me; that is how much I trust them. So many investments are made and I have no knowledge of it at all.

Q. All right. How old are your children now?

A. 25 and 26.

Q. So in 2000 they would have both been over 18 I guess that works out, right?

A. One would have been 18. Twenty-five minus seven, 18. Depends on what month I suppose, right.

Q. As far as the Abigail and Zachary trust did either of your children come into any type of capacity that allowed the trust to be terminated when they turned 18 or where they had say over it?

A. I believe the answer to that is no.

Q. Okay. So if any actions were taken on behalf of those trusts around that time frame it would still have to be done through the trustees?

A. Again, I believe --

MR. CULLINAN: I'll object to the extent it calls for a legal conclusion, but you can answer it.

THE WITNESS: I believe the answer to that is yes, but I am not sure that that's correct.

MR. HERRIN: All right. No further