IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: October 1, 2007)

| | | |
|---|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-409 T |

| | | |
|---|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**UNITED STATES' REPLY TO PLAINTIFFS' RESPONSE TO UNITED STATES' SUPPLEMENTAL MOTION FOR PROTECTION OR PROTECTIVE ORDER**

On August 14, 2007, plaintiffs served an Amended Rule 30(b)(6) notice on the United States. This amended notice expanded the previously served Rule 30(b)(6) notice to include these additional subjects: (1) the review and handling of The Heritage Organization, L.L.P. ("Heritage") documents obtained from its bankruptcy trustee and produced to plaintiffs by the United States in this proceeding; (2) the IRS examination of the Educational and Health Support Fund's ("the Fund") application for tax exempt status and the determination regarding that status; and (3) the United States' position regarding calculating the "aggregate amount invested" under 26 U.S.C. §6707. On August 29, 2007, the United States filed its supplemental motion for protection with respect to the second and third areas of plaintiffs' expanded Rule 30(b)(6) motion. On August 30, 2007, the United States produced a deponent regarding the Heritage documents, which resolved the first subject of plaintiffs' amended notice.

1. **The Educational and Health Support Fund's application for tax exempt status and the IRS determination regarding that status are irrelevant.**

At issue are 64 pages out of the several thousand pages of material produced in response to one of plaintiffs' document production requests. These documents are part of a massive amount

of documents produced to the IRS pursuant to a summons served on the Heritage bankruptcy trustee. Upon reviewing the documents produced by the Heritage trustee, the IRS concluded that part of the documents related to the tax shelters used by the Sands. These documents were provided to the undersigned and, in turn, produced to plaintiffs in response to plaintiffs' production request seeking documents relating in any manner to communications, by the United States and Heritage, related to the matters at issue in this case.

Specifically, the 64 pages now at issue break down as follows:

1. a three page letter from the IRS, dated September 19, 2003, with a two page attachment, sent to Ahrens & DeAngeli, which was one of the law firms representing the Sands' with respect to the CRUT aspect of one of the tax shelters at issue in this proceeding (total 5 pages);

2. a two page letter from the IRS, dated September 34, 2003, which was included in a fax being sent to the IRS by Ahrens & DeAngeli (total 2 pages);

3. a fax from the IRS to Ahrens & DeAngeli (4 pages);

4. 53 pages of material prepared by Ahrens & DeAngeli (total 53 pages).

While these documents were responsive to a document production request in this case, they are not relevant to any issue in this case. The tax exempt status of the Fund has been not challenged in this proceeding.[1]

---

[1] If, as plaintiff's contend, this material is truly relevant to an issue in this case, it is strange that plaintiffs never produced the material to the United States during the course of this litigation. In any event, these documents were all either directed to or from a law firm acting on behalf of the Sands. If plaintiffs truly believe that there is information to be garnered from these documents, plaintiffs can obtain this information from their own attorneys without the expense associated with a deposition.

It is one thing to produce documents received from a third party and another to produce a government witness to testify regarding the documents. The United States could produce the IRS employee named in the documents to identify those documents, however the documents' identity and content are not disputed. Under 26 U.S.C. §6103, this deponent, would be prohibited from offering any further testimony. Further, even if he could so testify, he would only be able to state his interpretation of the documents at issue, which plaintiffs candidly admit they do not want. *Sidell v. Commissioner*, 225 F.3d 103, 111 (1st Cir. 2000).

Any deposition relating to the Fund's tax status as a charitable organization is nothing more than a flagrant waste of time and resources. The Fund is neither a party to these consolidated proceedings nor is its tax exempt status at issue in these proceedings. The testimony sought is not reasonably calculated to lead to facts relevant to this case and plaintiffs' Rule 30(b)(6) motion seeking to compel testimony regarding the Fund's tax exempt status should be denied.

2. **The United States' position regarding calculating the "aggregate amount invested" under 26 U.S.C. §6707 is irrelevant.**

26 U.S.C. §6707 imposes a penalty on "material advisors" who fail to report a transaction determined as having a potential for tax avoidance or evasion. Material advisors are defined by 26 U.S.C. §6111 as persons who profit, in excess of an established threshold, from providing material aid, assistance or advice with respect to organizing, managing, promoting, selling, implementing insuring, or carrying out any reportable transaction.[2] No such penalty is at issue in this case, nor is the Court being asked to interpret or apply §6707. Accordingly, the requested testimony is not reasonably calculated to lead to the discovery of admissible evidence.

[2] At the time the Sands utilized the tax shelters at issue, §6707 only applied to the tax shelter organizer.

Any deponent produced by the United States with respect to §6707 would be unable to offer testimony as to anything other than their personal opinion as to the interpretation of the statute. As stated in *Sidell v. Commissioner,* 225 F.3d 103, 111 (1[st] Cir. 2000):

> The tax code is an intricate web and demands clear rules so that it may be administered with as little uncertainty as possible. To achieve this goal, the IRS must speak with a single voice, that is, through formal statements of policy such as regulations or revenue rulings. *See Connecticut Gen. Life Ins. Co. v. Commissioner,* 177 F.3d 136, 145 (3d Cir.1999). Accordingly, statements by individual IRS employees cannot bind the Secretary. *See Armco, Inc. v. Commissioner*, 87 T.C. 865, 867, 1986 WL 22040 (1986); *see generally Irving v. United States*, 162 F.3d 154, 166 (1st Cir.1998) (en banc) ("[C]ourts customarily defer to the statements of the official policymaker, not others, even though the others may occupy important agency positions."). Because these internal memoranda represent the personal views of the authors, not the official position of the agency, they do not figure in our decisional calculus. *See Honeywell Inc. v. United States*, 228 Ct.Cl. 591, 661 F.2d 182, 185-86 (1981).

At most, any deponent offered by the United States could only direct plaintiffs to the statute and Treasury Regulations, and compelling the United States to produce a deponent to do so is pointless. In any event, the IRS's interpretation of the statute is set forth in its published Treasury Regulations. In this regard, plaintiffs are directed to Temporary Regulation §301.6707-1T and to Temporary Regulation §301.6111-1T.

## CONCLUSION

For the reasons set out above, the United States respectfully requests that the Court grant it protection from plaintiffs' expanded Rule 30(b)(6) deposition notice and that the Court limit the scope of any such deposition(s) to exclude testimony about the Educational and Health Support Fund and the IRS's position on 26 U.S.C. §6707.

Respectfully submitted,

/s/ Thomas M. Herrin
THOMAS M. HERRIN
Attorney of Record
Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / (214) 880-9762
(214) 880-9742 (FAX)

RICHARD T. MORRISON
Acting Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
LOUISE HYTKEN
Chief, Southwestern Civil Trial Section
MICHELLE C. JOHNS
Trial Attorney