IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Alpha I, L.P., by and through Robert Sands, a Notice Partner,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No. 06-407 T |

**FIRST AMENDED COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

Alpha I, L.P. ("Alpha"), by and through Robert Sands, a Notice Partner in Alpha, files this Complaint pursuant to 26 U.S.C. § 6226 and Appendix F of the Rules of the United States Court of Federal Claims, petitioning for the readjustment of partnership items that were adjusted by the Internal Revenue Service (the "Service") in a Notice of Final Partnership Administrative Adjustment (an "FPAA") issued to Alpha with respect to Alpha's Forms 1065 U.S. Return of Partnership Income for the tax years ended December 31, 2001 and December 31, 2002 (the "Alpha FPAA"). The Alpha FPAA is attached as Exhibit A. Plaintiff alleges as follows:

## I. THE PARTIES

1. Alpha is a limited partnership organized under the laws of the State of Missouri. It has a principal place of business at 370 Woodcliff Drive, Fairport, New York, and its partnership identifying number is 43-1946228.

2. During 2001 and 2002, the six limited partners in Alpha were Robert Sands, Richard Sands, Marilyn Sands, Andrew Stern, the Marvin Sands Master Trust, and CWC Partnership-I ("CWC") (hereinafter collectively referred to as the "Limited Partners").

3. The general and Tax Matters Partner in Alpha was at all times R,R,M & C Management Corporation. R,R,M & C Management Corporation has a principal place of business at 370 Woodcliff Drive, Fairport, New York, and its partnership identifying number is 43-1936515.

4. Beta Partners, LLC ("Beta") was a limited liability company organized under the laws of the State of Missouri. It had a principal place of business at 300 Willowbrook Office Park, Fairport, New York, and its partnership identifying number was 43-1946833.

5. The initial members in Beta were Alpha and Gloria Robinson ("Robinson"). Alpha acquired Robinson's interest in Beta on December 27, 2001. Thereafter, Beta had only a single partner, which caused it to terminate for purposes of the Internal Revenue Code of 1986, as amended (the "Code").

6. CWC is a partnership organized under the laws of the State of New York. It has a principal place of business at 300 Willowbrook Office Park, Fairport, New York, and its partnership identifying number is 16-1472626. As of December 31, 2001, the Trust FBO Abigail Stern U/A Fifth G (the "Abigail Trust") and the Trust FBO Zachary Stern U/A Fifth G (the "Zachary Trust") each held a 49.5% Class 2 partnership interest in CWC. As of December 31, 2001, the Trust FBO Andrew Stern U/A Fifth D held 98.06292% and the Trust FBO Andrew Stern U/A Fifth C held .93708% of the Class 1 partnership interest of CWC. As of December 31, 2001, Richard Sands and Robert Sands each held a .5% Class 1 and .5% Class 2 partnership interest.

7. The defendant is the United States of America.

## II. JURISDICTION and RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS App. F Rules 1 and 2

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1508 and 26 U.S.C. § 6226(b).

9. Alpha timely filed its Form 1065 U.S. Return of Partnership Income for the tax years ended December 31, 2001 and December 31, 2002 with the Internal Revenue Service at Ogden, Utah.

10. The Alpha FPAA was issued on December 22, 2005 and was issued by the IRS Office in St. Louis, MO.

11. The Alpha FPAA was issued with respect to Alpha's taxable years ended December 31, 2001 and December 31, 2002.

12. Pursuant to Internal Revenue Code of 1986, as amended (the "Code") Section 6226(e)(1), prior to the filing of this Complaint, Robert Sands deposited with the Internal Revenue Service the total amount of $3,398,425, which includes the amount by which his tax liability would be increased if the treatment of the "partnership items" on Alpha's tax return was made consistent with the treatment of "partnership items" on the Alpha return, as adjusted by the FPAA issued to Alpha as well as amounts related to four other FPAAs issued to partnerships in which he held a direct or indirect interest. A copy of the paper work and check associated with this deposit is attached as Exhibit B.

13. The deposits were made on May 17, 2006 and were sent to IRS Revenue Agent Peter Brokus.

14. Robert Sands is a "notice partner" in Alpha within the meaning of Code Section 6231(a)(8).

15. None of Alpha's partnership items with respect to Robert Sands have become non-partnership items by reasons of any event described in Code Section 6231(b).

16. The Tax Matters Partner has not filed a complaint for readjustment of partnership items within the period specified in Code Section 6226(a).

