IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: April , 2008)

| | | |
|---|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-409 T |

R, R, M & C GROUP, L.P., BY AND THROUGH )

| | | |
|---|---|---|
| ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO PLAINTIFFS'**
**MOTION FOR LEAVE TO AMEND THEIR COMPLAINTS**

The United States does not oppose allowing plaintiffs to amend their Complaints to concede that, under 26 U.S.C. §465, none of the partnership transactions or activities increased the amount by which their partners were considered to be at risk for any activity. Certainly, it would be a waste of judicial resources to litigate an issue that is no longer disputed. At the same time, the United States disagrees with many of the statements of both law and fact that are contained in plaintiffs' motion.

For example, Plaintiffs' reliance on *Jade Trading, LLC v. United States*, 80 Fed. Cl. 11 (2007) and the interlocutory ruling in *Klamath Strategic Investment Fund, LLC v. United States,* 440 F. Supp 2d 608 (E.D. Tex. 2006)(final judgment at 472 F. Supp. 885 (E.D. Tex. 2007) appeal pending, No. 07-40915 (5th Cir.)) is misplaced. Neither case involved the short sale of United States Treasuries. In fact, both of the cases which have addressed this issue have found that the obligation to close a short sale of treasuries must be treated as a liability. *Salina Partnership v. Commissioner*, T.C. Memo 2000-352; and *COLM Producer, Inc. v. United States,* 460 F.Supp.2d 713 (N.D. Tex. 2006) (appeal pending, No. 06-11422 (5th Cir.). Furthermore, nearly a year before plaintiffs engaged in the first of the two tax shelters at issue, the Internal

Revenue Service published I.R.S. Notice 2000-44, 2000-2 C.B. 255 (September 5, 2000), addressing this type of shelter, advising that the claimed losses were not allowable, that participants may become subject to penalties, and that the shelter, if employed, must be disclosed on taxpayers' returns.

Additionally, plaintiffs' concession appears largely a self-serving maneuver to attempt to avoid the 40% penalty imposed in connection with their use of abusive tax shelters designed to avoid tax on $120,000,000 in gain. Plaintiffs unequivocally state in their motion that they do not "concede any other determination set forth in the FPAAs ...." To the extent that any of these other determinations are directly relevant to penalties, they must still be addressed in these consolidated proceedings.[1]

At the heart of plaintiffs' tax avoidance scheme is the fabrication of approximately $120,000,000 in fictitious losses. These fictitious losses were intended to inflate plaintiffs' basis in their partnership interests and, in turn, avoid tax on $120,000,000 in gain. While plaintiffs have the right to concede adjustments that they no longer wish to challenge, they cannot use a limited concession to isolate one aspect of their tax avoidance scheme for the purpose of limiting the facts, the legal theories, the analysis, or the penalties that remain at issue in these consolidated proceedings.

Under 26 U.S.C. § 6662(b)(3) and (h), the IRS has asserted a 40% penalty for a gross valuation misstatement against plaintiffs. A gross valuation misstatement exists if the value or *adjusted basis* of property claimed on the return is 400% more than the amount determined to be

---

[1] The United States has already filed a motion for summary judgment with respect to the 40% penalty.

the correct amount of such value or *adjusted basis*. Plaintiffs concession of the partnership item components of §465 does not alter the fact that the 40% penalty imposed by 26 U.S.C. § 6662(b)(3) and (h) remains applicable.[2]

While the United States also disagrees with other representations made in plaintiffs' motion, it will address these matters at a more appropriate time.

Respectfully submitted,

/s/ Thomas M. Herrin

THOMAS M. HERRIN
Attorney of Record
Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / (214) 880-9762
(214) 880-9742 (FAX)

DAVID GUSTAFSON
Chief, Court of Federal Claims Section
LOUISE HYTKEN
Chief, Southwestern Civil Trial Section
MICHELLE C. JOHNS
Trial Attorney

[2] In fact, while plaintiffs appear to be conceding the tax with respect to the tax shelter involving the basis inflation of the Yahoo and Corning stock, plaintiffs continue to maintain that they escape tax on the sale of $75,000,000 in Constellation stock because they gave $2,000,000 to charitable foundations which they control.