IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| Alpha I, L.P., by and through Robert Sands, a Notice Partner,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No. 06-407 T |

**FIRST AMENDED COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

Alpha I, L.P. ("Alpha"), by and through Robert Sands, a Notice Partner in Alpha, files this Complaint pursuant to 26 U.S.C. § 6226 and Appendix F of the Rules of the United States Court of Federal Claims, petitioning for the readjustment of partnership items that were adjusted by the Internal Revenue Service (the "Service") in a Notice of Final Partnership Administrative Adjustment (an "FPAA") issued to Alpha with respect to Alpha's Forms 1065 U.S. Return of Partnership Income for the tax years ended December 31, 2001 and December 31, 2002 (the "Alpha FPAA"). The Alpha FPAA is attached as Exhibit A. Plaintiff alleges as follows:

## I. THE PARTIES

1. Alpha is a limited partnership organized under the laws of the State of Missouri. It has a principal place of business at 370 Woodcliff Drive, Fairport, New York, and its partnership identifying number is 43-1946228.

2. During 2001 and 2002, the six limited partners in Alpha were Robert Sands, Richard Sands, Marilyn Sands, Andrew Stern, the Marvin Sands Master Trust, and CWC Partnership-I ("CWC") (hereinafter collectively referred to as the "Limited Partners").

3. The general and Tax Matters Partner in Alpha was at all times R,R,M & C Management Corporation. R,R,M & C Management Corporation has a principal place of business at 370 Woodcliff Drive, Fairport, New York, and its partnership identifying number is 43-1936515.

4. Beta Partners, LLC ("Beta") was a limited liability company organized under the laws of the State of Missouri. It had a principal place of business at 300 Willowbrook Office Park, Fairport, New York, and its partnership identifying number was 43-1946833.

5. The initial members in Beta were Alpha and Gloria Robinson ("Robinson"). Alpha acquired Robinson's interest in Beta on December 27, 2001. Thereafter, Beta had only a single partner, which caused it to terminate for purposes of the Internal Revenue Code of 1986, as amended (the "Code").

6. CWC is a partnership organized under the laws of the State of New York. It has a principal place of business at 300 Willowbrook Office Park, Fairport, New York, and its partnership identifying number is 16-1472626. As of December 31, 2001, the Trust FBO Abigail Stern U/A Fifth G (the "Abigail Trust") and the Trust FBO Zachary Stern U/A Fifth G (the "Zachary Trust") each held a 49.5% Class 2 partnership interest in CWC. As of December 31, 2001, the Trust FBO Andrew Stern U/A Fifth D held 98.06292% and the Trust FBO Andrew Stern U/A Fifth C held .93708% of the Class 1 partnership interest of CWC. As of December 31, 2001, Richard Sands and Robert Sands each held a .5% Class 1 and .5% Class 2 partnership interest.

7. The defendant is the United States of America.

## II. <u>JURISDICTION and RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS App. F Rules 1 and 2</u>

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1508 and 26 U.S.C. § 6226(b).

9. Alpha timely filed its Form 1065 U.S. Return of Partnership Income for the tax years ended December 31, 2001 and December 31, 2002 with the Internal Revenue Service at Ogden, Utah.

10. The Alpha FPAA was issued on December 22, 2005 and was issued by the IRS Office in St. Louis, MO.

11. The Alpha FPAA was issued with respect to Alpha's taxable years ended December 31, 2001 and December 31, 2002.

12. Pursuant to Internal Revenue Code of 1986, as amended (the "Code") Section 6226(e)(1), prior to the filing of this Complaint, Robert Sands deposited with the Internal Revenue Service the total amount of $3,398,425, which includes the amount by which his tax liability would be increased if the treatment of the "partnership items" on Alpha's tax return was made consistent with the treatment of "partnership items" on the Alpha return, as adjusted by the FPAA issued to Alpha as well as amounts related to four other FPAAs issued to partnerships in which he held a direct or indirect interest. A copy of the paper work and check associated with this deposit is attached as Exhibit B.

13. The deposits were made on May 17, 2006 and were sent to IRS Revenue Agent Peter Brokus.

14. Robert Sands is a "notice partner" in Alpha within the meaning of Code Section 6231(a)(8).

15. None of Alpha's partnership items with respect to Robert Sands have become non-partnership items by reasons of any event described in Code Section 6231(b).

