**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CWC Partnership I, by and through Trust FBO Zachary Stern U/A Fifth G, Andrew Stern and Marilyn Sands, Trustees, a Notice Partner, | |
| Plaintiff, | Case No. 06-411 T |
| v. | |
| United States of America, | |
| Defendant. | |

**FIRST AMENDED COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

CWC Partnership I ("CWC"), by and through Trust FBO Zachary Stern U/A Fifth G, Andrew Stern and Marilyn Sands, Trustees (the "Zachary Trust"), a Notice Partner in CWC, files this Complaint pursuant to 26 U.S.C. § 6226 and Appendix F of the Rules of the United States Court of Federal Claims, petitioning for the readjustment of partnership items that were adjusted by the Internal Revenue Service (the "Service") in a Notice of Final Partnership Administrative Adjustment (an "FPAA") issued to CWC with respect to CWC's Form 1065 U.S. Return of Partnership Income for the tax year ended December 31, 2001 (the "CWC FPAA"). The CWC FPAA is attached as Exhibit A. Plaintiff alleges as follows:

## I. THE PARTIES

1. CWC is a general partnership organized under the laws of the State of New York. It has a principal place of business at 370 Woodcliff Drive, Fairport, New York, and its partnership identifying number is 16-1472626.

2. As of December 31, 2001, the Trust FBO Abigail Stern U/A Fifth G (the "Abigail Trust") and the Zachary Trust each held a 49.5% Class 2 partnership interest in CWC. As of December 31, 2001, the Trust FBO Andrew Stern U/A Fifth D held 98.06292% and the Trust FBO Andrew Stern U/A Fifth C held .93708% of the Class 1 partnership interest of CWC. As of December 31, 2001, Richard Sands and Robert Sands each held a .5% Class 1 and .5% Class 2 partnership interest.

3. The general and Tax Matters Partner of CWC was at all times Richard Sands. Robert Sands has a principal business address at 370 Woodcliff Drive, Fairport, New York and his taxpayer identifying number is XXX-XX-3858.[1]

4. R,R,M&C Group LP ("Group") was a limited partnership organized under the laws of the State of Missouri. It had a principal place of business at 300 Willowbrook Office Park, Fairport, New York, and its partnership identifying number was 43-1936516. Until September 21, 2001, CWC was a limited partner in Group.

5. R,R,M & C Partners, LLC ("Partners") was a limited liability company organized under the laws of the State of Missouri. It had a principal place of business at 300 Willowbrook Office Park, Fairport, New York, and its partnership identifying number was 43-1936519.

6. Alpha I, L.P. ("Alpha") is a limited partnership organized under the laws of the State of Missouri. It has a principal place of business at 300 Willowbrook Office Park, Fairport, New York, and its partnership identifying number is 43-1946228. CWC was a limited partner in Alpha.

7. Beta Partners, LLC ("Beta") was a limited liability company organized under the laws of the State of Missouri. It had a principal place of business at 300 Willowbrook Office

[1] Only the last four digits of the social security number is provided pursuant to General Order No. 42A.

Park, Fairport, New York, and its partnership identifying number was 43-1946833. Alpha was a partner in Beta during part of 2001.

8. The defendant is the United States of America.

## II. JURISDICTION and RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS App. F Rules 1 and 2

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1508 and 26 U.S.C. § 6226(b).

10. CWC timely filed its Form 1065 U.S. Return of Partnership Income for the tax year ended December 31, 2001 with the Internal Revenue Service at Ogden, Utah.

11. The CWC FPAA was issued on December 28, 2005 and was issued by the IRS Office in St. Louis, MO.

12. The CWC FPAA was issued with respect to CWC's taxable year ended December 31, 2001.

13. Pursuant to Code Section 6226(e)(1), prior to the filing of this Complaint, the Zachary Trust deposited with the Internal Revenue Service the total amount of $1,567,414, representing the amount by which its tax liability would be increased if the treatment of the "partnership items" on CWC's tax return was made consistent with the treatment of "partnership items" on the CWC return, as adjusted by the CWC FPAA. A copy of the paper work and check associated with this deposit is attached as Exhibit B.

14. The deposit was made on February 28, 2006 and was sent to IRS Revenue Agent Peter Brokus.

15. The Zachary Trust is a "notice partner" in CWC within the meaning of Code Section 6231(a)(8).

16. None of CWC's partnership items with respect to the Zachary Trust have become non-partnership items by reason of any event described in Code Section 6231(b).

17. The Tax Matters Partner has not filed a complaint for readjustment of partnership items within the period specified in Code Section 6226(a).

18. CWC has satisfied all conditions precedent to filing this suit.

## III. DESCRIPTION OF THE TRANSACTIONS

19. On or about August 21, 2001, the Abigail Trust, and the Zachary Trust each opened one or more brokerage accounts at UBS PaineWebber, Inc. ("PaineWebber"), and each infused their individual accounts with several hundred thousand dollars in cash.

20. On or about August 23, 2001, the Abigail Trust, and the Zachary Trust each borrowed U.S. Treasury securities from PaineWebber and sold the securities on the open market (the "First Short Sales"). The net proceeds of the First Short Sales were transferred to their respective brokerage accounts at PaineWebber.

21. On or about August 27, 2001, the Abigail Trust assigned all of the assets in its PaineWebber brokerage account to CWC, and delegated to CWC its responsibility to cover the First Short Sale.

22. On or about August 27, 2001, the Zachary Trust assigned all of the assets in its PaineWebber brokerage account to CWC, and delegated to CWC its responsibility to cover the First Short Sale.

