**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| M, L, R & R, by and through Richard E. Sands, Tax Matters Partner,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendant. | Case No. 06-811 T |

**FIRST AMENDED COMPLAINT FOR READJUSTMENT OF PARTNERSHIP ITEMS UNDER CODE SECTION 6226**

M, L, R & R, by and through Richard E. Sands, Tax Matters Partner in M, L, R & R, files this Complaint pursuant to 26 U.S.C. § 6226 and Appendix F of the Rules of the United States Court of Federal Claims, petitioning for the readjustment of partnership items that were adjusted by the Internal Revenue Service (the "Service") in a Notice of Final Partnership Administrative Adjustment (an "FPAA") issued to M, L, R & R with respect to M, L, R & R's Form 1065 U.S. Return of Partnership Income for the tax year ended December 31, 2002 (the "M, L, R & R FPAA"). The M, L, R & R FPAA is attached as Exhibit A. Plaintiff alleges as follows:

## I. THE PARTIES

1. M, L, R & R is a general partnership organized under the laws of the State of New York. It has a principal place of business at 370 Woodcliff Drive, Third Floor, Fairport, New York 14450, and its partnership identifying number is 16-1417876.

2. During 2002, Richard Sands was a 17.33573% general partner and the Tax Matters Partner in M, L, R & R. Richard Sands has a principal business address at 370

Woodcliff Drive, Third Floor, Fairport, New York 14450 and his taxpayer identification number is XXX-XX-3858.[1]

3. The Marvin Sands Master Trust was a 43.07296% general partner in M, L, R & R in 2002. The Marvin Sands Master Trust has a principal place of business at 370 Woodcliff Drive, Third Floor, Fairport, New York 14450 and its taxpayer identification number is 16-1472626.

4. During 2002, Robert Sands was a 19.23807% general partner in M, L, R & R.

5. CWC –I Partnership ("CWC") was a 8.65074% general partner in M, L, R & R during 2002. CWC has a principal place of business at 370 Woodcliff Drive, Third Floor, Fairport, New York 14450 and its taxpayer identification number is 16-1472626.

6. Andrew Stern was a 11.7028% general partner in M, L, R, R during 2002.

7. Alpha I, L.P. (“Alpha”) is a limited partnership organized under the laws of the State of Missouri. It has a principal place of business at 370 Woodcliff Drive, Third Floor, Fairport, New York 14450, and its partnership identifying number is 43-1946228.

8. Richard Sands was a limited partner of Alpha. Other limited partners of Alpha include: Robert Sands, Marilyn Sands, CWC, Andrew Stern, and the Marvin Sands Master Trust.

9. Beta Partners, LLC (“Beta”) was a limited liability company organized under the laws of the State of Missouri. It had a principal place of business at 370 Woodcliff Drive, Third Floor, Fairport, New York 14450, and its partnership identifying number was 43-1946833.

10. The defendant is the United States of America.

---

[1] Only the last four digits of the social security number is provided pursuant to General Order No. 42A.

## II. JURISDICTION and RULES OF THE UNITED STATES COURT OF FEDERAL CLAIMS App. F Rules 1 and 2

11. This Court has jurisdiction pursuant to 28 U.S.C. § 1508 and 26 U.S.C. § 6226(b).

12. M, L, R & R timely filed its Form 1065 U.S. Return of Partnership Income for the tax year ended December 31, 2002 with the Internal Revenue Service at Ogden, Utah.

13. The M, L, R & R FPAA was issued on September 7, 2006 and was issued by the IRS Office in Chicago, IL.

14. The M, L, R & R FPAA was issued with respect to M, L, R & R's taxable year ended December 31, 2002.

15. Pursuant to Internal Revenue Code of 1986, as amended (the "Code") Section 6226(e)(1), prior to the filing of this Complaint, Richard Sands deposited with the Internal Revenue Service the total amount of $105,468.00, which includes the amount by which his tax liability would be increased if the treatment of the "partnership items" on M, L, R & R's tax return was made consistent with the treatment of "partnership items" on the M, L, R & R return, as adjusted by the FPAA issued to M, L, R & R. A copy of the paper work and check associated with this deposit is attached as Exhibit B.

