IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 06-407 T
(into which have been consolidated Nos. 06-408 T, 06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: June 11, 2008)

| | |
|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-409 T |

| | | |
|---|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's order dated May 15, 2008, the parties jointly state and respond to the Court's order as follows:

**1. The prospects for settlement of all or any portion of this action.**

**Joint Response:** The parties do not believe that the issues remaining for resolution are likely to be settled, but will continue to consider that possibility.

**2. The relevance of each currently pending motion, particularly in light of the contemplated "[f]iling of dispositive motions" contained in the parties' several requests to extend deadlines.**

A. Defendant's Motion for Summary Judgment, filed June 4, 2007 (fully briefed).

**Plaintiffs' Response:** The portion of this motion relating to the application of Code Section 752[1] and Treas. Reg. § 1.752-6 to the transactions at issue in the Alpha, Beta, M, L, R & R, Mickey Management, and CWC cases is moot based on plaintiffs' concession of the capital gain adjustments (that the IRS asserted were alternatively supported by a variety of theories) in defendant's FPAAs on the ground that the activities of the partnerships did not increase the

[1] References to the "Code" are to the Internal Revenue Code of 1986, as amended, and references to "Sections" are to Sections of the Code.

amount at risk under Section 465(b)(1). The theories asserted by the IRS in the FPAAs included 1) Section 752; 2) Treas. Reg. § 1.752-6; 3) the transactions or entities were a sham or lacked economic substance; 4) Treas. Reg. 1.701-2; and 5) "none of the transactions of the Partnership increases the amount considered at-risk for an activity under I.R.C. § 465(b)(1)." Plaintiffs Alpha, Beta, M, L, R & R, Mickey Management, and CWC agreed that they had capital gains or losses of the amounts described in defendant's FPAAs based on their concessions under Section 465(b)(1).

Defendant's position that plaintiffs' concession under Section 465(b)(1) is somehow ineffective to narrow the issues for consideration in this case does not make sense and is unsupported by the filings to date. Defendant has <u>accepted</u> plaintiffs' concession, and defendant's FPAAs and answers clearly indicated that in defendant's view Section 465 supported all the IRS' capital gain adjustments to plaintiffs' returns. *See, e.g.*, Alpha Complaint (original) ¶67 and Alpha Answer ¶67 (denying that "to the extent that Alpha and its partners did not properly compute the amounts at risk, the "at risk" rules of Code Section 465 could only be used to disallow the losses claimed by Alpha, but such rules would not require Alpha or its partners to recognize any gain."); Beta Complaint (original) ¶57 and Beta Answer ¶57 (same). Defendant's current position that Section 465(b)(1) does not support the capital gain adjustments in the FPAAs is contrary to defendant's FPAAs, previous assertions in its answers, and acceptance of the concessions.

Moreover, though defendant wishes plaintiffs had conceded on a different ground (i.e. Section 752), that is not what happened in this case. Plaintiffs did not concede defendant's adjustments on Section 752, particularly since plaintiffs' original reporting position that the obligations to close the short sales were not liabilities under Section 752 has been supported by several cases which defendant ignores, including one decision of this Court. *Jade Trading, LLC*

*v. United States*, 80 Fed. Cl. 11 (2007); *Klamath Strategic Inv. Fund, LLC v. United States*, 440 F. Supp. 2d 608 (E.D. Tex. 2006); *Sala v. United States*, 2008 U.S. Dist. LEXIS 37087 (D. Colo. 2008).

