IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: July 8, 2008)

| | | |
|---|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-407 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-408 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-409 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**UNITED STATES' BRIEF REGARDING DELIBERATIVE PROCESS PRIVILEGE**

Plaintiffs served the United States with a Fed. R. Civ. Proc. 30(b)(6) deposition notice on July 9, 2007. The United States filed a Motion for Protective Order on July 18, 2007, asserting among other objections, a deliberative process privilege.[1] On June 11, 2008, the parties filed a joint status report with the court detailing which motions still required consideration by the Court. With respect to the United States' Motion for Protective Order, the parties agreed that the United States' Motion is moot with respect to the first seven topics set out in the 30(b)(6) deposition notice. The United States' Motion for Protective Order, as it relates to the eighth topic, is still at issue. The Court has directed the United States to provide additional briefing on the limited issue as to"whether the deliberative process privilege was properly invoked" regarding documents at issue in the eighth topic. As shown below, the United States has properly invoked the deliberative process privilege with respect to this material and the United States' Motion for Protective Order should be granted.

The information requested by the plaintiffs' in topic eight of their 30(b)(6) notice is identical to the information they requested in their First Request for Production of Documents dated May 15,

[1] As stated in *Marriott International Resorts, L.P. v. United States*, 437 F.3d 1302, 1305 fn. 3 (Fed. Cir. 2006), the deliberative process privilege is but one of several privileges that generally fall within the scope of the more general "executive privilege."

2007 ("1st RFP or "First RFP") (attached as Exhibit 1) and their Second Request for Production of Documents dated June 29, 2007 ("2nd RFP" or "Second RFP") (attached as Exhibit 2). The information requested in topic eight of the 30(b)(6) notice is as follows:

> **8. The Internal Revenue Service's interpretation and application of IRC § 752 prior to 1995 and in the years from 1995 to 2002, including but not limited to the following:**
>
> a. **The identity and contents of documents prepared, relied upon, or used by the IRS in formulating its position with respect to the definition of "liability" in revenue rulings, revenue procedures, private letter rulings, technical advice memorandums, general counsel memorandums, briefs, or other IRS documents under IRC § 752 (including documents relating to the ongoing consideration, reconsideration, development, interpretation or application of the documents to short sales such as the short sales at issue in this case).** *IDENTICAL TO 1ST RFP #15*
>
> b. **The identity and contents of documents of the defendant, including LMSB, SB/SE, Appeals Division, and Chief Counsel, citing or discussing Helmer v. Commissioner, T.C. Memo 1975-160 in the context of Internal Revenue Code § 752.** *IDENTICAL TO 1ST RFP #16*
>
> c. **The identity and contents of documents relating to the decision of the IRS to promulgate Treas. Reg. § 1.752-6, including background and information notes with respect to such regulation.** *IDENTICAL TO 1ST RFP #17*
>
> d. **The identity and contents of documents relating to the authority of the IRS to promulgate Treas. Reg. § 1.752-6.** *IDENTICAL TO 1ST RFP #18*
>
> e. **The identity and contents of documents relating to the constitutionality of Treas. Reg. § 1.752-6.** *IDENTICAL TO 1ST RFP #19*
>
> f. **The identity and contents of documents relating to the determination of the IRS to make the exception described in Treas. Reg. § 1.752-6 inapplicable to assumptions of liabilities by partnerships as part of a transaction the same as or substantially similar to any transaction described in Notice 2000-44.** *IDENTICAL TO 1ST RFP #20*
>
> g. **The identity and contents of documents relating to the determination of the IRS to dispense with the notice and comment requirements of the Administrative Procedure Act**

