IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No.06-407T
(into which have been consolidated Nos. 06-408T, 06-409T, 06-410T, 06-411T, 06-810T, 06-811T)
Judge Emily C. Hewitt

| | |
|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>Defendant. | No. 06-407T |
| BETA PARTNERS, L.L.C, BY AND THROUGH ALPHA I, L.P., A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>Defendant | No. 06-408T |
| R,R,M & C PARTNERS, L.L.C., BY AND THROUGH R,R,M & C GROUP, L.P., A NOTICE PARTNER,<br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>Defendant. | No. 06-409T |

GOVERNMENT EXHIBIT 1

PENGAD-Bayonne, N. J.

| | | |
|---|---|---|
| R,R,M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>Defendant | ) | No. 06-410T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G, ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-411T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 06-810T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 06-811T |

**PLAINTIFFS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, plaintiffs hereby request that defendant serve counsel for plaintiffs a written response to this request and produce the following requested documents for inspection and copying at the offices of plaintiffs' counsel, Sutherland Asbill & Brennan LLP, 999 Peachtree Street, N.E., Atlanta, GA 30309, within 30 days of service of this request or at such other time and place as the parties mutually agree in writing.

DEFINITIONS AND INSTRUCTIONS

A. "Document" means all materials (including originals, drafts, or non-identical copies, including copies with handwritten or other notations) containing representations of information by means of some mark, symbol or electronic recording, including but not limited to letters, telegrams, memoranda, reports, studies, notes, statements of account, checks, computer printouts, computer records, email, calendar or diary entries, minutes, pamphlets, notes, worksheets, charts, tabulations, records of meetings, conferences, and telephone or other conversations or communications, or any other written or otherwise recorded materials.

B. To "provide" or "produce" means to send a legible copy of each responsive document to plaintiffs' counsel at Sutherland Asbill & Brennan LLP, 999 Peachtree St., NE, Atlanta, GA 30309.

C. "Defendant" refers to the federal government of the United States including, but not limited to, the Department of Treasury, the Internal Revenue Service, and to any person at any time acting or purporting to act on behalf of the federal government of the United States, including any present or former attorneys, agents, officers or employees.

D. "Plaintiffs" refers to Alpha I, L.P., Beta Partners, L.L.C., R,R,M & C Partners, L.L.C., R,R,M & C Group, L.P., CWC Partnership I, Mickey Management, L.P., and M, L, R & R through their respective notice or tax matters partners unless otherwise specified in a particular request.

E. Terms in the singular shall be deemed to include the plural, and terms in the plural shall be deemed to include the singular.

F. If any document requested was, but is no longer, in defendant's possession or subject to defendant's control, or has been destroyed, state what disposition was made of it, explain the circumstances surrounding and the identity of the person(s) authorizing such disposition, and state the date or approximate date of the disposition.

G. When providing any document, identify it by the request number to which it is responsive. If any document is responsive to more than one request, identify all such requests to which such document is responsive.

H. If any request is deemed ambiguous, set forth the construction employed in responding to the request.

I. To the extent defendant objects to providing any document in full without redaction, set forth all reasons therefore. If a privilege is claimed as a ground for not producing any document or any part of a document, identify the document and describe the factual basis for the claim of privilege in sufficient detail so as to permit plaintiffs and the Court to ascertain the validity of any such claim and provide (a) the date of the communication, (b) the name of the persons participating in the communication, (c) the identity of any persons who have received copies of the communication, (d) all purposes for the communication, and (e) a sufficient description of the contents to apprise plaintiffs and, if necessary, the Court fully of all issues relating to the applicability of the privilege.

J. If for any reason defendant cannot furnish the information as requested, defendant should respond to the extent possible and specify the reason for the inability to reply fully. If defendant objects to the request, or the production of any particular document, plaintiffs requests that the document and the reasons for the objection be identified with sufficient specificity to permit the objection to be addressed by the Court.

K. To the extent that documents produced by defendant in its RCFC 26(a) initial disclosures are responsive to a request, please identify the documents by their bates numbers in response to the applicable document request.

REQUESTED DOCUMENTS

1. Please provide all documents defendant identified in response to any interrogatory served by plaintiffs.

2. Please provide all documents included in the IRS's administrative files relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners which were

redacted or not previously produced by defendant as part of defendant's Rule 26 initial disclosures.

3. Please provide a complete, unaltered copy of the documents defendant redacted in its RCFC 26(a) Disclosures, including, but not limited to the following:

   a. DOJ-000215 to DOJ-000218
   b. DOJ-001231 to DOJ-001233
   c. DOJ-011215 to DOJ-0011218
   d. DOJ-011222 to DOJ-011225
   e. DOJ-011228 to DOJ-011243
   f. DOJ-011246 to DOJ-011276
   g. DOJ-011278 to DOJ-011292

4. Please provide all documents prepared by any consultant or expert retained by defendant relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners.

5. Please provide all documents or information relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners summonsed or otherwise obtained from any third party, including any law firm, accounting firm, financial institution, or investment advisory firm, as well as any firm that the IRS construes as a "promoter" of the transaction.

6. Please provide all documents reviewed, prepared, or relied upon by the IRS in preparing the FPAAs issued to plaintiffs for the 2001 and/or 2002 tax years.

7. Please provide any and all documents, memoranda, workpapers, letters, or interview notes between or among any personnel of the Internal Revenue Service associated

with this case, including but not limited to the Office of the Commissioner, Office of Chief Counsel, LMSB, SB/SE, or the Appeals Division with respect to the 2001 and/or 2002 audits of plaintiffs and/or their partners.

8. Please provide any documents and information relating to the IRS determination as to whether penalties under Internal Revenue Code § 6662 should apply in these consolidated cases.

9. Please provide any agents' reports or correspondence relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners which were redacted or not previously produced by defendant as part of defendant's Rule 26 initial disclosures.

10. Please provide any other statements, correspondence, reports, letters or documents of whatever kind relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners.

11. Please provide any data via electronic or magnetic form, including but not limited to any e-mail correspondence or information saved to computer disks, pertaining to the 2001 and/or 2002 audits of plaintiffs and any of their partners or relied upon and utilized by agents of the IRS relating to such audits, including, but not limited to, the IRS's consideration to issue the Notices of Final Partnership Administrative Adjustment to plaintiffs.

12. Please provide any and all documents, memoranda, work papers, letters, or interview notes sent to or received from any person or entity relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners.

13. Please provide any documents or information relating to the audits of plaintiffs or their members summonsed or otherwise obtained from any third party, including

any law firm, accounting firm, financial institution, or investment advisory firm, as well as any firm that the IRS construes as a "promoter" of the transaction.

14. Please provide all other documents relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners which were not previously produced by defendant as part of defendant's Rule 26 initial disclosures.

15. Please produce any and all documents prepared, relied upon, or used by the IRS in formulating its position with respect to the definition of "liability" in all revenue rulings, revenue procedures, private letter rulings, technical advice memorandums, general counsel memorandums, briefs, or other IRS documents under I.R.C. § 752 (including documents relating to the ongoing consideration, reconsideration, development, interpretation or application of the requested documents to options such as the options at issue in this case).

16. Please provide any and all documents and information of the defendant, including LMSB, SB/SE, Appeals Division, and Chief Counsel, citing or discussing *Helmer v. Commissioner*, T.C. Memo 1975-160 in the context of Internal Revenue Code § 752.

17. Please provide any and all documents and information relating to the decision of the IRS to promulgate Treas. Reg. § 1.752-6, including all background and information notes with respect to such regulation.

18. Please provide any and all documents and information relating to the authority of the IRS to promulgate Treas. Reg. § 1.752-6.

19. Please provide any and all documents and information relating to the constitutionality of Treas. Reg. § 1.752-6.

20. Please provide any and all documents and information relating to the determination of the IRS to make the exception described in Treas. Reg. § 1.752-6 inapplicable to assumptions of liabilities by partnerships as part of a transaction the same as or substantially similar to any transaction described in Notice 2000-44.

21. Please provide any and all documents and information relating to the determination of the IRS to dispense with the notice and comment requirements of the Administrative Procedure Act when promulgating Treas. Reg. § 1.752-6.

22. Please provide any and all documents and information relating to the determination by the IRS that Treas. Reg. § 1.752-6 is not a "significant regulatory action" within the meaning of Executive Order 12866.

23. Please provide any and all documents and information relating to the promulgation of Treas. Reg. § 1.752-6, such as background information notes, the "Regulation File" and drafts of the regulation.

24. Please provide any and all documents and information relating to the decision of the IRS to rely upon Treas. Reg. § 1.701-2 in the FPAAs issued to plaintiffs Alpha I, L.P., R,R,M & C Group, L.P., Beta Partners, L.L.C., CWC Partnership I, and R,R,M & C Partners, L.L.C.

25. Please provide any and all documents and information relating to how clearance was obtained from the National Office in order for the agent to rely upon Treas. Reg. § 1.701-2 in the FPAAs issued to plaintiffs Alpha I, L.P., R,R,M & C Group, L.P., Beta Partners, L.L.C., CWC Partnership I, and R,R,M & C Partners, L.L.C.

26. Please provide any and all documents and information relating to the decision of the IRS generally to rely on Treas. Reg. § 1.701-2 to contest the tax benefits being claimed by participants in Notice 2000-44 transactions.

27. Please provide any and all documents and information relating to the authority of the IRS to promulgate Treas. Reg. § 1.701-2, including all background and information notes with respect to such regulation.

28. Please provide any and all documents and information of defendant, including LMSB, SB/SE, Appeals Division, and Chief Counsel, relating to the constitutionality of Treas. Reg. § 1.701-2.

29. Please provide a copy of any technical advice memoranda, Coordinated Issue Papers, technical assistance memoranda, Field Service Advice, General Counsel Memoranda, Designation Recommendation Memoranda, or similar documents or drafts thereof relating to transactions that are the same as or substantially similar to transactions described in IRS Notice 2000-44.

30. Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of The Heritage Organization relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

31. Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of Lewis, Rice & Fingersh L.C. relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

32. Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of UBS PaineWebber relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

33. Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of Milbank, Tweed, Hadley & McCloy LLP relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters,

correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

34. Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of Goerig & Associates relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

35. Please provide a copy of all documents of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, relating in any manner to the settlement initiatives offered relating to transactions described in Notice 2000-44.

36. Please provide a redacted copy of one opinion rendered by each of the law firms and accounting firms identified in response to Interrogatory 13 regarding the federal tax consequences and proper reporting of the transactions described in IRS Notice 2000-44.

Dated: May 15, 2007

Respectfully submitted,

LEWIS S. WIENER
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Kent L. Jones
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Plaintiffs' First Request for Production of Documents has been made on May 15, 2007 by mailing a copy thereof to:

Thomas M. Herrin
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201

LEWIS S. WIENER
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Kent L. Jones
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593

Attorneys for Plaintiffs

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No.06-407T
(into which have been consolidated Nos. 06-408T, 06-409T, 06-410T, 06-411T, 06-810T, 06-811T)
Judge Emily C. Hewitt

---

ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 06-407T

---

BETA PARTNERS, L.L.C, BY AND THROUGH ALPHA I, L.P., A NOTICE PARTNER

Plaintiff,

v.

THE UNITED STATES,

Defendant

No. 06-408T

---

R,R,M & C PARTNERS, L.L.C., BY AND THROUGH R,R,M & C GROUP, L.P., A NOTICE PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

No. 06-409T

---

AO 1723075 1

PENGAD-Bayonne, N.J.
GOVERNMENT
EXHIBIT
2

| | | |
|---|---|---|
| R,R,M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br>Defendant | ) | No. 06-410T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G, ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 06-411T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 06-810T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | ) | No. 06-811T |

**PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Rules of the United States Court of Federal Claims, plaintiffs hereby request that defendant serve counsel for plaintiffs a written response to this request and produce the following requested documents for inspection and copying at the offices of plaintiffs' counsel, Sutherland Asbill & Brennan LLP, 999 Peachtree Street, N.E., Atlanta, GA 30309, within 30 days of service of this request or at such other time and place as the parties mutually agree in writing.

