IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: July 11, 2008)

| | |
|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-409 T |

| | |
|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' RESPONSE TO UNITED STATES' BRIEF REGARDING THE DELIBERATIVE PROCESS PRIVILEGE**

Pursuant to the Court's order dated June 25, 2008, plaintiffs hereby respond to defendant's assertion that the deliberative process privilege was properly invoked by defendant as required by *Marriott Intern. Resorts, L.P. v. United States*, 437 F.3d 1302, 1308 (Fed. Cir. 2006) and *Pac. Gas & Elec. v. United States*, 70 Fed. Cl. 128, 144 (2006).

Defendant's blanket assertion of the deliberative process privilege in response to plaintiffs' request to depose a witness designated by the government regarding the IRS' interpretation and application of Section[1] 752 prior to 1995 and in the years from 1995 to 2002, including, but not limited to, questions regarding the identity and contents of documents relating to Section 752 and various interpretations of it by the IRS is improper. Plaintiffs seek to depose a witness on documents relating to the IRS' interpretations of Section 752 that defendant has already produced, on other documents for which any privilege has been waived, on whether other such documents exist that have not been produced, and on other factual information

[1] All references to "Sections" are to sections of the Internal Revenue Code of 1986, as amended, unless otherwise noted.

pertaining to the IRS' interpretation of Section 752 not contained within such documents. Defendant has not properly invoked the deliberative process privilege in response to plaintiffs' deposition notice. Defendant's blanket invocation of the deliberative process privilege is both premature and procedurally improper.

To properly invoke the deliberative process privilege, defendant must meet several procedural requirements. First, the head of the agency (or his delegate under a carefully undertaken delegation of authority) that has control over the requested document or information must assert the privilege on the agency's behalf. *Pac. Gas & Elec. v. United States*, 70 Fed. Cl. 124, 134 (2006). Second, the party seeking protection must state with particularity what information is subject to the privilege by identifying and describing the information or documents sought to be shielded from disclosure. *Id.* at 135. Third, the agency must provide the Court with precise and certain reasons for maintaining the confidentiality of the requested material. *Id.*

In the context of requests for production of documents (as considered in *Marriott* and *Pacific Gas*) defendant must raise the privilege in response to a specific request or requests. This Court has determined that "[b]lanket assertions of the privilege are insufficient." *Pac. Gas & Elec. v. United States*, 70 Fed. Cl. at 135. In the context of a deposition, defendant may not assert a blanket objection, but rather must object to questions at the deposition for which the responses would require the disclosure of information protected by the deliberative process privilege. *EEOC v. Corrections Corp. of America*, 2007 U.S. Dist. LEXIS 94951 (D. Colo. 2007) (finding that "Plaintiff EEOC's blanket assertions of attorney-client privilege, deliberative process privilege, and work product doctrine" in response to a 30(b)(6) deposition notice were premature); *United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974) (noting that an

attorney must normally raise the attorney-client privilege as to each record sought and each question asked so that at the enforcement hearing the court can rule with specificity). In response to plaintiffs' deposition notice, defendant has not met the requirements set forth in *Pacific Gas*, but has instead prematurely made a blanket assertion that the testimony requested is protected by the deliberative process privilege.

Plaintiffs' deposition notice identified the following topics for testimony:

