# MEETING REQUEST FORM

**DATE:** March 7, 1995 **TIME:** 10:00 am **PLACE:** Rm 3018

**CONTACT:** David Haglund/Mary Berman CC:DOM:P&SI:1
**PHONE:** 622-3050

**SUBJECT:** Short Sales

**CODE/REG §:** Section 752 **PROJECT/CASE NO:** TR-33-000105-93

**ISSUE:** Does a short sale of securities by a partnership create a partnership liability under § 752?

**BACKGROUND:** Section 722 provides that a partner's basis is increased by the amount of money the partner contributes to the partnership.

Section 752(a) provides that an increase in a partner's share of partnership liabilities is treated as a contribution of money by the partner to the partnership. Rev. Rul. 88-77, 1988-2 C.B. 129, provides that partnership liabilities for purposes of § 752 include an obligation to the extent that incurring the liability creates or increases the basis to the partnership of any of the partnership's assets (including cash attributable to borrowings).

A short sale creates an obligation on the part of the seller to return the borrowed securities. See, e.g., Deputy v. du Pont, 308 U.S. 488, 497-98 (1940), 1940-1 C.B. 118 (a short sale creates an obligation although not an indebtedness). In addition, the cash received in the short sale increases the basis of the partnership's assets. Therefore, a short sale creates a liability under § 752, and the adjusted bases of the partnership interests of the partners are increased under § 722 to reflect their shares of the liability under § 752.

**RECOMMENDED ACTION/DECISION:** Approve revenue ruling

**BRIEFING MATERIALS:** **Attached** [x] **To Be Submitted by** []

**PARTICIPANTS:** (Indicate Yes/No below; provide list)

**CC/NO:** Yes **IRS/NO:** Yes **TAXPAYER:** No

**CC/FIELD:** No **IRS/FIELD:** No **OTHER:** No

**TREASURY:** Yes **CONGRESSIONAL:** No

**Attending:** Berman, Feinberg, Haglund, Jackel, Kohl, Kugler, Malloy, Maloy, Manfreda, Monahan, Rooney, Sullivan, Thomson, Weisbach

010996

PLAINTIFF'S EXHIBIT B
PENGAD 800-631-6989



IRS-CC-000190

CC:DOM:P&SI:1
MABerman

Attachment to Chief Counsel Meeting Request Form

ISSUE: Short Sales, TR-000105-93
Appropriate Treatment of Short Sales of Securities by Partnerships.

On December 28, 1994, the proposed revenue ruling to be briefed on March 7 was briefed to the Chief Counsel. The proposed revenue ruling held that short sales of securities (as well as deep-in-the-money puts) create partnership liabilities under section 752. At that meeting, Chief Counsel approved for publication a companion revenue ruling holding that a short sale of securities is not debt-financed property within the meaning of section 514. That revenue ruling cited Deputy v. du Pont, 308 U.S. 488, 497-98 (1940), holding that although a short sale creates an obligation, it does not create indebtedness for purposes of the predecessor of section 163, and concluded that a short sale is not debt-financed property within the meaning of section 514. Chief Counsel asked that further consideration be given to (1) our position on the treatment of other arrangements such as options and deep-in-the-money puts, and (2) the possibility of addressing short sales of securities under section 705(b) rather than section 752.

Treatment of Other Arrangements

Options -- Existing authority is contrary to a position that options create liabilities. In George Helmer, 34 TCM 727 (1973), the court held that no partnership liability was created upon receipt of option payments by a partnership. Payments received were without restrictions except that upon exercise of the options, the amounts would be applied against the purchase price. The court held that the restriction only affected the character of the income, not any liability to repay or to perform. Similarly, in Rev. Rul. 73-301, 1973-2 C.B 215, unrestricted progress payments received by a partnership reporting its income on the completed contract method during its performance on a two-year construction contract did not constitute partnership liabilities and therefore did not increase the partners' bases within the meaning of section 752.

While we agree that existing authority prevents treating options as creating liabilities in the proposed revenue ruling, further consideration of the appropriateness of expanding the definition of liability is recommended. Specifically, it is

recommended that, in view of the connection between the definition of liability for purposes of sections 752 and 357(c), an existing project examining liabilities for purposes of section 357(c) be expanded to include section 752.

Deep-in-the-Money Puts -- In light of our recommendation to study further the treatment of options as creating liabilities, the proposed revenue ruling is limited to the treatment of short sales. Accordingly, the reference to deep-in-the-money puts in the prior draft has been deleted from the proposed revenue ruling.

Treatment Of Short Sales Under Section 705

Section 705 provides the rules for determining the basis of a partner's interest in a partnership. Section 705(a) provides that the adjusted basis of a partner's interest in a partnership is, except as provided in subsection (b), the basis of the interest determined under section 722 (relating to contributions to a partnership) or section 742 (relating to transfers of partnership interests) increased by the partner's share of taxable income under section 703(a), tax exempt income, and depletion deductions, and decreased by distributions under section 733 and the partner's share of losses, and expenditures not deductible in computing taxable income and not properly chargeable to capital account. Section 705(b) provides an alternative rule. Under subparagraph (b), the Secretary shall prescribe regulations, to permit the adjusted basis of a partner's interest in a partnership to be determined by reference to the partner's proportionate share of the adjusted basis of partnership property upon a termination of the partnership. The alternative method would apply to all assets, not just short sale proceeds.

The legislative history indicates that the method provided in section 705(a) was considered to be very complex, requiring detailed adjustments. To obtain the final answer with respect to a partner's tax basis for the partner's interest in the partnership, sections 705, 722, 731, 732, 733, 737, and 751 applied. Under the alternative method in section 705(b), there would be attributed to each partner a proportionate share of the total basis of the assets of the partnership. If a partnership had been in existence for several years, the detailed adjustments required in subsection (a) may be burdensome. S. Rep. No. 1622, 83d Cong., 2d Sess. 93, 384; Hearings on H.R. 8300 Before the Comm. on Finance, 83d Cong., 2d Sess. 461 (1954).

The legislative history further indicates that section 705(b) was designed to be suitable primarily for simple partnerships. S. Rep. No. 1622, 83d Cong., 2d Sess. 384. Courts

have generally followed this application. For example, in Long v. Commissioner, 77 T.C. 1045, the alternative rule was considered especially appropriate because taxpayers contributed only cash and not property to the partnership, there had been no transfers or distributions of partnership property after taxpayers became partners, and the partnership agreement provided that all liabilities, except those among the partners, were to be satisfied first upon termination, with the balance of the property to be distributed to the partners in proportion to their respective capital accounts. See also Coleman v. Comm'r, 540 F.2d 427 (1976). The alternative rule may also be employed, however, in the case of more complex partnerships, to the extent permitted by regulations. However, in such cases, adjustments would be required in order to yield substantially the same result as the general rule stated in section 705(a).

Similarly, regulations issued under section 705 generally provide that the alternative rule is applicable if the partner cannot practicably apply the general rule set forth in section 705(a), or, if, in the opinion of the Commissioner, it is reasonable to conclude that the result produced will not vary substantially from the result obtainable under the general rule.

Based on the above, use of section 705(b) to reach short sales of securities and similar transactions appears not to have been contemplated by Congress.