IN THE UNITED STATES COURT OF FEDERAL CLAIM
NO. 06-407-T
(Into which have been consolidated Nos. 06-408T,
06-409T, 06-410T, 06-411T, 06-810T and 06-811T)
JUDGE EMILY C. HEWITT

ALPHA I, LP, BY AND THROUGH )
ROBERTS SANDS, A NOTICE )
PARTNER, ) No. 06-407T
Plaintiff, )
)
)
VS. )
)
THE UNITED STATES, )
Defendant. )

---

BETA PARTNERS, LLC, BY AND )
THROUGH ALPHA I, LP, )
A NOTICE PARTNER, )
Plaintiff, ) No. 06-408T
)
VS. )
)
THE UNITED STATES, )
Defendant. )

---

R,R,M & C PARTNERS, LLC, BY )
AND R,R,M & C GROUP, LP, )
A NOTICE PARTNER, )
Plaintiff, ) No. 06-409T
)
VS. )
)
THE UNITED STATES, )
Defendant. )

---

R,R,M & C, LP, BY AND )
THROUGH ROBERT SANDS, )
A NOTICE PARTNER, )
Plaintiff, ) No. 06-410T
)
VS. )
)
THE UNITED STATES, )
Defendant. )

PENGAD 800-631-6989
PLAINTIFF'S EXHIBIT
16

CWC PARTNERSHIP I, BY AND )
THROUGH TRUST FBO ZACHARY )
STERN U/A FIFTH G, ANDREW ) No. 06-411T
STERN AND MARILYN SANDS, )
TRUSTEES, A NOTICE PARTNER, )
Plaintiff, )
)
VS. )
)
THE UNITED STATES, )
Defendant. )

---

MICKEY MANAGEMENT, LP, BY AND)
THROUGH MARILYN SANDS, A )
NOTICE PARTNER, )
Plaintiff, )
) No. 06-810T
VS. )
)
UNITED STATES OF AMERICA, )
Defendant. )

---

M,L,R & R, BY AND THROUGH )
RICHARD E. SANDS, TAX MATTERS)
PARTNER, ) No. 06-811T
Plaintiff, )
)
VS. )
)
UNITED STATES OF AMERICA, )
Defendant. )

* * * * * * * * * * * * * * * * * * * * * * * * *

ORAL DEPOSITION OF
PETER BROKUS
AUGUST 30, 2007
Volume No. 1

* * * * * * * * * * * * * * * * * * * * * * * * *

ORAL DEPOSITION of PETER BROKUS, produced

as a witness at the instance of the Plaintiffs, and duly sworn, was taken in the above-styled and numbered cause on the 30th of August, 2007, from 10:11 a.m. to 1:18 p.m., before Sherry Folchert, CSR in and for the State of Texas, reported by machine shorthand, at the offices of Department of Justice, Tax Division, 717 North Harwood, Suite 400, Dallas, Texas, pursuant to the Texas Rules of Civil Procedure.

A P P E A R A N C E S

FOR THE PLAINTIFFS:

Thomas A. Cullinan
SUTHERLAND ASBILL & BRENNAN, LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309-3996
404-853-8075
tom.cullinan@sablaw.com

FOR THE DEFENDANT:

Thomas Herrin and Michelle C. Johns
US DEPARTMENT OF JUSTICE
717 North Harwood Street, Suite 400
Dallas, Texas 75201
214-880-9762
Michelle.C.Johns@usdoj-gov

And

Elaine Harris
INTERNAL REVENUE SERVICE
4050 Alpha Road, Suite 1300
Dallas, Texas 75244
972-308-7980

to review the discount amounts from the R,R,M & C Group, Limited Partnership appraisal.

What I'm asking you is, does anything in there refresh your recollection as to the facts that underlied your adjustment? Does anything of this have anything to do with that adjustment at all?

A. I don't really recall.

Q. Who else would know?

A. I don't know.

Q. Let's go on to Page 349.

A. (Witness complies.)

Q. There's an entry there for September 23rd. Let's see. You say you received a call from Linda Krish. Who is Linda Krish?

