IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt

| | |
|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-409 T |

PENGAD 800-631-6989 PLAINTIFF'S EXHIBIT 17



7981822.1

| | | |
|---|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-811 T |

**AFFIDAVIT OF ROBERT SANDS**

I, Robert Sands, being duly sworn, hereby state as follows:

1. I am over the age of 18 and have personal knowledge of the matters set forth herein and if called as a witness could competently testify thereto.

2. I was personally involved in the transactions at issue in these consolidated cases as a partner in plaintiffs R, R, M & C Group, L.P. ("Group") and CWC Partnership I ("CWC").

3. In 2001 certain members of my family and I decided to implement a financial plan, a part of which included the formation of and investment by our family members and various trusts in Group. We formed Group as an investment partnership for our family members in August 2001.

4. Richard and I managed Group through its general partner, R, R, M & C Management Corporation, of which we are each 50% owners.

5. As part of a charitable gift-giving plan, the other limited partners of Group and I each formed a charitable remainder unitrust ("the CRUTS") and transferred our limited partnership interests in Group to the CRUTs in September 2001.

6. In February 2002, Richard, my mother, CWC Partnership I, and I appointed the Educational Health and Support Fund ("the Fund"), a 501(c)(3) supporting organization, to be the charitable remainder beneficiary of the CRUTs.

7. The trustees of the Fund were Freddy Robinson, Wesley Stallings, and James Locke. These individuals were trusted professional advisors who we believed would exercise good judgment in running the organization and pursuing its charitable purposes.

8. Mr. Robinson, Mr. Stallings, and Mr. Locke were not agents of my family members or of me, and we had no control, through financial means or otherwise, over how they exercised their fiduciary duties as trustees of the Fund.

9. In February 2002, we approached the trustees of the Fund and offered to purchase the remainder interests the Fund had in the four CRUTs for their fair market value.

10. The trustees accepted our offer, and Richard, my mother, CWC Partnership I, and I each paid $550,074.56, the present value of a remainder interest in the 24.975% limited partnership interest in Group, to the Fund. The total amount paid was $2,200,298.24.

11. Prior to the trustees' appointment and prior to our offer to purchase the remainder interests held by the Fund, neither I nor any other members of my family had any prearrangement, agreement, or understanding with the trustees that they would agree to sell the Fund's remainder interests in the CRUTs to us if we made such an offer.

12. In implementing and in determining the correct tax treatment of the transactions, we engaged Lewis Rice & Fingersh L.C. ("Lewis Rice") and our long-time advisor Jonathan Blattmachr's firm Milbank Tweed Hadley & McCloy LLP to provide legal services and advice.

13. Lewis Rice issued tax opinions regarding the tax treatment of our investment in Group to all of the Group limited partners in December 2001. I read the opinion and relied on its conclusion that it was more likely than not correct to not treat the contingent obligations to cover the short sale positions as liabilities for purposes of section 752 in determining the proper tax treatment of the transactions at issue in these consolidated cases.

14. Jonathan Blattmachr had provided estate planning services to our family since the 1990s. We knew that he was a renowned expert in the estate and gift tax area and trusted his advice.

15. Jonathan advised us that certain of our financial and charitable goals could be met through the use of charitable remainder unitrusts ("CRUTs"). He also advised us regarding the effect of purchasing the remainder interests in our respective CRUTs from the charitable remainder beneficiary.

16. Milbank Tweed issued an opinion dated June 21, 2002 to me and the other original limited partners of Group. I read the opinion and relied on its conclusions in reporting the tax consequences of the transactions described above.

17. Bernard Robinson & Company prepared tax returns for CWC Partnership I ("CWC"), Group, and R,R,M & C Partners ("Partners") in 2001 and for CWC and Group in 2002. The company also prepare returns for me and the other partners of Group and CWC in 2001 and 2002.

18. I trusted Milbank Tweed and Lewis Rice in taking the tax positions at issue and had no reason to question their advice. I relied on Bernard Robinson & Company to

accurately prepare my tax returns and the tax returns of Group, Partners, CWC and their other partners.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge.

Dated the 30th day of July 2008

Robert Sands

Sworn to before me this
30th day of July, 2008

Notary Public

JUDITH A. CELENTANI
Notary Public in the State of New York
County of Ontario #4762158
Commission Expires December 31, 2010