IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt

| | |
|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | 06-409 T |

PENGAD 800-631-6989
PLAINTIFF'S EXHIBIT
20

| | | |
|---|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-811 T |

**AFFIDAVIT OF JAMES A. LOCKE III**

I, James A. Locke III, being duly sworn, hereby state as follows:

1. I am over the age of 18 and have personal knowledge of the matters set forth herein and if called as a witness could competently testify thereto.

2. I retired as a partner of Nixon Peabody LLP ("Nixon Peabody") on February 1, 2008 and currently serve as Senior Counsel to Nixon Peabody. I have served previously as a member of the Nixon Peabody's governing committee and as head of the Business Group located in the Rochester, New York office. I joined Nixon Peabody as a partner on January 1, 1996. For 20 years prior to joining Nixon Peabody, I was a partner in the law firm of Harter, Secrest, and Emery in Rochester, New York where I also served on its governing committee and was the managing partner for four years.

3. I graduated from Ohio Wesleyan University and received my law degree from the University of Michigan. I have focused my law practice on corporate law, particularly corporate transactions, securities regulations, and corporate governance. I have been involved in a wide range of mergers and acquisitions, both of large public companies and private companies. I counsel boards of directors of public companies, foundations, and private companies and represent clients with respect to compliance with federal securities laws. I have been named to

*The Best Lawyers in America* in corporate law. I also serve as a director of Greater Rochester Enterprise, Inc., an economic development agency for a 7 county area in Upstate New York, and as a Trustee of the George Eastman House, an international museum of photography and film. Until resigning as a partner of Nixon Peabody, I also served as a director of JPMorgan Chase Bank Regional Advisory Board.

4. Nixon Peabody is the principal outside counsel for Constellation Brands, Inc. (the "Company"). The fees that Nixon Peabody received from the Company for legal services during the years 2001 through 2004 were less than 1% of Nixon Peabody's total revenues for each of such years.

5. I am an independent director on the Board of Directors of the Company. I have been on the Board since 1983. In my position on the Company's Board, I exercise my independent legal and business judgment to serve the best interests of the Company and its stockholders. I am currently Lead Director of the Board and Chairman of the Corporate Governance Committee of the Board. I understand my fiduciary responsibilities to the stockholders of the Company.

6. In early 2002, I was approached about serving on the Board of Directors of the Educational and Health Support Fund ("the Fund"), a Section 501(c)(3) supporting organization the Sands family sought to establish.

7. I agreed to serve as a trustee of the Fund. As a trustee, I have exercised my independent judgment to make decisions in the best interests of the Fund and the charitable entities it was formed to support. When I was appointed and prior to my appointment, I did not have any conversations or make any prearrangement, agreement, or understanding with any Sands family members or anyone else that as trustee I would agree to sell the Fund's remainder interests in certain Charitable Remainder Unit Trusts ("CRUTs") to the grantors of those CRUTs.

8. After my appointment as a trustee of the Fund, the Sands family members approached the trustees of the Fund with an offer to sell the Fund's remainder interests in the CRUTs formed by Richard Sands, Robert Sands, Marilyn Sands, and CWC Partnership I, for their present value.

9. I determined that the best interests of the Fund and the charities it was formed to support would be served by obtaining the current payment from the Sands rather than waiting for up to 20 years to obtain the remainder interests in the CRUTs. The limited partnership interests held by the CRUTs could fluctuate significantly in value during that time period. The Fund could use the cash proceeds as a result of a sale of the remainder interests in the CRUTs to begin assistance to the charities supported by the Fund much sooner than by any other alternative available to the Fund at that time. The other trustees also reached the same conclusion.

10. The other trustees and I agreed to sell the remainder interests the Fund held in the CRUTs to the grantors of the CRUTs for a total of $2,200,298.24.

11. I was not involved in, and have no knowledge of, how the Sands reported this transaction for tax purposes. I did not take into account any intent that they may have had with respect to such tax treatment in deciding to agree to a sale of the Fund's remainder interests in the CRUTs.

12. As a trustee of the Educational and Health Support Fund, I understood my fiduciary duty to the supporting organization and the charities it was formed to benefit. Any suggestion that I was controlled by the Sands family or failed to exercise my independent judgment is totally baseless. I would not jeopardize my legal reputation, ability to practice law for a wide variety of clients, or my personal integrity by violating my fiduciary duties to the Fund. Also, in my long association with the Sands family, I have never been asked to do anything which would be contrary to my responsibilities or which would jeopardize my legal reputation, ability to practice law, or personal integrity.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my personal knowledge.

Dated the 30th day of July 2008.

James A. Locke III

Sworn to before me this
30th day of July, 2008

Notary Public

MARY JANE NORTHROP
Notary Public, State of New York
Reg. #01NO2908185
Qualified in Monroe County
Certificate Filed in Monroe County
Commission Expires: 03/30/20 09