IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-407 T
(into which have been consolidated Nos. 06-408 T,
06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)
Judge Emily C. Hewitt
(E-Filed: August 21, 2008)

| | | |
|---|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-409 T |

| | | |
|---|---|---|
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-410 T |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-411 T |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | 06-810 T |

| | | |
|---|---|---|
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) | |
| Plaintiff, | ) | |
| v. | ) | 06-811 T |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

# TABLE OF CONTENTS

PAGE(S)

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. The 40 Percent and 20 Percent Valuation Misstatement Penalties Do Not Apply. ........ 2

A. Any Underpayment of Tax Resulting from Plaintiffs' Concession Under Section 465 is Not "Attributable to" a Gross or Substantial Valuation Misstatement. ........ 3

B. Ignoring Plaintiffs' Concessions Would Defeat the Purpose of the Valuation Misstatement Penalties. ........ 5

C. Plaintiffs Conceded Defendant's Capital Gain Adjustments Under Section 465(b)(1). ........ 8

II. There Was No Misstatement On a Return of Tax Imposed by Chapter 1. ........ 13

CONCLUSION ........ 15

# TABLE OF AUTHORITIES

**CASES** PAGE(S)

*Brown v. Gardner*, 513 U.S. 115 (1994)....................15

*Commissioner v. Acker*, 361 U.S. 87 (1959)....................14

*Deluxe Corp. v. United States*, 885 F.2d 848 (Fed. Cir. 1989)....................14

*Derby v. Comm'r*, 95 T.C.M. (CCH) 1177 (2008)....................3, 5

*Gainer v. Comm'r*, 893 F.2d 225 (9th Cir. 1990) ....................3, 5, 7

*Jade Trading, LLC v. United States*, 80 Fed. Cl. 11 (2007) ....................3, 4

*Koshland v. Helvering*, 298 U.S. 441 (1936)....................14

*Long Term Capital Holdings v. Comm'r*, 330 F. Supp. 2d 122 (D. Conn. 2004), *aff'd* 150 Fed. Appx. 40 (2d Cir. 2005)....................3, 4

*Malat v. Comm'r*, 302 F.2d 700 (9th Cir. 1962) ....................6

*McCrary v. Comm'r*, 92 T.C. 827 (1989) ....................3, 5, 9, 12

*New Millennium Trading, LLC v. Comm'r*, No. 3439-06, (U.S. Tax. Ct.)....................7

*Rite Aid Corp. v. United States*, 255 F.3d 1357 (Fed. Cir. 2001) ....................14

*Rogers v. Comm'r*, 60 T.C.M. (CCH) 1386 (1990) ....................3, 5, 7

*Russian Recovery Fund, Ltd. v. United States*, 81 Fed. Cl. 793 (2008)....................11, 12

*Santa Monica Pictures, LLC v. Comm'r*, 89 T.C.M. (CCH) 1157 (2005)....................3, 4

*Schachter v. Comm'r*, 67 T.C.M. (CCH) 3092 (1994)....................3, 5, 7, 8

*Stobie Creek Investments, LLC v. United States*, 2008 WL 2968170 (Fed.Cl. 2008) ....................4

*Tiger's Eye Trading, LLC v. Comm'r*, No. 14510-05 (U.S. Tax. Ct.)....................7

