# In the United States Court of Federal Claims

No. 06-407 T

(into which have been consolidated Nos. 06-408T, 06-409T, 06-410T, 06-411T, 06-810T, 06-811T)

(E-Filed:  March 3, 2009)

| | |
|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER, | ) ) ) Motion for Reconsideration; ) RCFC 54(b); RCFC 59(a)(1); 26 ) U.S.C. § 6226 |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) 06-407 T ) ) |
| Defendant. | ) ) |
| BETA PARTNERS, L.L.C., BY AND THROUGH ALPHA I, L.P., A NOTICE PARTNER, | ) ) ) ) |
| Plaintiff, | ) 06-408 T ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) |
| Defendant. | ) ) |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER, | ) ) ) ) |
| Plaintiff, | ) 06-409 T ) |
| v. | ) |

THE UNITED STATES,                                        )
                                                          )
                                                          )
                    Defendant.                            )
                                                          )
                                                          )
                                                          )
R, R, M & C GROUP, L.P., BY AND THROUGH   )
ROBERT SANDS CHARITABLE REMAINDER   )
UNITRUST – 2001, A NOTICE PARTNER,        )
                                                          )                 06-410 T
                    Plaintiff,                            )
                                                          )
v.                                                        )
                                                          )
THE UNITED STATES,                                        )
                                                          )
                    Defendant.                            )
                                                          )
                                                          )
CWC PARTNERSHIP I, BY AND THROUGH        )
TRUST FBO ZACHARY STERN U/A FIFTH G,      )
ANDREW STERN AND MARILYN SANDS,           )
TRUSTEES, A NOTICE PARTNER,                )
                                                          )                 06-411 T
                    Plaintiff,                            )
                                                          )
v.                                                        )
                                                          )
THE UNITED STATES,                                        )
                                                          )
                    Defendant.                            )
                                                          )
                                                          )
MICKEY MANAGEMENT, L.P., BY AND          )
THROUGH MARILYN SANDS, A NOTICE          )
PARTNER,                                                  )
                                                          )                 06-810 T
                    Plaintiff,                            )
                                                          )

v.                                                    )
                                                      )
THE UNITED STATES,                                    )
                                                      )
            Defendant.                                )
                                                      )
_____              )
                                                      )
M, L, R & R, BY AND THROUGH RICHARD E.                )
SANDS, TAX MATTERS PARTNER,                           )
                                                      )
            Plaintiff,                                )        06-811 T
                                                      )
v.                                                    )
                                                      )
THE UNITED STATES,                                    )
                                                      )
            Defendant.                                )
_____              )

Lewis S. Wiener, Washington, DC, for plaintiff.  N. Jerold Cohen, Thomas A. Cullinan,
Joseph M. DePew, and Julie P. Bowling, Atlanta, GA, and Kent L. Jones, Washington,
DC, of counsel.

Thomas M. Herrin, with whom were Louise Hytken, Chief, Southwestern Civil Trial
Section, and Michelle C. Johns, Trial Attorney, Tax Division, United States Department
of Justice, Dallas, TX, and John A. DiCicco, Deputy Assistant Attorney General, and
Steven I. Frahm, Chief, Court of Federal Claims Section, Tax Division, United States
Department of Justice, Washington, DC, for defendant.

OPINION

HEWITT, Judge

        Before the court are the United States' Motion to Reconsider Order Regarding
Plaintiffs' Motion to Substitute Certain Parties and to Dismiss Certain Causes of Action
(defendant's Motion for Reconsideration or Def.'s Mot. for Recons.), filed October 24,
2008, and Plaintiffs' Response in Opposition to Defendant's Motion to Reconsider Order
Regarding Plaintiffs' Motion to Substitute Certain Parties and to Dismiss Certain Causes
of Action (plaintiffs' Response or Pls.' Resp.), filed December 3, 2008.  Defendant
moves the court for reconsideration, Def.'s Mot. for Recons. 1, of the court's Opinion and

Order of October 9, 2008, granting in part and denying in part Plaintiffs' Motion to Substitute Certain Parties and to Dismiss Certain Causes of Action for Lack of Jurisdiction (plaintiffs' Motion or Pls.' Mot.), Alpha I, L.P., v. United States (Alpha I), 84 Fed. Cl. 209, 225 (2008).

