# In the United States Court of Federal Claims

No. 06-407 T
(into which have been consolidated Nos. 06-408T, 06-409T, 06-410T, 06-411T, 06-810T, 06-811T)

(E-Filed: March 16, 2009)

| | | |
|---|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER, | ) ) ) ) | Motion for Reconsideration; RCFC 54(b); RCFC 59(a)(1); 26 U.S.C. § 6662 |
| Plaintiff, | ) ) | |
| v. | ) ) | 06-407 T |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |
| BETA PARTNERS, L.L.C., BY AND THROUGH ALPHA I, L.P., A NOTICE PARTNER, | ) ) ) ) | |
| Plaintiff, | ) ) | 06-408 T |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER, | ) ) ) ) | |
| Plaintiff, | ) ) | 06-409 T |
| v. | ) | |

| | | |
|---|---|---|
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |
| | ) | |
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS CHARITABLE REMAINDER UNITRUST – 2001, A NOTICE PARTNER, | ) ) ) ) | |
| Plaintiff, | ) ) | 06-410 T |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |
| | ) | |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G, ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 06-411 T |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) ) | |
| | ) | |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER, | ) ) ) ) | |
| Plaintiff, | ) ) | 06-810 T |

| | |
|---|---|
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| M, L, R & R, BY AND THROUGH RICHARD E. ) | |
| SANDS, TAX MATTERS PARTNER, ) | |
| ) | |
| Plaintiff, ) | 06-811 T |
| ) | |
| v. ) | |
| ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Lewis S. Wiener, Washington, DC, for plaintiff.  N. Jerold Cohen, Thomas A. Cullinan, Joseph M. DePew, and Julie P. Bowling, Atlanta, GA, and Kent L. Jones, Washington, DC, of counsel.

Thomas M. Herrin, with whom were Louise Hytken, Chief, Southwestern Civil Trial Section, and Michelle C. Johns, Trial Attorney, Tax Division, United States Department of Justice, Dallas, TX, and John A. DiCicco, Deputy Assistant Attorney General, and Steven I. Frahm, Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, DC, for defendant.

OPINION

HEWITT, Chief Judge

Before the court are the United States' Motion to Reconsider Opinion Regarding Plaintiffs' Motion for Partial Summary Judgment (defendant's Motion for Reconsideration or Def.'s Mot. for Recons.), filed December 24, 2008, and Plaintiffs' Response in Opposition to Defendant's Motion to Reconsider Order Regarding Plaintiffs' Motion for Partial Summary Judgment (plaintiffs' Response to defendant's Motion for Reconsideration or Pls.' Resp. to Def.'s Mot. for Recons.), filed January 23, 2009. Defendant moves the court for reconsideration, Def.'s Mot. for Recons. 1, of the court's

Opinion of November 25, 2008, granting Plaintiffs' Motion for Partial Summary Judgment (Pls.' Mot. for Partial Summ. J.), Alpha I, L.P., v. United States (Alpha I), 84 Fed. Cl. 622, 634 (2008).  For the following reasons, defendant's Motion for Reconsideration is DENIED.

I.    Background

The relevant facts of the case, as pertain to plaintiffs' Motion for Partial Summary Judgment, are set forth in detail in the court's Opinion of November 25, 2008.  See Alpha I, 84 Fed. Cl. at 623-26.  For convenient reference, the facts are discussed briefly here.  In their complaint plaintiffs challenge "the readjustment of partnership items that were adjusted by the Internal Revenue Service [(IRS)] in a Notice of Final Partnership Administrative Adjustment [(FPAA)] issued to [plaintiffs] with respect to [plaintiffs'] Forms 1065 U.S. Return of Partnership Income for the tax years ended December 31, 2001 [(tax year 2001)] and December 31, 2002 [(tax year 2002)]."  First Amended Complaint [of Alpha I, L.P.] for Readjustment of Partnership Items Under Code Section 6226 (Alpha Amended Complaint or Alpha Amended Compl.) 1.  The IRS issued FPAAs to plaintiffs in December of 2005.  Id. at 6.  The FPAAs increased plaintiffs' tax liabilities for tax years 2001 and 2002.  Id. at 6-7.  Pursuant to § 6662 of the Internal Revenue Code (I.R.C.), the FPAAs also asserted a forty percent accuracy-related penalty against plaintiffs or, alternatively, a twenty percent accuracy-related penalty.  Id.; see 26 U.S.C. § 6662 (2006).  On April 11, 2008 plaintiffs sought to amend their complaints "by conceding certain issues."  Plaintiffs' Motion for Leave to Amend Their Complaints (Pls.' Mot. to Amend) 1.  Plaintiffs filed their amended complaints, containing concessions under § 465(b)(1) of the I.R.C., on May 16, 2008.  Dkt. Nos. 97-103.  Plaintiffs' amended complaints conceded that taxes are owed, but contested whether penalties are owed.  See, e.g., Alpha Amended Compl. 7-8.  Defendant characterized plaintiffs' concession as "largely a self-serving maneuver to attempt to avoid the 40% penalty imposed in connection with their use of abusive tax shelters designed to avoid tax on $120,000,000 in gain."  United States' Response to Plaintiffs' Motion for Leave to Amend Their Complaints (Def.'s Resp. to Pls.' Mot. to Amend) 4.

