# In the United States Court of Federal Claims

No. 06-407 T
(into which have been consolidated Nos. 06-408T,
06-409T, 06-410T, 06-411T, 06-810T, 06-811T)

(E-Filed: August 26, 2009)

| | | |
|---|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Action for Readjustment of Partnership Items; Effect of Concessions on Remaining Issues for Trial <br><br> 06-407 T |
| BETA PARTNERS, L.L.C., BY AND THROUGH ALPHA I, L.P., A NOTICE PARTNER, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) | 06-408 T |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER, <br><br> Plaintiff, <br><br> v. | ) ) ) ) ) ) ) ) ) | 06-409 T |

|  |  |  |
|---|---|---|
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS CHARITABLE REMAINDER UNITRUST – 2001, A NOTICE PARTNER, | ) ) ) | |
| | ) | 06-410 T |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G, ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER, | ) ) ) ) | |
| | ) | 06-411 T |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER, | ) ) ) | |
| | ) | 06-810 T |
| Plaintiff, | ) | |
| | ) | |

| | | |
|---|---|---|
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| M, L, R & R, BY AND THROUGH RICHARD E. | ) | |
| SANDS, TAX MATTERS PARTNER, | ) | |
| | ) | |
| Plaintiff, | ) | 06-811 T |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Lewis S. Wiener, Washington, DC, for plaintiff.  N. Jerold Cohen, Thomas A. Cullinan, Joseph M. DePew, and Julie P. Bowling, Atlanta, GA, and Kent L. Jones, Washington, DC, of counsel.

Thomas M. Herrin, with whom were Louise Hytken, Chief, Southwestern Civil Trial Section, Michelle C. Johns, Trial Attorney, Tax Division, United States Department of Justice, Dallas, TX, John A. DiCicco, Deputy Assistant Attorney General, and Steven I. Frahm, Chief, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, DC, for defendant.

ORDER

HEWITT, Chief Judge

Before the court are the United States' Motion to Set Remaining Issues for Trial (defendant's Motion or Def.'s Mot.), filed May 26, 2009, and Plaintiffs' Response in Opposition to United States' Motion to Set Remaining Issues for Trial (plaintiffs' Response or Pls.' Resp.), filed June 26, 2009.  In defendant's Motion, defendant states:

> To the extent that the penalty issue is not resolved through . . . pleadings [on
> the impact of plaintiffs' § 465 concessions on plaintiffs' challenges to

penalties imposed by Final Partnership Administrative Adjustments
(FPAAs) issued by the Internal Revenue Service (IRS)], the United States
submits that all of the evidence presented at trial regarding: (1) the
disregard of Group for federal tax purposes; and (2) the disregard for
federal tax purposes of the transfers of their partnership interests in Group
by the Sands Heirs to the [charitable remainder unitrusts (CRUTs)], will
also be relevant to the penalty issue.

Def.'s Mot. 3.  Defendant also states:

> At trial, the evidence will show that the Sands Heirs never intended to join
> together in Group for the purpose of carrying on business and for sharing
> the profits and losses.  The sole reason for the formation of Group was to
> manipulate the partnership basis rules under § 752 to shelter the capital gain
> tax realized on the sale of the appreciated Constellation Brands stock.

Id. at 8-9.  Defendant advocates for the application of the sham partnership doctrine and the step transaction doctrine to disregard Group and any transfers by the Sands of their interests in Group.  Id. at 8-10.  Defendant also argues that Group and the transfers should be disregarded because they lack economic substance and because of the application of Treasury Regulation § 1.701-2.  Id. at 10-12.  Defendant describes the "effect of disregarding Group as a partnership and setting aside any transfer of the Sands' interests in Group to their CRUTs" as follows:

> Richard Sands, Robert Sands, Marilyn Sands and CWC will be treated as
> owning the Constellation Brands stock in their individual capacities and
> they will be deemed to have sold the Constellation Brands stock on October
> 1, 2001, for $74,862,863.  The Sands will be taxed on the capital gain from
> the sale of the stock on their individual income tax returns.  The Sands will
> also be treated as making an aggregate charitable contribution in 2002 of
> about $2 million to [The Educational and Health Support Fund].

Id. at 13.

Plaintiffs "agree with defendant that this [c]ourt has jurisdiction to determine whether Group was a sham," but maintain that the court lacks jurisdiction to disregard the transfers that the Sands made to the CRUTs.  Pls.' Resp. 12.  Plaintiffs object to the court's determination of whether Group was a sham for the following reasons:

4

> [B]ecause defendant has used [the issue] to . . . assert a new theory that will require additional discovery and evidence at trial due to defendant's new interpretation of the effect of disregarding Group[,] . . . because defendant seeks not only to disregard Group, but also the transfers that the Sands made to the CRUTs, which this Court lacks jurisdiction to determine[,] . . . [and because] a determination regarding Group's validity is unnecessary to finally dispose of this case.

Id.  According to plaintiffs, "Granting Defendant's Motion would also require the presentation of additional evidence and witnesses at trial that would be unnecessary in a trial relating solely to the outstanding penalty issues relating to the applicability of the 20 percent negligence and substantial understatement penalties."  Id. at 6.  As plaintiffs state, "Since plaintiffs have already conceded defendant's capital gains adjustments, no additional capital gains adjustment would result from a determination that Group was a sham partnership."  Id. at 13.