17. Alpha has satisfied all conditions precedent to filing this suit.

## III. DESCRIPTION OF THE TRANSACTIONS

18. On or about December 11, 2001, Robert Sands, Richard Sands, Marilyn Sands, Andrew Stern, the Marvin Sands Master Trust, the Abigail Trust, and the Zachary Trust each borrowed U.S. Treasury securities from UBS PaineWebber, Inc. ("PaineWebber"), and sold the securities on the open market (the "Short Sales"). The net proceeds of the Short Sales were transferred to their respective brokerage accounts at PaineWebber.

19. On or about December 13, 2001, the Abigail Trust assigned all of the assets in its PaineWebber brokerage account to CWC, and delegated to CWC its responsibility to cover the short sale.

20. On or about December 13, 2001, the Zachary Trust assigned all of the assets in its PaineWebber brokerage account to CWC, and delegated to CWC its responsibility to cover the short sale.

21. On December 17, 2001, CWC contributed the following to Alpha in exchange for a 12.949% limited partnership interest: (a) the assets in the PaineWebber brokerage accounts that it received from the Zachary Trust and the Abigail Trust (and the requirement to "cover" the short sales); and (b) $160,766.20.

22. On December 17, 2001, Robert Sands contributed the following to Alpha in exchange for a 21.401% limited partnership interest: (a) the assets in his PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $265,614.43.

23. On December 17, 2001, Richard Sands contributed the following to Alpha in exchange for a 18.022% limited partnership interest: (a) the assets in his PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $223,675.31.

24. On December 17, 2001, Marilyn Sands contributed the following to Alpha in exchange for a 14.641% limited partnership interest: (a) the assets in her PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $181,736.19.

25. On December 17, 2001, Andrew Stern contributed the following to Alpha in exchange for a 5.857% limited partnership interest: (a) the assets in his PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $72,694.48.

26. On December 17, 2001, the Marvin Sands Master Trust contributed the following to Alpha in exchange for a 27.030% limited partnership interest: (a) the assets in its PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $335,512.97.

27. On or about December 20, 2001, R,R,M & C Management Corporation contributed $2,582 to Alpha for its .1% general partnership interest.

28. On or about December 17, 2001, Alpha purchased 67,525 shares of stock in Corning, Inc. and 33,400 shares of stock in Yahoo, Inc.

29. On December 20, 2001, Alpha contributed the Yahoo and Corning shares and $45,637,127.17 (and the requirement to "cover" the Short Sales) to Beta for a 99.0043% membership interest. Robinson had earlier that month contributed $25,000 to Beta in exchange for her .9957% membership interest.

30. On December 26, 2001, Beta closed the Short Sales and recognized a net gain of $90,018.

31. On December 27, 2001, Alpha purchased Robinson's interest in Beta, which had the effect terminating Beta pursuant to Code Section 708(b)(1)(B).

32. During 2001 and 2002, Alpha transferred 52,450 of the Corning shares and 25,042 of the Yahoo shares in varying amounts to various partners.

33. On December 18, 2002, Alpha sold 5,300 of the Corning shares for $19,661. On the Form 1065 filed by Alpha for the taxable period ending December 31, 2002, Alpha reported a total basis in this Corning stock of $1,747,325, resulting in a long-term capital loss of $(1,727,664).

34. On December 18, 2002, Alpha sold 2,650 of the Yahoo shares for $44,265. On the Form 1065 filed by Alpha for the taxable period ending December 31, 2002, Alpha reported a total basis in this Yahoo stock of $1,843,154, resulting in a long-term capital loss of $(1,798,889).

## IV. THE SERVICE'S POSITION

35. On December 22, 2005, the Service issued an FPAA to Alpha, adjusting how Alpha reported certain items on its Form 1065 for the taxable periods ending December 31, 2001 and December 31, 2002 (the "Alpha FPAA"). The primary adjustment made by the Service in the Alpha FPAA with respect to 2001 is to increase Alpha's liabilities by $44,293,087. The primary adjustment made by the Service in the Alpha FPAA with respect to 2002 is to reduce Alpha's basis in the shares of Corning and Yahoo that it sold on December 18, 2002 by a total of $3,496,150. The Alpha FPAA also asserts a 40% accuracy-related penalty against Alpha or, alternatively a 20% accuracy-related penalty.

36. Also on December 22, 2005, the Service issued an FPAA to Beta. The Service primarily asserts that for a variety of reasons, Beta's liabilities should be increased by

$44,293,087 (i.e., the proceeds of the Short Sales). The Beta FPAA also asserts a 40% accuracy-related penalty against Beta or, alternatively a 20% accuracy-related penalty.