16. The Tax Matters Partner has not filed a complaint for readjustment of partnership items within the period specified in Code Section 6226(a).

17. Alpha has satisfied all conditions precedent to filing this suit.

## III. DESCRIPTION OF THE TRANSACTIONS

18. On or about December 11, 2001, Robert Sands, Richard Sands, Marilyn Sands, Andrew Stern, the Marvin Sands Master Trust, the Abigail Trust, and the Zachary Trust each borrowed U.S. Treasury securities from UBS PaineWebber, Inc. ("PaineWebber"), and sold the securities on the open market (the "Short Sales"). The net proceeds of the Short Sales were transferred to their respective brokerage accounts at PaineWebber.

19. On or about December 13, 2001, the Abigail Trust assigned all of the assets in its PaineWebber brokerage account to CWC, and delegated to CWC its responsibility to cover the short sale.

20. On or about December 13, 2001, the Zachary Trust assigned all of the assets in its PaineWebber brokerage account to CWC, and delegated to CWC its responsibility to cover the short sale.

21. On December 17, 2001, CWC contributed the following to Alpha in exchange for a 12.949% limited partnership interest: (a) the assets in the PaineWebber brokerage accounts that it received from the Zachary Trust and the Abigail Trust (and the requirement to "cover" the short sales); and (b) $160,766.20.

22. On December 17, 2001, Robert Sands contributed the following to Alpha in exchange for a 21.401% limited partnership interest: (a) the assets in his PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $265,614.43.

23. On December 17, 2001, Richard Sands contributed the following to Alpha in exchange for a 18.022% limited partnership interest: (a) the assets in his PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $223,675.31.

24. On December 17, 2001, Marilyn Sands contributed the following to Alpha in exchange for a 14.641% limited partnership interest: (a) the assets in her PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $181,736.19.

25. On December 17, 2001, Andrew Stern contributed the following to Alpha in exchange for a 5.857% limited partnership interest: (a) the assets in his PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $72,694.48.

26. On December 17, 2001, the Marvin Sands Master Trust contributed the following to Alpha in exchange for a 27.030% limited partnership interest: (a) the assets in its PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $335,512.97.

27. On or about December 20, 2001, R,R,M & C Management Corporation contributed $2,582 to Alpha for its .1% general partnership interest.

28. On or about December 17, 2001, Alpha purchased 67,525 shares of stock in Corning, Inc. and 33,400 shares of stock in Yahoo, Inc.

29. On December 20, 2001, Alpha contributed the Yahoo and Corning shares and $45,637,127.17 (and the requirement to "cover" the Short Sales) to Beta for a 99.0043% membership interest. Robinson had earlier that month contributed $25,000 to Beta in exchange for her .9957% membership interest.

30. On December 26, 2001, Beta closed the Short Sales and recognized a net gain of $90,018.

31. On December 27, 2001, Alpha purchased Robinson's interest in Beta, which had the effect terminating Beta pursuant to Code Section 708(b)(1)(B).

32. During 2001 and 2002, Alpha transferred 52,450 of the Corning shares and 25,042 of the Yahoo shares in varying amounts to various partners.

33. On December 18, 2002, Alpha sold 5,300 of the Corning shares for $19,661. On the Form 1065 filed by Alpha for the taxable period ending December 31, 2002, Alpha reported a total basis in this Corning stock of $1,747,325, resulting in a long-term capital loss of $(1,727,664).

34. On December 18, 2002, Alpha sold 2,650 of the Yahoo shares for $44,265. On the Form 1065 filed by Alpha for the taxable period ending December 31, 2002, Alpha reported a total basis in this Yahoo stock of $1,843,154, resulting in a long-term capital loss of $(1,798,889).

## IV. THE SERVICE'S POSITION

35. On December 22, 2005, the Service issued an FPAA to Alpha, adjusting how Alpha reported certain items on its Form 1065 for the taxable periods ending December 31, 2001 and December 31, 2002 (the "Alpha FPAA"). The primary adjustment made by the Service in the Alpha FPAA with respect to 2001 is to increase Alpha's liabilities by $44,293,087. The primary adjustment made by the Service in the Alpha FPAA with respect to 2002 is to reduce Alpha's basis in the shares of Corning and Yahoo that it sold on December 18, 2002 by a total of $3,496,150. The Alpha FPAA also asserts a 40% accuracy-related penalty against Alpha or, alternatively a 20% accuracy-related penalty.