23. On August 28, 2001, CWC contributed the following to Group in exchange for a 24.975% limited partnership interest: (a) the assets in the PaineWebber brokerage accounts that it received from the Zachary Trust and the Abigail Trust; (b) 500,000 shares of Class A common stock of Constellation Brands, Inc. ("Constellation") with a market value of approximately $21,175,000; and (c) $125,000. CWC also delegated to Group its responsibility to cover the First Short Sales that had been executed by the Abigail Trust and the Zachary Trust.

24. On or about December 11, 2001, the Abigail Trust and the Zachary Trust each borrowed U.S. Treasury securities from PaineWebber, and sold the securities on the open market (the "Second Short Sales"). The net proceeds of the Second Short Sales were transferred to their respective brokerage accounts at PaineWebber.

25. On or about December 13, 2001, the Abigail Trust assigned all of the assets in its PaineWebber brokerage account at that time to CWC, and delegated to CWC its responsibility to cover the Second Short Sale.

26. On or about December 13, 2001, the Zachary Trust assigned all of the assets in its PaineWebber brokerage account at that time to CWC, and delegated to CWC its responsibility to cover the Second Short Sale.

27. On December 17, 2001, CWC contributed the following to Alpha in exchange for a 12.949% limited partnership interest: (a) the assets in the PaineWebber brokerage accounts that it received from the Zachary Trust and the Abigail Trust (and the requirement to "cover" the Second Short Sales); and (b) $160,766.20.

## IV. THE SERVICE'S POSITION

28. On December 28, 2005, the Service issued the CWC FPAA, adjusting how CWC reported certain items on its Form 1065 for the taxable period ending December 31, 2001. The adjustment made by the Service in the CWC FPAA reduces the capital contributed by $21,032,464 and increases partnership liabilities by $21,032,464. The $21,032,464 adjustments represent the proceeds from the First and Second Short Sales. The CWC FPAA also asserts a 40% accuracy-related penalty or, alternatively a 20% accuracy-related penalty.

29. On December 22, 2005, the Service issued FPAAs to Group and to Partners, making various adjustments some of which include adjustments that are related to the adjustment

made in the CWC FPAA. The Group FPAA and the Partners FPAA also assert a 40% accuracy-related penalty or, alternatively a 20% accuracy-related penalty.

30. On December 22, 2005, the Service issued an FPAA to Alpha and an FPAA to Beta, making various adjustments some of which include adjustments that are related to the adjustment made in the CWC FPAA. The Alpha FPAA and Beta FPAA also assert a 40% accuracy-related penalty or, alternatively a 20% accuracy-related penalty.

31. This complaint challenges certain of the adjustments made by the Service in the CWC FPAA. Separate complaints will be filed in this Court to contest certain of adjustments made by the Service in the Group FPAA, the Partners FPAA, the Alpha FPAA and the Beta FPAA.

## V. THE SERVICE'S ERRORS IN THE CWC FPAA

32. Plaintiff does not now claim that the transactions increased the amount considered at risk for an activity under Code Section 465(b)(1). Plaintiff now concedes the correctness of this specific adjustment proposed by the Service in the FPAA.

33. The Service erred in asserting any accuracy-related penalty provided by Code Section 6662.

## VI. CWC'S CONTENTIONS

34. CWC and its partners are not subject to penalties under Code Section 6662 because if any tax liability were ultimately determined by this Court against them, such liability is not attributable to: (a) negligence or disregard of rules or regulations; (b) any substantial understatement of income tax; or (c) any substantial or gross valuation misstatement under Chapter 1.

35. CWC and its partners are not subject to penalties under Code Section 6662 because if any understatement were ultimately determined by the Court, such understatement would be attributable to items for which the relevant facts were adequately disclosed in the returns or in a statement attached to the returns; and there is a reasonable basis for the tax treatment of such item by the taxpayer.

36. The Transactions at issue in this case do not constitute a tax shelter within the meaning of Code Section 6662.

37. In the alternative, even if the Transactions do constitute a tax shelter, CWC and its partners are not subject to penalties under Code Section 6662 because any understatement ultimately determined by the Court is attributable to the tax treatment of items for which there is or was substantial authority for such treatment, and, furthermore, CWC and its partners reasonably believed that their tax treatment of such item was more likely than not the proper treatment.

38. CWC and its partners are not subject to penalties under Code Section 6662 on any underpayment ultimately determined because there was reasonable cause for such underpayment and they acted in good faith as contemplated by Code Section 6664(c)(1).

## VII. BURDEN OF PROOF

39. The Government has the burden of proof under Code Section 7491.

## VIII. PRAYER

WHEREFORE, Plaintiff prays that this Court:

1. Determine that the penalties asserted by the Service in the CWC FPAA are erroneous and/or that the parties have valid defenses to the assertion of such penalties;

2. Determine that the deposit paid by the Zachary Trust for penalties asserted and for any adjustments stemming from or related to adjustments to the return of R,R,M & C Group, L.P. should be refunded, together with interest thereon; and

3. Grant Plaintiff such other and further relief to which Plaintiff is entitled.

Dated May 16, 2008.

Respectfully submitted,

s/ Lewis S. Wiener
LEWIS S. WIENER
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0140 telephone
202.637.3593 facsimile
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309
404.853.8000 telephone
404.853.8806 facsimile

Kent L. Jones
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC 20004
202.383.0732 telephone
202.637.3593 facsimile

Attorney for Plaintiffs