16. The deposits were made on November 28, 2006 and were sent to IRS Revenue Agent Peter Brokus.

17. M, L, R & R has satisfied all conditions precedent to filing this suit.

## III. DESCRIPTION OF THE TRANSACTIONS

18. On or about December 11, 2001, Robert Sands, Richard Sands, Marilyn Sands, Andrew Stern, the Residual U/A 7C of the Marvin Sands Master Trust (the "Marvin Sands Master Trust"), the Trust FBO Abigail Stern U/A Fifth G (the "Abigail Trust,") and the Trust FBO Zachary Stern U/A Fifth G (the "Zachary Trust") each borrowed U.S. Treasury securities

from UBS PaineWebber, Inc. ("PaineWebber"), and sold the securities on the open market (the "Short Sales"). The net proceeds of the Short Sales were transferred to their respective brokerage accounts at PaineWebber.

19. On or about December 13, 2001, the Abigail Trust assigned all of the assets in its PaineWebber brokerage account to CWC, and delegated to CWC its responsibility to cover the short sale.

20. On or about December 13, 2001, the Zachary Trust assigned all of the assets in its PaineWebber brokerage account to CWC, and delegated to CWC its responsibility to cover the short sale.

21. On December 17, 2001, CWC contributed the following to Alpha in exchange for a 12.949% limited partnership interest: (a) the assets in the PaineWebber brokerage accounts that it received from the Zachary Trust and the Abigail Trust (and the requirement to "cover" the short sales); and (b) $160,766.20.

22. On December 17, 2001, Robert Sands contributed the following to Alpha in exchange for a 21.401% limited partnership interest: (a) the assets in his PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $265,614.43.

23. On December 17, 2001, Richard Sands contributed the following to Alpha in exchange for a 18.022% limited partnership interest: (a) the assets in his PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $223,675.31.

24. On December 17, 2001, Richard Sands contributed the following to Alpha in exchange for a 14.641% limited partnership interest: (a) the assets in her PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $181,736.19.

25. On December 17, 2001, Andrew Stern contributed the following to Alpha in exchange for a 5.857% limited partnership interest: (a) the assets in his PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $72,694.48.

26. On December 17, 2001, the Marvin Sands Master Trust contributed the following to Alpha in exchange for a 27.030% limited partnership interest: (a) the assets in its PaineWebber brokerage accounts (and the requirement to "cover" the short sale); and (b) $335,512.97.

27. On or about December 20, 2001, R,R,M & C Management Corporation contributed $2,582 to Alpha for its .1% general partnership interest.

28. On or about December 17, 2001, Alpha purchased 67,525 shares of stock in Corning, Inc. and 33,400 shares of stock in Yahoo, Inc.

29. On December 20, 2001, Alpha contributed the Yahoo and Corning shares and $45,637,127.17 (and the requirement to "cover" the Short Sales) to Beta for a 99.0043% membership interest. Gloria Robinson ("Robinson") had earlier that month contributed $25,000 to Beta in exchange for her .9957% membership interest.

30. On December 26, 2001, Beta closed the Short Sales and recognized a net gain of $90,018.

31. On December 27, 2001, Alpha purchased Robinson's interest in Beta, which had the effect terminating Beta pursuant to Code Section 708(b)(1)(B).

32. During 2001 and 2002, Alpha transferred 52,450 of the Corning shares and 25,042 of the Yahoo shares in varying amounts to various partners, including Richard Sands, Robert Sands, CWC, Andrew Stern, and the Marvin Sands Master Trust, collectively the "M, L, R & R Partners."

33. On December 20, 2001 the M, L, R & R Partners contributed 2,300 shares of Yahoo that were distributed to them by Alpha to M, L, R & R.

34. On December 20, 2001 the M, L, R & R Partners contributed 4,600 shares of Corning that were distributed to them by Alpha to M, L, R & R.

35. On December 18, 2002, M, L, R & R sold the 4,600 shares of Corning for a total sales price of $17,070. M, L, R & R's tax basis in the 4,600 shares of Corning was $1,516,528. The sale resulted in a short-term capital loss of $1,499,458.

36. On December 18, 2002, M, L, R & R sold the 2,300 shares of Yahoo for a total sales price of $38,426. M, L, R & R's tax basis in the 2,300 shares of Yahoo was $1,599,673. The sale resulted in a short-term capital loss of $1,561,247.