There are no remaining issues for consideration relating to Section 752 or Treas. Reg. § 1.752-6 and consideration of such issues by the Court is unnecessary and would result in an improper advisory opinion. *See, e.g.*, *Handeland v. Commissioner*, 519 F.2d 327 (9th Cir. 1975) (affirming Tax Court's decision not to make additional findings once the Commissioner conceded that no tax was due); *Malat v. Commissioner*, 302 F.2d 700 (9th Cir. 1962)( "The objective of a proceeding before the Tax Court is not to expound legal theories or to make advisory findings or to render advisory opinions, but to arrive at a determination of how much tax, if any, the petitioner owes. When the petitioners concede that the tax determined by the Commissioner is owed, as they did in this case, then the factfinding and law-expounding function of the Tax Court is at an end, and nothing remains to be done except to enter an order determining the amount of the deficiency.").[2]

The portion of the motion requesting summary judgment for defendant on the applicability of the penalties remains before the Court. Plaintiffs request that the Court hold in abeyance a ruling on this portion of the motion pending the Court's ruling on plaintiffs' motion for summary judgment regarding the applicability of the valuation misstatement penalties in all seven cases (to be filed prior to July 2, 2008).

**Defendant's Response:** The United States believes that it is necessary for the Court to rule on its pending motion for summary judgment and address the § 752 and penalty issues

---

[2] It appears to plaintiffs that defendant's position that the Court must make determinations of its alternative grounds for adjustments conceded by plaintiffs is simply posturing to support defendant's response to plaintiffs' motion for summary judgment regarding the applicability of the gross valuation misstatement penalty (to be filed prior to July 2, 2008).

raised in the motion. Had the Plaintiffs conceded that the capital gain adjustments in the FPAA were proper based either upon the application of § 752(a) and (b) or Treas. Reg. § 1.752-6, then the Court would only need to address the penalty issues. We believe that concession is appropriate in light of the case law and revenue rulings holding that the obligation to close a short sale is a liability for purposes of § 752. *Kornman & Assoc. Inc. v. United States*, 2008 WL 2009848 (5th Cir. May 12, 2008) (affirming decision in *Colm Producers, Inc. v. United States*); or alternatively, applying Treas. Reg. 1.752-6 to prevent abusive Son of BOSS transactions. *Cemco Investors, L.L.C. v. United States*, 515 F.3d 749, 750 (7th Cir. 2008).

Rather than conceding the §752 issue, Plaintiffs are conceding that they were not "at risk" under 26 U.S.C. §465(b)(1). This concession is puzzling since a recent decision of the Court of Federal Claims determined that "at risk" was not even a partnership level determination. *Russian Recovery Fund Limited v. United States*, Case No. 06-36T (Fed. Cl. May 19, 2008). Furthermore, as shown below, the §465 adjustment does not directly correspond to the capital gain adjustments made by the FPAAs which plaintiffs have also conceded.

Plaintiffs' § 465 concession seeks to avoid a judicial determination on FPAA adjustments which conclude that the obligation to close a short sale is a liability under 26 U.S.C. §752 requiring that their basis be adjusted. By avoiding the § 752 determination, Plaintiffs believe that they can avoid the 40% penalty gross valuation misstatement under 26 U.S.C. § 6662(h) which results from their gross overstatement of basis.

In these consolidated cases, plaintiffs' basis, and the resulting gain, was determined through (1) a proposed §752 adjustment; (2) adjustments that sham or disregard the partnerships; and/or (3) adjustments concluding that the transactions otherwise lacked economic substance. These adjustments, not the §465 adjustment, directly affect the capital gain increases conceded in plaintiffs' amended complaints. While the concession of one of more or these adjustments is

implicit in plaintiffs' concession that they misstated their capital gains, plaintiffs have expressly avoided conceding any of these adjustments.

The FPAAs at issue address § 465 in two respects. First, they conclude that "none of the Partnership's transactions or activities increases the amount by which the partners are considered to be at risk for any activity." Second, they provide notice that this determination may affect the partnership's partners. Notwithstanding the question of whether 26 U.S.C. § 465(b) raises a partnership level (rather than a partner level) determination, § 465 addresses a limitation on the use of certain losses and suspends rather than disallows the use of the losses. Technically, the loss will be suspended and potentially carried forward into future years. The tax shelter here seeks to eliminate gain through the inflation of basis.