**when promulgating Treas. Reg. § 1.752-6.** *IDENTICAL TO 1ST RFP #21*

h. **The identity and contents of documents relating to the determination by the IRS that Treas. Reg. § 1.752-6 is not a "significant regulatory action" within the meaning of Executive Order 12866.** *IDENTICAL TO 1ST RFP #22*

i. **The identity and contents of documents relating to the promulgation of Treas. Reg. § 1.752-6, such as background information notes, the "Regulation File" and drafts of the regulation.** *IDENTICAL TO 1ST RFP #23*

j. **The identity and contents of documents relating to the decision of the IRS to issue Revenue Ruling 95-26, including background and information notes, drafts, correspondence, and other documents with respect to such ruling.** *IDENTICAL TO 2ND RFP #5*

k. **The identity and contents of documents relating to the issuance of Revenue Ruling 95-26, including background and information notes, drafts, correspondence, and other documents with respect to such ruling.** *IDENTICAL TO 2ND RFP #5*

The United States responded to plaintiffs' First RFP on June 25, 2007 (attached as Exhibit 3) and to their Second RFP on July 31, 2007 (attached as Exhibit 4). At that time, the United States asserted a deliberative process privilege with regard to withheld documents. The United States also provided plaintiffs with declarations from the following named individuals who asserted on behalf of the United States the deliberative process privilege as to the documents withheld. Each of these declarations contained detailed privilege logs identifying the documents withheld.

| | |
|---|---|
| Declaration of Eric Solomon, Acting Deputy Assistant Secretary of the Treasury (Tax Policy) dated July 29, 2006 filed in *Klamath Strategic Investment Fund, LLC v. United States*, Case No. 04-CV-278 (E.D. Tex.) | Regarding background and information notes with respect to Treas. Reg. § 1.701-2 |
| Second Declaration of Eric Solomon dated August 8, 2006 filed in *Klamath Strategic Investment Fund, LLC v. United States*, Case No. 04-CV-278 (E.D. Tex.) | Regarding documents relating to Treas. Reg. § 1.752-6 and 1.752-7 and documents relating to Treas. Reg. § 1.358-7, Temp. Treas. Reg. § 1.752-6T and Temp. Treas. Reg. § 1.385-5T |

| | |
|---|---|
| Declaration of Margo L. Stevens, Assistant Chief Counsel (Disclosure & Privacy Law) in the Office of Associate Chief Counsel, dated July 20, 2006 filed in *Klamath Strategic Investment Fund, LLC v. United States*, Case No. 04-CV-278 (E.D. Tex.) | Regarding development of Treas. Reg. §§ 1.752-6 and -7, 1.701-2 and 1.358-7 and Chief Counsel Notices 2003-020 and 2003-030 |
| Declaration of Margo L. Stevens, dated April 9, 2003 filed in *Marriott International Resorts, L.P. v. United States*, Case No. 01-256 and 01-257 (Ct. Cl.) | Regarding documents prepared and considered by the Office of Chief Counsel to create Rev. Ruls. 88-77, 95-8, 95-26, 95-45 as well as the income tax regs. under 704(b) and 1.701-2 |
| Second Declaration of Margo L. Stevens, dated January 10, 2005 filed in *Klamath Strategic Investment Fund, LLC v. United States*, Case No. 04-CV-278 (E.D. Tex.) | Regarding documents pertaining to the development of Treas. Reg. § 1.701-2 |
| Third Declaration of Margo L. Stevens, dated July 24, 2006 filed in *Klamath Strategic Investment Fund, LLC v. United States*, Case No. 04-CV-278 (E.D. Tex.) | Regarding background files to Chief Counsel Notices CC-2003-20 and CC- 2003-30 |
| Fourth (Amended) Declaration of Margo L. Stevens, dated August 22, 2006 filed in *Klamath Strategic Investment Fund, LLC v. United States*, Case No. 04-CV-278 (E.D. Tex.) | Regarding documents relating to Treas. Reg. § 1.752-6 and 1.752-7 and documents relating to Treas. Reg. § 1.358-7 |

The declarations themselves are several hundred pages in length. Rather than unnecessarily clutter the record with additional paper, the United States has attached a portion of one of the declarations. (Exhibit 7). This sampling is representative of all of the declarations and it shows the scope of the detailed analysis applied in determining that the deliberative privilege was applicable to the documents withheld. If the Court wishes to see the complete declarations, and/or review the withheld documents, the United States is prepared to provide these documents to the Court in whatever manner the Court believes is appropriate.