DEFINITIONS AND INSTRUCTIONS

A "Document" means all materials (including originals, drafts, or non-identical copies, including copies with handwritten or other notations) containing representations of information by means of some mark, symbol or electronic recording, including but not limited to letters, telegrams, memoranda, reports, studies, notes, statements of account, checks, computer printouts, computer records, email, calendar or diary entries, minutes, pamphlets, notes, worksheets, charts, tabulations, records of meetings, conferences, and telephone or other conversations or communications, or any other written or otherwise recorded materials.

B. To "provide" or "produce" means to send a legible copy of each responsive document to plaintiffs' counsel at Sutherland Asbill & Brennan LLP, 999 Peachtree St., NE, Atlanta, GA 30309.

C. "Defendant" refers to the federal government of the United States including, but not limited to, the Department of Treasury, the Internal Revenue Service, and to any person at any time acting or purporting to act on behalf of the federal government of the United States, including any present or former attorneys, agents, officers or employees.

D. "Plaintiffs" refers to Alpha I, L.P., Beta Partners, L.L.C., R,R,M & C Partners, L.L.C., R,R,M & C Group, L.P., CWC Partnership I, Mickey Management, L.P., and M, L, R & R through their respective notice or tax matters partners unless otherwise specified in a particular request.

E. Terms in the singular shall be deemed to include the plural, and terms in the plural shall be deemed to include the singular.

F. If any document requested was, but is no longer, in defendant's possession or subject to defendant's control, or has been destroyed, state what disposition was made of it, explain the circumstances surrounding and the identity of the person(s) authorizing such disposition, and state the date or approximate date of the disposition.

G. When providing any document, identify it by the request number to which it is responsive. If any document is responsive to more than one request, identify all such requests to which such document is responsive.

H. If any request is deemed ambiguous, set forth the construction employed in responding to the request.

I. To the extent defendant objects to providing any document in full without redaction, set forth all reasons therefore. If a privilege is claimed as a ground for not producing any document or any part of a document, identify the document and describe the factual basis for the claim of privilege in sufficient detail so as to permit plaintiffs and the Court to ascertain the validity of any such claim and provide (a) the date of the communication, (b) the name of the persons participating in the communication, (c) the identity of any persons who have received copies of the communication, (d) all purposes for the communication, and (e) a sufficient description of the contents to apprise plaintiffs and, if necessary, the Court fully of all issues relating to the applicability of the privilege.

J. If for any reason defendant cannot furnish the information as requested, defendant should respond to the extent possible and specify the reason for the inability to reply fully. If defendant objects to the request, or the production of any particular document, plaintiffs requests that the document and the reasons for the objection be identified with sufficient specificity to permit the objection to be addressed by the Court.

K. To the extent that documents produced by defendant in its RCFC 26(a) initial disclosures are responsive to a request, please identify the documents by their bates numbers in response to the applicable document request.

REQUESTED DOCUMENTS

1. Please provide all documents defendant identified in response to any interrogatory in Plaintiffs' Second Set of Interrogatories.

2. Please provide any and all documents considered or prepared by any consultant or expert retained or used by defendant during the 2001 and/or 2002 audits of plaintiffs and any of their partners.

3. Please provide any documents and information used by the IRS to determine whether penalties under Internal Revenue Code § 6662 should apply in these consolidated cases.

4. Please provide any sworn statements or recorded testimony of any witness listed by plaintiffs or defendant in their respective initial disclosures relating to plaintiffs or to any legal or factual issue in this case.

5. Please provide any and all documents and information relating to the decision of the IRS to issue Revenue Ruling 95-26, including all background and information notes, drafts, correspondence, and any other documents with respect to such ruling.

6. Please provide any and all documents and information relating to the issuance of Revenue Ruling 95-26, including all background and information notes, drafts, correspondence, and any other documents with respect to such ruling.

Dated: June 29, 2007

Respectfully submitted,

Thomas A. Cullinan
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8075
(404) 853-8806 (fax)

Of Counsel:

N. Jerold Cohen
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Lewis S. Wiener
Sutherland, Asbill & Brennan LLP
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Kent L. Jones
Sutherland, Asbill & Brennan LLP
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing Plaintiffs' Second Request for Production of Documents has been made on June 22, 2007 by mailing a copy thereof to:

Thomas M. Herrin
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201

Thomas A. Cullinan
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8075
(404) 853-8806 (fax)

Of Counsel:
N. Jerold Cohen
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Lewis S. Wiener
Sutherland, Asbill & Brennan LLP
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Kent L. Jones
Sutherland, Asbill & Brennan LLP
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593
Attorneys for Plaintiffs

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt

ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER )
)
Plaintiff, )
)
v. ) 06-407 T
)
THE UNITED STATES, )
)
Defendant. )
)

BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER )
)
Plaintiff, )
)
v. ) 06-408 T
)
THE UNITED STATES, )
)
Defendant. )
)

R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER, )
)
Plaintiff, )
)
v. ) 06-409 T
)
THE UNITED STATES, )
)
Defendant. )
)

PENGAD-Bayonne, N. J.
GOVERNMENT EXHIBIT
3

| | | |
|---|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-811 T |

**UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

The United States, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure responds to Plaintiff's First Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

Along with its Initial Disclosures made December 15, 2006, the United States provided plaintiffs with a text searchable disk containing a copy of the IRS' 12,245 page administrative file related to plaintiffs' consolidated cases (06-407T - 06-411T). The United States subsequently provided a similarly text searchable disk containing the IRS' 2477 page administrative file related to the Mickey Management, Inc. case (06-810T) and the M, L R & R case (06-811T). These later cases were not part of the initial filings and their administrative files were not available at the time that the United States made its initial disclosures. The United States notes that it was the plaintiffs, and not the United States, which orchestrated and implemented the tax shelters at issue in these consolidated cases. As such, the Service's administrative files largely consist of documents obtained

by the Service from the plaintiffs. The United States further responds to plaintiffs' document production requests as follows.

1. The United States objects to these production requests as overbroad and burdensome insofar as they seek irrelevant information. In a federal tax case, such as this one, any challenge by a taxpayer to the Commissioner's determination that taxes are owing must be resolved in a trial *de novo*, rather than by review of an existing administrative record. *See e.g , Revell, Inc. v. Riddell*, 273 F.2d 649, 658-59 (9th Cir. 1959); *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327-28 (1974). An FPAA is the equivalent of a notice of deficiency in a refund action. *In re G-1 Holdings, Inc.*, Civ. No. 02-03082 (WGB) (D.N.J. July 16, 2004). In an FPAA action, the partner must establish that the FPAA is incorrect, which, in turn, requires the court to apply the law to the facts of the case. The reasons for the Commissioner's determination are not relevant because the court does not review the administrative policy and procedure of that determination. *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327-2. As such, the deliberative process of the Internal Revenue Service in the issuance of the FPAA is irrelevant. The United States directs plaintiffs' counsel to the Memorandum and Order on Plaintiff's Motion to Compel Production of Documents and Meaningful Answer to Interrogatories in *Fidelity International Currency Advisor A Fund, LLC v. United States*, Case No. 05-40151 (D. Mass. May 4, 2007), in which the Court held that internal discussions of the IRS related to *Helmer* and Notice 2000-44 are irrelevant. The Court further held that it was required to determine the legal issues in the case *de novo* and that the Court was not reviewing the decision of the IRS for abuse of discretion or under an "arbitrary or capricious" standard. Accordingly, discovery concerning the administrative processes at the IRS that resulted in the challenged decision is not likely to lead to the production of admissible evidence.

2. The United States objects to these production requests to the extent that they seek documents created by the government in its investigation of potentially abusive tax shelters. Not only are these documents irrelevant to the issues in this case, but they are inherently protected by executive (deliberative process) privilege. In federal tax cases the executive (deliberative process) privilege has been held to preclude discovery of IRS employees' predecisional opinions and deliberations. *ISI Corporation v. United States*, 503 F.2d 558, 559 (9th Cir. 1974), *aff'g*, 31 A.F.T.R.2d 73-635 (N.D. Cal. 1972); *Weir Foundation v. United States*, 508 F.2d 894, 895 n.2 (2d Cir. 1974), *aff'g*, 72-1 U.S.T.C. ¶8,435 (S.D.N.Y. 1972); *Piks Corp. v. United States*, 50 A.F.T.R.2d 82-5230 (N.D. Ohio 1982); *Rodgers v. Hyatt*, 91 F.R.D. 399, 404-06 (D. Colo. 1980); *Simons-Eastern Co v United States*, 55 F.R.D. 88 (N.D. Ga. 1972); *Detroit Screwmatic Co v. United States*, 49 F.R.D. 77 (S.D.N.Y. 1970). *Cf. Green v. Internal Revenue Service*, 556 F. Supp. 79, 84-85 (N.D. Ind. 1982), *aff'd* 734 F.2d 18 (7th Cir. 1984)(FOIA action).

3. The United States objects to these requests as unduly burdensome to the extent they seek to compel the United States to reproduce documents provided by plaintiffs through their initial disclosures or in response to discovery requests propounded on them in these consolidated proceedings.

## RESPONSES TO REQUESTS

**REQUEST FOR PRODUCTION NO. 1**:

Please provide all documents defendant identified in response to any interrogatory served by plaintiffs.

**RESPONSE:** All documents referenced in the interrogatory responses are either already in plaintiffs' possession, were produced with the United States' Initial Disclosures or were produced with the United States' Responses to Plaintiffs' Interrogatories.

**REQUEST FOR PRODUCTION NO. 2**:

Please provide all documents included in the IRS's administrative files relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners which were redacted or not previously produced by defendant as part of defendant's Rule 26 initial disclosures.

**RESPONSE:** The United States provided copies of the IRS administrative files to plaintiffs with its Initial Disclosures on December 15, 2006. The United States enclosed the administrative files related to the Mickey Management, Inc. case and the M, L R & R case with its interrogatory responses. As to the redacted documents, please see the United States' Response to Request for Production No. 3.

**REQUEST FOR PRODUCTION NO. 3**:

Please provide a complete, unaltered copy of the documents defendant redacted in its RCFC 26(a) Disclosures, including, but not limited to the following:

a. DOJ-000215 to DOJ-000218

b. DOJ-001231 to DOJ-001233

c. DOJ-011215 to DOJ-0011218

d. DOJ-011222 to DOJ-011225

e. DOJ-011228 to DOJ-011243

f. DOJ-011246 to DOJ-011276

g. DOJ-011278 to DOJ-011292

**RESPONSE:** The documents referenced in Request for Production #3, as well as any other redacted documents provided to the plaintiffs by the United States in this case, have been redacted based on various privileges. The document listed in "a." is a list of IRS attorneys handling tax shelters and their phone numbers and it represents attorney work-product prepared in anticipation of litigation. The documents listed in "b." through "g." represent internal e-mail correspondence between Internal Revenue Service counsel attorneys and IRS personnel who were seeking legal advice related to this case. Accordingly, these documents are being withheld pursuant to attorney-client privilege. A privilege log is attached.

**REQUEST FOR PRODUCTION NO. 4**:

Please provide all documents prepared by any consultant or expert retained by defendant relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners.

**RESPONSE:** The United States objects to this request for production as premature. The United States will disclose its expert witness(es) and their reports pursuant to the scheduling order entered in this case.

**REQUEST FOR PRODUCTION NO. 5:**

Please provide all documents or information relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners summonsed or otherwise obtained from any third party, including any law firm, accounting firm, financial institution, or investment advisory firm, as well as any firm that the IRS construes as a "promoter" of the transaction.