8. The Internal Revenue Service's interpretation and application of I.R.C. § 752 prior to 1995 and in the years from 1995 to 2002, including but not limited to the following:
    a. The identity and contents of documents prepared, relied upon, or used by the IRS in formulating its position with respect to the definition of "liability" in revenue rulings, revenue procedures, private letter rulings, technical advice memorandums, general counsel memorandums, briefs, or other IRS documents under I.R.C. § 752 (including documents relating to the ongoing consideration, reconsideration, development, interpretation or application of the documents to short sales such as the short sales at issue in this case).
    b. The identity and contents of documents of the defendant, including LMSB, SB/SE, Appeals Division, and Chief Counsel, citing or discussing *Helmer v. Commissioner*, T.C. Memo 1975-160 in the context of Internal Revenue Code § 752.
    c. The identity and contents of documents relating to the decision of the IRS to promulgate Treas. Reg. § 1.752-6, including background and information notes with respect to such regulation.
    d. The identity and contents of documents relating to the authority of the IRS to promulgate Treas. Reg. § 1.752-6.
    e. The identity and contents of documents relating to the constitutionality of Treas. Reg. § 1.752-6.
    f. The identity and contents of documents relating to the determination of the IRS to make the exception described in Treas. Reg. § 1.752-6 inapplicable to assumptions of liabilities by partnerships as part of a transaction the same as or substantially similar to any transaction described in Notice 2000-44.
    g. The identity and contents of documents relating to the determination of the IRS to dispense with the notice and comment requirements of the Administrative Procedure Act when promulgating Treas. Reg. § 1.752-6.
    h. The identity and contents of documents relating to the determination by the IRS that Treas. Reg. § 1.752-6 is not a "significant regulatory action" within the meaning of Executive Order 12866.
    i. The identity and contents of documents relating to the promulgation of Treas. Reg. § 1.752-6, such as background information notes, the "Regulation File" and drafts of the regulation.

j. The identity and contents of documents relating to the decision of the IRS to issue Revenue Ruling 95-26, including background and information notes, drafts, correspondence, and other documents with respect to such ruling.

k. The identity and contents of documents relating to the issuance of Revenue Ruling 95-26, including background and information notes, drafts, correspondence, and other documents with respect to such ruling.

In its motion for protective order, defendant made a blanket assertion of the deliberative process privilege over all information sought by plaintiffs. Defendant argues that the information sought by plaintiffs is covered by the deliberative process privilege because it allegedly seeks the same information that defendant refused to provide in response to plaintiffs' discovery requests.[2] Thus, in defendant's view, defendant's assertion of the deliberative process privilege in response to the discovery requests is tantamount to a proper assertion of the deliberative process privilege with respect to the information sought in plaintiffs' deposition notice.

Defendant's blanket assertion of the deliberative process privilege was improper. First, the information sought by plaintiffs in their deposition notice is not "the same" information that defendant refused to provide. Plaintiffs have <u>not</u> requested the designee to bring any documents to the deposition. Plaintiffs have instead requested the opportunity to depose an individual with knowledge of the IRS's interpretation and application of I.R.C. § 752 prior to 1995 and in the years from 1995 to 2002, including the contents of documents related to that position. This would involve (but would not be limited to) questioning a witness on the contents of documents <u>already</u> provided by defendant in responses to plaintiffs' requests (on which any privilege has been waived).

---

[2] Plaintiffs dispute that the privilege is applicable to each document and will likely file a motion to compel the production of such documents to assist in presenting plaintiffs' defenses to penalties at trial, should the case continue to trial on such issues. For example, defendant withheld portions of the attached Exhibit B in this case though the entire document had previously been produced to counsel in another case, and therefore any privilege the defendant may have had has been waived.

In response to plaintiffs' discovery requests, defendant provided some documents indicating that the highest officials in the IRS, including the Chief Counsel of the IRS, believed that the reporting position taken by plaintiffs in this case had substantial merit. *See* Exhibit A. In other cases, defendant has also produced other documents containing similar information. *See* Exhibit B.[3] As to documents such as Exhibits A and B which have been produced by defendant, to the extent any deliberative process privilege existed, it has been waived, and plaintiffs should be allowed to question a witness concerning the contents of such documents and to discover if other such relevant documents exist. *See Wilson v. Maricopa County*, 2006 U.S. Dist. LEXIS 29645 (D. Ariz. 2006) (determining that waiver of the deliberative process privilege occurred for pages produced to the plaintiff in the litigation and for various deposition exhibits which had been used in another case without objection by the defendant). Defendant has not asserted (and cannot assert) the deliberative process privilege against questions relating to the contents of documents defendant has already produced.

Additionally, the deliberative process privilege applies only to the opinion or recommendatory portion of a document, not to the underlying factual information contained in the document. *EPA v. Mink*, 410 U.S. 73, 87-93 (1973). Any documents and portions of documents representing facts – including the IRS's prior interpretation of Section 752 – are not protected by the privilege.