A. I don't know her exact title. She's probably in -- a tech advisor maybe in exempt organizations.

Q. Is that what the EO refers to is exempt organizations?

A. Yes.

Q. You also -- down below that you say discuss CRUTs with Attorney Darazdi. His points were including an income predistribution, 2001 income distribution already reported by individuals in CWC and 2002 income of total distribution (less contribution to the CRUT of $555k for 2002 1041-A). Then you've got in bold:

# Page: 17

Sequence number: 1
Author: zj4bb
Subject: Note
Date: 5/2/2008 3:25:30 PM

After reviewing the admin files, I recall that the facts relating to the qualification or existence of the CRUTS themselves were not included in the partnership-level adjustments.

What is the 7520 rate?

A. I believe that has something to do with the interest rated used in valuing CRUTs. But I'm not quite sure.

Q. What did you mean when you wrote Section 7520 rate of 6.2 is proper?

A. That I don't know.

Q. You say: Also, the distribution actually made and reported o -- I assume that's a typo and should say "of." Do you agree?

A. Yes.

Q. Of 118k, that's 118,000?

A. Yes.

Q. Is low versus the distribution of $565,380 that should have been made.

What -- where did you get the $565,3808 number?

A. That I don't recall. The last sentence says: No issue to pursue here. So I don't...

Q. What does that mean?

A. I'm not pursuing any issue.

Q. So you're not pursuing any issue with respect to the -- the CRUTs payout?

A. I don't really know.

Q. Do you know if the Sands family members, that's

# Page: 21

Sequence number: 1
Author: zj4bb
Subject: Note
Date: 5/2/2008 3:23:40 PM
As I recall from reviewing the admin files, I was not pursuing that issue because I was not examining the CRUTS.

No engineering valuation involvement was necessary.
MR. CULLINAN: Off the record for one second.
(A brief pause in proceedings.)
MR. CULLINAN: Back on. Thank you.
Q. (BY MR. CULLINAN:) Did you have any discussions with Mr. Mielcarek?
A. Possibly.
Q. Do you recall having any discussions with him about that case?
A. Possibly withdrawing. Looking at his activity record, all his contacts were -- dates were prior to my involvement (indicating).
Q. Do you recall having any conversations with Ms. Krish?
A. I do recall talking to her, yes.
Q. What were the topics discussed?
A. I don't recall without my work papers. I don't know.
Q. What did you talk with her about?
A. Would have to be the CRUTs and the EO. She's an EO tech advisor. But I don't recall specifics.
Q. Did you talk about whether the CRUTs were -- what facts would be important to determine whether the CRUTs were real CRUTs?

# Page: 22

Sequence number: 1
Author: zj4bb
Subject: Note
Date: 4/30/2008 3:51:50 PM

After reviewing the admin file, I realized that I must have had a discussion with him based on his 01/23/2006 activity record entry. I would be the "coordinator" he references, Per the admin file DOJ-000189.

---

Sequence number: 2
Author: zj4bb
Subject: Note
Date: 5/2/2008 3:23:20 PM

After reviewing the admin files, I recall that the discussion was about what I had in front of me. CRUTs starting in one year and terminating in the next year. I wanted the CRUTs to be examined and the discussions revolved around that. But there are no work papers documenting this discussion because the CRUTs were not examined.

---

A. Possibly.

Q. Did you talk about what facts might be important to determine whether the transfer of limited partners interest in R,R,M & C Group to the CRUTs was a valid transfer?

A. Possibly.

Q. Do you recall whether -- do you recall what facts might be important to either of those determinations?

A. Possibly.

Q. Okay. So what -- what facts do you recall? I mean that's a yes-or-no question.

A. I don't recall.

Q. Going back to -- quickly to Exhibit 76. Again, that Item 6 where the IRS has determined that the transfer of the partnership interest from the original limited partners in R, M, M & C Group to the CRUT was a sham -- the transfer itself was a sham, what facts would be important to establish whether that transfer was a sham?

A. Off the top of my head I couldn't recall.

Q. How long have you been a revenue agent?

A. 34 years.

Q. If somebody transfers a partnership interest to somebody else and you were going to try to -- you have

# Page: 23

Sequence number: 1
Author: zj4bb
Subject: Note
Date: 5/2/2008 3:22:44 PM

Based on my review of the admin files, I considered it significant that the CRUTS purported to be in existence for less than 6 months and that the original partners of Group received the same thing they would have received upon the liquidation of Group as if the purported transfers of interests had not occurred. Finally, it was significant that the early termination of the CRUTS was part of the prearranged plan.