*Todd v. Comm'r*, 862 F.2d 540 (5th Cir. 1988)....................2, 3, 5, 7

*United States v. Calamaro*, 354 U.S. 351 (1957) ....................15

*Weiner v. United States*, 389 F.3d 152 (5th Cir. 2004)....................7

**STATUTES**

26 U.S.C. § 465....................1, 2, 3, 4, 8, 9, 10, 12

26 U.S.C. § 465(b)(1) ....................9, 10

26 U.S.C. § 664 .......... 11

26 U.S.C. § 752 .......... 6

26 U.S.C. § 6012(a) .......... 13, 15

26 U.S.C. § 6031 .......... 14

26 U.S.C. § 6226(f) .......... 10

26 U.S.C. § 6621 .......... 7

26 U.S.C. § 6221(c) .......... 2, 7

26 U.S.C. § 6662 .......... 2, 13, 15

26 U.S.C. § 6662(a) .......... 2

26 U.S.C. § 6662(b) .......... 15

26 U.S.C. § 6662(e) .......... 2, 13

26 U.S.C. § 6662(h) .......... 2, 15

26 U.S.C. § 6659 .......... 2, 7, 9, 10, 12

26 U.S.C. § 7701 .......... 15

**REGULATIONS**

Treas. Reg. § 1.6662-5(h) .......... 13, 15

Treas. Reg. § 1.701-2 .......... 6

Treas. Reg. § 1.752-6 .......... 6

Treas. Reg. § 301.6221-1T(c) .......... 7

Temp. Reg. § 301.6221-1T(d) .......... 7

Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i) .......... 10

Treas. Reg. § 301.6231(a)(3)-1(a)(1)(vi) .......... 11

Treas. Reg. § 301.7701-15(c) .......... 15

**MISCELLANEOUS**

STAFF OF JT. COMM. ON TAX'N, 97TH CONG., GENERAL EXPLANATION OF THE ECONOMIC RECOVERY TAX ACT OF 1981 (Comm. Print 1981) .......... 3

## INTRODUCTION

The issue raised in plaintiffs' Motion for Partial Summary Judgment is simply whether the 40 percent and 20 percent **valuation misstatement** penalties may be applied where the plaintiffs have conceded the tax adjustments at issue on grounds unrelated to basis or valuation.[1] Plaintiffs conceded defendant's capital gains adjustments, and no basis or valuation issues need to be tried to determine what the capital gains adjustments to plaintiffs' returns should be. Because there has been no concession or ruling relating to the conceded capital gains adjustments on a ground related to basis or valuation (and no further ruling is required to determine the capital gains adjustments), the valuation misstatement penalties are inapplicable as a matter of law. Plaintiffs explained in their motion why the Internal Revenue Code, the legislative history of the relevant statutory provisions, and the case law all dictate that the valuation misstatement penalties cannot apply in these circumstances and why defendant's attempt to require the Court to determine alternative grounds for the conceded adjustments must therefore be rejected in this proceeding.

In its response, defendant failed to distinguish any of the authorities cited by plaintiffs or offer any meaningful reason why they should not control the outcome of this motion. Instead, defendant has attempted to misdirect plaintiffs' argument by focusing on cases where there was no concession by the taxpayers and a valuation misstatement was determined *after* a trial on the merits of all issues. Moreover, even if there were any merit to defendant's argument, it is based on a faulty premise – that plaintiffs' concessions of capital gains adjustments on Section[2] 465 grounds were ineffectual, either because they do not really result in the adjustments to capital

[1] Plaintiffs' instant motion does not pertain to the negligence and substantial understatement penalties alternatively asserted by defendant (though plaintiffs dispute that such penalties are applicable).

[2] All references to "Sections" are to Sections of the Internal Revenue Code of 1986, as amended, unless otherwise noted.

gains at issue in the case, despite defendant's contrary statements in its Answers, or because the Court lacked jurisdiction to accept the concessions. Based on this faulty premise, defendant persists in asking this Court to decide issues in this case that are no longer at issue after plaintiffs' concessions, solely for purposes of asserting the valuation misstatement penalties.

As discussed in detail below, plaintiffs' concessions under Section 465 had meaning, were **accepted** by defendant, and were based on defendant's position as stated in answer to plaintiffs' original Complaints, which Answers defendant has not sought to amend or change at any time in this proceeding. (*See, e.g.*, Alpha Compl. (original) ¶67 and Alpha Answer (original) ¶67; Group Compl. (original) ¶63 and Group Answer (original) ¶63.) Based on those concessions, the legislative purpose behind the enactment of the valuation misstatement penalties, and the case law interpreting the "attributable to" language in Section 6662, the prior Section 6659, and Section 6621(c), any underpayment of tax resulting from plaintiffs' concessions is not "attributable to" a gross or substantial valuation misstatement. Moreover, the Court should not accept defendant's invitation to determine alternative grounds for a conceded adjustment solely to support the imposition of penalties by defendant because such a determination would constitute an advisory opinion.