I.      Background

The relevant facts of the case, as pertain to plaintiffs' Motion, are set forth in detail in the court's Opinion and Order of October 9, 2008.  See Alpha I, 84 Fed. Cl. at 210-11. For convenient reference, the facts are discussed briefly here.  "R, R, M & C Group, L.P. (Group) was a limited partnership with four equal limited partners:  Robert Sands, Richard Sands, Marilyn Sands, and CWC Partnership I (CWC) (collectively, the Sands)." Id. at 210.  The Sands transferred their interests in Group to four charitable remainder unitrusts (CRUTs) on September 21, 2001.  Id.  In a Final Partnership Administrative Adjustment (FPAA) defendant stated, among other things, that the transfers to the CRUTs were sham transactions.  Id. at 211.  The Sands "move[d] this Court to invalidate that portion of defendant's [FPAA] that it issued to [Group] wherein defendant determined that the Sands' transfers of their partnership interests in Group to several [CRUTs] were shams."  Pls.' Mot. 2-3.   The court granted plaintiffs' Motion in part and denied it in part, summarizing its findings as follows:

> Because the court finds the identity of a partner to be a non-partnership item that cannot be contested in an FPAA, the court GRANTS plaintiffs' Motion insofar as it requests the court to invalidate the portion of the FPAA issued to Group that determined that the transfers of partnership interests in Group were shams.  Because the court finds that the [Internal Revenue Service (IRS)] lacked jurisdiction to determine the identity of Group's partners in an FPAA, the court GRANTS plaintiffs' Motion insofar as it seeks to dismiss Robert Sands, Richard Sands, Marilyn Sands, and CWC from these proceedings.  The court also GRANTS plaintiffs' Motion insofar as it seeks to substitute the Robert Sands Charitable Remainder Unitrust-2001 as the partner filing suit on behalf of Group.  The court DENIES plaintiffs' request that the deposit made by Robert Sands be returned.

Alpha I, 84 Fed. Cl. at 225.

Defendant argues that "the [c]ourt erroneously held that, under the facts presented, the transfers by the Sands of the Group partnership interests is not a partnership item." Def.'s Mot. for Recons. 1.  According to defendant, the court's ruling "effectively precludes any challenge regarding the purported transfers to the CRUTs as they relate to

the 2001 tax year." Id. at 2.  Additionally, defendant requests that the court withdraw that portion of its Opinion discussing whether the identity of Group's partners is an affected item because "this issue was beyond the [c]ourt's jurisdiction." Id. at 1.  Plaintiffs argue that "[d]efendant does not raise any new or previously unavailable arguments to support its first contention," that the court erred in holding that the transfers of the Group partnership interests to the CRUTs are not partnership items.  Pls.' Resp. 1.  Plaintiffs also point out that "defendant raised for the first time in its [M]otion for [R]econsideration its second contention [that the court did not have jurisdiction to determine whether the identity of Group's partners is an affected item]." Id.  Plaintiffs request that the court deny defendant's Motion for Reconsideration because:

> (1) defendant's Motion for Reconsideration does not meet the [Rule 59(a) of the Rules of the United States Court of Federal Claims (RCFC)] standard for granting motions for reconsideration; (2) the [c]ourt concluded that the identity of the partners of Group is not a partnership item to be determined in this proceeding; and (3) the [c]ourt correctly concluded that the identity of Group's partners is not an affected item.

Id. at 2.

For the following reasons, defendant's Motion is DENIED.  Pursuant to RCFC 54(b) the court AMENDS its Opinion and Order of October 9, 2008 in accordance with this Opinion.  See RCFC 54(b) ("[A]ny order or other decision, however designated, . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

II.     Standard of Review

The standards applicable to reconsideration of non-final decisions are set forth in RCFC 54(b) and RCFC 59(a).  RCFC 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  RCFC 54(b).  RCFC 59(a) provides that rehearing or reconsideration may be granted as follows:  "(A) for any of reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States."  RCFC 59(a)(1).