Plaintiffs filed a Motion for Partial Summary Judgment on July 2, 2008, requesting summary judgment that "[t]he 40 percent gross valuation misstatement penalty (as well as the 20 percent substantial valuation misstatement penalty) asserted by the defendant is inapplicable to plaintiffs as a matter of law because any underpayment of tax would not be 'attributable to' a valuation misstatement, but instead would be attributable to plaintiffs' concession that defendant's capital gains adjustments were correct under Section 465(b)(1) [of the I.R.C.]."  Pls.' Mot. for Partial Summ. J. 4 ("Here, plaintiffs' concession eliminated the need for the [c]ourt to consider difficult valuation issues relating to basis

4                                                                                              4

and economic substance, and defendant cannot require the [c]ourt to make such determinations solely for the purpose of imposing the valuation misstatement penalty."). In the United States' Response to Plaintiffs' Motion for Partial Summary Judgment (Def.'s Resp. to Pls.' Mot. for Partial Summ. J.), defendant argued that plaintiffs' § 465 concession is meaningless. Def.'s Resp. to Pls.' Mot. for Partial Summ. J. 5-6. Plaintiffs also argued, contrary to defendant's contentions, see id. at 3, that a partnership information return is not a return of tax imposed by Chapter 1 of the I.R.C, Pls.' Mot. for Partial Summ. J. 4; see 26 U.S.C. § 6662(e)(1)(A) (stating that valuation misstatement penalties relate to "return[s] of tax imposed by chapter 1"). Because the court reached its decision based on plaintiffs' first argument, the court did not address the portion of the parties' briefing discussing whether a partnership information return is a return of tax imposed by Chapter 1 of the I.R.C. See Alpha I, 84 Fed. Cl. at 634.

The court granted plaintiffs' Motion for Partial Summary Judgment, finding "that the underpayment of plaintiffs' taxes are not 'attributable to' an overvaluation misstatement." Id. The court found the issues surrounding plaintiffs' Motion for Partial Summary Judgment

> more closely analogous to . . . [cases] where adjustments were made on grounds unrelated to valuation and the courts declined to impose penalties, [Gainer v. Comm'r (Gainer), 893 F.2d 225, 226-28 (9th Cir. 1990); Todd v. Comm'r (Todd), 862 F.2d 540, 541-44 (5th Cir. 1988)], than to [Santa Monica Pictures, LLC v. Comm'r (Santa Monica Pictures)], where the Tax Court determined that the transaction lacked economic substance, Santa Monica Pictures, [89 T.C.M. (CCH) 1157, 1224 (2005)], and found that the tax returns contained 'gross valuation misstatements for purposes of section 6662(e) and (h),' id. at 1227.

Id. at 630. The court found two of the cases cited by defendant, Jade Trading, LLC v. United States (Jade Trading), 80 Fed. Cl. 11 (2007), and Petaluma FX Parterns, LLC v. Comm'r (Petaluma), No. 24717-05, 131 T.C. No. 9, 2008 WL 4682543 (Tax Ct. Oct. 23, 2008), irrelevant and unpersuasive here because, in contrast to the circumstances in Jade Trading and Petaluma, the court has not reached the merits of whether a particular transaction lacked economic substance. Alpha I, 84 Fed. Cl. at 630-31. The court found as follows:

> Cases in which courts decline to make valuation determinations for the sole purpose of imposing penalties, support this court's determination that plaintiffs' concession should be accepted. Plaintiffs' concession obviates the need to conduct a trial on valuation issues and therefore

>   achieves the very efficiencies and economies that the elimination of
>   penalties sought to encourage.