On October 9, 2008, the court held that "the identity of a partner . . [is] a nonpartnership item that cannot be contested in an FPAA."  Alpha I, L.P. v. United States (Alpha I), 84 Fed. Cl. 209, 225 (2008).  The court "invalidate[d] the portion of the FPAA issued to Group that determined that the transfers of partnership interests in Group were shams."  Id.  On March 3, 2009, the court denied defendant's motion to reconsider the court's Opinion of October 9, 2008.  See Alpha I, L.P. v. United States (Alpha III), 86 Fed. Cl. 126, 130-34 (2009).  As plaintiffs state, "Defendant's new theory is nothing more than a poorly disguised third attempt to try to convince the [c]ourt to take jurisdiction over the identity of the partners, contrary to the [c]ourt's two prior rulings on this issue."  Pls.' Resp. 6; see Alpha I, 84 Fed. Cl. at 221; Alpha III, 86 Fed. Cl. at 130-34.

Defendant cites to Petaluma FX Partners, LLC v. Commissioner of Internal Revenue (Petaluma), § 6233(a) of the Internal Revenue Code (I.R.C.), and § 301.6233-1(a) of the Treasury Regulations for support of its assertion that the court has jurisdiction to determine whether Group is a valid partnership and whether any transfers in Group partnership interests by the Sands heirs to the CRUTs should be disregarded.  Def.'s Mot. 7.  Petaluma addressed whether the United States Tax Court (Tax Court) had jurisdiction to determine whether to recognize the partnership in Petaluma as a partnership for tax purposes.  Petaluma, No. 24717-05, 131 T.C. No. 9, 2008 WL 4682543, at *6 (Tax Ct. Oct. 23, 2008).  The Tax Court held that "the determination of whether a partnership should be disregarded for tax purposes under a legal doctrine such as sham or economic substance [was] a partnership item."  Id.  The Tax Court did not address whether the determination of the validity of the transfers of a partner's interest in such a partnership was a partnership item.  See id. passim.

Section 6233 of the I.R.C. provides:

> If a partnership return is filed by an entity for a taxable year but it is determined that the entity is not a partnership for such year, then, to the extent provided in regulations, the provisions of this subchapter are hereby extended in respect of such year to such entity and its items and to persons holding an interest in such entity.

I.R.C. § 6233(a). Treasury Regulation § 301.6233-1(a) states:

> Any [FPAA] or judicial determination resulting from a proceeding under subchapter C with respect to such taxable year may include a determination that the entity is not a partnership for such taxable year as well as determinations with respect to all items of the entity that would be partnership items, as defined in section 6231(a)(3) and the regulations thereunder, if such entity had been a partnership in such taxable year . . . .

Treas. Reg. § 301.6233-1(a). This court has already determined that "[t]he determination of whether the transfers of the Sands' partnership interests in Group to the CRUTs were shams is not a partnership item." Alpha I, 84 Fed. Cl. at 221; see Alpha III, 86 Fed. Cl. at 130-34. Defendant appears to have overlooked the court's prior rulings.

On November 25, 2008, after plaintiffs conceded that taxes were owed under § 465(b)(1), the court found "that the underpayment of plaintiffs' taxes are not 'attributable to' an overvaluation misstatement." Alpha I, L. P. v. United States (Alpha II), 84 Fed. Cl. 622, 634 (2008). The court stated: "Cases in which courts decline to make valuation determinations for the sole purpose of imposing penalties[] support this court's determination that plaintiffs' concession should be accepted. Plaintiffs' concession obviates the need to conduct a trial on valuation issues and therefore achieves the very efficiencies and economies that the elimination of penalties sought to encourage." Id. at 631 (internal citations omitted). Defendant's arguments concerning the sham partnership doctrine, the step transaction doctrine and the alleged lack of economic substance require trial on the very matters plaintiffs' concessions eliminated. On August 26, 2009, the court issued an Opinion on the effect of plaintiffs' § 465 concession on plaintiffs' challenges to the remaining penalties imposed in the FPAAs. Opinion and Order of Aug. 26, 2009. The court held that in challenging penalties, plaintiffs are limited to defenses based on their § 465 concession. Id.

Defendant appears to be concerned that, even with plaintiffs' concessions, any tax liability assessed to Group will not be paid because the CRUTs do not have to pay tax.

6

See Def.'s Mot. 4-5.  Because the court has (1) already determined that it does not have jurisdiction to determine whether the transfers of partnership interest in Group were shams, Alpha I, 84 Fed. Cl. at 225; Alpha III, 86 Fed. Cl. at 130-34, (2) accepted plaintiffs' concession of their tax deficiency under § 465, Alpha II, 84 Fed. Cl. at 631-32, and (3) narrowed the grounds on which defenses are available in a trial on penalties, Opinion and Order of Aug. 26, 2009, defendant's Motion is DENIED.

On or before Wednesday, September 9, 2009, the parties shall file a Joint Status Report (JSR), or if the parties cannot agree, individual status reports, setting forth the parties' views regarding how the case should now proceed.  The parties shall articulate which outstanding motions must still be decided and which are now moot.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Chief Judge