37. On December 28, 2005, the Service also issued an FPAA to CWC (the "CWC FPAA"), making adjustments derivative of those that are at issue in the Alpha FPAA and Beta FPAA, as well as derivative adjustments from two other FPAAs issued to two other partnerships that are not directly at issue in this case, and also asserting a 40% accuracy-related penalty or, alternatively a 20% accuracy-related penalty.

38. This complaint challenges certain of the adjustments made by the Service in the Alpha FPAA. Separate complaints will be filed in this Court to contest certain of the adjustments made by the Service in the Beta FPAA and the CWC FPAA.

## V. THE SERVICE'S ERRORS IN THE ALPHA FPAA

### A. The 2001 Tax Year

39. Plaintiff does not now claim that the transactions increased the amount considered at risk for an activity under Code Section 465(b)(1) and plaintiff now concedes the correctness of this specific adjustment proposed by the Service in the FPAA.

40. The Service erred by disregarding the existence of Alpha.

41. The Service erred in asserting any accuracy-related penalty provided by Code Section 6662.

### B. The 2002 Tax Year

42. Plaintiff does not now claim that the transactions increased the amount considered at risk for an activity under Code Section 465(b)(1) and, for this reason, does not now object to the Service's conclusion that Alpha has net short-term capital gain of $355,374 instead of a net

short-term capital loss of $(3,140,776) as was reported on Alpha's return. Instead, plaintiff now concedes the correctness of these specific adjustments proposed by the Service in the FPAA.

43. The Service erred by disregarding the existence of Alpha.

44. The Service erred in asserting any accuracy-related penalty provided by Code Section 6662.

## VI. ALPHA'S CONTENTIONS

45. Alpha was a partnership validly created, existing and recognized for all state and federal law purposes, including federal income tax purposes for the taxable years 2001 and 2002.

46. Alpha and its partners are not subject to penalties under Code Section 6662 because if any tax liability were ultimately determined by this Court against them, such liability is not attributable to: (a) negligence or disregard of rules or regulations; (b) any substantial understatement of income tax; or (c) any substantial or gross valuation misstatement under Chapter 1.

47. Alpha and its partners are not subject to penalties under Code Section 6662 because if any understatement were ultimately determined by the Court, such understatement would be attributable to items for which the relevant facts were adequately disclosed in the returns or in a statement attached to the returns; and there is a reasonable basis for the tax treatment of such item by the taxpayer.

48. The Transactions at issue in this case do not constitute a tax shelter within the meaning of Code Section 6662.

49. In the alternative, even if the Transactions do constitute a tax shelter, Alpha and its partners are not subject to penalties under Code Section 6662 because any understatement ultimately determined by the Court is attributable to the tax treatment of items for which there is

or was substantial authority for such treatment, and, furthermore, Alpha and its partners reasonably believed that their tax treatment of such item was more likely than not the proper treatment.

50. Alpha and its partners are not subject to penalties under Code Section 6662 on any underpayment ultimately determined because there was reasonable cause for such underpayment and they acted in good faith as contemplated by Code Section 6664(c)(1).

## VII. BURDEN OF PROOF

51. The Government has the burden of proof under Code Section 7491.

## VIII. PRAYER

WHEREFORE, Plaintiff prays that this Court:

1. Determine that the Service erred in disregarding the existence of Alpha.

2. Determine that the penalties asserted by the Service in the Alpha FPAA are erroneous and/or that the parties have valid defenses to the assertion of such penalties;

3. Determine that the deposit paid by Robert Sands should be refunded, together with interest thereon; and

4. Grant Plaintiff such other and further relief to which Plaintiff is entitled.

Dated April 11, 2008.

Respectfully submitted,

s/ Lewis S. Wiener
LEWIS S. WIENER
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0140 telephone
202.637.3593 facsimile
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309
404.853.8000 telephone
404.853.8806 facsimile

Kent L. Jones
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC 20004
202.383.0732 telephone
202.637.3593 facsimile

Attorney for Plaintiffs

# EXHIBIT A

**Notice 2000-44 Case**

**Internal Revenue Service**
P.O. Box 66781 Stop 4020 STL
Attn: Penny Schupmann
St. Louis, MO 63166

**Department of the Treasury**

Refer To: Penny Schupmann

Partner Identifying Number: [redacted]-8045

Name of Partnership: Alpha I, L.P.