36. Also on December 22, 2005, the Service issued an FPAA to Beta. The Service primarily asserts that for a variety of reasons, Beta's liabilities should be increased by

$44,293,087 (i.e., the proceeds of the Short Sales). The Beta FPAA also asserts a 40% accuracy-related penalty against Beta or, alternatively a 20% accuracy-related penalty.

37. On December 28, 2005, the Service also issued an FPAA to CWC (the "CWC FPAA"), making adjustments derivative of those that are at issue in the Alpha FPAA and Beta FPAA, as well as derivative adjustments from two other FPAAs issued to two other partnerships that are not directly at issue in this case, and also asserting a 40% accuracy-related penalty or, alternatively a 20% accuracy-related penalty.

38. This complaint challenges certain of the adjustments made by the Service in the Alpha FPAA. Separate complaints will be filed in this Court to contest certain of the adjustments made by the Service in the Beta FPAA and the CWC FPAA.

## V. THE SERVICE'S ERRORS IN THE ALPHA FPAA

### A. The 2001 Tax Year

39. Plaintiff does not now claim that the transactions increased the amount considered at risk for an activity under Code Section 465(b)(1) and plaintiff now concedes the correctness of this specific adjustment proposed by the Service in the FPAA.

40. The Service erred by disregarding the existence of Alpha.

41. The Service erred in asserting any accuracy-related penalty provided by Code Section 6662.

### B. The 2002 Tax Year

42. Plaintiff does not now claim that the transactions increased the amount considered at risk for an activity under Code Section 465(b)(1) and, for this reason, does not now object to the Service's conclusion that Alpha has net short-term capital gain of $355,374 instead of a net

short-term capital loss of $(3,140,776) as was reported on Alpha's return. Instead, plaintiff now concedes the correctness of these specific adjustments proposed by the Service in the FPAA.

43. The Service erred by disregarding the existence of Alpha.

44. The Service erred in asserting any accuracy-related penalty provided by Code Section 6662.

## VI. <u>ALPHA'S CONTENTIONS</u>

45. Alpha was a partnership validly created, existing and recognized for all state and federal law purposes, including federal income tax purposes for the taxable years 2001 and 2002.

46. Alpha and its partners are not subject to penalties under Code Section 6662 because if any tax liability were ultimately determined by this Court against them, such liability is not attributable to: (a) negligence or disregard of rules or regulations; (b) any substantial understatement of income tax; or (c) any substantial or gross valuation misstatement under Chapter 1.

47. Alpha and its partners are not subject to penalties under Code Section 6662 because if any understatement were ultimately determined by the Court, such understatement would be attributable to items for which the relevant facts were adequately disclosed in the returns or in a statement attached to the returns; and there is a reasonable basis for the tax treatment of such item by the taxpayer.

48. The Transactions at issue in this case do not constitute a tax shelter within the meaning of Code Section 6662.

49. In the alternative, even if the Transactions do constitute a tax shelter, Alpha and its partners are not subject to penalties under Code Section 6662 because any understatement ultimately determined by the Court is attributable to the tax treatment of items for which there is

or was substantial authority for such treatment, and, furthermore, Alpha and its partners reasonably believed that their tax treatment of such item was more likely than not the proper treatment.

50. Alpha and its partners are not subject to penalties under Code Section 6662 on any underpayment ultimately determined because there was reasonable cause for such underpayment and they acted in good faith as contemplated by Code Section 6664(c)(1).

## VII. BURDEN OF PROOF

51. The Government has the burden of proof under Code Section 7491.

## VIII. PRAYER

WHEREFORE, Plaintiff prays that this Court:

1. Determine that the Service erred in disregarding the existence of Alpha.

2. Determine that the penalties asserted by the Service in the Alpha FPAA are erroneous and/or that the parties have valid defenses to the assertion of such penalties;

3. Determine that the deposit paid by Robert Sands for penalties asserted should be refunded, together with interest thereon; and

4. Grant Plaintiff such other and further relief to which Plaintiff is entitled.

Dated May 16, 2008.

Respectfully submitted,

s/ Lewis S. Wiener

LEWIS S. WIENER
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0140 telephone
202.637.3593 facsimile
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309
404.853.8000 telephone
404.853.8806 facsimile

Kent L. Jones
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC 20004
202.383.0732 telephone
202.637.3593 facsimile

Attorney for Plaintiffs