## IV. THE SERVICE'S POSITION

37. On September 7, 2006, the Service issued an FPAA to M, L, R & R, adjusting how M, L, R & R reported certain items on its Form 1065 for the taxable period ending December 31, 2002. The primary adjustment made by the Service in the M, L, R & R FPAA is to increase M, L, R & R's portfolio income from ($4,275,885) to ($1,241,541). The adjustment of M, L, R & R's portfolio income made by the Service in the M, L, R & R FPAA is a result of the Service reducing M, L, R & R's basis in the shares of Corning and Yahoo that it sold on December 18, 2002 by a total of $3,034,419. The M, L, R & R FPAA also adjusts the capital contributed to M, L, R & R from $25,366,103 to $18,880,652. The M, L, R & R FPAA also asserts a 40% accuracy-related penalty against M, L, R & R or, alternatively a 20% accuracy-related penalty.

38. On December 22, 2005, the Service issued an FPAA to Alpha, adjusting how Alpha reported certain items on its Form 1065 for the taxable periods ending December 31, 2001 and December 31, 2002 (the "Alpha FPAA").

39. Also on December 22, 2005, the Service issued an FPAA to Beta. The Service primarily asserts that for a variety of reasons, Beta's liabilities should be increased by $44,293,087 (i.e., the proceeds of the Short Sales). The Beta FPAA also asserts a 40% accuracy-related penalty against Beta or, alternatively a 20% accuracy-related penalty.

40. This complaint challenges certain of the adjustments made by the Service in the M, L, R & R FPAA. Separate complaints have been filed in this Court to contest certain of the adjustments made by the Service in the Alpha FPAA and Beta FPAA.

## V. THE SERVICE'S ERRORS IN THE M, L, R & R FPAA

41. Plaintiff does not now claim that the transactions increased the amount considered at risk for an activity under Code Section 465(b)(1) and, for this reason, does not now object to the Service's conclusion that M, L, R & R has net short-term capital loss of $(1,241,541) instead of a net short-term capital loss of $(4,275,885) as was reported on M, L, R & R's return. Instead, plaintiff now concedes the correctness of these specific adjustments proposed by the Service in the FPAA.

42. The Service erred in asserting any accuracy-related penalty provided by Code Section 6662.

## VI. M, L, R & R'S CONTENTIONS

43. M, L, R & R and its partners are not subject to penalties under Code Section 6662 because if any tax liability were ultimately determined by this Court against them, such liability is not attributable to: (a) negligence or disregard of rules or regulations; (b) any substantial

understatement of income tax; or (c) any substantial or gross valuation misstatement under Chapter 1.

44. M, L, R & R and its partners are not subject to penalties under Code Section 6662 because if any understatement were ultimately determined by the Court, such understatement would be attributable to items for which the relevant facts were adequately disclosed in the returns or in a statement attached to the returns; and there is a reasonable basis for the tax treatment of such item by the taxpayer.

45. The Transactions at issue in this case do not constitute a tax shelter within the meaning of Code Section 6662.

46. In the alternative, even if the Transactions do constitute a tax shelter, M, L, R & R and its partners are not subject to penalties under Code Section 6662 because any understatement ultimately determined by the Court is attributable to the tax treatment of items for which there is or was substantial authority for such treatment, and, furthermore, M, L, R & R and its partners reasonably believed that their tax treatment of such item was more likely than not the proper treatment.

47. M, L, R & R and its partners are not subject to penalties under Code Section 6662 on any underpayment ultimately determined because there was reasonable cause for such underpayment and they acted in good faith as contemplated by Code Section 6664(c)(1).

## VII. <u>BURDEN OF PROOF</u>

48. The Government has the burden of proof under Code Section 7491.

## VIII. <u>PRAYER</u>

WHEREFORE, Plaintiff prays that this Court:

1. Determine that the penalties asserted by the Service in the M, L, R & R FPAA are erroneous and/or that the parties have valid defenses to the assertion of such penalties;

2. Determine that the deposit for penalties asserted should be refunded, together with interest thereon; and

3. Grant Plaintiff such other and further relief to which Plaintiff is entitled.

Dated May 16, 2008.

Respectfully submitted,

s/ Lewis S. Wiener

LEWIS S. WIENER
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0140 telephone
202.637.3593 facsimile
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309
404.853.8000 telephone
404.853.8806 facsimile

Kent L. Jones
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC 20004
202.383.0732 telephone
202.637.3593 facsimile

Attorney for Plaintiffs