As a practical matter, the § 465 adjustment does not speak to partners' basis in assets of the partnerships or to how their partnership gain or loss should be allocated. *Oren v. Commissioner*, 357 F.3d 854, 859 (8th Cir. 2004) (Section 465 operates independently of a basis adjustment and may limit the use of losses even where an activity actually increases basis). These determinations are addressed in other adjustments made by the FPAAs.

A Court is required to make legal determinations and factual findings pertaining to partnership tax items. *River City Ranches #1 Ltd. v. Commissioner*, 401 F.3d 1136, 1144 (9th Cir. 2005). These include the applicability of penalties, addition to tax, or additional amount which relates to an adjustment to a partnership item. *Id.* Further, the nature of the partnerships' transactions is a 'partnership item' because it is required to be taken into account as affecting the income tax of the individual partners. *Id.*

For purposes of the pending motions for summary judgments, the Court must still determine whether Plaintiffs overstated their basis under § 752 and whether this overstatement of basis supports the penalty adjustments made in the FPAAs. In the event summary judgment is

denied, a trial will be required on these issues and on the issues of economic substance and whether the partnerships were shams.

B. Plaintiffs' Cross Motion for Summary Judgment, filed July 6, 2007 (fully briefed).

**Plaintiffs' Response:** See plaintiffs' response above regarding Defendant's Motion for Summary Judgment.

**Defendant's Response:** See defendant's response above regarding Defendant's Motion for Summary Judgment.

C. Plaintiffs' Motion to Strike, filed September 14, 2007 (fully briefed).

**Joint Response:** The parties agree that the portions of both defendant's and plaintiffs' summary judgment motions requesting summary judgment regarding the applicability of the penalties in the Alpha, Beta, M, L, R & R, Mickey Management, and CWC cases remain before the Court. Thus, a ruling on Plaintiffs' Motion to Strike is relevant because plaintiffs moved to strike as inadmissible certain evidence on which defendant relies in opposing plaintiffs' cross-motion for summary judgment and in supporting defendant's motion for summary judgment regarding the applicability of penalties.

D. Plaintiffs' Motion to Substitute Certain Parties and to Dismiss Certain Causes of Action for Lack of Jurisdiction, filed March 29, 2007 (fully briefed).

**Joint Response:** Plaintiffs' Motion to Substitute relates to the R,R,M & C Group case and continues to be relevant to this matter. Plaintiffs' concessions do not affect the relevance of this motion, and the Court's ruling on this motion may narrow the issues for trial.

E. Defendant's Motion for Protection for Protective Order, filed July 18, 2007 (fully briefed).

**Plaintiffs' Response:** Defendant's motion is moot to the extent it concerns the first seven topics in plaintiffs' Rule 30(b)(6) notice because defendant provided a witness to testify on those topics subsequent to the filing of Defendant's Motion for Protection.[3]

Defendant's motion is not moot as it relates to defendant's objection to the eighth topic posed by plaintiffs. Plaintiffs' eighth topic requested defendant to provide a witness to testify regarding the IRS's interpretation and application of Section 752 and regarding related documents. Plaintiffs have discovered documents indicating that the highest officials in the IRS, including the Chief Counsel of the Internal Revenue Service (the "IRS"), believed that the reporting position taken by the plaintiffs had substantial merit. Plaintiffs seek to question a witness regarding such documents and to discover if other such documents exist to assist in their defenses to penalties.

**Defendant's Response:** Since plaintiffs agree that the United States provided a witness to testify on the first seven topics in plaintiffs' Rule 30(b)(6) notice, the United States agrees with plaintiffs' assertion that the United States' motion is moot to the extent it concerns the first seven topics in plaintiffs' Rule 30(b)(6) notice. The United States agrees that its motion is not moot as it relates to the United States' objection to the eighth topic posed by plaintiffs. The United States still maintains that the information sought by the plaintiffs in the eighth topic is protected.