With respect to First RFP #15 (which is identical to Topic 8(a) in the 30(b)(6) request), the United States asserted the deliberative process privilege as follows:

> The associated logs of documents (or portions of redacted documents) withheld on the basis of deliberative process or executive privilege accompany these responses. The explanation of the privilege claimed for these documents can be found in the files labeled "Stevens Second Declaration" and "Treasury Declaration by Eric Solomon." These declarations were filed in the case *Klamath Strategic Investment Fund, LLC by and through St. Croix Ventures, LLC (Managing Member) v. United States of America***,** Case No. 504-CV-278 (E.D. Texas - Texarkana Division) (Consolidated with *Kinabalu v. United States of America*, Civil Action No. 5:04-CV-00279-TJW). If a motion to compel production of the privileged documents is filed in this case, Margo Stevens and/or Eric Solomon will provide similar declarations specifically drafted for this litigation. The United States notes that the withheld documents addressed by the Stevens' and Solomon' declarations were reviewed *in camera* by the *Klamath* Court and the executive (deliberative process) privilege asserted with respect to the redactions were sustained by the Court.

With respect to First RFP #16 and Second RFP #5 (which are identical to Topics 8(b), 8(j) and 8(k) in the 30(b)(6) request), the United States asserted the deliberative process privilege as follows:

> The United States objects to this request because many of the documents are protected from disclosure by executive (deliberative process) privilege, attorney-client privilege and work-product privilege. Documents in this category may also be prohibited from discovery by 26 U.S.C. §6103 and 5 U.S.C. §552a. However, without waiving the foregoing objections, the United States is producing copies of documents located on the enclosed CD in the Adobe files named:
>
> "IRS-CC-Revenue Ruling 95-26" (75 pages); and
> "IRC-CC-Revenue Ruling 95-45" (83 pages).
>
> Also produced on the enclosed CD are the associated logs of documents (or portion of redacted documents) withheld on the basis of executive (deliberative process) privilege. The explanation of the privilege claimed for these documents can be found in the files labeled "Stevens Marriott Declaration." This declaration was filed in the case of *Marriott v. United States*, Cl. Ct. Case No. 01-256 and 01-257. The agency continues to assert the privilege set forth in these declarations. If a motion to compel production of the privileged documents is filed in this case, declarations specifically drafted for this litigation will be provided. The United States notes that these withheld documents were reviewed *in camera* by the *Klamath* Court and the

executive (deliberative process) privilege asserted with respect to the redactions were sustained by the Court.

With respect to First RFP #17 through 23 (which are identical to Topics 8(c-i) in the 30(b)(6) request), the United States asserted the deliberative process privilege as follows:

> The United States objects to this request because many of the documents are protected from disclosure by executive (deliberative process) privilege, attorney-client privilege and work-product privilege. Documents in this category may also be prohibited from discovery by 26 U.S.C. §6103 and 5 U.S.C. §552a. However, without waiving the foregoing objections, the United States is producing copies of documents located on the enclosed CD in the Adobe files named:
>
> "IRS-CC-TD-9207 File 1" (86 pages);
> "IRS-CC-TD-9207 File 2" (469 pages);
> "IRS-CC-TD-9207 File 3" (71 pages);
> "IRS-CC-TD-9207 File 4" (158 pages);
> "IRS-CC-TD-9207 File 5" (605 pages);
> "IRS-CC-TD-9207 File 6" (32 pages);
> "IRS-CC-TD-9207 File 7" (85 pages);
> "IRS-CC-TD-9207 File 8" (154 pages);
> "IRS-CC-TD-9207 File 9" (399 pages);
> "IRS-CC-TD-9207 File 10" (375 pages); and
> "IRS-CC-TD-9207 File 11" (237 pages).
> "Subsequently produced 28 pages from IRS T.D. 9207 (1.752 Reg. Files)"
> "Treas. Reg. 752 Reg. Files (1219 pages)
>
> Also produced on the enclosed CD are the associated logs of documents (or portion of redacted documents) withheld on the basis of executive (deliberative process) privilege. The explanation of the privilege claimed for these documents can be found in the files labeled "Stevens Amended Fourth Declaration for IRS" and "Solomon Second Declaration for Treasury." These declarations were filed in the case *Klamath Strategic Investment Fund, LLC by and through St. Croix Ventures, LLC (Managing Member) v. United States of America*, Case No. 504-CV-278 (E.D. Texas - Texarkana Division) (Consolidated with *Kinabalu v. United States of America*, Civil Action No. 5:04-CV- 00279-TJW). The agency continues to assert the privilege set forth in these declarations. If a motion to compel production of the privileged documents is filed in this case, declarations specifically drafted for this litigation will be provided. The United States notes that the withheld documents addressed by the Stevens' and Solomon' declarations were reviewed *in camera* by the *Klamath* Court and the executive (deliberative process) privilege asserted with respect to the redactions were sustained by the Court.

In response to the plaintiffs' request for these documents, the United States timely and properly invoked the deliberative process privilege. The plaintiffs are seeking an end run around the United States' assertion of the deliberative process privilege by seeking the exact same information, but in the context of an oral deposition, as opposed to through the production of the documents themselves. Having properly invoked deliberative process privilege with respect to the underlying documents themselves, the United States is entitled to protection from a deposition seeking testimony with respect to these privileged documents.

In *Marriott International Resorts, L.P. v. United States*, 437 F.3d 1302 (Fed. Cir. 2006), the Court held that the head of an Agency can delegate authority to invoke the deliberative process privilege on the Agency's behalf. The *Marriott* case dealt with facts practically identical to the facts in this case. In *Marriott*, the taxpayers were seeking "all documents relied upon by the IRS in formulating its position with respect to the definition of 'liability' in Treasury Regulations issued under Code section 752 in 1988 and 1991 and various revenue rulings in which the IRS purported to define the term." *Id.* at 1303. The Court held that,

> the subordinate selected by the Commissioner, an Assistant Chief Counsel [Margo Stevens], holds a senior position within the Agency and is responsible for planning, administering and evaluating the Agency's disclosure policies and procedures. Notably, this subordinate is not directly responsible for or involved in substantive tax litigation, including this case. ... This delegation by the Commissioner was entirely proper and consistent with the majority rule in *Landry*.

*Id*. at 1309.

The facts before the Court today are in stark contrast to those presented in *Pacific Gas & Electric Company v. United States*, 70 Fed. Cl. 128 (Ct. Cl. 2006). There, this Court held that the deliberative process privilege was not properly made by the appropriate official where the various delegations and redelegations of authority were extremely broad in scope and they provided little

criteria for invoking the privilege. Here, however, as in the *Marriott* case (which addressed the exact same issue presented today as well as, for all practical purposes, the same declaration presented in this case) the assertion of privilege is narrowly crafted and directly applied to the documents withheld. As set forth in the Court's decision in *Marriott*:

> the government provided to Marriott a ninety-one page Declaration of Margo L. Stevens ("Declaration") in support of its assertions of executive privilege. Pls.' App. Ex. D. At the time she provided her Declaration, Ms. Stevens served as Assistant Chief Counsel (Disclosure and Privacy Law) in the Office of Associate Chief Counsel (Procedure and Administration), Office of Chief Counsel, IRS. Id. ¶ 1. In her Declaration, Ms. Stevens averred that she had "been delegated the authority to claim executive privilege on behalf of the [IRS] with respect to its documents or information in actions before this Court" pursuant to " Delegation Order No. 220 (Rev.3), 1997 WL 33479282, signed by the Commissioner of Internal Revenue and effective April 16, 1997." Id. ¶ 2. The Declaration sets out the standards applied by Ms. Stevens in reaching her decision to claim executive privilege, id. ¶¶ 2, 8-9, and identifies and explains the search methods used by attorneys for the IRS in locating and identifying documents the government wished, and still wishes, to withhold. Id. ¶¶ 5-6. The Declaration further describes each document or group of documents over which Ms. Stevens claims executive privilege, id. at 159-240, and asserts that "[t]he production of the documents, or the withheld portions thereof ..., would inhibit the frank and honest discussion of legal and policy matters, and thus would adversely affect the quality of the Service's decisions and policies." Id. ¶ 11.