**RESPONSE:** Subject to General Objections 1 and 2, the United States has provided to plaintiffs copies of the IRS administrative files.

**REQUEST FOR PRODUCTION NO. 6:**

Please provide all documents reviewed, prepared, or relied upon by the IRS in preparing the FPAAs issued to plaintiffs for the 2001 and/or 2002 tax years.

**RESPONSE:** Subject to General Objections 1 and 2, the United States provided to plaintiffs copies of the IRS administrative files

**REQUEST FOR PRODUCTION NO. 7:**

Please provide any and all documents, memoranda, workpapers, letters, or interview notes between or among any personnel of the Internal Revenue Service associated with this case, including but not limited to the Office of the Commissioner, Office of Chief Counsel, LMSB, SB/SE, or the Appeals Division with respect to the 2001 and/or 2002 audits of plaintiffs and/or their partners.

**RESPONSE:** The United States objects to this request to produce on the ground that the materials requested from IRS personnel, including IRS attorneys, are not relevant to the subject matter of this litigation and are not reasonably calculated to lead to the discovery of admissible evidence as is

required by Rule 26(b)(1) of the Federal Rules of Civil Procedure. The United States further objects upon the ground that it is overbroad and unduly burdensome, and because it seeks attorney work-product and trial-preparation materials or documents protected by the executive (deliberative process) privilege or the attorney-client privilege. The United States also objects to this request to the extent it seeks return information that is prohibited from disclosure by 26 U.S.C. § 6103. Also see the United States' Response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 8**:

Please provide any documents and information relating to the IRS determination as to whether penalties under Internal Revenue Code § 6662 should apply in these consolidated cases.

**RESPONSE:** The United States objects to this interrogatory as overly burdensome and as seeking irrelevant information not calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiffs and/or documents protected by attorney work product or by the attorney-client privilege. This is a *de novo* proceeding in which the FPAA is presumed correct and the court has jurisdiction to determine all of the partnership items of the plaintiffs. Subject to these objections, plaintiffs are directed to the FPAAs which are already in plaintiffs' possession (Sands1548 through Sands 2252). Also see the United States' Response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 9**:

Please provide any agents' reports or correspondence relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners which were redacted or not previously produced by defendant as part of defendant's Rule 26 initial disclosures.

**RESPONSE:** See the United States' Response to Request for Production No. 3. Redactions frm the documents contained in the administrative files related to the Mickey Management, Inc. case and the M, L R & R case are covered by the privilege log provided with these responses.

**REQUEST FOR PRODUCTION NO. 10**:

Please provide any other statements, correspondence, reports, letters or documents of whatever kind relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners.

**RESPONSE:** See the United States' Response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 11**:

Please provide any data via electronic or magnetic form, including but not limited to any e-mail correspondence or information saved to computer disks, pertaining to the 2001 and/or 2002 audits of plaintiffs and any of their partners or relied upon and utilized by agents of the IRS relating to such audits, including, but not limited to, the IRS's consideration to issue the Notices of Final Partnership Administrative Adjustment to plaintiffs.

**RESPONSE:** See the United States' Responses to Request for Production No. 5 and 9.

**REQUEST FOR PRODUCTION NO. 12**:

Please provide any and all documents, memoranda, work papers, letters, or interview notes sent to or received from any person or entity relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners.

**RESPONSE:** See the United States' Response to Request for Production No. 5. Plaintiffs are also directed to "Sands 2253" through "Sands2236," "Sands2707" through "Sands3085" and "Sands6698" through "Sands7277."

**REQUEST FOR PRODUCTION NO. 13**:

Please provide any documents or information relating to the audits of plaintiffs or their members summonsed or otherwise obtained from any third party, including any law firm, accounting firm, financial institution, or investment advisory firm, as well as any firm that the IRS construes as a "promoter" of the transaction.

**RESPONSE:** See the United States Response to Request for Production No. 5. Plaintiffs are also directed to "Sands 2253" through "Sands2236," "Sands2707" through "Sands3085" and "Sands6698" through "Sands7277." Additionally, the United States understands that the Trustee in The Heritage Organization bankruptcy proceeding has documents related to The Heritage Organization in its possession. The Internal Revenue Service is currently reviewing these documents and, if any of the documents are relevant to the matters at issue in these cases, the United States will provide copies of those documents as soon as practicable.

**REQUEST FOR PRODUCTION NO. 14:**

Please provide all other documents relating to the 2001 and/or 2002 audits of plaintiffs and any of their partners which were not previously produced by defendant as part of defendant's Rule 26 initial disclosures.

**RESPONSE:** See the United States' Response to Request for Production No. 5.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any and all documents prepared, relied upon, or used by the IRS in formulating its position with respect to the definition of "liability" in all revenue rulings, revenue procedures, private letter rulings, technical advice memorandums, general counsel memorandums, briefs, or other IRS documents under I.R.C. § 752 (including documents relating to the ongoing consideration, reconsideration, development, interpretation or application of the requested documents to options such as the options at issue in this case).

**RESPONSE:** There are no options at issue in this case. Furthermore, the United States objects to this request because it calls for the production of documents that are irrelevant to the pleaded claims and defenses, inadmissible, not reasonably calculated to lead to the discovery of admissible evidence, and protected from discovery by the deliberative process and/or executive (deliberative process) privilege. These documents may also be prohibited from discovery by 26 U.S.C. § 6103, 5 U.S.C. § 552a, or protected by the attorney-client and/or the work product privileges. Further, the request is over-broad, vague, and burdensome.

Subject to this objection and the objections set out General Objections, and without waiving any objections, the United States is producing copies of responsive documents located on the

enclosed Disk in the Adobe files named "T.D. 9207 (1.752-6_1.752.7_1.358-7_Released))" and "28 pages produced from IRS reg files - redacted.PDF." The associated logs of documents (or portions of redacted documents) withheld on the basis of deliberative process or executive privilege accompany these responses. The explanation of the privilege claimed for these documents can be found in the files labeled "Stevens Second Declaration" and "Treasury Declaration by Eric Solomon." These declarations were filed in the case *Klamath Strategic Investment Fund, LLC by and through St. Croix Ventures, LLC (Managing Member) v. United States of America,* Case No. 504-CV-278 (E.D. Texas - Texarkana Division) (Consolidated with *Kinabalu v. United States of America,* Civil Action No. 5:04-CV- 00279-TJW). If a motion to compel production of the privileged documents is filed in this case, Margo Stevens and/or Eric Solomon will provide similar declarations specifically drafted for this litigation. The United States notes that the withheld documents addressed by the Stevens' and Solomon' declarations were reviewed *in camera* by the *Klamath* Court and the executive (deliberative process) privilege asserted with respect to the redactions were sustained by the Court.

**REQUEST FOR PRODUCTION NO. 16**:

Please provide any and all documents and information of the defendant, including LMSB, SB/SE, Appeals Division, and Chief Counsel, citing or discussing *Helmer v. Commissioner,* T.C. Memo 1975-160 in the context of Internal Revenue Code § 752.

**RESPONSE:** The United States objects to this request as vague, ambiguous, overly broad, overly burdensome and seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the United States objects to this request because many of the

documents are protected from disclosure by executive (deliberative process) privilege, attorney-client privilege and work-product privilege. Documents in this category may also be prohibited from discovery by 26 U.S.C. §6103 and 5 U.S.C. §552a. However, without waiving the foregoing objections, the United States is producing copies of documents located on the enclosed CD in the Adobe files named:

"IRS-CC-Revenue Ruling 95-26" (75 pages); and
"IRC-CC-Revenue Ruling 95-45" (83 pages).

Also produced on the enclosed CD are the associated logs of documents (or portion of redacted documents) withheld on the basis of executive (deliberative process) privilege. The explanation of the privilege claimed for these documents can be found in the files labeled "Stevens Marriott Declaration." This declaration was filed in the case of *Marriott v. United States*, Cl. Ct. Case, No. 01-256 and 01-257. The agency continues to assert the privilege set forth in these declarations. If a motion to compel production of the privileged documents is filed in this case, declarations specifically drafted for this litigation will be provided. The United States notes that these withheld documents were reviewed *in camera* by the *Klamath* Court and the executive (deliberative process) privilege asserted with respect to the redactions were sustained by the Court.

**<u>REQUEST FOR PRODUCTION NO. 17</u>**:

Please provide any and all documents and information relating to the decision of the IRS to promulgate Treas. Reg. § 1.752-6, including all background and information notes with respect to such regulation.

**RESPONSE:** The United States objects to this request as vague, ambiguous, overly broad, overly burdensome and seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the United States objects to this request because many of the documents are protected from disclosure by executive (deliberative process) privilege, attorney-client privilege and work-product privilege. Documents in this category may also be prohibited from discovery by 26 U.S.C. §6103 and 5 U.S.C. §552a. However, without waiving the foregoing objections, the United States is producing copies of documents located on the enclosed CD in the Adobe files named:

"IRS-CC-TD-9207 File 1" (86 pages);
"IRS-CC-TD-9207 File 2" (469 pages);
"IRS-CC-TD-9207 File 3" (71 pages);
"IRS-CC-TD-9207 File 4" (158 pages);
"IRS-CC-TD-9207 File 5" (605 pages);
"IRS-CC-TD-9207 File 6" (32 pages);
"IRS-CC-TD-9207 File 7" (85 pages);
"IRS-CC-TD-9207 File 8" (154 pages);
"IRS-CC-TD-9207 File 9" (399 pages);
"IRS-CC-TD-9207 File 10" (375 pages); and
"IRS-CC-TD-9207 File 11" (237 pages).
"Subsequently produced 28 pages from IRS T.D. 9207 (1.752 Reg. Files)"
"Treas. Reg. 752 Reg. Files (1219 pages)

Also produced on the enclosed CD are the associated logs of documents (or portion of redacted documents) withheld on the basis of executive (deliberative process) privilege. The explanation of the privilege claimed for these documents can be found in the files labeled "Stevens Amended Fourth Declaration for IRS" and "Solomon Second Declaration for Treasury." These declarations were filed in the case *Klamath Strategic Investment Fund, LLC by and through St. Croix Ventures, LLC (Managing Member) v. United States of America*, Case No. 504-CV-278 (E.D. Texas - Texarkana Division) (Consolidated with *Kinabalu v United States of America*, Civil Action No.

5:04-CV- 00279-TJW). The agency continues to assert the privilege set forth in these declarations. If a motion to compel production of the privileged documents is filed in this case, declarations specifically drafted for this litigation will be provided. The United States notes that the withheld documents addressed by the Stevens' and Solomon' declarations were reviewed *in camera* by the *Klamath* Court and the executive (deliberative process) privilege asserted with respect to the redactions were sustained by the Court.

**REQUEST FOR PRODUCTION NO. 18**:

Please provide any and all documents and information relating to the authority of the IRS to promulgate Treas. Reg. § 1.752-6.

**RESPONSE:** See the United States' Response to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 19**:

Please provide any and all documents and information relating to the constitutionality of Treas. Reg. § 1.752-6.

**RESPONSE:** See the United States' Response to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 20**:

Please provide any and all documents and information relating to the determination of the IRS to make the exception described in Treas. Reg. § 1.752-6 inapplicable to assumptions of liabilities by partnerships as part of a transaction the same as or substantially similar to any transaction described in Notice 2000-44.

**<u>RESPONSE:</u>** See the United States' Response to Request for Production No. 17.

**<u>REQUEST FOR PRODUCTION NO. 21</u>**:

Please provide any and all documents and information relating to the determination of the IRS to dispense with the notice and comment requirements of the Administrative Procedure Act when promulgating Treas. Reg. § 1.752-6.