Second, as described above, in a deposition context, defendant cannot claim privilege preemptively, before plaintiffs have even asked any questions regarding the contents of

---

[3] In another case, defendant provided the complete Exhibit B which plaintiffs have attached to this motion. In its document production here, defendant provided only the first page of Exhibit B and attempted to claim privilege on the remaining pages as shown in Exhibit C. That defendant claimed that the executive privilege applied though the other pages had been previously produced and any privilege on such documents waived further indicates that defendant is attempting to keep plaintiffs from obtaining information relevant to their penalty defenses. Plaintiffs are concerned that defendant has withheld other such documents on which the privilege has been waived.

documents already produced or other factual information relating to the Internal Revenue Service's interpretation and application of I.R.C. § 752. *Elkins v. District of Columbia*, 2008 U.S. Dist. LEXIS 41391 (D.D.C. 2008) (granting plaintiffs' motion to compel after determining that "the District cannot claim privilege pre-emptively, before any deposition question has been propounded. . . . Finally, answers to questions regarding whether and when meetings took place, who was present, and the general subject matter under discussion are not privileged."). To properly invoke the deliberative process privilege in a deposition context, defendant must object to questions at the deposition for which the response would require the disclosure of information protected by the deliberative process privilege. *EEOC v. Corrections Corp. of America*, 2007 U.S. Dist. LEXIS 94951 (D. Colo. 2007); *United States v. Hodgson*, 492 F.2d 1175, 1177 (10th Cir. 1974).

Moreover, defendant has not met the procedural requirements to assert the deliberative process privilege in response to plaintiffs' deposition notice. Defendant did not provide an assertion of the privilege by the head of the IRS or a proper delegate. Defendant did not state with particularity what information requested in the deposition notice is subject to the privilege, and defendant did not provide precise and certain reasons for maintaining the confidentiality of the information requested by plaintiffs. Defendant cannot properly provide such information until a question is posed that would require the disclosure of protected information and such request is presented to the proper agency authority.

It appears that defendant's premature and improper assertion of the deliberative process privilege is simply an attempt to conceal the bad faith in which the penalties have been asserted by defendant in this case. Through their Rule 30(b)(6) deposition notice, plaintiffs are seeking to discover evidence of the government's changing interpretation of Section 752. One issue in this

case is whether plaintiffs should be subject to penalties under Section 6662 if the Court were to decide that plaintiffs' tax positions are incorrect. Evidence that defendant interpreted Section 752 in the past as plaintiffs did in taking the reporting positions on their returns at issue here is particularly relevant to plaintiffs' defenses to penalties in this case. Plaintiffs need to engage in discovery with a witness who can discuss the contents of documents such as Exhibits A and B, which appear to set forth the IRS' position prior to and during the events at issue in this case, because such information directly refutes the government's penalty claims. While plaintiffs have already discovered some such relevant documents, plaintiffs believe there are further documents in defendant's possession which are relevant to plaintiffs' defenses to penalties and such documents may be identified by a witness supplied by defendant. Indeed, discovery of these documents will establish that defendant's assertion of penalties is disingenuous and that the penalty claims are not advanced by the government in good faith.

For the reasons set forth above, plaintiffs respectfully request this Court to deny the United States' motion for protective order as defendant has prematurely and improperly invoked the deliberative process privilege in response to plaintiffs' deposition notice.

Respectfully submitted this 11th day of July, 2008.

s/ Lewis S. Wiener
LEWIS S. WIENER
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0140
Fax: (202) 637-3593
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 853-8000
(404) 853-8806 (fax)

Kent L. Jones
Sutherland, Asbill & Brennan
1275 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Tel.: (202) 383-0732
Fax: (202) 637-3593
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing Plaintiffs' Response to United States' Brief Regarding the Deliberative Process Privilege has been made on July 11, 2008 via the Court's CM/ECF system to:

Thomas M. Herrin
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, TX 75201
thomas.m.herrin@usdoj.gov

s/ Lewis S. Wiener
LEWIS S. WIENER