## ARGUMENT

### I. The 40 Percent and 20 Percent Valuation Misstatement Penalties Do Not Apply.

Congress enacted the valuation misstatement penalties[3] to encourage taxpayers to resolve valuation issues without judicial intervention and to ease the docketing of courts that had to entertain difficult valuation cases. *Todd v. Comm'r*, 862 F.2d 540, 543-44 (5th Cir. 1988). Courts have consistently held that the valuation misstatement penalties do not apply where a

[3] The 20 percent substantial valuation misstatement penalty and the 40 percent gross valuation misstatement penalty both apply only to an underpayment which is "attributable to" a substantial or gross valuation misstatement under chapter 1. Section 6662(a), (e) and (h).

deduction or loss is disallowed or conceded on grounds other than valuation or basis. *See, e.g.*, *Derby v. Comm'r*, 95 T.C.M. (CCH) 1177 (2008); *Todd*, 862 F.2d at 543; *McCrary v. Comm'r*, 92 T.C. 827 (1989); *Schachter v. Comm'r*, 67 T.C.M. (CCH) 3092 (1994); *Gainer v. Comm'r*, 893 F.2d 225 (9th Cir. 1990); *Rogers v. Comm'r*, 60 T.C.M. (CCH) 1386 (1990). Courts likewise have consistently rejected the government's efforts to force litigation on such issues where none is needed. *See, e.g., Schachter*, 67 T.C.M. at 3094; *Rogers*, 60 T.C.M. at 1397. To continue to assert these penalties when the taxpayer has conceded the underlying adjustment would have exactly the opposite of Congress' intended effect because taxpayers would have nothing to lose by continuing to litigate and forcing the courts to decide difficult valuation issues – exactly what Congress was trying to avoid. *See Todd v. Comm'r*, 862 F.2d 540, 543-44 (5th Cir. 1988); STAFF OF JT. COMM. ON TAX'N, 97TH CONG., GENERAL EXPLANATION OF THE ECONOMIC RECOVERY TAX ACT OF 1981 (Comm. Print 1981) (hereinafter "General Explanation").

As described below, defendant's arguments that the authorities described above are not applicable and have been rejected by this Court, that the Court must still determine now irrelevant alternative grounds for defendant's adjustments, and that plaintiffs' concessions were meaningless are erroneous. As such, plaintiffs respectfully request this Court to grant their motion for summary judgment as to the inapplicability of the 40 percent and 20 percent valuation misstatement penalties in this case.

A. Any Underpayment of Tax Resulting from Plaintiffs' Concession Under Section 465 is Not "Attributable to" a Gross or Substantial Valuation Misstatement.

Defendant argues that the determinations by the Tax Court in *Santa Monica Pictures, LLC v. Comm'r*, 89 T.C.M. (CCH) 1157 (2005), the Second Circuit in *Long Term Capital Holdings v. Comm'r*, 330 F. Supp. 2d 122 (D. Conn. 2004), *aff'd* 150 Fed. Appx. 40 (2d Cir. 2005) and this Court in *Jade Trading, LLC v. United States*, 80 Fed. Cl. 11 (2007) rejected

plaintiffs' argument and control here. Defendant misconstrues both plaintiffs' argument and the cases cited.

Plaintiffs conceded, **prior** to a trial on the merits, defendant's capital gains adjustments (the underlying tax issue) based on the application of the Section 465 at-risk rules, a ground that is unrelated to valuation or basis. Contrary to defendant's assertion (Def's. Resp. 12), plaintiffs have **not** conceded that they overstated their bases in the Constellation or Yahoo and Corning Stock or that their transactions should be disregarded for lack of economic substance.[4] In their motion for partial summary judgment, plaintiffs are **not** requesting this Court to determine that misstatements of basis or lack of economic substance fail to support the valuation misstatement penalties. Rather, plaintiffs have asked for judgment that the valuation misstatement penalties cannot apply because they conceded on a ground unrelated to basis.

The cases defendant cited do not even consider (and certainly do not reject) plaintiffs' argument that the valuation misstatement penalties do not apply when a **concession** of the underlying tax is made on a ground unrelated to *basis* or *valuation* (or, in some courts, *economic substance*). Each of the three cases cited by defendant determined that the valuation misstatement penalty was applicable *after* a trial on the merits and *after* deciding that the transaction should be disregarded for lack of economic substance (or in the case of *Long Term Capital*, the step transaction doctrine). *Santa Monica*, 89 T.C.M. at 1226-1227; *Long Term Capital*, 330 F. Supp. at 199-200; *Jade Trading*, 80 Fed. Cl. at 52-54; *see also Stobie Creek Investments, LLC v. United States*, 2008 WL 2968170 (Fed.Cl. 2008). In each of those cases, the

---

[4] At pages 4 and 12 of its response, defendant also alleges, with no support in the record in this case (defendant cites plaintiffs' complaints and a tax return for this proposition), that plaintiffs overstated their bases in the Constellation stock and that the purpose of the transactions they entered was to inflate basis. Defendant also alleges that plaintiffs have admitted that they made an erroneous overstatement of basis. These alleged facts, however, present precisely the factual issues which it is unnecessary to resolve based on plaintiffs' concessions.

courts were forced to consider **all the issues** relating to the underlying taxes, and made a final determination that an overstatement of basis had occurred.