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court." Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). "The court must consider such motion with 'exceptional care.'" Henderson County Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003) (quoting Fru-Con Constr. Corp. v. United States (Fru-Con), 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000) (table)). "A motion for reconsideration is not intended, however, to give an 'unhappy litigant an additional chance to sway' the court." Matthews v. United States (Matthews), 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States (Froudi), 22 Cl. Ct. 290, 300 (1991)). A party may not prevail on a motion for reconsideration "by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." Id. at 526 (citing Lamle v. Mattel, Inc. (Lamle), 394 F.3d 1355, 1359 n.1 (Fed. Cir. 2005); Abbott Labs. v. Syntron Bioresearch, Inc. (Abbott Labs.), 334 F.3d 1343, 1355 (Fed. Cir. 2003); Corrigan v. United States (Corrigan), 70 Fed. Cl. 665, 668 (2006); Seldovia Native Ass'n v. United States (Seldovia), 36 Fed. Cl. 593, 594 (1996)). "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'" Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con, 44 Fed. Cl. at 300). "To prevail on a motion for reconsideration, the movant must point to a manifest error of law or mistake of fact." Pac. Gas & Elec. Co. v. United States, 58 Fed. Cl. 1, 2 (2003). "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." Matthews, 73 Fed. Cl. at 526 (citing Griswold v. United States (Griswold), 61 Fed. Cl. 458, 460-61 (2004)). "Manifest" is defined as "clearly apparent or obvious." Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002). "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being almost indisputable.'" Shirlington Limousine & Transp., Inc. v. United States, 78 Fed. Cl. 27, 31 (2007) (quoting Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006)).

III.   Discussion

   A.   Defendant's Request for the Court to Reconsider Its Determination that the Identity of Group's Partners Is Not a Partnership Item

The court discussed the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. No. 97-248, 96 Stat. 324 (codified as amended at 26 U.S.C. §§ 6221-34 (2006)), and, in particular, the definition of a partnership item, in detail in its Opinion and Order of October 9, 2008. See Alpha I, 84 Fed. Cl. at 211-14. The court stated: "The first prong of the definition of a partnership item defines a partnership as an item

that is 'required to be taken into account for the partnership's taxable year under any provision of subtitle A.'" Alpha I, 84 Fed. Cl. at 213 (quoting 26 U.S.C. § 6231(a)(3)). The court determined, in agreement with plaintiffs, that the partnership's duty to identify its partners is set forth in subtitle F of the Internal Revenue Code (I.R.C.), and therefore the determination of the identity of Group's partners did not meet the first prong of the definition of a partnership item. See id. (citing 26 U.S.C. § 6031(a)).  The court then stated, "Under the second prong of the definition of a partnership item, an item will meet the definition of a partnership item 'to the extent regulations prescribed by the Secretary [of the Treasury (Secretary)] provide that . . . such item is more appropriately determined at the partnership level than at the partner level.'" Id. at 213-14 (quoting 26 U.S.C. § 6231(a)(3)) (omission in original).  The court determined that the identity of a partnership's partners was an item more appropriately determined in a partner-level proceeding. See id. at 214-21.  The court further determined that the transfer of a partnership interest is not a partnership item under Treasury Regulation § 301.6231(a)(3)-1(c)(3).  Id. at 219 (determining that the transfer was not covered by an election under § 754 and therefore, according to Treasury Regulation § 301.6231(a)(3)-1(c)(3), was not a partnership item).

Defendant requests that the court reconsider its Opinion and Order of October 9, 2008 because "the identity of Group's partners is an item more appropriately determined at the partnership level under 26 U.S.C. § 6231(a)(3) and Treas. Reg. § 301.6231(a)(3)-1(a)." Def.'s Mot. for Recons. 1 (footnote omitted).  Plaintiffs, on the other hand, argue that defendant's Motion for Reconsideration "does not meet the RCFC 59(a) standard for granting such motions." Pls.' Resp. 2.  As plaintiffs point out, "defendant's [Motion for Reconsideration] primarily renews arguments that have already been carefully considered by the [c]ourt and discussed in its October 9, 2008 Opinion or raises issues that could have been previously addressed by defendant." Id. at 3.

Defendant has not argued that any of the circumstances have occurred that would warrant the grant of a motion for reconsideration.  See Def.'s Mot. for Recons. passim. Specifically, defendant has not argued that there has been "an intervening change in the controlling law," that previously unavailable evidence is now available, or that the motion should be granted "to prevent manifest injustice." See Matthews, 73 Fed. Cl. at 526 (citing Griswold, 61 Fed. Cl. at 460-61).  Defendant merely rehashes arguments made in briefing and at oral argument on plaintiffs' Motion.  Compare Def.'s Mot. for Recons. 3 ("Because the identity of Group's partners is a factual determination impacting the allocation of partnership income, credit, gain, loss, deduction, etc., it is a partnership level determination."), with United States' Response to Plaintiffs' Motion to Substitute Parties and to Dismiss Certain Causes of Action For Lack of Jurisdiction and Supporting Brief (defendant's Response or Def.'s Resp.) 14 ("While not specifically addressed by the