Id. at 631 (internal citations omitted).  According to the court, "The important fact here is that plaintiffs conceded the correctness of the adjustments made in the FPAAs."  Id. at 632.  "To go behind the concession and attempt to assign to it a specific ground would be to engage in an activity that the elimination of penalties is intended to prevent."  Id.

II.   Standard of Review

The standards applicable to reconsideration of non-final decisions are set forth in Rules 54(b) and 59(a) of the Rules of the United States Court of Federal Claims (RCFC). RCFC 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  RCFC 54(b). RCFC 59(a) provides that rehearing or reconsideration may be granted as follows:  "(A) for any of reason for which a new trial has heretofore been granted in an action at law in federal court; (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States."  RCFC 59(a)(1).

"The decision whether to grant reconsideration lies largely within the discretion of the [trial] court."  Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990).  "The court must consider such motion with 'exceptional care.'"  Henderson County Drainage Dist. No. 3 v. United States, 55 Fed. Cl. 334, 337 (2003) (quoting Fru-Con Constr. Corp. v. United States (Fru-Con), 44 Fed. Cl. 298, 300 (1999), aff'd, 250 F.3d 762 (Fed. Cir. 2000) (table)).  "A motion for reconsideration is not intended, however, to give an 'unhappy litigant an additional chance to sway' the court."  Matthews v. United States (Matthews), 73 Fed. Cl. 524, 525 (2006) (quoting Froudi v. United States (Froudi), 22 Cl. Ct. 290, 300 (1991)).  A party may not prevail on a motion for reconsideration "by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed."  Id. at 526 (citing Lamle v. Mattel, Inc. (Lamle), 394 F.3d 1355, 1359 n.1 (Fed. Cir. 2005); Abbott Labs. v. Syntron Bioresearch, Inc. (Abbott Labs.), 334 F.3d 1343, 1355 (Fed. Cir. 2003); Corrigan v. United States (Corrigan), 70 Fed. Cl. 665, 668 (2006); and Seldovia Native Ass'n. v. United States (Seldovia), 36 Fed. Cl. 593, 594 (1996)).  "Motions for reconsideration must be supported 'by a showing of extraordinary circumstances which justify relief.'"  Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) (quoting Fru-Con, 44 Fed. Cl. at 300).  "To prevail on a motion for reconsideration, the movant must point to a manifest error of law or mistake of

fact." Pac. Gas & Elec. Co. v. United States, 58 Fed. Cl. 1, 2 (2003). "Specifically, the moving party must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." Matthews, 73 Fed. Cl. at 526 (citing Griswold v. United States (Griswold), 61 Fed. Cl. 458, 460-61 (2004)). "Manifest" is defined as "clearly apparent or obvious." Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002). "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is 'apparent to the point of being almost indisputable.'" Shirlington Limousine & Trans., Inc. v. United States, 78 Fed. Cl. 27, 31 (2007) (quoting Pac. Gas & Elec. Co. v. United States, 74 Fed. Cl. 779, 785 (2006)).

III.   Discussion

Defendant requests that the court reconsider its Opinion of November 25, 2008 because "plaintiffs' § 465 concession cannot support all of the adjustments in the challenged FPAAs. . . . [and because] the [c]ourt should not have concluded that the underpayment of plaintiffs' taxes is not 'attributable to' an overvaluation misstatement." Def.'s Mot. for Recons. 1. According to defendant, "the underpayment of tax is directly attributable to plaintiffs' overvaluation of their basis in the Constellation, Yahoo and Corning stock." Id. Defendant also argues that "the [s]ection 6662 penalties were designed to punish non-compliant taxpayers and discourage that sort of behavior in the future." Id. at 9. Plaintiffs, on the other hand, argue that defendant's Motion for Reconsideration should be denied for the following reasons:

> (1) defendant's Motion for Reconsideration does not meet the RCFC 59 standard for granting such motions and, in any event, was not timely filed; (2) the [c]ourt correctly concluded that the underpayment of tax is not attributable to a valuation misstatement and whether [s]ection 465 supports the FPAA adjustments (a position defendant previously advanced) is not relevant to that determination; and (3) the [c]ourt's ruling furthers the intent of Congress and constitutes good public policy.