Partnership Identifying Number: 43-1946228

Tax Year Ended: 12/31/2001 and 12/31/2002

Date FPAA Mailed to the Tax Matters Partner:
DEC 2 2 2005

Person to Contact: Penny Schupmann
Employee Number: 43-15317

Contact Telephone Number: 314-612-4367
(not a toll free number)

Contact Hours: 8:00 AM to 4:30 PM

Date: DEC 2 2 2005

Robert S. Sands
Nancy Sands
4000 East Avenue
Rochester, NY 14618

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court can't consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court of the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership

items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

for Kevin Harris,
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

**FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP**

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (Rev. 8-2004) | Department of the Treasury — Internal Revenue Service<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: |
|---|---|---|

| Taxpayer(s) name(s), address and ZIP code: | Name of Partnership: | Tax Year(s) Ended: |
|---|---|---|
| Robert Sands<br>Nancy Sands<br>4000 East Avenue<br>Rochester, NY 14618 | Alpha I, L.P.<br>Taxpayer Identifying Number:<br>43-1946228 | December 31, 2001 and<br>December 31, 2002 |
| Taxpayer Identifying Number: [redacted]8045 | Name of Tax Matters Partner:<br>R, R, M & C Management Corporation | |

**Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts**
**&**
**Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts**

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement, plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in the absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax, and additional amounts may be filed or prosecuted.

| Signature of Taxpayer | Date Signed |
|---|---|
| Signature of Taxpayer | Date Signed |
| By (Signature and Title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# AGREEMENT FOR PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATION AS TO PENALTIES, ADDITIONS TO TAX, AND ADDITIONAL AMOUNTS

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP: Alpha I, L.P. | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| TAXPAYER IDENTIFYING NUMBER: 43-1946228 | 12/31/2001 | 12/31/2002 | |
| **DETAIL OF ADJUSTMENTS TO ORDINARY INCOME:** | | | |
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| **Total Adjustments to Ordinary Income** | | | |
| **Other Adjustments** | | | |
| a. Net income (loss) from rental real estate activities | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | (881.00) | |
| (3) Corrected | | (881.00) | |
| b. Net income (loss) from other rental activities | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | (652.00) | |
| (3) Corrected | | (652.00) | |

**Remarks:**

It is determined that the accuracy-related penalties provided by IRC 6662(a) and 6662(h) apply to the entire amount of any underpayment of tax attributable to adjustments of the partnership items of Alpha I, L.P. for the taxable years ending December 31, 2001 and December 31, 2002. The accompanying Explanations of Adjustments to Partnership Items and Partnership-level Determinations are hereby incorporated by reference.

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: Alpha I, L.P.

| Taxpayer Identifying Number: 43-1946228 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | |
| c. Portfolio income (loss) interest | | | |
| (1) Adjustment | 0.00 | 0.00 | |
| (2) As reported | 11,793.00 | 56,675.00 | |
| (3) Corrected | 11,793.00 | 56,675.00 | |
| d. Portfolio income (loss) dividends | | | |
| (1) Adjustment | 0.00 | 0.00 | |
| (2) As reported | 808.00 | 17,236.00 | |
| (3) Corrected | 808.00 | 17,236.00 | |
| e. Portfolio income (loss) net short-term gain (loss) | | | |
| (1) Adjustment | 0.00 | 3,496,150.00 | |
| (2) As reported | 89,122.00 | (3,140,776.00) | |
| (3) Corrected | 89,122.00 | 355,374.00 | |
| f. Portfolio income net long-term gain (loss) total | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 4,493.00 | |
| (3) Corrected | | 4,493.00 | |
| g. Other portfolio income (loss) | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | (985.00) | |
| (3) Corrected | | (985.00) | |
| h. Net gain (loss) under section 1231 not casualty/theft | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 11,358.00 | |
| (3) Corrected | | 11,358.00 | |
| i. Other income (loss) | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | (284,239.00) | |
| (3) Corrected | | (284,239.00) | |
| j. Charitable contributions 50 percent | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 18.00 | |
| (3) Corrected | | 18.00 | |
| k. Deductions related to portfolio income | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 111,362.00 | |
| (3) Corrected | | 111,362.00 | |
| l. Other deductions | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 8,972.00 | |
| (3) Corrected | | 8,972.00 | |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: Alpha I, L.P.