---

[3] Unrelated to Defendant's Motion for Protection, plaintiffs have raised concerns with defendant regarding the responses provided by the government's 30(b)(6) witness at the deposition. The 30(b)(6) designee was unprepared and was unable to respond to questions concerning these seven enumerated topics. The witness has since responded in writing to some of the questions posed by plaintiffs at the deposition (which questions were not answered at the deposition). Plaintiffs will endeavor to obtain answers to follow-up questions of the witness under oath based on his written responses, and are hopeful that this issue may be resolved without the Court's intervention.

F. <u>Defendant's Supplemental Motion for Protection for Protective Order, filed August 29, 2007 (fully briefed)</u>.

**Plaintiffs' Response:** Plaintiffs' sought discovery from a Rule 30(b)(6) designee on two topics upon which defendant sought protection through its Supplemental Motion: 1) the IRS' examination of the Educational and Health Support Fund's application for tax exempt status and the IRS' determination that the Educational and Health Support Fund qualifies for tax-exempt status, including related documents and 2) Defendant's position regarding how to calculate the "aggregate amount invested" under Code Section 6707 in cases involving short sales, including but not limited to facts regarding whether defendant has taken the position that the obligation to close a short sale should not be netted against the proceeds from the short sale for purposes of calculating the "aggregate amount invested" under Code Section 6707.

Regarding the first topic, should the Court determine that it does not have jurisdiction to consider the transfer of partnership interests to the CRUTs in the R,R,M & C Group case, defendant's motion would be moot as plaintiffs would no longer seek discovery of such information in this case. Should the Court determine that such adjustments may be made at the partnership level, plaintiffs would request a ruling on this motion to determine whether they may discover further information regarding the IRS' determination that the Educational and Health Support Fund qualified for tax exempt status.

Regarding the second topic, even if the Court determines that the portions of the pending summary judgment motions relating to Section 752 and Treas. Reg. § 1.752-6 are moot based on plaintiffs' concessions, plaintiffs would still seek discovery of this information to support its penalty defenses in this case. Plaintiffs request a ruling on this motion to determine whether they may discover information regarding the IRS' position of how to calculate the aggregate amount invested under Section 6707 to assist in their preparation for trial and defenses to penalties.

**Defendant's Response:** The United States agrees with plaintiffs that should the Court determine that it does not have jurisdiction to consider the transfer of partnership interests to the CRUTs in the R,R,M & C Group case, the United States' motion would be moot as to the first topic. However, if the Court determines that it does have jurisdiction to consider the transfer of partnership interest to the CRUTS, then the United States requests a ruling from this Court on its Motion for Protection as to the first topic. With respect to the second topic, the United States agrees with plaintiffs' position that a ruling on the second topic is still necessary.

**3. Any proposals for scheduling further proceedings, if necessary, including any requests to be heard in oral argument on any pending motion.**

**Plaintiffs' Response**: Plaintiffs request the Court to schedule oral argument on Plaintiffs' Motion to Substitute Parties and Dismiss Certain Causes of Action for Lack of Jurisdiction.

Should the Court determine that the portions of the pending summary judgment motions relating to Section 752 and Treas. Reg. §1.752-6 remain to be decided, plaintiffs request oral argument on such summary judgment motions.

Plaintiffs do not believe oral argument is necessary for any of the other pending motions. Plaintiffs may, however, request oral argument on further motions filed on or before the July 2, 2008 deadline for filing dispositive motions in this case.

**Defendant's Response:** Defendant does not believe oral argument is necessary for Plaintiffs' Motion to Substitute Parties and Dismiss Certain Causes of Action for Lack of Jurisdiction but does not oppose plaintiffs' request.

Respectfully submitted this 11th day of June, 2008.

s/ Lewis S. Wiener
LEWIS S. WIENER
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Kent L. Jones
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593

Attorney for Plaintiffs

Tom Herrin by Julie Bowling with permission
THOMAS M. HERRIN
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suit 400
Dallas, Texas 75201
Tel: (214) 880-9745
Fax: (214) 880-9741

Richard T. Morrison
Acting Assistant Attorney General
David Gustafson
Chief, Court of Federal Claims Section
Louise Hytken
Chief, Southwestern Civil Trial Section
Michelle C. Johns
Trial Attorney