*Marriott International Resorts, L.P. v. United States*, 61 Fed. Cl. 411, 414 (Ct. Cl. 2004).

*Marriott* is cited with approval by this Court in *Pacific Gas*. *Pacific Gas*, at 137-138. Additionally, unlike in *Pacific Gas*, here, the declarations were prepared and executed well before this case was initiated. The declarations were not prepared and executed only after a motion to compel was filed.

It should be noted that plaintiffs' attorneys, representing a different client, filed similar document requests in the case of *Klamath Strategic Investment Fund, LLC v. United States*, Case No. 04-CV-278 (E.D. Tex.). After the United States asserted the deliberative process privilege, the

*Klamath* plaintiffs filed a Motion to Compel (attached as Exhibit 5) related to the following eight categories of documents:

> (1) transactions that are the same as or substantially similar to transactions described in Notice 2000-44, (2) Chief Counsel Notice CC-2003-020 (June 27, 2003), (3) Chief Counsel Notice CC-2003-03 (September 10, 2003), (4) Treasury Regulation Section 1.752-6, (5) Treasury Regulation 1.752-7, (6) Treasury Regulation Section 1.358.7, (7) all Documents citing or discussing *Helmer v. Commissioner*, 34 T.C.M. (CCH) 727 (1975) in the context of Section 752 of the Internal Revenue Code of 1986, as amended (the "Code"), including in particular any such Documents created by IRS employee Richard Stark, and (8) Treasury Regulation Section 1.701-2.

Motion to Compel, pgs. 3-4.

After conducting an *in camera* review of the documents at issue in the motion to compel, the Court sustained the government's claims of privilege with respect to all of the documents. In addition, the Court found that the government had appropriately claimed the privilege. (Order attached hereto as Exhibit 6).

A protective order is appropriate because the requested depositions seek disclosure of privileged information. The law recognizes a deliberative process privilege protecting the internal pre-decisional deliberations of a government agency from disclosure. *See Deseret Management*, 76 Fed .Cl. at 94-95)(recognizing that deliberative process privilege "covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated"). The Supreme Court also recognized such a privilege in *United States v. Nixon*, 418 U.S. 683, 705 (1974), explaining that "[h]uman experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances . . . to the detriment of the decision making process." Given the strong public interest in having Government officials candidly discuss prospective operations and policies, it is well-established that the Government may invoke a privilege that is not available to other

parties. The executive privilege allows the Government to prevent the disclosure of the discussions, recommendations, and methods of reasoning of its officials, which, if subject to disclosure, would temper candor during the decision-making process. *E.g.*, *NLRB v. Sears, Roebuck & Co.*, 421 U.S. at 151; *Kaiser Aluminum & Chemical Corp. v. United States*, 141 Ct. Cl. 38, 47-50, 157 F. Supp. 939, 944-47 (1958).

The United States has properly invoked its claim of deliberative privilege and it is entitled to protection from Plaintiffs' Rule 30(b)(6) Notice.

Respectfully submitted,

/s/ Thomas M. Herrin
THOMAS M. HERRIN
Attorney of Record
Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / (214) 880-9762
(214) 880-9742 (FAX)

DAVID GUSTAFSON
Chief, Court of Federal Claims Section

LOUISE HYTKEN
Chief, Southwestern Civil Trial Section
MICHELLE C. JOHNS
Trial Attorney