**<u>RESPONSE:</u>** See the United States' Response to Request for Production No. 17.

**<u>REQUEST FOR PRODUCTION NO. 22</u>**:

Please provide any and all documents and information relating to the determination by the IRS that Treas. Reg. § 1.752-6 is not a "significant regulatory action" within the meaning of Executive Order 12866.

**<u>RESPONSE:</u>** See the United States' Response to Request for Production No. 17.

**<u>REQUEST FOR PRODUCTION NO. 23</u>**:

Please provide any and all documents and information relating to the promulgation of Treas. Reg. § 1.752-6, such as background information notes, the "Regulation File" and drafts of the regulation.

**<u>RESPONSE:</u>** See the United States' Response to Request for Production No. 17.

**REQUEST FOR PRODUCTION NO. 24**:

Please provide any and all documents and information relating to the decision of the IRS to rely upon Treas. Reg. § 1.701-2 in the FPAAs issued to plaintiffs Alpha I, L.P., R,R,M & C Group, L.P., Beta Partners, L.L.C., CWC Partnership I, and R,R,M & C Partners, L.L.C.

**RESPONSE:** The United States objects to this request for production as vague, overly broad, overly burdensome and as seeking irrelevant information not calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiffs. This is a *de novo* proceeding in which the FPAA is presumed correct and the court has jurisdiction to determine all of the partnership items of the plaintiffs. Additionally, the United States objects to this request because many of the documents are protected from disclosure by executive (deliberative process) privilege, attorney-client privilege and work-product privilege. Documents in this category may also be protected from discovery by 26 U.S.C. §6103 and 5 U.S.C. §552a. However, without waiving the foregoing objections, the United States is producing copies of documents located on the enclosed CD in the Adobe files named:

"IRS-CC-TD-8588 File 1" (92 pages);
"IRS-CC-TD-8588 File 2" (82 pages);
"IRS-CC-TD-8588 File 3" (17 pages);
"IRS-CC-TD-8588 File 4" (12 pages);
"IRS-CC-TD-8588 File 5" (9 pages);
"IRS-CC-TD-8588 File 6" (8 pages);
"IRS-CC-TD-8588 File 7" (11 pages);
"IRS-CC-TD-8588 File 8" (72 pages);
"IRS-CC-TD-8588 File 9" (157 pages);
"IRS-CC-TD-8588 File 10" (63 pages);
"IRS-CC-TD-8588 File 11" (189 pages);
"TREAS-000014" (3 pages);
"TREAS-000017" (7 pages);

| | |
|---|---|
| "TREAS-000024" | (2 pages); |
| "TREAS-000026" | (17 pages); |

Also produced on the enclosed CD are the associated logs of documents (or portion of redacted documents) withheld on the basis of executive (deliberative process) privilege. The explanation of the privilege claimed for these documents can be found in the files labeled "Stevens Second Declaration for IRS" and "Solomon First Declaration for Treasury." These declarations were filed in the case *Klamath Strategic Investment Fund, LLC by and through St. Croix Ventures, LLC (Managing Member) v United States of America*, Case No. 504-CV-278 (E.D. Texas - Texarkana Division) (Consolidated with *Kinabalu v., United States of America*, Civil Action No. 5:04-CV-00279-TJW). The agency continues to assert the privilege set forth in these declarations. If a motion to compel production of the privileged documents is filed in this case, declarations specifically drafted for this litigation will be provided. Also see the United States' Response to Request for Production No. 5. The United States notes that the withheld documents addressed by the Stevens' and Solomon' declarations were reviewed *in camera* by the *Klamath* Court and the executive (deliberative process) privilege asserted with respect to the redactions were sustained by the Court.

**REQUEST FOR PRODUCTION NO. 25**:

Please provide any and all documents and information relating to how clearance was obtained from the National Office in order for the agent to rely upon Treas. Reg. § 1.701-2 in the FPAAs issued to plaintiffs Alpha I, L.P., R,R,M & C Group, L.P., Beta Partners, L.L.C., CWC Partnership I, and R,R,M & C Partners, L.L.C.

**RESPONSE:** See the United States' Response to Requests for Production Nos. 24. See also IRS CCN CC-2003-020 (attached).

**REQUEST FOR PRODUCTION NO. 26:**

Please provide any and all documents and information relating to the decision of the IRS generally to rely on Treas. Reg. § 1.701-2 to contest the tax benefits being claimed by participants in Notice 2000-44 transactions.

**RESPONSE:** See the United States' Response to Requests for Production No. 24.

**REQUEST FOR PRODUCTION NO. 27:**

Please provide any and all documents and information relating to the authority of the IRS to promulgate Treas. Reg. § 1.701-2, including all background and information notes with respect to such regulation.

**RESPONSE:** See the United States' Response to Request for Production No. 24.

**REQUEST FOR PRODUCTION NO. 28:**

Please provide any and all documents and information of defendant, including LMSB, SB/SE, Appeals Division, and Chief Counsel, relating to the constitutionality of Treas. Reg. § 1.701-2.

**RESPONSE:** See the United States' Response to Request for Production No. 24.

**REQUEST FOR PRODUCTION NO. 29:**

Please provide a copy of any technical advice memoranda, Coordinated Issue Papers, technical assistance memoranda, Field Service Advice, General Counsel Memoranda, Designation Recommendation Memoranda, or similar documents or drafts thereof relating to transactions that are the same as or substantially similar to transactions described in IRS Notice 2000-44.

**RESPONSE:** : The United States objects to this request for production as vague, overly broad, overly burdensome and as seeking irrelevant information not calculated to lead to the discovery of admissible evidence, to the extent it seeks information regarding the analyses and deliberations of the IRS in connection with issuing the FPAA to plaintiffs. This is a *de novo* proceeding in which the FPAA is presumed correct and the court has jurisdiction to determine all of the partnership items of the plaintiffs. Additionally, the United States objects to this request because many of the documents are protected from disclosure by executive (deliberative process) privilege, attorney-client privilege and work-product privilege. Documents in this category may also be prohibited from discovery by 26 U.S.C. §6103 and 5 U.S.C. §552a. However, without waiving the foregoing objections, the United States is producing copies of documents located on the enclosed CD in the Adobe files named:

"IRS-CC-2003-020" ( 23 pages);
"IRS-CC-2003-030" (152 pages);

Also produced on the enclosed CD are the associated logs of documents (or portion of redacted documents) withheld on the basis of executive (deliberative process) privilege. The explanation of the privilege claimed for these documents can be found in the files labeled "Stevens Third

Declaration for IRS." This declaration was filed in the case *Klamath Strategic Investment Fund, LLC by and through St. Croix Ventures, LLC (Managing Member) v. United States of America*, Case No. 504-CV-278 (E.D. Texas - Texarkana Division) (Consolidated with *Kinabalu v. United States of America*, Civil Action No. 5:04-CV- 00279-TJW). The agency continues to assert the privilege set forth in these declarations. If a motion to compel production of the privileged documents is filed in this case, declarations specifically drafted for this litigation will be provided. The United States notes that the withheld documents addressed by the Stevens declaration was reviewed *in camera* by the *Klamath* Court and the executive (deliberative process) privilege asserted with respect to the redactions were sustained by the Court.

**REQUEST FOR PRODUCTION NO. 30**:

Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of The Heritage Organization relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

**RESPONSE:** The United States also objects on the ground that full compliance would require defendant to incur an enormous burden and expense that would far outweigh all likely benefit to plaintiffs. RCFC 26(b)(1) ("All discovery is subject to the limitations imposed by RCFC 26(b)(2)(i), (ii), and (iii)."), and RCFC 26(b)(2)(iii) ("The frequency or extent of use of the

discovery methods otherwise permitted under these rules shall be limited by the court if it determines that: . . . (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.") The United States also objects to this request to the extent that it seeks information that the Government's counsel in this case does not have access to because that information, to the extent it exists, is protected from disclosure by the criminal investigation privilege.

Notwithstanding these objections, see the United States' Response to Request for Production No. 5. Additionally, the United States understands that the Trustee in The Heritage Organization bankruptcy proceeding has documents related to The Heritage Organization in its possession. The Internal Revenue Service is currently reviewing these documents and, if any of the documents are relevant to the matters at issue in these cases, the United States will provide copies of those documents. Plaintiffs are also directed to the recent guilty plea by Gary Kornman (*United States v. Kornman*, Cause No. 3:05-CR-298-P (N.D. Tex. April 9, 2007)), as his conviction may be relevant to any testimony provided by him in this case.

**REQUEST FOR PRODUCTION NO. 31**:

Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of Lewis, Rice & Fingersh L.C. relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including

LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

**RESPONSE:** See the United States' Response to Request for Production No. 30. Notwithstanding these objections, the Government's counsel in this case is not aware of any documents relevant to this request.

**REQUEST FOR PRODUCTION NO. 32**:

Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of UBS PaineWebber relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

**RESPONSE:** See the United States' Response to Request for Production No. 30. Notwithstanding these objections, and after inquiry, the Government's counsel in this case is not aware of any documents relevant to this request.

**REQUEST FOR PRODUCTION NO. 33:**

Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of Milbank, Tweed, Hadley & McCloy LLP relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

**RESPONSE:** See the United States' Response to Request for Production No. 30. Notwithstanding these objections, and after inquiry, the Government's counsel in this case is not aware of any documents relevant to this request.

**REQUEST FOR PRODUCTION NO. 34:**

Please provide a copy of all documents relating in any manner to any communication by defendant with any current or former partner or employee of Goerig & Associates relating to the matters at issue in these cases. This would include all notes, emails, letters, correspondence, transcripts, or interviews conducted by any employee of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, and any notes, emails, letters, correspondence, transcripts, or interviews of any Department of Justice employee, including any U.S. Attorneys' office employee.

**RESPONSE:** See the United States' Response to Request for Production No. 30. Notwithstanding these objections, and after inquiry, the Government's counsel in this case is not aware of any documents relevant to this request.

**REQUEST FOR PRODUCTION NO. 35**:

Please provide a copy of all documents of defendant, including LMSB, SB/SE, Appeals Division, or Chief Counsel, relating in any manner to the settlement initiatives offered relating to transactions described in Notice 2000-44.

**RESPONSE:** The United States objects to this request as vague, ambiguous, overly broad, overly burdensome and seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the United States objects to this request because many of the documents may be protected from disclosure by executive (deliberative process) privilege, attorney-client privilege and work-product privilege. Documents in this category may also be prohibited from discovery by 26 U.S.C. §6103 and 5 U.S.C. §552a. Notwithstanding these objections, the United States is in the process of reducing the responsive non-privileged documents to disk and it will provide this disk (along with a privilege log covering withheld or redacted documents) within the week. Because the nexus between the requested documents and the facts in these consolidated cases are so tenuous, the United States has filed a motion to extend time to prepare a declaration supporting the privilege log in response to document production request number 35 be extended until 60 days after the Court rules on the relevancy objection, should plaintiffs desire to pursue a motion to compel regarding the withheld or redacted documents.

**REQUEST FOR PRODUCTION NO. 36**:

Please provide a redacted copy of one opinion rendered by each of the law firms and accounting firms identified in response to Interrogatory 13 regarding the federal tax consequences and proper reporting of the transactions described in IRS Notice 2000-44.

**RESPONSE:** Plaintiff is already in possession of the opinion letters written by the law firms identified by the United States in response to Interrogatory 13. As noted in the United States' response to Interrogatory 13, however, these opinion letters do not reflect the transactions' correct federal tax consequences.