These cases do not support the imposition of the gross or substantial valuation misstatement penalties in the very different posture of this case. Here, plaintiffs have conceded the underlying tax issue, and the Court will not be forced to hold a trial on the merits of the correct amount of capital gains and losses claimed by plaintiffs because the correct amount of such gains and losses is no longer at issue in this case.

Moreover, none of the cases cited by defendant hold that this Court must determine alternative grounds for adjustments conceded by taxpayers **solely** so defendant may use the determination to support the imposition of a penalty. Such a determination would clearly run contrary to the purposes of the penalty – encouraging settlement of difficult valuation issues to reduce the burden on the courts of making such determinations – and to settled law. *See, e.g.*, *Schachter*, 67 T.C.M. at 3094; *Rogers*, 60 T.C.M. at 1397. It is clear that the valuation misstatement penalties do not apply where a deduction or loss is disallowed or conceded on grounds other than valuation, basis, or lack of economic substance. *Derby v. Comm'r*, 95 T.C.M. (CCH) 1177 (2008); *Todd*, 862 F.2d at 543; *McCrary v. Comm'r*, 92 T.C. 827 (1989); *Schachter v. Comm'r*, 67 T.C.M. (CCH) 3092 (1994); *Gainer v. Comm'r*, 893 F.2d 225 (9th Cir. 1990); *Rogers v. Comm'r*, 60 T.C.M. (CCH) 1386 (1990). The cases cited by defendant are therefore inapposite.

B. <u>Ignoring Plaintiffs' Concessions Would Defeat the Purpose of the Valuation Misstatement Penalties.</u>

Defendant's attempt to force trial on alternative grounds for adjustments plaintiffs have ***already*** conceded violates the purpose and policy behind the valuation misstatement penalties and is simply a waste of the Court's and the parties' resources. Defendant argues that the Court "must make a determination as to the capital gain adjustments on the Group FPAA pursuant to

one of the alternative arguments included in the FPAA (i.e. § 752, §1.752-6, §1.701-2, sham, or economic substance)." (Def's. Resp. 8.) Defendant's argument is erroneous – because such a determination would result in an advisory opinion and because it would defeat Congress' purpose in enacting the valuation misstatement penalties.

Plaintiffs have conceded defendant's capital gain adjustments (which are partnership items), and no further determination regarding alternative grounds for defendant's capital gain adjustments is required. If the Court were to determine that the short sale obligations were liabilities under Section 752, such a determination would have no tax effect – plaintiffs have already conceded that their capital gains and losses should be adjusted (though on a different ground). Instead of a mandatory action required of the Court, as suggested by defendant, a determination of the Section 752 issue would be an impermissible advisory opinion. *See, e.g., Malat v. Comm'r,* 302 F.2d 700 (9th Cir. 1962) ("The objective of a proceeding before the Tax Court is not to expound legal theories or to make advisory findings or to render advisory opinions, but to arrive at a determination of how much tax, if any, the petitioner owes. When the petitioners concede that the tax determined by the Commissioner is owed, as they did in this case, then the fact finding and law-expounding function of the Tax Court is at an end, and nothing remains to be done except to enter an order determining the amount of the deficiency.").

In any event, even if such an opinion would not be advisory in nature, it would be improper. Defendant's argument that the Court must determine the alternative grounds for its adjustment because "[p]artnership-level determinations include all the legal and factual determinations that underlie the determination of any penalty, addition to tax, or additional amount . . ." ignores the contrary authorities cited by plaintiffs and the purpose of the valuation

misstatement penalties.[5] Courts have refused to determine issues **solely** so that a valuation misstatement penalty may be supported where the underlying tax issue has been conceded or decided on other grounds. *Schachter*, 67 T.C.M. at 3094; *Rogers*, 60 T.C.M. at 1397. In *Schachter,* the Tax Court declined to litigate an issue for purposes of determining whether the Section 6621(c) interest penalty should apply:

> The objectives of administrative efficiency and judicial economy have been well served by the closing agreement and petitioner's concession. Those objectives would not be served by requiring a trial on the substantive issues for the sole purpose of determining whether petitioner is liable for 20 percent more interest on the deficiency under section 6621(c).