regulations, the regulatory scheme presupposes that the identity of the partners is a partnership item, as the partnership must make legal and factual determinations concerning the identity and percentage interests of the partners in order to properly allocate items of income among the partners and determine items related to distributions."); id. at 15 ("[B]ecause the issue of whether the transfers of the [Group] partnership interests by the Sands . . . were shams will determine the partnership's allocation of these items, it is also a matter appropriately determined at the partnership-level."); id. at 17-18 ("[T]he regulatory framework that underlies the §[]6231(a)(3) definition of partnership item supports the United States' position that the determination of the identity of a partnership's partners for purposes of allocating shares of the partnership's income is a partnership item subject to partnership-level proceedings."); and Transcript of Oral Argument of Oct. 6, 2008 (Tr.) 52:9-12 (arguing that "the income[,] gain, loss, or deduction or credit . . . . can't be determined unless we know whether or not the CRUTs are truly a partner in this proceeding").  As previously stated, see supra Part II, "A motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court," Matthews, 73 Fed. Cl. at 525 (quoting Froudi, 22 Cl. Ct. at 300).

According to defendant, "Because the identity of Groups's partners is a factual determination impacting the allocation of partnership income, credit, gain, loss, deduction, etc., it is a partnership level determination."  Def.'s Mot. for Recons. 3.  Defendant contends that "the partner identity inquiry [is] directly within the scope of Treasury Regulation §[]301.6231(a)(3)-1(a)(1)."  Id. at 3 n.2.  Plaintiffs, on the other hand, argue that Treasury Regulation § 301.6231(a)(3)-1(a) "does not require the partnership to determine whether each partner of record is actually a partner[,] . . . it only requires the partnership to determine the total amounts that are to be allocated to the partners of record."  Pls.' Resp. 7.  In addition, defendant argues that the items listed in Treas. Reg. § 301.6231(a)(3)-1(a) "are not exclusive."  Def.'s Mot. for Recons. 3 n.2. (citing Petaluma FX Partners, LLC v. Comm'r (Petaluma), No. 24717-05, 131 T.C. No. 9, 2008 WL 4682543 (Tax Ct. Oct. 23, 2008)).  In Petaluma, the United States Tax Court held that it had jurisdiction over whether Petaluma FX Partners, LLC was "a sham, lack[ed] economic substance, or otherwise should be disregarded for tax purposes." Petaluma, 2008 WL 4682543, at *9.  Petaluma, however, does not support defendant's contention that the identity of Group's partners is a partnership item.  The relevant issue in Petaluma was whether the Tax Court had jurisdiction over the determination of whether the partnership as a whole was a sham, id., while the issue before this court was whether the transfer of a partnership interest was a partnership or non-partnership item, Alpha I, 84 Fed. Cl. at 225.

According to defendant, if the CRUTs are disregarded as partners in Group, the $475,304 dividend income, the $3,527 in net short-term capital loss, the $19,960,308 in

net long-term capital, the $1,623 in investment fees, and the $475,304 in investment income allocated to them will need to be reallocated among the Sands.  Def.'s Mot. for Recons. 3.  Defendant contends that "[t]he [c]ourt's reliance on Grigoraci [v. Comm'r (Grigoraci), 84 T.C.M. (CCH) 186, T.C. Memo 2002-202,] and Hang [v. Comm'r (Hang), 95 T.C. 74 (1990), in its Opinion and Order of October 9, 2008] is misplaced."  Def.'s Mot. for Recons. 4 ("In both cases, beneficial ownership determination would never affect the percentage interests of any partner.").  According to defendant, "here, unlike Grigoraci, a dispute exists as to the amount of allocations made to [the Sands]. . . . Group's allocations are affected because the allocations as reported differ from those that would result if the transfers to the CRUTs are disregarded."  Id. at 4.  However, plaintiffs argue that "if the transfers to the CRUTs were disregarded, those items would be allocated to the Sands in the same amounts reported by the CRUTs (rather than among the Sands in different amounts than those allocated to the CRUTs)."  Pls.' Resp. 8.  As plaintiffs note,

> Whether the CRUTs or the Sands were the limited partners of Group during the period after September 2001 does not change the amount of Group's income and other items or the distributive share of any other partner of record during the period at issue.  Those items will still be allocated in 24.975% shares to the four limited partners during that period – whoever they may be – and 0.1% to the general partner.