Pls.' Resp. to Def.'s Mot. for Recons. 1-2 (footnotes omitted).

The court will address plaintiffs' timeliness argument first. Plaintiffs point out that defendant's Motion for Reconsideration, filed on December 24, 2008, was filed 29 days after the court's Opinion of November 25, 2008. Id. at 2 n.4. According to plaintiffs, "RCFC 59, as recently amended, arguably requires that motions for reconsideration be filed within 10 days after entry of the judgment at issue and, under that rule, it appears that

7                                                                 7

defendant's Motion for Reconsideration was untimely." Id.  A motion for reconsideration, however, is brought pursuant to RCFC 59(a), which does not contain the same ten-day deadline as RCFC 59(b).  RCFC 59(a), (b); see Klamath Irrigation Dist. v. United States, 68 Fed. Cl. 119, 120-21 (2005) ("Because no time limits are specified in RCFC 59(a), the timing of such a motion may be established by the court in providing for the orderly administration of the case, as an adjunct to this court's control over the appropriateness and timing of summary adjudications under RCFC 56.").  The court does not find defendant's Motion for Reconsideration untimely and will address the remaining issues presented by defendant's Motion for Reconsideration below.

Defendant has not argued that any of the circumstances have occurred that would warrant the grant of a motion for reconsideration.  See Def.'s Mot. for Recons. passim.  Specifically, defendant has not argued that there has been "an intervening change in the controlling law," that previously unavailable evidence is now available, or that the motion should be granted "to prevent manifest injustice."  See Matthews, 73 Fed. Cl. at 526 (citing Griswold, 61 Fed. Cl. at 460-61).  Defendant merely rehashes arguments made in briefing on plaintiffs' Motion for Partial Summary Judgment.  Compare Def.'s Mot. for Recons. 3-4 (arguing that plaintiffs' § 465 concession does not support all of the adjustments made in the FPAA), id. at 4-5 (arguing that the amount considered at risk is not a partnership item), and id. at 5-6 (arguing that, despite plaintiffs' concession, plaintiffs' underpayment of tax is attributable to an overvaluation of basis), with Def.'s Resp. to Pls.' Mot. for Partial Summ. J. 1 (stating that "plaintiffs' underpayment of tax is attributable to a gross valuation misstatement"), id. at 5-6 ("It is important for this [c]ourt to understand that the § 465 adjustment did not result in any adjustment or correction to long term capital gains and losses on the Group FPAA.  The § 465 adjustment was included only as a protective adjustment, not as an alternative to the five theories set out above."), and id. at 7 (arguing that a partner's amount at risk is not a partnership item).  As previously stated, see supra Part II, "A motion for reconsideration is not intended . . . to give an 'unhappy litigant an additional chance to sway' the court," Matthews, 73 Fed. Cl. at 525 (quoting Froudi, 22 Cl. Ct. at 300).  "Motions for reconsideration should not be entertained upon 'the sole ground that one side or the other is dissatisfied with the conclusions reached by the court, otherwise the losing party would generally, if not always, try his case a second time, and litigation would be unnecessarily prolonged.'" Fru-Con, 44 Fed. Cl. at 300 (quoting Seldovia, 36 Fed. Cl. at 594).  The court, as noted by plaintiffs, "considered a variety of cases which indicated that where an underpayment results from a conceded adjustment or an adjustment determined based on no specific ground or on a ground unrelated to basis or valuation, the valuation misstatement penalties are inapplicable." Pls.' Resp. to Def.'s Mot. for Recons. 7; see Alpha I, 84 Fed. Cl. at 627-32.  The court concluded that it "need not endorse the validity of the ground on which plaintiffs made their concession.  Plaintiffs did not concede the adjustments on grounds relating to

valuation that would cause the penalties to be applied." Alpha I, 84 Fed. Cl. at 632 n.6. The court is not aware of, and defendant has not articulated, the presence of any intervening change in the controlling law or any previously unavailable evidence. The court, therefore, will not grant defendant's Motion for Reconsideration on these grounds. If defendant is in fact arguing, without specifically so stating, that reconsideration of the court's Opinion of November 25, 2008 is warranted in order to prevent manifest injustice, see Def.'s Mot. for Recons. passim, defendant has failed to show that it is necessary to grant the Motion for Reconsideration is order to prevent manifest injustice from occurring as a result of the court's decision.