| Taxpayer Identifying Number: 43-1946228 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | |
| m. Interest expense on investment debts | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 5,703.00 | |
| (3) Corrected | | 5,703.00 | |
| n. Investment income included in portfolio income | | | |
| (1) Adjustment | 0.00 | 0.00 | |
| (2) As reported | 12,601.00 | 72,926.00 | |
| (3) Corrected | 12,601.00 | 72,926.00 | |
| o. Investment expenses in deduct. related to portfolio income | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 18,440.00 | |
| (3) Corrected | | 18,440.00 | |
| p. Other credits (not related to rental activities) | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 554.00 | |
| (3) Corrected | | 554.00 | |
| q. Adj./tax pref. items depreciation in serv. after 1986 | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 2.00 | |
| (3) Corrected | | 2.00 | |
| r. Foreign taxes - gross income from all sources | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 408,510.00 | |
| (3) Corrected | | 408,510.00 | |
| s. Gross income sourced at partner level | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | (242,092.00) | |
| (3) Corrected | | (242,092.00) | |
| t. Foreign gross income sourced at partnership - passive | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 207,372.00 | |
| (3) Corrected | | 207,372.00 | |
| u. Foreign gross income sourced at partnership - limitation | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 124.00 | |
| (3) Corrected | | 124.00 | |
| v. Deductions allocated/apportioned at partner level - interest | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 282,911.00 | |
| (3) Corrected | | 282,911.00 | |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: Alpha I, L.P.

| Taxpayer Identifying Number: 43-1946228 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | 12/31/2002 | |
| w. Deductions allocated/apportioned at partner level - other | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 7,202.00 | |
| (3) Corrected | | 7,202.00 | |
| x. Deductions allocated/apportioned at P/S level - passive | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 49,957.00 | |
| (3) Corrected | | 49,957.00 | |
| y. Foreign taxes total foreign taxes paid / accrued | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 16,715.00 | |
| (3) Corrected | | 16,715.00 | |
| z. Tax-exempt interest income | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 524.00 | |
| (3) Corrected | | 524.00 | |
| aa. Nondeductible expenses | | | |
| (1) Adjustment | | 0.00 | |
| (2) As reported | | 23.00 | |
| (3) Corrected | | 23.00 | |
| ab. Partnership Liabilities | | | |
| (1) Adjustment | 44,293,087.00 | | |
| (2) As reported | 0.00 | | |
| (3) Corrected | 44,293,087.00 | | |
| ac. Capital Contributed, Schedule M-2, line 2 | | | |
| (1) Adjustment | (44,293,087.00) | | |
| (2) As reported | 46,874,780.00 | | |
| (3) Corrected | 2,581,693.00 | | |
| ad. Distributions, Schedule M-2, line 6a | | | |
| (1) Adjustment | (12,041,018.00) | (22,354,093.00) | |
| (2) As reported | 12,428,397.00 | 24,461,120.00 | |
| (3) Corrected | 387,379.00 | 2,107,027.00 | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

**Notice 2000-44 Case**

**ATTACHMENT TO FORM 870-PT**
**EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP-LEVEL DETERMINATIONS**

| PARTNERSHIP | TAXPAYER ID | TAXABLE YEAR |
|---|---|---|
| ALPHA I, L.P. | 43-1946228 | 12/31/2001 |

| | ITEM | ADJUSTMENT | REPORTED | CORRECTED |
|---|---|---|---|---|
| I | I.R.C. § 752 LIABILITIES | $44,293,087 | $-0- | $44,293,087 |

It is determined that Alpha I, L.P. (hereinafter referred to as the "Partnership"), has partnership liabilities under I.R.C. § 752 in the amount of $44,293,087 for the taxable year 2001, instead of partnership liabilities in the amount of $-0- as claimed on the Partnership's return.

A. REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1. Under I.R.C. § 752, the partnership liabilities of the Partnership include the amount of the short sale obligations purportedly assumed by the partnership.

B. TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1. An increase in a partner's share of partnership liabilities is treated as a contribution of money to the Partnership under I.R.C. § 752(a) that increases the partner's outside basis under I.R.C. §§ 705(a) and 722.
2. A decrease in a partner's individual liabilities by reason of the assumption by the Partnership of such individual liabilities is treated as a distribution of money to the partner under I.R.C. § 752(b) that decreases the partner's outside basis under I.R.C. §§ 705(a) and 733(1).

| | ITEM | ADJUSTMENT | REPORTED | CORRECTED |
|---|---|---|---|---|
| II | TREAS. REG. § 1.752-6 LIABILITIES | $44,293,087 | $-0- | $44,293,087 |

It is determined that, if the Partnership does not have partnership liabilities under I.R.C. § 752 in the amount of $44,293,087 for the taxable year 2001, then the Partnership has non-I.R.C. § 752 liabilities in the amount of $44,293,087 for the taxable year 2001, instead of non-I.R.C. § 752 liabilities in the amount of $-0- as claimed on the Partnership's return.

A. REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1. Under Treas. Reg. § 1.752-6, if the short sale obligations are not partnership liabilities under I.R.C. § 752, then they are non-I.R.C. § 752 liabilities under Treas. Reg. § 1.752-6.

B. TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1. Under Treas. Reg. § 1.752-6, a contributing partner's tax basis in the Partnership is decreased by the amount of the non-I.R.C. § 752 liabilities assumed by the Partnership.

| | ITEM |
|---|---|
| III | I.R.C. § 465 AT RISK RULES |

It is determined that none of the transactions of the Partnership increases the amount considered at-risk for an activity under I.R.C. § 465(b)(1).

A. REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1. Under I.R.C. § 465(b), none of the Partnership's transactions or activities increases the amount by which the partners are considered to be at risk for any activity.

B. TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1. Under I.R.C. § 465(b), the amount for which a partner is considered to be at risk for an activity is not increased by any transactions with the Partnership.

| | ITEM |
|---|---|
| IV | RECHARACTERIZATION |

For federal income tax purposes, the existence of the Partnership is disregarded, and the transactions of the Partnership are recharacterized.

A. REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1. Under Treas. Reg. § 1.701-2, the existence of the Partnership, the contributions by the partners to the Partnership, and the contributions by the Partnership to Beta Partners, LLC, are disregarded for federal income tax purposes to produce tax consequences to the partners that are consistent with the economic consequences of an investment in the Partnership because the Partnership and Beta Partners, LLC, were formed and the contributions were made to reduce substantially the present value of the partners' aggregate tax liability in a manner inconsistent with the intent of Subchapter K.
2. Under the economic substance doctrine, the contributions by the partners to the Partnership and the contributions by the Partnership to Beta Partners, LLC, are disregarded for federal income tax purposes for lack of a non-tax business or investment purpose and economic effect.

**Notice 2000-44 Case**

| ATTACHMENT TO FORM 870-PT<br>EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS<br>AND PARTNERSHIP LEVEL DETERMINATIONS | | |
|---|---|---|
| PARTNERSHIP | TAXPAYER ID | TAXABLE YEAR |
| ALPHA I, L.P. | 43-1946228 | 12/31/2001 |

| | | | |
|---|---|---|---|
| | | 3 | Under the sham partnership doctrine, the existence of the Partnership is disregarded for federal income tax purposes because there was no non-tax business or investment purpose for the formation of the Partnership, and it engaged in no business or investment activity. |
| | B | TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING | |
| | | 1 | The partners of the Partnership are treated for federal income tax purposes as if they held directly the assets and liabilities of the Partnership, including the short sale positions. |
| ITEM | | | |
| V | ACCURACY-RELATED PENALTIES | | |
| | It is determined that the 40% accuracy-related penalty provided by I.R.C. § 6662 (h) or, alternatively, the 20% accuracy-related penalty provided by I.R.C. § 6662(a) applies to the entire amount of any underpayment of tax attributable to the adjustments of partnership items of the Partnership for the taxable year 2001. | | |
| | A | REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING | |
| | | 1 | The amount of any underpayment of tax is attributable to a gross valuation misstatement under I.R.C. § 6662(h). |
| | | 2 | Alternatively, the entire amount of any underpayment of tax is attributable to a substantial valuation misstatement under I.R.C. § 6662(e). |
| | | 3 | Alternatively, the entire amount of any underpayment of tax is attributable to negligence or disregard of rules or regulations under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c). |
| | | 4 | Alternatively, the entire amount of any underpayment of tax is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), and 6662(d). |
| | B | TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING | |
| | | 1 | Under I.R.C. § 6221, penalties determined in a partnership proceeding are applied to underpayments attributable to partnership items and affected items subject to defenses that may be asserted by a partner in an action for refund after assessment and payment. |

**Notice 2000-44 Case**

| ATTACHMENT TO FORM 870-PT<br>EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS<br>AND PARTNERSHIP LEVEL DETERMINATIONS | | | |
|---|---|---|---|
| PARTNERSHIP | | TAXPAYER ID | TAXABLE YEAR |
| ALPHA I, L.P. | | 43-1946228 | 12/31/2002 |
| ITEM | ADJUSTMENT | REPORTED | CORRECTED |
| I CAPITAL GAINS AND LOSSES | $3,496,150 | $(3,140,776) | $355,374 |

It is determined that the adjusted basis of the Partnership in shares of the common stock of Yahoo, Inc. (the "Yahoo Shares") and shares of the common stock of Corning, Inc. (the "Corning Shares"), sold by the Partnership is $17.95 per share and $8.82 per share, respectively, instead of $695.53 and $329.68 per share as reported on the Partnership's return. Accordingly, the Partnership has a net short-term capital gain of $355,374 for the taxable year 2002 instead of a net short-term capital loss of $3,140,776 as reported on the Partnership's return.