Respectfully submitted,

THOMAS M. HERRIN
Attorney of Record
Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / (214) 880-9762
(214) 880-9742 (FAX)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section

LOUISE HYTKEN
Chief, Southwestern Civil Trial Section
MICHELLE C. JOHNS
Trial Attorney

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing United States' Response to Plaintiff's First Request for Production of Documents was provided by overnight delivery on June 25, 2007 to the following:

Tom Cullinan
Julie Bowling
Sutherland, Asbill & Brennan
999 Peachtree Street, NE
Atlanta, GA. 30309-3966

THOMAS M. HERRIN
MICHELLE C. JOHNS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt

| | | |
|---|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-409 T |

GOVERNMENT EXHIBIT 4
PENGAD-Bayonne, N. J.

| | |
|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**UNITED STATES' RESPONSE TO SECOND REQUEST FOR PRODUCTION**

The United States, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure responds to Plaintiff's Second Request for Production of Documents as follows:

**GENERAL OBJECTIONS**

1. The United States objects to these production requests as overbroad and burdensome insofar as they seek irrelevant information. In a federal tax case, such as this one, any challenge by a taxpayer to the Commissioner's determination that taxes are owing must be resolved in a trial *de novo*, rather than by review of an existing administrative record. *See e g., Revell, Inc. v Riddell*, 273 F.2d 649, 658-59 (9th Cir. 1959); *Greenberg's Express, Inc. v. Commissioner*, 62 T.C. 324, 327-28 (1974). An FPAA is the equivalent of a notice of deficiency in a refund action. *In re G-1 Holdings, Inc.*, Civ. No. 02-03082 (WGB) (D.N.J. July 16, 2004). In an FPAA action, the partner must establish that the FPAA is incorrect, which, in turn, requires the court to apply the law to the facts of the case. The reasons for the Commissioner's determination are not relevant because the court does not review the administrative policy and procedure of that determination. *Greenberg's Express, Inc v Commissioner*, 62 T.C. 324, 327-2. As such, the deliberative process of the Internal Revenue

Service in the issuance of the FPAA is irrelevant. The United States directs plaintiffs' counsel to the Memorandum and Order on Plaintiff's Motion to Compel Production of Documents and Meaningful Answer to Interrogatories in *Fidelity International Currency Advisor A Fund, LLC v. United States*, Case No. 05-40151 (D. Mass. May 4, 2007), in which the Court held that internal discussions of the IRS related to *Helmer* and Notice 2000-44 are irrelevant. The Court further held that it was required to determine the legal issues in the case *de novo* and that the Court was not reviewing the decision of the IRS for abuse of discretion or under an "arbitrary or capricious" standard. Accordingly, discovery concerning the administrative processes at the IRS that resulted in the challenged decision is not likely to lead to the production of admissible evidence.

2. The United States objects to these production requests to the extent that they seek documents created by the government in its investigation of potentially abusive tax shelters. Not only are these documents irrelevant to the issues in this case, but they are inherently protected by executive (deliberative process) privilege. In federal tax cases the executive (deliberative process) privilege has been held to preclude discovery of IRS employees' predecisional opinions and deliberations. *ISI Corporation v United States*, 503 F.2d 558, 559 (9th Cir. 1974), *aff'g*, 31 A.F.T.R.2d 73-635 (N.D. Cal. 1972); *Weir Foundation v United States*, 508 F.2d 894, 895 n.2 (2d Cir. 1974), *aff'g*, 72-1 U.S.T.C. ¶8,435 (S.D.N.Y. 1972); *Piks Corp. v. United States*, 50 A.F.T.R.2d 82-5230 (N.D. Ohio 1982); *Rodgers v. Hyatt*, 91 F.R.D. 399, 404-06 (D. Colo. 1980); *Simons-Eastern Co. v. United States*, 55 F.R.D. 88 (N.D. Ga. 1972); *Detroit Screwmatic Co. v. United States*, 49 F.R.D. 77 (S.D.N.Y. 1970). *Cf. Green v Internal Revenue Service*, 556 F. Supp. 79, 84-85 (N.D. Ind. 1982), *aff'd* 734 F.2d 18 (7th Cir. 1984)(FOIA action).

3. The United States objects to these requests as unduly burdensome to the extent they seek to compel the United States to reproduce documents provided by plaintiffs through their initial disclosures or in response to discovery requests propounded on them in these consolidated proceedings.

## RESPONSES TO REQUESTS

1. Please provided all documents identified in response to any interrogatory in Plaintiffs' Second Set of Interrogatories.

**RESPONSE**: Any documents identified in response to any interrogatory in Plaintiff's Second Set of Interrogatories is provided herein or has already been provided with the United States' Initial Disclosures or the United States' response to Plaintiffs' First Request for Production.

2. Please provide any and all documents considered or prepared by any consultant or expert retained or used by defendant during the 2001 and/or 2002 audits of plaintiffs and any of their partners.

**RESPONSE**: The United States objects to this request for production as premature. The United States will disclose its expert witness(es) and their reports pursuant to the scheduling order entered in this case. The United States provided copies of the IRS administrative files to plaintiffs with its Initial Disclosures on December 15, 2006. The United States enclosed the administrative files related to the Mickey Management, Inc. case and the M, L R & R case with its response to the Plaintiffs' First Set of Interrogatories.

3. Please provide any documents and information used by the IRS to determine whether penalties under Internal Revenue Code § 6662 should apply in these consolidated cases.

**RESPONSE**: The United States provided copies of the IRS administrative files to plaintiffs with its Initial Disclosures on December 15, 2006. The United States enclosed the administrative files related to the Mickey Management, Inc. case and the M, L R & R case with its response to the Plaintiffs' First Set of Interrogatories.

4. Please provide any sworn statements or recorded testimony of any witness listed by plaintiffs or defendant in their respective initial disclosures relating to plaintiffs or to any legal or factual issue in this case.

**RESPONSE**: Depositions of Richard Sands and Robert Sands were taken on June 12-13, 2007 and Counsel for plaintiffs was in attendance and already has a copy of these depositions. Sworn testimony was also taken from Robert Sands on September 29, 2005 and from Richard Sands on September 30, 2005. Thomas Cullinan and N. Gerald Cohen were in attendance at these sworn interviews and it is presumed that counsel for plaintiffs have a copy of these transcripts. If this is not the case, the United States will provide copies if requested.

5. Please provide any and all documents and information relating to the decision of the IRS to issue Revenue Ruling 95-26, including all background and information notes, drafts. correspondence, and any other documents with respect to such ruling.

**RESPONSE**: See the United States' Response to Request for Production No. 16 in the United States' Responses to Plaintiffs' First Request for Production.

Respectfully submitted,

THOMAS M. HERRIN
Attorney of Record
Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / (214) 880-9762
(214) 880-9742 (FAX)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
LOUISE HYTKEN
Chief, Southwestern Civil Trial Section
MICHELLE C. JOHNS
Trial Attorney

LOUISE HYTKEN
Of Counsel

CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the foregoing United States of America's Response to Second Request for Production of Documents to Plaintiffs has been made on July 31, 2007, by mailing a copy thereof to:

KENT L. JONES
LEWIS S. WIENER
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

THOMAS M. HERRIN
Attorney of Record, Tax Division
State Bar No. 09533500
MICHELLE C. JOHNS
Attorney, Tax Division
State Bar No. 24010135
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
(214) 880-9745 / (214) 880-9762
(214) 880-9742 (FAX)

ATTORNEYS FOR THE UNITED STATES

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| Klamath Strategic Investment Fund, LLC by and through St. Croix Ventures, LLC (Managing Member),<br><br>Petitioner/Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Respondent/Defendant. | Civil Action No. 5:04-cv-00278-TJW (lead case) |
| Kinabalu Strategic Investment Fund, LLC by and through Rogue Ventures, LLC (Managing Member),<br><br>Petitioner/Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Respondent/Defendant. | Civil Action No. 5:04-cv-00279-TJW (member case) |

**PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS AND MEMORANDUM IN SUPPORT**

Defendant, United States of America, in its production in response to Plaintiff's First Request for Production of Documents, has withheld over 750 documents and redacted over 390 documents under the executive privilege[1], withheld or redacted over 85 additional documents based on other claims of privilege,[2] and provided privilege logs which lack the necessary

[1] Throughout defendant's privilege logs, defendant refers to "govt./executive/deliberative process privilege," "govt./executive/deliberative privilege," and "govt./executive/deliberative process" For purposes of this motion, plaintiffs will collectively refer to such privileges as the "executive privilege."

[2] In this Motion, Plaintiffs are not contesting the claim of privilege on these documents, and have limited this Motion to contesting claims of executive privilege

GOVERNMENT EXHIBIT 5
PENGAD-Bayonne, N.J.

information to assess the validity of the defendant's claims of privilege. Furthermore, defendant has withheld many more documents – perhaps thousands – from plaintiffs in responding to this Court's Amended Discovery Order. Pursuant to Rules 34 and 37(a) of the Federal Rules of Civil Procedure ("FRCP"), Klamath Strategic Investment Fund, LLC ("Klamath") by and through St. Croix Ventures, LLC, managing member of Klamath, and Kinabalu Strategic Investment Fund, LLC ("Kinabalu") by and through Rogue Ventures, LLC, managing member of Kinabalu, move this Court to take the following two actions:

1. To compel defendant to produce the large number of responsive documents that defendant has withheld from disclosure under the executive privilege in response to Plaintiffs' First Request for Production of Documents and this Court's September 9, 2005 Amended Discovery Order and

2. To compel defendant to produce unredacted versions of the responsive documents provided, but redacted, in part, by defendant under the executive privilege in response to Plaintiffs' First Request for Production of Documents and this Court's September 9, 2005 Amended Discovery Order.

Defendant's response to Plaintiffs' Document Request and this Court's Discovery Order shows that defendant has abused the discovery process and prefers that the Court not be given a full record in this case.

Counsel for plaintiffs have conferred with counsel for defendant in a good faith attempt to resolve this dispute. However, the parties have been unable to reach a resolution.

As grounds for this Motion, plaintiffs show the Court:

## I. BACKGROUND.

### *A. September 9, 2005 Discovery Order.*

On October 28, 2005, defendant produced 27 binders of documents pursuant to the September 9, 2005 Amended Discovery Order (the "Discovery Order"), which required the parties to exchange all relevant documents by October 31, 2005. In the spirit of cooperation, plaintiffs agreed to allow the defendant until November 18, 2005 to produce certain additional

documents responsive to the Discovery Order, which were produced at that time, with one exception. On November 10, 2005, defendant filed a motion requesting until January 6, 2006 to produce 550 boxes of documentation responsive to the Discovery Order (the so called, "pattern evidence"). The Court granted the motion. Plaintiffs later agreed to allow defendant until March 31, 2006 to complete a rolling production of the pattern evidence.

On March 31, 2006, defendant filed a motion to further extend the time to produce the pattern evidence until May 1, 2006, which this Court denied. On April 17, 2006, per this Court's order dated April 12, 2006, defendant produced additional documents in response to the Discovery Order.

It is unclear how many documents defendant withheld as privileged in response to the Discovery Order, as defendant's privilege log does not provide such detail. Instead, defendant's privilege log claims many blanket assertions of privilege to what it refers to as "various" documents. A copy of defendant's privilege log for the documents produced on or before November 18, 2005 is attached as Exhibit A. On July 3, 2006, additional privilege logs were sent via Federal Express to plaintiffs' counsel regarding pattern evidence. However, these privilege logs are wholly insufficient to determine whether any or all of the privilege logs relate to the documents produced on or before November 18, 2005. A copy of defendant's July 3, 2006 privilege logs is attached as Exhibit B. Thus, plaintiffs have no way of knowing which or how many of these documents have been withheld under a claim of executive privilege.