*Schachter,* 67 T.C.M. at 3094.[6]

Moreover, requiring litigation of such issues after concession of the underlying tax violates the purpose of the valuation misstatement penalties – keeping Courts from having to make difficult determinations of valuation or basis when unnecessary. *Todd*, 862 F.2d at 544. Litigation of valuation issues requires significant use of resources of the parties and the courts, and applying a steep penalty for extreme valuation positions taken by taxpayers encourages settlements and concessions of valuation issues. Obviously, the government's attempt to force a trial on the merits for purposes of asserting a penalty does not sit well in light of the rationale for the penalty – to alleviate courts from having to entertain these types of questions. Indeed, the

---

[5] Plaintiffs additionally note that the validity of Treas. Reg. § 301.6221-1T(c), on which defendant relies for this proposition, has been challenged in the Tax Court. *See Tiger's Eye Trading, LLC v. Comm'r*, No. 14510-05, motion by Logan Trust for partial summary judgment to determine the invalidity of Temp. Reg. Sec. 301.6221-1T(c)-(d) (Feb. 25, 2008); Mot. Summ. J., *New Millennium Trading, LLC v. Comm'r*, No. 3439-06, (U.S. Tax Ct. Feb. 6, 2008).

[6] The Section 6621(c) interest penalty (repealed for returns after 12/31/1989) and the valuation misstatement penalties use almost identical language for purposes of determining when the two different penalties applied. Courts have relied on legislative history and judicial interpretations of Section 6621 in interpreting the valuation misstatement penalties. *See*, *e.g.*, *Gainer*, 893 F.2d at 228-29; *Rogers*, 60 T.C.M. at 1399; *see also Weiner v. United States*, 389 F.3d 152, 160-62 (5th Cir. 2004) (surveying case law on the applicability of the Section 6659 penalty to the applicability of the Section 6621(c) interest penalty).

government's position in this case would frustrate the very purpose of the statute because it would **encourage** taxpayers to litigate rather than compromise.

C. Plaintiffs Conceded Defendant's Capital Gain Adjustments Under Section 465(b)(1).

To get around plaintiffs' concessions, defendant argues that a concession on Section 465 grounds does not really result in the adjustments to capital gains at issue in the case (despite defendant's inclusion of the ground in its FPAA and contrary statements in its answers) or that the Court lacks jurisdiction to accept plaintiffs concession on Section 465 because the partners' amounts at risk are not partnership items. Defendant's views that Section 465 does not support plaintiffs' concessions of the capital gains adjustments or alternatively that the Court lacks jurisdiction to accept the concessions are red herrings.

Courts have held that the valuation misstatement penalties are inapplicable for a concession of the **underlying tax issues** prior to trial when **no grounds** for the concession have been specified, which makes clear that the ground upon which a taxpayer concedes an issue is irrelevant provided that the ground is not a redetermination of basis or value. *See, e.g., Schachter v. Comm'r*, 67 T.C.M. (CCH) 3092 (1994) (determining that the taxpayer was not liable for additional interest under Section 6621(c) where he entered a closing agreement that did not express the legal theories for disallowance of certain deductions but obviated the need for a trial to determine the substantive grounds for the disallowance of the deductions); *Rogers v. Comm'r*, 60 T.C.M. (CCH) 1386 (1990) (determining that taxpayers were not liable for overvaluation penalties where they had conceded the correctness of the income tax portion of the deficiency prior to trial without providing a specific reason and the notice of deficiency included a variety of potential reasons for disallowing the credits at issue).

For the valuation misstatement penalties to be inapplicable due to plaintiffs' concession of the underlying tax, plaintiffs did not have to specify a ground for their concession, and if they

specified a ground, they did not even have to choose a ground contained in the FPAA because the TEFRA rules give the Court jurisdiction over all partnership items in that year, regardless of whether they are raised in the FPAA. *See* 26 U.S.C. § 6226(f) (granting courts jurisdiction over *all* partnership items of the partnership for the taxable year to which the FPAA relates). In situations like this one where a specific ground unrelated to basis or value is stated as the basis of the concession, the result is the same. *See, e.g.*, *McCrary v. Comm'r*, 92 T.C. 827 (1989) (determining that the Section 6659 valuation misstatement penalty was inapplicable where the taxpayers conceded, prior to trial, their entitlement to a credit on the ground that the agreement at issue was a license and not a lease rather than on a ground related to value).