Pls.' Resp. 9.  As previously stated, the court has already determined that the question of whether the partnership interests in Group were validly transferred does not affect the allocation of income, gain, or losses among other partners.  Alpha I, 84 Fed. Cl. at 220-21.  "Motions for reconsideration should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'"  Fru-Con, 44 Fed. Cl. at 300 (quoting Seldovia, 36 Fed. Cl. at 594).

Defendant further argues that "none of the facts or issues regarding Group's partner[s'] identit[ies] are unique to any of the Sands."  Def.'s Mot. for Recons. 5.  Defendant's argument is the same as its argument in its original responsive briefing to plaintiffs' Motion.  Compare Def.'s Mot. for Recons. 5 ("[A]ny suggestion that the partner identity dispute presented here involves information not available at the partnership level ignores reality.  The information regarding whether the CRUTS were Group's true partners was readily available to Group since the use of the CRUTS was a key part of the Sands/Heritage scheme to camouflage the transactions from the IRS."), with Def.'s Resp. 18 ("[N]o suggestion has been made that the partnership does not have

full access to all of the facts surrounding the CRUTS in this tax scheme."). Defendant's argument, referring as it does to "camouflage" and "this tax scheme," appears to assume the proven existence of some illegality. However, there has never been a determination regarding any allegations that the transfers of partnership interest in Group from the Sands to the CRUTS were sham transactions. Moreover, the court addressed and disposed of defendant's substantive argument in its Opinion and Order of October 9, 2008. Alpha I, 84 Fed. Cl. at 215 ("As with the corporation in Hang, which was not in a position to determine the ownership of stock by a person or entity not a shareholder o[f] record, the Group partnership is not in a position to go behind the transactions between a partner and its successor of record. Both are questions of succession to interests that appear to the court to require determination at the individual taxpayer level."); id. at 216 (discussing Prochorenko v. United States, 243 F.3d 1359, 1363 (Fed. Cir. 2001), a case holding that a partner's right to consistent settlement is not a partnership item because the relevant facts concern the partner and not the partnership). Again, "A motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court," Matthews, 73 Fed. Cl. at 525 (quoting Froudi, 22 Cl. Ct. at 300).

Defendant argues that "the effect of incorrectly classifying a partnership item as a non-partnership item in a partnership level proceeding is to preclude any other court from making that determination." Def.'s Mot. for Recons. 1, 7 ("Under this [c]ourt's ruling, for the 2001 tax year, the identity of Group's partners will escape judicial review."). According to defendant, the only avenue remaining to challenge the identity of Group's partners is "a notice of deficiency issued under 26 U.S.C. § 6212."[1] Id. at 5. Defendant, however, argues that if they had filed a notice of deficiency prior to the court's partnership-level determinations, the notice of deficiency would have been dismissed as premature. Id. at 6 (citing GAF Corp. & Subsidiaries v. Comm'r, 114 T.C. 519 (2000) and Gillilan v. Comm'r, 66 T.C.M. (CCH) 398, T.C. Memo 1993-366). Now, according

---

[1] Plaintiffs agree that "[t]he Internal Revenue Service [(IRS)] was required to make any challenge to the Sands' transfers of their partnership interests by issuing Statutory Notices of Deficiency to them, which would have given them the choice of contesting the Notices in the Tax Court or paying the tax and seeking a refund." Plaintiffs' Motion to Substitute Certain Parties and to Dismiss Certain Causes of Action for Lack of Jurisdiction (plaintiffs' Motion or Pls.' Mot.) 3 (citing 26 U.S.C. §§ 6212-13, 6422 (2006)). Plaintiffs argue that "[i]tems that are not partnership items must be adjusted, if at all, through deficiency procedures to be applied at the partner level." Id. at 8. According to plaintiffs, "The proper vehicle for challenging the validity of a charitable remainder trust or transfer of property thereto is through the issuance of a notice of deficiency to the grantor or estate claiming a charitable deduction for the transfer." Plaintiffs' Response in Opposition to Defendant's Motion to Reconsider Order Regarding Plaintiffs' Motion to Substitute Certain Parties and to Dismiss Certain Causes of Action (plaintiffs' Response or Pls.' Resp.) 12.