In defendant's Motion for Reconsideration, defendant raises, for the first time, a public policy argument. See Def.'s Mot. for Recons. 9-11. A party may not prevail on a motion for reconsideration "by raising an issue for the first time on reconsideration when the issue was available to be litigated at the time the complaint was filed." Matthews, 73 Fed. Cl. at 526 (citing Lamle, 394 F.3d at 1359 n.1; Abbott Labs., 334 F.3d at 1355; Corrigan, 70 Fed. Cl. at 668; and Seldovia, 36 Fed. Cl. at 594). Defendant argues that "the Section 6662 penalties were designed to punish non-compliant taxpayers and discourage that sort of behavior in the future." Def.'s Mot. for Recons. 9. According to defendant, "If penalties did not exist, there would be no disincentive for taxpayers to take questionable positions on their returns." Id. at 10. According to plaintiffs, however, "Defendant has lost sight of the different policy underlying the valuation misstatement penalty from other penalties designed to punish and deter taxpayers from taking negligent, aggressive, or fraudulent positions." Pls.' Resp. to Def.'s Mot. for Recons. 16. The court addressed the policy behind the § 6662(e) penalties in its Opinion of November 25, 2008. See Alpha I, 84 Fed. Cl. at 632-33. The court concluded that "forcing a 'trial on alternative grounds for adjustments plaintiffs have already conceded violates the purpose and policy behind the valuation misstatement penalties and is simply a waste of the Court's and the parties' resources.'" Id. at 632 (quoting Plaintiffs' Reply in Support of Plaintiffs' Motion for Partial Summary Judgment 5).

Defendant further contends that "[u]nder the [c]ourt's recent ruling, the Sands are in a better position than the taxpayers who agreed to settle with the IRS years ago without litigation." Def.'s Mot. for Recons. 11. Plaintiffs argue:

> Whether plaintiffs are "better" off than taxpayers who accepted a settlement offer made by the IRS is irrelevant. There is no rule of law or public policy that requires individuals or entities who litigate with the government in tax cases regarding positions supported by non-frivolous legal or factual grounds to be treated worse than individuals who settle with the government in such circumstances. . . . Moreover, it is not clear that

9 9

> plaintiffs are "better" off than individuals who agreed to the IRS' settlement offer. As noted above, plaintiffs conceded the capital gains adjustments asserted by defendant, and if the [c]ourt so determines, could potentially owe a 20 percent negligence or substantial understatement penalty for any resulting underpayment of tax. . . . Additionally, plaintiffs have incurred and continue to incure extensive litigation costs in presenting their case to this [c]ourt.

Pls.' Resp. to Def.'s Mot. for Recons. 17. The court agrees with plaintiffs. There is no rule requiring that parties who pursue litigation end up worse off than those that choose to settle with the government.

Finally, defendant argues that "the [c]ourt's ruling on the § 6662(e) substantial valuation misstatement penalty does not avoid a trial on penalties." Def.'s Mot. for Recons. 11. According to defendant:

> The FPAAs also determined penalties under 26 U.S.C. §[ 6662(a), (b)(1) and (d)] (negligence or disregard of rules or regulations) and under 26 U.S.C. § 6662(a), [(b)(2) and (d)] (substantial understatement of tax). The [c]ourt's resources will still need to be expended in considering these alternative penalties, and, even if the substantial valuation misstatement was not an independent issue in this case (which it is), there is little benefit in not considering it with the other penalties.

Id. Plaintiffs agree that "the issue of whether either the negligence or substantial understatement penalties are applicable" is still open. Pls.' Resp. to Def.'s Mot. for Recons. 16. The court finds the applicability of negligence or substantial understatement penalties irrelevant to its ruling on the substantial valuation misstatement penalties applicable under § 6662(e).

IV.   Conclusion

For the foregoing reasons, defendant's Motion is DENIED.

IT IS SO ORDERED.

s/ Emily C. Hewitt<br>
EMILY C. HEWITT<br>
Chief Judge