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1 Under I.R.C. 1001, you failed to establish that, for purposes of determining gain or loss, the Partnership's adjusted bases in the Yahoo Shares and the Corning Shares are more than the respective amounts allowed.

2 Under I.R.C. 732, you failed to establish that the Partnership obtained adjusted bases in the Yahoo Shares and the Corning Shares in excess of the respective amounts allowed when distributed by Beta Partners, LLC.

3 Under I.R.C. § 752, the short sale obligations assumed by Beta Partners, LLC, are partnership liabilities, and therefore the amount of the Partnership's outside basis in Beta Partners, LLC, decreased under I.R.C. § 752(b) when the Partnership's share of those partnership liabilities decreased..

4 Under Treas. Reg. § 1.752-6, if the short sale obligations assumed by Beta Partners, LLC, are not I.R.C. § 752 liabilities, then the short sale obligations were non-I.R.C. § 752 liabilities under Treas. Reg. § 1.752-6, the assumption of which by Beta Partners, LLC, decreased the Partnership's outside basis in Beta Partners, LLC.

5 Under the sham partnership doctrine, the existence of Beta Partners, LLC, is disregarded for federal income tax purposes because it was not formed for a non-tax business or investment purpose and conducted no business or investment activity, and therefore the Partnership is treated for federal income tax purposes as if it directly held the assets and liabilities of Beta Partners, LLC, including the short sale positions..

6 Under the economic substance doctrine, the Partnership's contributions to Beta Partners, LLC, are disregarded for federal income tax purposes for lack of a non-tax business or investment purpose and economic effect, and therefore the Partnership is treated for federal income tax purposes as if it directly held the assets and liabilities of Beta Partners, LLC, including the short sale positions...

7 Under Treas. Reg. § 1.701-2, the existence of Beta Partners, LLC, and the Partnership's contributions to Beta Partners, LLC, are disregarded for federal income tax purposes to produce tax consequences to the partners that are consistent with the economic consequences of an investment in Beta Partners, LLC, and therefore the Partnership is treated for federal income tax purposes as if it directly held the assets and liabilities of Beta Partners, LLC, including the short sale positions.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1 Under I.R.C. §§ 703 and 704(b), the increased amount of the Partnership's short-term capital gain for the taxable year 2002 is allocated among the partners in accordance with their respective percentage interests.

ITEM

II I.R.C. § 465 AT RISK RULES

It is determined that none of the transactions of the Partnership increases the amount considered at-risk for an activity under I.R.C. § 465(b)(1).

A REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING

1 Under I.R.C. § 465(b), none of the Partnership's transactions or activities increases the amount by which the partners are considered to be at risk for any activity.

B TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING

1 Under I.R.C. § 465(b), the amount for which a partner is considered to be at risk for an activity is not increased by any transactions with the Partnership.

## Notice 2000-44 Case

**ATTACHMENT TO FORM 870-PT**
**EXPLANATION OF ADJUSTMENTS TO PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATIONS**

| PARTNERSHIP | TAXPAYER ID | TAXABLE YEAR |
|---|---|---|
| ALPHA I, L.P. | 43-1946228 | 12/31/2002 |

| | | ITEM |
|---|---|---|
| III | | **RECHARACTERIZATION**<br>For federal income tax purposes, the existence of the Partnership is disregarded, and the Partnership's transactions are recharacterized. |
| A | | **REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING** |
| | 1 | Under Treas. Reg. § 1.701-2, the existence of the Partnership and the contributions by the partners to the Partnership are disregarded for federal income tax purposes to produce tax consequences to the partners that are consistent with the economic consequences of an investment in the Partnership because the Partnership was formed and the contributions were made to reduce substantially the present value of the partners' aggregate tax liability in a manner inconsistent with the intent of Subchapter K. |
| | 2 | Under the sham partnership doctrine, the existence of the Partnership is disregarded for federal income tax purposes because there was no non-tax business or investment purpose for the formation of the Partnership, and it engaged in no business or investment activity. |
| B | | **TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING** |
| | 1 | The partners of the Partnership are treated for federal income tax purposes as if they held directly the assets and liabilities of the Partnership. |