***B. Plaintiffs' First Requests for Production of Documents.***

On November 2, 2005, plaintiffs filed Plaintiffs' First Request for Production of Documents ("Plaintiffs' Document Request"). In Plaintiffs' Document Request, plaintiffs requested information regarding eight categories of documents related to: (1) transactions that are the same as or substantially similar to transactions described in IRS Notice 2000-44, (2) Chief

Counsel Notice CC-2003-020 (June 27, 2003), (3) Chief Counsel Notice CC-2003-03 (September 10, 2003), (4) Treasury Regulation Section 1.752-6, (5) Treasury Regulation Section 1.752-7, (6) Treasury Regulation Section 1.358-7, (7) all Documents citing or discussing *Helmer v. Commissioner*, 34 T.C.M. (CCH) 727 (1975) in the context of Section 752 the Internal Revenue Code of 1986, as amended (the "Code")[3], including in particular any such Documents created by IRS employee Richard Stark, and (8) Treasury Regulation Section 1.701-2. Plaintiffs' First Document Request is attached as Exhibit C. On December 5, 2005, defendant responded to Plaintiffs' Document Request. On December 13, 2005, defendant produced supplemental documents in response to Plaintiffs' Document Request.

In response to Plaintiffs' Document Request, defendant produced approximately one-third of the documents that it determined were responsive, providing only 395 documents totaling approximately 3,840 pages in which a large percentage of the material was redacted. A sample of the redacted documents is attached as Exhibit D. Defendant withheld under the executive privilege approximately 750 documents consisting of approximately 9,100 pages. Defendant also withheld or redacted approximately 89 documents on various other privilege claims.

### C. *The Privilege Logs.*

On January 6, 2006, defendant provided 27 privilege logs. The first 26 privilege logs corresponded to Plaintiffs' Document Request and the final privilege log corresponded to documents relevant to pleaded claims and defenses in accordance with the Discovery Order. A copy of defendant's January 6, 2006 privilege logs is attached as Exhibit E.

---

[3] Unless otherwise stated, all references to "section" in this brief are to sections of the Internal Revenue Code of 1986.

## II. MEMORANDUM IN SUPPORT OF MOTION.

### A. *This Court Should Compel Defendant to Produce the Large Number of Responsive Documents that Defendant Has Withheld from Disclosure or Provided in Redacted Form Under the Executive Privilege.*

The term "executive privilege" refers to a group of judicially created privileges that are available to the Executive Branch to withhold otherwise discoverable information in a judicial proceeding.[4] The deliberative process privilege is a subset of the executive privilege that protects documents "reflecting advisory opinions, recommendations and deliberations compromising part of a process by which governmental decisions and policies are formulated." *N.L.R.B v. Sears, Roebuck & Co.*, 421 U.S. 132, 150 (1975) (citation omitted). The deliberative process privilege is not conclusive, as it may be overcome upon a showing that the need for the evidence overrides the government's interest in non-disclosure. *Exxon Corp v. Department of Energy*, 91 F.R.D. 26, 43 (N.D. Tex. 1981).

The deliberative process privilege requires a three-step review process. First, the court must determine whether the requirements to properly invoke the executive privilege were met. Second, if the requirements were met, then the court must determine if the communications are in fact privileged, with the burden on government to show privilege. Finally, the court must balance the parties' interest, with the burden on the party-seeking discovery to show that its need for the documents outweighs the government's interests. *See Scott Paper Co. v. United States*, 943 F. Supp. 489, 496 (E.D. Pa. 1996).

#### 1. Defendant Has Failed to Satisfy the Fundamental Prerequisites for Invoking the Executive Privilege.

To protect against abuse of the executive privilege, an agency must follow established procedural safeguards, including (1) the head of the agency claiming the privilege must

---

[4] Plaintiffs direct the Court's attention to Gerald Wetlaufer, *Justifying Secrecy An Objection to the General*

personally review the material and invoke the executive privilege; (2) the head of the agency claiming the privilege must specifically designate and describe the documents claimed to be privileged; and (3) the agency claiming the privilege must provide precise and certain reasons for preserving the confidentiality of the communications. *Scott Paper Co.*, 943 F. Supp. at 497.

Failure to meet any one of these requirements will overcome the executive privilege, and the information for which the privilege was sought must be disclosed. *Exxon Corp.*, 91 F.R.D. at 44.

**a. <u>Defendant Did Not Submit an Affidavit or Declaration From the Commissioner of the Internal Revenue Service Providing that He Personally Reviewed the Material and Is Invoking the Executive Privilege</u>.**

The deliberative process privilege can only be invoked by the head of the agency, which has control over the matter, after personal review of the documents involved and a determination that disclosure would have a significant negative impact on the agency's fundamental functions. *See Campbell v. Eastland*, 307 F.2d 478, 486 (5th Cir. 1962) ("There must be a formal claim of privilege, lodged by the head of the department which has control over the matter, after actual personal consideration by that officer." (quoting *United States v. Reynolds*, 345 U.S. 1, 7-8 (1953))); *Exxon Corp.*, 91 F.R.D. at 43[5] ("Only the agency head may assert the privilege after that officer's personal consideration of the matter."). *But see Branch v. Phillips Petroleum Co.*, 638 F.2d 873 (5th Cir. 1981) (holding that in the case of *a third party subpoena* to a government agency, the director of the agency's Houston district office and custodian of the records subpoenaed could properly invoke the executive privilege after consulting with the General Counsel). Further, the affidavit or declaration from the head of the agency must be submitted to

---

*Deliberative Process Privilege*, 65 IND. L.J. 845 (1990) for the background and scope of the executive privilege.

[5] In *Exxon Corp* , the court did comment that the agency head could rely on subordinates to examine each document before deciding whether the privilege should be invoked. *Exxon Corp* , 91 F R D. at 43 - 44

the opposing party at the time the government responds to the discovery request. *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

The agency head requirement is essential to ensure that the executive privilege is invoked only when absolutely necessary, in situations where the government's need for secrecy outweighs the public's interest in full disclosure of all relevant facts. *Cheney v. United States District Court for the District of Columbia*, 542 U.S. 367, 389 (2004) ("Executive privilege is an extraordinary assertion of power 'not to be lightly invoked.'") (quoting *United States v. Reynolds*, 345 U.S. at 7); *Exxon Corp.*, 91 F.R.D. at 43 (the deliberative process is "to be applied as narrowly as possible, consistent with efficient administrative operations"); *Campbell*, 307 F.2d at 486 (the executive privilege "may not be invoked lightly").

For three main reasons, the executive privilege should only be used when absolutely necessary. First, the privilege interferes with the effectiveness of the judicial function, as it protects an agency's documents at the expense of withholding evidence from the trier of fact. Second, if the government is allowed to assert the executive privilege with respect to thousands of responsive documents, the privilege is no longer being used to protect vital agency interests, but rather as a litigation tool. This expansive use of the privilege makes the public suspicious of the government and detracts from the public interest in the search for the judicial truth. Finally, the executive privilege places tension between the Executive and the Judicial Branches of the government, which must be avoided whenever possible. *Cheney*, 542 U.S. at 389-90. The Supreme Court explained this inevitable tension stating that:

> Once executive privilege is asserted, coequal branches of the Government are set on a collision course. The Judiciary is forced into the difficult task of balancing the need for information in a judicial proceeding and the Executive's Article II prerogatives. This inquiry places courts in the awkward position of evaluating the Executive's claims of confidentiality and autonomy, and pushes to the fore difficult questions of powers and checks and balances. These "occasion[s] for constitutional confrontation between the two branches" should be avoided whenever possible.

*Id.* (citation omitted). Thus, the formal invocation of the privilege by the head of the agency is a vital safeguard that assures the court, the public, and the private litigant that the responsible agency head has correctly balanced the agency's alleged need for confidentiality against the public interest in full disclosure of relevant facts.

Defendant has provided no affidavit or other statement by the Commissioner of the Internal Revenue Service (the "Service") demonstrating that the Commissioner has reviewed the question of executive privilege and believes that disclosure of the materials sought would genuinely threaten the public interest or efficiency of agency operations. In fact, on June 19, 2005, defendant sent two declarations by Margo L. Stevens in two unrelated cases, which relates to some of the documents defendant withheld under the executive privilege (the "Declarations"). Defendant has not produced any affidavit for other documents upon which it has claimed privilege. The Declarations demonstrate that the Commissioner did not review any of the documents being withheld under the executive privilege. Accordingly, defendant did not meet this requirement.

**b. Defendant Did Not State With Particularity What Information Is Subject to Privilege.**

Both case law and the Federal Rules of Civil Procedure set forth the requirement that the documents an agency is seeking to shield under a claim of privilege must be identified and described with particularity. *Scott Paper Co.*, 943 F. Supp. at 497 (stating that the party seeking protection must provide "a specific designation and description of the documents claimed to be privilege . . . "); FED. R. CIV. P. 26 (b)(5)(stating that "[w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged . . . the party shall make the claim expressly and shall describe the nature of the documents . . . not produced . . . in a manner that, without revealing information itself privileged or protected, will enable other parties

to assess the applicability of the privilege . . . .").

Defendant's privilege logs did not identify specific details of the exact information that was privileged, as it sometimes described documents simply as a "draft," "briefing notes," or "e-mail chain discussing revisions to language of the draft regulations." In some instances, defendant simply referred to a broad category of documents, without describing any of the documents within that category. Although, defendant did provide the Declarations, the Declarations do not cover all the documents to which the executive privilege was claimed nor does it completely correspond to the privilege logs provided by Defendant. Additionally, defendant does not always provide the date that the document was created. Defendant claims this is because the date is not available. Usually this would be acceptable; however, in order to determine if a document meets the requirements of the executive privilege one must have the date to determine if the document is predecisional. These descriptions are not sufficient for plaintiffs to assess the validity of the privilege. Nor is the description ample to allow a court to determine whether the documents are of a predecisional, advisory nature, and whether the documents contain analytical as opposed to severable factual information. Accordingly, defendant did not meet this requirement as it did not designate with particularity those materials alleged to be privileged.

#### c. Defendant Does Not Set Forth the "Precise and Certain Reasons" For Withholding the Documents In Question.

The agency claiming the privilege must provide "precise and certain reasons" for preserving the confidentiality of the communications. *Scott Paper Co.*, 943 F. Supp. at 497. Defendant's privilege logs do not explain why disclosure of each particular document would be detrimental to the Service's decision-making process. Nor has defendant articulated in any manner the precise reasons why the public interest would be adversely affected by disclosure. The harm to an agency's decision-making process cannot be simply presumed. *Judicial Watch,*

*Inc. v. United States Postal Serv.*, 297 F. Supp 2d 252, 259 (D.D.C. 2004). A broad claim of harm is insufficient to overcome the burden placed on the party seeking to shield material from disclosure. *Exxon Corp.*, 91 F.R.D. at 43 ("Because the outcome is dependent upon the individual document considered and the role it plays in the administrative process, any blanket assertion of privilege must summarily be rejected."); *Revelle v. Trigg*, 1999 WL 80283, at *2 (E.D. Pa. Feb. 2, 1999) ("A broad assertion of harm is [therefore] clearly not enough. In fact, the Third Circuit has held that an 'indiscriminate claim of privilege may in itself be sufficient reason to deny it.'"(quoting, in part, *United States v. O'Neill*, 619 F.2d, 222, 227 (3d Cir. 1980))). The Supreme Court has even rejected the privilege when the President of the United States has asserted it "solely on the broad, undifferentiated claim of public interest in the confidentiality of . . . conversations" and has refused to extend deference to a President's "generalized interest in confidentiality." *United States v. Nixon*, 418 U.S. 683, 706 (1974). Thus, this requirement was not met, as no such particularized, specific harm was identified by defendant as to any of the individually withheld documents.