In any event, to the extent the ground upon which plaintiffs conceded defendant's capital gains adjustments even matters, defendant's arguments that Section 465 does not support the adjustment or that the Court lacks jurisdiction to accept plaintiffs' concessions are disingenuous based on defendant's previously stated positions. In their original complaints, plaintiffs alleged that "to the extent that [the partnership] and its partners did not properly compute the amounts at risk, the "at risk" rules of Section 465 could only be used to disallow the losses claimed by [the partnership], but such rules would not require [the partnership] or its partners to recognize any gain." (*See, e.g.*, Alpha Compl. (original) ¶67; Group Compl. (original) ¶63.) In its answers to plaintiffs' complaints, defendant denied those allegations. (*See, e.g.*, Alpha Compl. (original) ¶67 and Alpha Answer (original) ¶67; Group Compl. (original) ¶63 and Group Answer (original) ¶63.) Defendant's denial indicates that Section 465 supported defendant's entire capital gains adjustment, not just elimination of losses.

Plaintiffs conceded defendant's capital gains adjustments on the ground that none of the transactions of the partnerships increased the amount considered at-risk for an activity under Section 465(b)(1) and that the at-risk rules would disallow losses and require the partnerships



7999730.1

and their partners to recognize gain on the transactions as set forth in the FPAAs. Plaintiffs based their concessions on defendant's position in its answers (that the entire capital gains adjustments were supported by Section 465). Now, *after* plaintiffs conceded defendant's capital gains adjustments based on Section 465(b)(1), defendant has changed its tune on the application of Section 465. Defendant now argues, contrary to its answer, that Section 465 does not support the capital gains adjustments proposed in the FPAAs and that the IRS included the Section 465 argument in the FPAA "only as a protective adjustment." (Def's. Resp. 5-6.) Defendant's new view that Section 465 does not support its adjustments is directly contrary to the position taken in its Answers.

This leaves defendant with no choice but to argue that this Court lacked jurisdiction to accept plaintiffs' concession of defendant's capital gains adjustments on "at risk" grounds because a **partner's** amount "at risk" is not a partnership item. Defendant conveniently ignores the fact that the determination of a partnership's capital gains and losses (the underlying tax issue that plaintiffs conceded) clearly **is** a partnership item. Treas. Reg. § 1.6231(a)(3)-1(a)(1)(i). Defendant's argument that the ground on which plaintiffs conceded defendant's adjustments to the capital gains and losses of plaintiffs (which ground Defendant included in its FPAA and argued would fully support its adjustments) somehow removes the Court's jurisdiction over plaintiffs' concession is incorrect. The Court has jurisdiction over all partnership items of plaintiffs for the taxable years at issue in this proceeding which include the partnership aggregate of "items of income, gain, loss, deduction, or credit of the partnership." Treas. Reg. § 301.6231(a)(3)-1(a)(1)(i); 26 U.S.C. § 6226(f).

Moreover, defendant's position is untenable in light of its position of the Court's jurisdiction to determine the validity of the CRUTs in Plaintiffs' Motion to Substitute and United States' Motion for Summary Judgment in Cause Nos. 06-409T, 06-410T, and 06-411T. On

those issues, defendant has argued, for example, that the four CRUTs that were partners in R,R,M & C Group, L.P. were not valid because they did not comply with the requirements of Section 664. (Def. Mot. Summ. J. 20-22.) Obviously this has **nothing** to do with any partnership involved in this case, yet defendant persists in arguing that this Court has jurisdiction to consider it.

Here, however, defendant argues that the Court lacks jurisdiction to accept plaintiffs' concessions of defendant's adjustments to the capital gains and losses reported on the partnerships' tax returns, based on the at-risk rules, as asserted by defendant in its FPAAs and Answers in these cases. The latter (capital gains and losses of a partnership) is obviously a partnership item while the former (whether a partner in a partnership is a valid CRUT) is not. Rather than accepting this, defendant makes an effort to give the Court jurisdiction where none exists, and take it away where it clearly has it. (Def. Resp. 6-7; Def. Mot. Summ. J. 13-22.)