to defendant, "the time to issue a non-partnership notice of deficiency under § 6212 has already expired." Id. at 7.  According to plaintiffs, "Even if defendant were correct that the [c]ourt's ruling precludes a challenge to the identity of a partner under the facts of this case, . . . defendant had the opportunity to present this argument previously and failed to do so."  Pls.' Resp. 5 (emphasis omitted).  A party may not prevail on a motion for reconsideration "by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed."  Matthews, 73 Fed. Cl. at 526 (citing Lamle, 394 F.3d at 1359 n.1; Abbott Labs., 334 F.3d at 1355; Corrigan, 70 Fed. Cl. at 668; and Seldovia, 36 Fed. Cl. at 594).  Furthermore, as plaintiffs point out, Pls.' Resp. 5, plaintiffs previously informed defendant that it should file notices of deficiency in order to avoid such a result, see Pls.' Reply 2 & n.2 ("Defendant's continuing delay in making these adjustments through statutory notices of deficiency may, however, result in such adjustments being time-barred.  Defendant has failed to explain why it has not taken the simple action of issuing these notices, which could be done on a protective basis even while this issue is pending before this [c]ourt.").  Finally, according to plaintiffs,  "Absolutely nothing precludes defendant from issuing statutory notices of deficiency for non-partnership items while the partnership proceeding is ongoing."  Pls.' Resp. 14 (citing Grigoraci, 84 T.C.M. (CCH) at 187, 192).

Defendant further argues that because "the partnership identity determination, standing alone, does not create a deficiency in tax[,] . . . the Tax Court would not have jurisdiction to determine the validity of the Sands' transfer of the Group partnership interests to the CRUTs because no tax would result from that determination."  Def.'s Mot. for Recons. 6.  According to plaintiffs, however, "if the CRUTs were shams or the transfers of limited partnership interests to them were invalid, there are several non-partnership items that defendant could have adjusted through notices of deficiency issued to the Sands to challenge the identity of the partners of Group."  Pls.' Resp. 11 (noting that "[t]he IRS could have disallowed the charitable deductions taken by the Sands for the gifts of limited partnership interests to the CRUTs or allocated the dividend income reported by the CRUTs to the Sands on the basis that the CRUTs were invalid").  Plaintiffs cite to several cases in which the government "has challenged the validity of similar transactions in notices of deficiency."  Id. at 12 (citing, inter alia, Estate of Atkinson v. Comm'r, 115 T.C. 26 (2000) and Estate of Tamulis v. Comm'r, 92 T.C.M. (CCH) 189, T.C. Memo 2006-183).  Furthermore, "A determination by the IRS that the transfers by the Sands were invalid would have resulted in deficiencies because the Sands each claimed a charitable deduction of approximately $520,000 based on the gift of their limited partnership interests in Group to the CRUTs."  Id. at 13.

Defendant does not allege "(1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the

necessity of allowing the motion to prevent manifest injustice."  See Matthews, 73 Fed.
Cl. at 526 (citing Griswold, 61 Fed. Cl. at 460-61); Def.'s Mot. for Recons. passim.  If
defendant is in fact arguing, without specifically so stating, that reconsideration of the
court's Opinion and Order of October 9, 2008 is warranted in order to prevent manifest
injustice, see Def.'s Mot. for Recons. 1, defendant has failed to show that it is necessary
to grant the Motion is order to prevent manifest injustice from occurring as a result of the
court's decision.

        B.      Defendant's Request for the Court to Withdraw the Portion of Its Opinion
              and Order that Determined that the Identity of Group's Partners Is Not an
              Affected Item

In defendant's Response to plaintiff's Motion, defendant argued that "[i]f the
identity of . . . Group's partners is not a partnership item, it is an affected item to be
determined in a subsequent partner level proceeding."  Def.'s Resp. 20.  Plaintiffs argued
that the court did not have jurisdiction to determine whether a non-partnership item is an
affected item.  Plaintiffs' Reply to United States' Response to Plaintiffs' Motion to
Substitute Certain Parties and to Dismiss Certain Causes of Action for Lack of
Jurisdiction (plaintiffs' Reply or Pls.' Reply) 15.  Defendant now states that it "agrees
with plaintiffs' position that this [c]ourt lacks jurisdiction to determine whether a non[-
]partnership item is an affected item."  Def.'s Mot. for Recons. 7.  Plaintiff asserts that
defendant only raised its latest contention, that the court lacks jurisdiction to determine
whether a non-partnership item is an affected item, "solely because the [c]ourt determined
that the identity of the partners of Group is not an affected item."  Pls.' Resp. 2.
According to defendant, "The United States did not have an opportunity to file a response
to the plaintiffs' [R]eply since additional briefing was not allowed.  Thus the United
States did not have an opportunity to address plaintiffs' jurisdictional arguments."  Def.'s
Mot. for Recons. 7.  The court held oral argument on plaintiffs' Motion on October 6,
2008.  See Tr. 1:13, 4:11-14.  Defendant had an opportunity to address plaintiffs'
jurisdictional arguments at oral argument and failed to do so.  See Tr. passim.