| | | ITEM |
|---|---|---|
| IV | | **ACCURACY-RELATED PENALTIES**<br>It is determined that the 40% accuracy-related penalty provided by I.R.C. § 6662 (h) or, alternatively, the 20% accuracy-related penalty provided by I.R.C. § 6662(a) applies to the entire amount of any underpayment of tax attributable to the adjustments of partnership items of the Partnership for the taxable year 2002. |
| A | | **REASONS FOR THIS DETERMINATION INCLUDE THE FOLLOWING** |
| | 1 | The amount of any underpayment of tax is attributable to a gross valuation misstatement under I.R.C. § 6662(h). |
| | 2 | Alternatively, the entire amount of any underpayment of tax is attributable to a substantial valuation misstatement under I.R.C. § 6662(e). |
| | 3 | Alternatively, the entire amount of any underpayment of tax is attributable to negligence or disregard of rules or regulations under I.R.C. §§ 6662(a), 6662(b)(1), and 6662(c). |
| | 4 | Alternatively, the entire amount of any underpayment of tax is attributable to a substantial understatement of income tax under I.R.C. §§ 6662(a), 6662(b)(2), and 6662(d). |
| B | | **TAX ITEMS OF THE PARTNERS THAT MAY BE AFFECTED INCLUDE THE FOLLOWING** |
| | 1 | Under I.R.C. § 6221, penalties determined at the partnership level are applied to underpayments attributable to partnership items and affected items at the partner level subject to partner-level defenses that may be asserted in an action for refund after assessment and payment. |

Partnership Name: Alpha I, L.P.
Tax Year: December 31, 2001 and December 31, 2002 EIN: 43-1946228

Information Regarding Additions to Tax (Penalties) and Affected Items

The Internal Revenue Code provides, in appropriate cases, for the application of accuracy related penalties under Internal Revenue Code Section 6662, which include, in part, penalties for negligence or disregard of rules or regulations, substantial understatement of income tax, and substantial valuation misstatements.

For partnership taxable years ending ***after*** August 5, 1997, penalties are determined at the partnership level and may be agreed to as part of the partnership proceeding. A court will have jurisdiction over partnership level penalties raised in a Final Partnership Administrative Adjustment petition for a partnership taxable year ending ***after*** August 5, 1997. Any partner level defense to partnership level penalty determinations, however, may only be raised through refund claims following the assessment and collection of such penalties.

For all partnership taxable years, other items affected by partnership adjustments, "affected items," may also be separately determined and assessed after the outcome of the partnership proceeding. Upon the completion of the partnership proceeding or the execution of a Form 870-PT, you may be sent an examination report and/or a statutory notice of deficiency asserting affected items.

Please note: This is an information item only, and is not part of the notice of Final Partnership Administrative Adjustment.

# EXHIBIT B

Sutherland Asbill & Brennan LLP
ATTORNEYS AT LAW

999 Peachtree Street, NE
Atlanta, GA 30309-3996
404.853.8000
fax 404.853.8806
www.sablaw.com

JOSEPH M. DEPEW
DIRECT LINE: 404.853.8009
E-mail: joe.depew@sablaw.com

May 17, 2006

VIA UPS

Peter J. Brokus
Internal Revenue Service
409 Lackawanna Ave.
Suite 600
Scranton, PA 18503-2065

Re: Robert S. Sands
SSN: [redacted]-8045

Dear Mr. Brokus:

I am enclosing Merrill Lynch check number 1375 from Robert S. Sands and made payable to the United States Treasury in the amount of $3,398,425.00 to be applied to Form 1040 for tax year ended December 31, 2002. This is the total amount of tax, in addition to the tax previously paid, that would be due by taking into account all of the adjustments made by the Notice of Final Partnership Administrative Adjustment ("FPAA") issued to R,R,M & C Group, LP for 2001; the FPAA issued to R,R,M & C Partners, LLC for 2001; the FPAA issued to CWC Partnership I for 2001; the FPAA issued to Beta Partners, LLC for 2001; and the FPAA issued to Alpha I, LP for 2001 and 2002.

This tax payment takes into account all adjustments made by the five FPAAs as they relate to Mr. Sands, including all of the adjustments from flow-through entities that he held an interest in. The payment of tax is intended to satisfy the deposit requirements of Internal Revenue Code § 6226(e)(1).

If you have any questions, please give me a call (404) 853-8009 or Tom Cullinan (404) – 853-8075.

Sincerely,

Joseph M. DePew

JMD/lt
Enclosure

AO 1486125.1

1375

ROBERT S SANDS
4000 EAST AVE
ROCHESTER, NY 14618

CMA Cash Management Account

DATE 5/16/06

15-88/440

PAY TO THE ORDER OF U.S. Treasury $ 3,398,425.00

Three million three hundred ninety-eight thousand four hundred twenty-five and 00/100 ———— DOLLARS

Merrill Lynch

$ 220 [illegible] payment [illegible] [redacted] [illegible] - 2002

FPAVS [ [illegible], [illegible], Group [illegible], LLC

MEMO

[redacted] 1375