**2. Defendant Has Not Established that the Documents Are In Fact Privileged.**

In addition to its failure to properly invoke the executive privilege, defendant also has not established that such documents should in fact be subject to that privilege. The deliberative process privilege protects evidence from disclosure if it is both predecisional and deliberative. *Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1113 (D.C. Cir. 2004) (citations omitted) (stating that the privilege protects predecisional materials "reflecting deliberative or policy-making processes," but not materials that are "purely factual"). A document is predecisional if the communication is "antecedent to the adoption of [an] agency policy." *Jade Trading, LLC v. United States*, 65 Fed. Cl. 487 (2005). A document is deliberative if it reflects "the give-and-take of the consultative process," rather than constituting a "body of secret law." *Coastal States*

*Gas Corp v Dep't of Energy*, 617 F.2d 854, 866-867 (D.C. Cir. 1980). "The mere fact that an agency uses a document during policy discussion does not trigger the privilege." *Walsky Constr. Co. v. United States*, 20 Cl. Ct. 317, 321(1990) (citation omitted). Based on the limited description of the documents and the fact that defendant did not identify a particularized, specific harm as to any of the individually withheld documents, plaintiffs cannot determine with certainty if the documents are privileged.

Furthermore, only discussions between higher-level officials qualify as policy deliberations, because agency policies are usually established by or at the direction of senior-level officials. Wetlaufer, 65 IND. L.J. at 901-905. Accordingly, discussions between lower-level agency personnel do not and cannot properly constitute policy deliberations within the meaning of the executive privilege. Based on defendant's privilege logs, it is evident that lower-level agency personnel created a large number of the documents. Based on the foregoing, these documents cannot be privileged and must be produced.

**3. Plaintiffs Have a Compelling Need, Which Outweighs Any Harm that Might Result From the Disclosure.**[6]

The deliberative process privilege is a qualified privilege, which can be overcome by a sufficient showing of need by the party-seeking discovery. *Exxon Corp.*, 91 F.R.D. at 43. The court must balance the need of the evidence against the harm that may result from the disclosure. *Bank of America v. United States*, 1978 WL 4492, at *3 (N.D. Cal. May 24, 1978) ("[T]he need to protect the decision-making process of the agency may be overridden by the policy favoring broad discovery, together with the particularized need of the plaintiff in this case for the production of documents relevant and necessary to the search for truth."). In balancing the plaintiffs' need against any harm that may result, the Court should consider five factors: (1) the

[6] The Court does not need to determine whether the plaintiffs' needs outweighs any harm that might result from

relevance of the evidence sought to be protected; (2) the availability of other evidence; (3) the seriousness of the litigation and the issues involved; (4) the role of the government in the litigation; and (5) the possibility of future timidity by a government employee. *Scott Paper Co.*, 943 F. Supp. at 496.

**a. The Documents that Defendant Is Withholding Under the Executive Privilege Are Relevant.**

The principal issues in this case are whether the adjustments made by the IRS in its FPAAs were appropriate and, if so, whether the application of an accuracy-related penalty is warranted. The major issue raised in the FPAAs on the merits is whether the loan premiums that St. Croix Ventures, LLC and Rogue Ventures, LLC received from a bank in connection with the funding of their investments in Klamath and Kinabalu, respectively, are to be treated as "liabilities" for purposes of calculating the partners' bases in the partnerships under Section 752. The FPAAs assert that, under Section 752 and Treasury Regulation Section 1.752-6, the amount of the premiums should be treated as liabilities. In the FPAAs, the Commissioner invoked Treasury Regulation Section 1.701-2 as the principal basis for ignoring the mandate of Section 752 that a contingent obligation is not to be treated as a liability for purposes of the partnership provisions of the Code. The requested documents are critical to this case for two reasons. First, plaintiffs have targeted their request at documents which reflect defendant's own prior understanding of what constitutes a liability, and under what circumstances it can rely on Treasury Regulation Section 1.701-2 to upset compliance with the Code. Second, defendant has asserted millions of dollars of penalties in this case on the claim that plaintiffs did not have substantial authority or reasonable cause and good faith for the tax positions at issue. Plaintiffs have requested documents that they believe will show that defendant understood plaintiff's legal

disclosure, as the three procedural requirements above were not met.

positions to have merit, which in fact caused defendant to promulgate Treasury Regulation Section 1.752-6 and give it retroactive effect, which was expressly designed to undermine plaintiff's tax positions. Documents that reflect the government's understanding of the rules and realization of a need to retroactively change them after the transaction at issue took place are highly probative of whether any penalty should be applied in this case.

**b. The Information Is Not Available From Any Other Source.**

The documents plaintiffs seek are the only way to obtain information critical to responding to the various issues raised by defendant. Access to these documents is the only means available to permit plaintiffs to adequately respond to defendant's assertions in the FPAAs. Plaintiffs, therefore, should be permitted to obtain the documents for which defendant asserts the deliberative process privilege. *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 328 (D.D.C. 1966) ("Necessity for production is sharply reduced where an available alternative for obtaining the desired evidence has not been explored.").

**c. The Litigation Is Serious as It Involves Millions of Dollar In Taxes, Interest, and Penalties.**

The government should not be able to hide relevant information to plaintiffs' defenses behind the executive privilege. *In re Franklin Nat. Bank Sec. Litig*, 478 F. Supp. 577, 586 (D.C.N.Y. 1979) ("[A]n element of unfairness would enter if the government could further its defense against these claims by concealing relevant evidence behind the screen of government privilege."). Plaintiffs have millions of dollars at stake in this litigation. As a matter of fundamental fairness, defendant should not be allowed to shield thousands of pages of relevant information behind a poorly articulated and groundless claim of executive privilege.

**d. The Government's Role In the Dispute Is as a Party to the Litigation.**

When an agency is a litigant, its apparent self-interest in the proceeding should give courts significant hesitation when the agency invokes executive privilege to withhold relevant evidence, particularly when that evidence comprises thousands of pages, as it does here.

**e. The Future Timidity of the Officials Is Unclear.**

The Court must weigh the perceived damages of disclosure to the deliberative process against the impairment of withholding information to the just resolution of the dispute. *In re Franklin Nat. Bank Sec. Litig.*, 478 F. Supp. at 586 ("Even where the government's case for shielding its documents is more persuasive, the interests of the litigants and the public in disclosure are much more compelling. Accurate judicial factfinding is predominant."). Defendant has not articulated any specific or significant harm that would result from disclosure of the particular documents sought here. Nor is there proof that agency employees will be inhibited from expressing their views in fear that the public might some day be privy to such. *Nixon*, 418 U.S. at 712 ("[W]e cannot conclude that advisers will be moved to temper the candor of their remarks by the infrequent occasions of disclosure because of the possibility that such conversations will be called for in the context of a criminal prosecution").

Thus, all factors weigh in favor of compelling the production of the relevant documents. Accordingly, defendant should be compelled to produce the documents at issue, as plaintiffs' need outweighs any potential harm that might result from disclosure. *See First Heights Bank v United States*, 46 Fed. Cl. 312, 322-25 (2000) (holding that First Height Bank's need for the documents overcame the government's assertion of the deliberative process privilege, as (1) the documents may shed significant light on First Heights Bank's knowledge regarding the deductibility of covered asset losses, which is important for First Heights Bank's response to the government's "assumption of risk" defense, (2) there was no other way for First Heights Bank to

obtain the documents, and (3) the government did not articulate any particular harm that would result from the particular documents being sought).

## III. PRAYER FOR RELIEF.

WHEREFORE, for the reasons stated herein, plaintiffs respectfully request that their Motion to Compel the Production of Documents be granted.

Respectfully submitted.

/s/ N. Jerold Cohen  Dated: July 7, 2006

N. Jerold Cohen (Lead Attorney)
GA Bar No. 174700
Kent L. Jones (of counsel)
D.C. Bar No. 929075
Sheldon M. Kay (of counsel)
GA Bar No. 409341
Thomas A. Cullinan (of counsel)
GA Bar No. 738420
Kristin Balding Gutting (of counsel)
GA Bar No. 141423

Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing **Plaintiffs' Motion to Compel the Production of Documents and Memorandum in Support** has been made on July 7, 2006, by mailing a copy thereof to:

Andrew L. Sobotka
Department of Justice
Tax Division
717 N. Harwood, Suite 400
Dallas, Texas 75201

/s/ N. Jerold Cohen

N. Jerold Cohen (Lead Attorney)
GA Bar No. 174700
Kent L. Jones (of counsel)
D.C. Bar No. 929075
Sheldon M. Kay (of counsel)
GA Bar No. 409341
Thomas A. Cullinan (of counsel)
GA Bar No. 738420
Kristin Balding Gutting (of counsel)
GA Bar No. 141423

Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Attorneys for Plaintiffs

**CERTIFICATE OF CONFERENCE**

It is hereby certified that counsel for plaintiffs has conferred with counsel for defendant in a good faith attempt to resolve the matter at issue in Plaintiffs' Motion to Compel the Production of Documents and Memorandum in Support without court intervention. Counsel for plaintiffs tried to resolve this matter with counsel for defendants since May 8, 2006. Counsel for defendant opposes the motion.

/s/ N. Jerold Cohen

N. Jerold Cohen (Lead Attorney)
GA Bar No. 174700
Kent L. Jones (of counsel)
D.C. Bar No. 929075
Sheldon M. Kay (of counsel)
GA Bar No. 409341
Thomas A. Cullinan (of counsel)
GA Bar No. 738420
Kristin Balding Gutting (of counsel)
GA Bar No. 141423

Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| KLAMATH STRATEGIC INVESTMENT FUND, LLC | § | |
| VS. | § | CIVIL ACTION NO. 5:04-CV-278 |
| UNITED STATES OF AMERICA | § | |

**ORDER**

The court grants in part and denies in part the plaintiffs' motion to compel the production of documents (#90). The motion challenges the government's assertion of the deliberative process privilege. The deliberative process privilege protects "predecisional materials 'reflecting deliberative or policy-making processes,' but not materials that are 'purely factual.'" *Skelton v. United States Postal Service*, 687 F.2d 35, 38 (5th Cir. 1982)(*quoting EPA v. Mink*, 410 U.S. 73, 87-89 (1973)). To assess the applicability of the privilege, the court ordered an *in camera* review of the documents at issue in the motion to compel. The court has reviewed the documents tendered by the government, and the court sustains the government's claims of privilege with respect to all of the documents, including those that were redacted on those grounds. In addition, the court finds that the government has appropriately claimed the privilege. *Marriott International Resorts, L.P. v. United States*, 437 F.3d 1302 (Fed. Cir. 2006); *see also Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 882-83 (5th Cir. 1981).

Other documents tendered by the government were redacted, apparently to protect certain privacy interests. The court orders these documents produced, in unredacted form, to counsel for

PENGAD-Bayonne, N. J.
GOVERNMENT EXHIBIT
6

the plaintiffs in this case. Such documents shall be marked confidential and shall be disclosed only to the attorneys representing the plaintiffs, pursuant to the terms of the court's Protective Order (See dkt. # 18). These documents include: Binder 7, documents numbered 3382, 3537, and 3549; Binder 8, document numbered 4850-4867; and Binder 9, documents numbered 7791, 7871, 7940, 7945, 7946, 7986, and 7988.

Finally, the government asserts, in conjunction with its claims of deliberative process privilege, a separate statutory privilege against the disclosure of third party return information. 26 U.S.C. § 6103. The government claims this privilege with respect to three of the documents. The plaintiffs do not appear to be challenging the government's assertion of that statutory privilege, and the court, having reviewed the documents at issue, concludes that the government's assertion is proper and declines to order the documents produced.

SIGNED this 19th day of September, 2006.