Additionally, defendant's reliance on *Russian Recovery Fund, Ltd. v. United States*, 81 Fed. Cl. 793, 797 (2008) (Def. Resp. 7) does not support its argument here. *Russian Recovery* supports the view that a **partner's** amount at risk is not a partnership item. The case determined that a partnership's (Partnership 1's) amount at risk in another partnership (Partnership 2) is not a partnership item of Partnership 2. *Russian Recovery*, 81 Fed. Cl. at 794, 801 (determining that an FPAA could not adjust a partner's amount at-risk with respect to its share of liabilities in the partnership). However, the case does **not** determine that Partnership 1's amount at risk from its participation in Partnership 2 is not a partnership item of Partnership 1. In fact, the regulations support the view that the determination of a partnership's amount at risk in an activity is a partnership item. Treas. Reg. §. 301.6231(a)(3)-1(a)(1)(vi) (describing as partnership items the partnership aggregate and each partner's share of "[o]ther amounts determinable at the partnership level with respect to partnership assets, investments, transactions and operations

necessary to enable the partnership or the partners to determine . . . [a]mounts at risk in any activity to which section 465 applies"). Here, for example, R,R,M & C Group, L.P.'s ("Group") amount at risk in R,R,M & C Partners, LLC ("Partners"), would be a partnership items of Group. (The same would be true of Alpha's amount at risk in Beta and CWC's amount at risk in both Alpha and Group.)

Furthermore, it is clear that in partnership cases there may often be issues to be determined at the partnership level that relate to determining a partner's amount at-risk though the partner's actual amount at-risk is not a partnership item. Whether a partnership has provided a guarantee to a partner to insulate the partner from losses or whether the partnership obtains non-recourse loans are issues that could affect a partner's at-risk amount and should be determined at the partnership level. *Russian Recovery*, 81 Fed. Cl. at 798-99. While the Court need not determine such issues here based on plaintiffs' concession, defendant's argument that the Court lacks jurisdiction to accept a concession of capital gains adjustments on a ground frequently considered at the partnership level is nonsense.

Finally, defendant argues that plaintiffs should not be able to avoid the valuation misstatement penalties because they chose to concede the capital gains adjustment under Section 465. According to defendant, "plaintiffs cannot choose the method of surrender and then brazenly argue to this Court that penalties should not be applicable to them." (Def's. Resp. 12.) Defendant's assertion is completely wrong and contrary to applicable law on point.

The Tax Court rejected this exact argument in *McCrary v. Comm'r.*, 92. T.C. at 853-54. In *McCrary*, the government argued that the taxpayers could not "*selectively* concede a ground for disallowance in order to avoid an addition to tax." *Id.* The Tax Court rejected the government's "equitable" arguments that allowing the taxpayers to overvalue the adjusted basis of the property without suffering an addition to tax would frustrate the policy of Section 6659

and noted that “there are certainly many cases in which taxpayers concede a single ground for disallowance of an item, thus avoiding the necessity of trial in the case.” The court understood that the valuation misstatement penalties were enacted to encourage settlement of difficult valuation issues to relieve courts of having to entertain such disputes. *Id.*

Plaintiffs chose to concede defendant’s adjustments to their capital gains and losses on a ground which, until their concession and assertion that the 40 percent penalty could no longer apply, the government had stated would support its capital gains adjustments in this case. Because defendant does not like that potential result, defendant now invites this Court to ignore defendant’s FPAA and Answers, ignore plaintiffs’ concession, ignore persuasive authority on point, ignore the prohibition on issuing advisory opinions, and determine additional grounds for its capital gains adjustments so that defendant may assert the valuation misstatement penalties against plaintiffs. Plaintiffs respectfully request the Court to reject defendant’s invitation.

**II. There Was No Misstatement on a Return of Tax Imposed by Chapter 1.**

Plaintiffs alternatively argue that even if plaintiffs overstated their bases in the Constellation Brands or Yahoo and Corning stock, the valuation misstatement penalty still would not apply because any such overstatement would not be reported on a “return of tax imposed by chapter 1.” 26 U.S.C. § 6662. In response to plaintiffs’ argument, defendant asserts that because information from a partnership return is reported on an individual’s return it is a return of tax under subtitle A and alternatively because Treas. Reg. §1.6662-5(h) is entitled to deference since the term “return of tax” as used in Section 6662(e) is ambiguous. Neither argument has merit.

Defendant argues that the Treasury Regulations should trump the clear language of Section 6662(e) and other applicable statutes. Section 6662(e) makes clear that the valuation misstatement penalties may only apply if the misstatement occurs on a “return of tax imposed by chapter 1.” Section 6012(a) lists the persons required to make “returns with respect to income



7999730.1

taxes under subtitle A." The list does **not** include partnerships. Instead, under Section 6031, partnerships make an information return of income (not a return of tax under subtitle A). Defendant's unilateral determination that a partnership information return is a return of tax under chapter 1 cannot override the clear language of the statutes passed by Congress.