An affected item is defined as "any item to the extent such item is affected by a
partnership item."  26 U.S.C. § 6231(a)(5).  The court relied on language in 26 U.S.C. §
6226(f) to find that it possessed jurisdiction over whether a non-partnership item is an
affected item.  See Alpha I, 84 Fed. Cl. at 222.  Section 6226(f) states:

      A court with which a petition is filed in accordance with this section shall
      have jurisdiction to determine all partnership items of the partnership for
      the partnership taxable year to which the notice of final partnership
      administrative adjustment relates, the proper allocation of such items among

the partners, and the applicability of any penalty, addition to tax, or
additional amount which relates to an adjustment to a partnership item.

26 U.S.C. § 6226(f).  The court concluded that the "additional amount . . . relat[ing] to an
adjustment to a partnership item," 26 U.S.C. § 6226(f), "appears to include items
'affected by a partnership item,'" Alpha I, 84 Fed. Cl. at 222 (quoting 26 U.S.C. §
6231(a)(5)).  According to defendant, however, the language "additional amount which
relates to an adjustment to a partnership item," 26 U.S.C. § 6226(f), "refers only to
penalty amounts," Def.'s Mot. for Recons. 8.  After further consideration, the court agrees
that the language of 26 U.S.C. § 6226(f), providing for jurisdiction over any "additional
amount which relates to an adjustment to a partnership item," 26 U.S.C. § 6226(f), refers
solely to the application of penalties, see Taxpayer Relief Act of 1997, Pub. L. No. 105-
34, § 1238, 111 Stat. 788, 1026 (modifying § 6226(f) to include the language "and the
applicability of any penalty, addition to tax, or additional amount which relates to an
adjustment to a partnership item"); S. Rep. No. 105-33, at 261 (1997) (stating that "[t]he
[Taxpayer Relief Act of 1997] provides that the partnership-level proceeding is to include
a determination of the applicability of penalties at the partnership level"); H.R. Rep. No.
105-148, at 594 (1997) (stating that "[t]he [Taxpayer Relief Act of 1997] provides that
the partnership-level proceeding is to include a determination of the applicability of
penalties at the partnership level").

The court concludes that it is without jurisdiction to determine whether the identity
of Group's partners is an affected item and therefore AMENDS its Opinion and Order of
October 9, 2008 by WITHDRAWING that portion of its Opinion and Order of October 9,
2008 addressing whether the identity of Group's partners is an affected item.  After the
foregoing amendment of its Opinion and Order of October 9, 2008, the court's legal
conclusion regarding whether a partner' identity is a partnership or non-partnership item
remains intact.  Therefore, requiring defendant to be bound by the court's Opinion and
Order of October 9, 2008, finding the identity of Group's partners to be a non-partnership
item, does not result in a "manifest" or "obvious" injustice in this case.  The court's
amendment to its Opinion and Order of October 9, 2008 does not require reconsideration
under RCFC 59(a).

IV.    Conclusion

For the foregoing reasons, defendant's Motion is DENIED.  The court AMENDS
its Opinion and Order of October 9, 2008 by WITHDRAWING that portion of the

Opinion and Order addressing whether the identity of Group's partners is an affected item.[2]

     IT IS SO ORDERED.

s/ Emily C. Hewitt<br>
EMILY C. HEWITT<br>
Judge

---

[2] The portions of the court's Opinion and Order of October 9, 2008 that are withdrawn by this amendment are contained on pages 221-23 of the Opinion and Order, beginning with the words "In the alternative " on page 221 and concluding with the words "not in a proceeding currently before the court" on page 223.  See Alpha I, L.P., v. United States, 84 Fed. Cl. 209, 221-23 (2008).