T. John Ward

T. JOHN WARD
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| KLAMATH STRATEGIC INVESTMENT FUND, LLC, By and through ST. CROIX VENTURES, LLC (Managing Member), | ' | |
| Plaintiff, | ' | CASE NO. 5:04-CV-278-TJW |
| v. | ' | |
| | ' | (Consolidated with Kinabalu v. United States, Civil Case No. 5:04-CV- 00279-TJW) |
| UNITED STATES OF AMERICA, | ' | |
| Defendant. | ' | |

DECLARATION OF MARGO L. STEVENS

I, Margo L. Stevens, pursuant to the provisions of 28 U.S.C. § 1746, state:

1. I am the Assistant Chief Counsel (Disclosure & Privacy Law) in the Office of Associate Chief Counsel (Procedure & Administration), Office of Chief Counsel, Internal Revenue Service (Service). The predecessor position to my present position before the Office of Chief Counsel reorganization in 2000 was the position of the Assistant Chief Counsel (Disclosure Litigation). I have assumed the authority previously vested in, or delegated to, the Assistant Chief Counsel (Disclosure Litigation). See IRM 1.11.4.3.1, a true and correct copy of which is attached hereto as Exhibit A. As Assistant Chief Counsel (Disclosure & Privacy Law), I am the official in the Office of Chief Counsel primarily responsible for the management and direction of the Disclosure & Privacy Law Program, which involves planning, directing, and coordinating the legal work of the Chief Counsel's office relating to the disclosure of any and all records or information of the Service and the Office of Chief Counsel. My specific duties include the assignment, review, and coordination of the work performed on various types of

GOVERNMENT EXHIBIT 7
PENGAD-Bayonne, N. J.

cases handled by the organization's attorney staff, including responsibility for furnishing advice and assistance to other offices within Chief Counsel on disclosure questions. I am also a principal legal advisor to the Service and the Chief Counsel's office on all disclosure questions and related legal matters pertaining to the Privacy Act, the Freedom of Information Act (FOIA), and the disclosure provisions of the Internal Revenue Code (I.R.C.). I am also responsible for coordinating with the Department of Justice all litigation involving disclosure, and maintaining close coordination with the Office of Governmental Liaison and Disclosure in order to furnish legal assistance on disclosure questions including the processing of requests for the production of documents or testimony. A complete description of the duties described for my current position, the Assistant Chief Counsel (Disclosure & Privacy Law), is published in the Chief Counsel Directives Manual at CCDM 30.3.2.3.8.4 (July 21, 2005); a true and correct copy is attached hereto as Exhibit B.

2. Pursuant to Delegation Order No. 220 (Rev. 3), IRM 1.2.53.6, signed by the Commissioner of Internal Revenue and effective April 16, 1997, I have been delegated the authority to claim executive privilege on behalf of the Service with respect to its documents or information in actions before this Court. Delegation Order No. 220 (Rev. 3) is a delegation by the Commissioner of Internal Revenue to my predecessor position, the Assistant Chief Counsel (Disclosure Litigation), of the authority vested in the Commissioner by Treasury Department Order 150-10 to claim executive privilege with respect to Service records and information in actions before the Federal courts. The Delegation

Order specifies the Commissioner's standards and procedures required to be applied, including policy considerations, in making a determination whether to assert executive privilege as a basis for protecting internal or inter-agency records that reflect recommendations, advisory opinions, and deliberations, which comprise the process by which governmental decisions and policies are formulated. A true and correct copy of Delegation Order No. 220 (Rev. 3) is attached hereto as Exhibit C.

3. In connection with my responsibilities, I am aware of the above-captioned lawsuit in which plaintiff Klamath Strategic Investment Fund, LLC seeks a readjustment of the partnership items set forth by the Commissioner in a Notice of Final Partnership Administrative Adjustment dated July 19, 2004, for the taxable period ending June 12, 2000; and Kinabalu Strategic Investment Fund, LLC seeks readjustment of partnership items set forth by the Commissioner in a Notice of Final Partnership Administrative Adjustment dated July 19, 2004, for the taxable period ending June 12, 2000.

I have been informed by Department of Justice trial counsel that the issues in this case are (1) whether Klamath Strategic Investment Fund (Klamath) and Kinabalu Strategic Investment Fund (Kinabalu) are shams; (2) whether the transactions engaged in by Klamath and Kinabalu along with their respective members lacked economic substance; (3) whether the principal purposes of Klamath and Kinabalu was to reduce their members' tax liabilities; (4) whether Klamath and Kinabalu should be disregarded as entities, and the assets and activities they engaged in deemed to be those of the members; (5) whether

Presidio Growth, Presidio Resources and St. Croix Ventures should be treated as partners of Klamath; (6) whether Presidio Growth, Presidio Resources and Rogue Ventures should be treated as partners of Kinabalu; (7) whether the methods of accounting used by Klamath and Kinabalu should be adjusted so that their respective portfolio interests are deemed earned by the various members; (8) whether Klamath, Kinabalu, and other related entities may be disregarded under the anti-abuse rules provided for in Treasury Regs. § 1.701-2; (9) whether the transactions engaged in have economic substance separate and distinct from the economic benefits achieved solely by tax reduction (and/or whether the transactions violate judicial doctrines in addition to the economic substance doctrine); (10) whether the $66.7 million Klamath and Kinabalu each received in proceeds from a so-called "premium loan" is a liability under I.R.C. § 752; (11) whether the debt integration rules under Treas. Reg. § 1.1275-6 apply; (12) whether the "premium loans" are shams; (13) whether the so-called loans were, in substance, loans to Klamath and Kinabalu rather than to St. Croix or Rogue; (14) whether Klamath and Kinabalu, their transactions or their members lacked the necessary profit motive; (15) whether the character and nature of St. Croix and Rogue's investments in Klamath and Kinabalu should be determined in a way that will ultimately prevent St. Croix and Rogue from avoiding the limitations on losses imposed by I.R.C. § 465; (16) whether the assumption and repayment of the so-called loans or "premiums" constitutes offsetting income; (17) whether the losses are entitled to ordinary loss characterization under I.R.C. § 988; and (18) whether I.R.C. § 6662 accuracy-related penalties should be imposed.

I have been further informed that these cases involve a series of transactions carried out by Klamath Strategic Investment Fund, LLC, and Kinabalu Strategic Investment Fund, LLC in 2000. The transactions involve the acquisition of a so-call "premium loan," which is transferred to the so-called "strategic investment fund." The members of Klamath and Kinabalu claim that their bases in their partnership interests are increased by the $66.7 million received in connection with the "premium loans," but not reduced under I.R.C. § 752 as a result of the partnerships' assumptions of the loans. The benefit of the transaction, structured as the plaintiffs claim, is tax losses and deductions of over $25 million each.

4. I have been informed by Ms. Stacy Short, an attorney in the Office of the Associate Chief Counsel (Passthroughs and Special Industries) ("PSI") that plaintiff's First Request for Production of Documents, dated November 2, 2005, sought the production of a number of documents pertaining to the development of Treasury Regulations §§ 1.752-6, and -7, 1.701-2 and 1.358-7, and Chief Counsel (CC) Notices 2003-020 and 2003-030. In response thereto, I am further informed by Department of Justice trial counsel that the Service produced a number of responsive documents, or portions of documents, to plaintiffs. Ms. Short prepared privilege logs describing those responsive documents, or portions of documents, that are subject to executive privilege, consistent with the guidelines set forth in Delegation Order No. 220 and CC Notice 2000-005, a copy of which is attached as Exhibit D. I am told that copies

of these privilege logs, along with the documents for which no privilege claims were asserted, were provided to plaintiff.

5 I have been informed by the Department of Justice trial counsel that on July 7, 2006, plaintiffs filed a motion to compel the production of documents which were described in the Service's privilege logs as subject to the executive process privilege. On July 11, 2006, I was notified that the court granted the motion and issued an order requiring the government to produce copies of all documents for which the government was asserting the executive privilege to the court for an *in camera* review on July 17, 2006.

6. For those Federal courts that require the agency head to lodge formally an assertion of executive privilege, I am the official to whom this authority has been delegated by the Commissioner of Internal Revenue. I exercise this authority whenever plaintiffs file motions to compel the production of documents for which the Service claims executive privilege in such courts. As the official delegated the authority to assert the executive privilege, I must personally review the documents in the files for Treas. Regs. §§ 1.701-2, 1.752-6, -7 and 1.358-1, and CC Notices 2003-020 and 2003-030 in order to formally lodge the assertion of executive privilege in this court. For reasons explained more fully below, I do not have access to these files at this time.

7. Due to flooding of the Main IRS Building at 1111 Constitution Avenue, Washington, D.C., as a result of the torrential rains during the time period of June 22-June 26, 2006, attorneys in PSI who have custody of the responsive documents, as well as my staff and I, were moved to temporary

offices in an IRS building located across town at 950 L'Enfant Plaza. Initially, the agency believed the move would be for approximately thirty days.[1] Upon learning that the Main IRS Building was more significantly damaged,[2] the Office of Chief Counsel contracted with the General Services Administration to lease office space in Crystal City (Arlington), Virginia to relocate Counsel executives, managers and employees displaced by the closure of the building due to the flood.[3] All affected Chief Counsel employees, including those assigned to PSI and my office, will be packing and moving between July 18-24, 2006.

8. Upon learning that the court had requested copies of all of the privileged documents, we sent our only set of clean copies to the Department of Justice attorneys to copy and provide to the court by Monday, July 17, 2006. We need for the Department of Justice attorneys to return these documents to us because the originals are locked in PSI space in the Main IRS Building. During the course of this week, approximately 800 employees of the Office of Chief Counsel assigned to the Main IRS Building are being relocated to the Crystal City location on a staggered schedule. Each employee may pack only two boxes of necessary files, supplies and other material, which will be moved to this new location, along with their computer work stations. It is my understanding that the managers and staff attorneys for PSI were scheduled to pack on July 19th and move on July 20th. My staff and I are scheduled to pack on July 20th and move

[1] *See* June 28, 2006, email from Dennis Ferrara, Associate Chief Counsel (Finance and Management) attached to this declaration as Exhibit E.

[2] *See* July 11, 2006, email from Mr Ferrara attached to this declaration as Exhibit F.

[3] *See* July 18, 2006 email from Margaret Nichols, Administrative Officer, Office of Associate Chief Counsel (Procedure and Administration) attached to this declaration as Exhibit G

on July 21st. While we have made arrangements for Department of Justice trial counsel to return the documents to us in our new temporary space, our ability to prepare the declaration is dependent primarily on the connectivity to our computer systems being successfully completed.

9 An added complication is the heat wave that has struck this area over the past several days, which has made the Main IRS Building excessively hot. Absent electricity to run the air conditioning, elevators, photocopy machines, and computer equipment, the Building management has issued warnings concerning the heat.[4] The combined difficulties created by the flooding of the Main IRS Building and excessive heat have made it impossible for me to obtain copies of the documents, review each of them, and prepare and execute a declaration formally claiming the government's assertion of the executive privilege at this time.

10. Additionally, some number of documents within these files fall within the jurisdiction of the Department of Treasury, and therefore, any assertion of the executive privilege would be asserted by Eric Solomon, the Acting Deputy Assistant Secretary (Tax Policy). Accordingly, members of my staff and the staffs of PSI and Tax Policy will need to coordinate the assertion of the privilege by Mr. Solomon.

11. I am executing this declaration in support of a motion for extension of time. This extension would afford my staff the opportunity (a) to receive the documents, (b) to duplicate the documents, and (c) prepare a declaration for my

[4] See July 17, 2006, email from DC Metro Counsel Communications attached to this declaration as Exhibit H.

signature. This extension would also afford me sufficient time to make a meaningful review of the documents in question, review and execute a declaration setting forth a detailed description of each document, or portion of document, for which I am asserting executive privilege. In the same vein, this extension of time will afford Mr. Solomon the same opportunity with respect to Treasury Tax Policy documents maintained in these files.

Pursuant to 28 U S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of July, 2006, in Washington, D.C

MARGO L. STEVENS
Assistant Chief Counsel
(Disclosure and Privacy Law)
Office of Chief Counsel
Internal Revenue Service
Washington, D.C.
Tel: (202) 622-4560