Moreover, penalty statutes are to be strictly construed against the government. *Comm'r v. Acker*, 361 U.S. 87, 91 (1959). In *Acker*, the Commissioner attempted to assert two penalties against a taxpayer for failure to file a declaration of estimated tax. The statute at issue imposed two possible penalties: a penalty for failure to file and a penalty for filing a substantial underestimate of tax. *Acker*, 361 U.S. at 88. To expand the application of the penalty for filing a substantial underestimate, the Commissioner promulgated a regulation which determined that in the event of a taxpayer's failure to file the estimate, the amount of estimated tax for purposes of the substantial underestimate penalty was (-0-). *Id.* at 89. The Supreme Court determined that there was no language in the statute supporting the regulation and "to uphold this addition to the tax would be to hold that it may be imposed by regulation, which, of course, the law does not permit." *Id.* at 92. The Court would not allow the Commissioner to add to the statute what was not there. *Id.* at 93; *see also Rite Aid Corp. v. United States*, 255 F.3d 1357, 1359 (Fed. Cir. 2001).

Defendant's expansion of the valuation misstatement penalties by regulation was not authorized by Congress and is not entitled to deference. Executive agencies are not permitted to **legislate** by adding terms or requirements to a statutory scheme that Congress has not provided. *See Koshland v. Helvering*, 298 U.S. 441, 447 (1936) (Where "the provisions of the act are unambiguous, and its directions specific, there is no power to amend it by regulation."); *Deluxe Corp. v. United States*, 885 F.2d 848, 853 (Fed. Cir. 1989) ("A regulation serves to implement the law, not change it."). Contrary to defendant's assertion (Def. Resp. 15), the term "return of

tax" is not ambiguous, and is quite adequately explained in Section 6012(a) (which describes the persons required to file returns of tax under subtitle A).

Defendant's argument that Congress' amendments to Sections 6662 and 7701 without disapproving the regulations promulgated by the Secretary constitutes "congressional approval" is unpersuasive, particularly where the amendments evidenced no consideration or approval of the administrative interpretations at issue here. *Brown v. Gardner*, 513 U.S. 115, 121 (1994) ("[W]here the law is plain, subsequent reenactment does not constitute an adoption of a previous administrative construction."); *United States v. Calamaro*, 354 U.S. 351, 359 (1957) (determining that legislative reenactment of Section 3290 in the 1954 Code was without significance as nothing indicated that the regulation had been called to the attention of Congress, and the reenactment was not accompanied by any discussion of the regulation).

Because Treas. Reg. § 1.6662-5(h) and Treas. Reg. § 301.7701-15(c) impermissibly expand the scope of a statute imposing a penalty, they are invalid and do not support the application of a valuation misstatement penalty against a partnership. A partnership return is not a return of tax imposed under chapter 1; therefore, the valuation misstatement penalties are inapplicable to plaintiffs.

## CONCLUSION

For the reasons set forth above and in Plaintiffs' Motion for Partial Summary Judgment, plaintiffs pray that their Motion for Partial Summary Judgment be granted and an order be entered holding that the 40 percent gross valuation misstatement penalty and the 20 percent substantial valuation misstatement penalty set forth in Section 6662(b) and (h) do not apply in this case as a matter of law.

Respectfully submitted this 21st day of August, 2008.

s/ Lewis S. Wiener
LEWIS S. WIENER
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Avenue, NW
Washington, D.C. 20004
202.383.0140 telephone
202.637.3593 facsimile
Email: lewis.wiener@sablaw.com

Of Counsel:

N. Jerold Cohen
Thomas A. Cullinan
Joseph M. DePew
Julie P. Bowling
Sutherland Asbill & Brennan LLP
999 Peachtree Street, NE
Atlanta, Georgia 30309
404.853.8000 telephone
404.853.8806 facsimile

Kent L. Jones
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC 20004
202.383.0732 telephone
202.637.3593 facsimile

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that service of the foregoing Reply in Support of Plaintiffs' Motion for Partial Summary Judgment has been made on August 21, 2008 via the Court's CM/ECF system to:

Thomas M. Herrin
Attorney, Tax Division
Department of Justice
717 N. Harwood, Suite 400
Dallas, Texas 75201
thomas.m.herrin@usdoj.gov

s/ Lewis S. Wiener
LEWIS S. WIENER