# In the United States Court of Federal Claims

No. 06-407 T
(into which have been consolidated Nos. 06-408 T, 06-409 T, 06-410 T, 06-411 T, 06-810 T, 06-811 T)

(E-Filed: September 14, 2010)

| | | |
|---|---|---|
| ALPHA I, L.P., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER, | ) ) ) ) | Order for Judgment; No Entitlement to Refund; No Entitlement to Litigation Costs; No Entitlement to Judgment that "All relief not granted is DENIED." |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |
| BETA PARTNERS, L.L.C., BY AND THROUGH ROBERT SANDS, A NOTICE PARTNER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |
| R, R, M & C PARTNERS, L.L.C., BY AND THROUGH R, R, M & C GROUP, L.P., A NOTICE PARTNER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |

| | | |
|---|---|---|
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| R, R, M & C GROUP, L.P., BY AND THROUGH ROBERT SANDS CHARITABLE REMAINDER UNITRUST – 2001, A NOTICE PARTNER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 06-407 T, 06-408 T, |
| THE UNITED STATES, | ) ) | 06-409 T, 06-410 T, 06-411 T, 06-810 T, |
| Defendant. | ) ) | 06-811 T |
| | ) ) | |
| CWC PARTNERSHIP I, BY AND THROUGH TRUST FBO ZACHARY STERN U/A FIFTH G. ANDREW STERN AND MARILYN SANDS, TRUSTEES, A NOTICE PARTNER, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| THE UNITED STATES, | ) ) | |
| Defendant. | ) ) | |
| | ) ) | |
| MICKEY MANAGEMENT, L.P., BY AND THROUGH MARILYN SANDS, A NOTICE PARTNER, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | |

|  |  |
|---|---|
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |
|  | ) |
| M, L, R & R, BY AND THROUGH RICHARD E. SANDS, TAX MATTERS PARTNER, | ) ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

Lewis S. Wiener, Washington, DC, for plaintiff. N. Jerold Cohen, Thomas A. Cullinan, Joseph M. DePew, Atlanta, GA, and Kent L. Jones, Washington, DC, of counsel.

Thomas M. Herrin, Tax Division, with whom were Michelle C. Johns, Trial Attorney, Louise Hytken, Chief, Southwestern Civil Trial Section, Dallas, TX, Steven I. Frahm, Chief, Court of Federal Claims Section, and John A. DiCicco, Acting Assistant Attorney General, United States Department of Justice, Washington, DC, for defendant.

OPINION AND ORDER

HEWITT, Chief Judge

Before the court is United States' Proposed Form of Judgment (defendant's Judgment or Def.'s J.), Docket Number (Dkt. No.) 197; and Plaintiffs' Proposed Form of Final Judgment (plaintiffs' Judgment or Pls.' J.), Dkt. No. 198. The parties' Judgments differ in three substantive ways: defendant's Judgment does not separately address the proceedings involving R, R, M & C Group, L.P. (Group); defendant's Judgment holds plaintiffs liable for defendant's litigation costs; and defendant's proposed final judgment includes a statement that "[a]ll relief not granted is DENIED." The court addresses each of these issues in turn.

3

I.      Proceedings Involving R, R, M & C GROUP, L.P.

In Alpha I, L.P. v. United States (Alpha I), 84 Fed. Cl. 209 (2008), the court dismissed Robert Sands and substituted the Robert Sands Charitable Remainder Unitrust - 2001.  Alpha I, 84 Fed. Cl. at 224.  The Internal Revenue Code (I.R.C.) provides for "a refund only if the entire action is dismissed 'by reason of the priority of a Tax Court action.'"  Id. at 225 (quoting 26 U.S.C. § 6226(e)(2) (2006)).  In this case, the entire action was not dismissed; rather, Robert Sands was dismissed and the Robert Sands Charitable Remainder Unitrust - 2001 was substituted in his place.  See id. at 224.  In circumstances other than the circumstance addressed in § 26 U.S.C. § 6226(e)(2), the I.R.C. does not grant this court jurisdiction to order a refund in a readjustment action brought pursuant to § 6226.  Klamath Strategic Inv. Fund ex rel. St. Croix Ventures v. United States, 568 F.3d 537, 552 (5th Cir. 2009).  26 U.S.C. § 6230 (2006) sets forth the grounds on which a partner may file an administrative refund claim after a final partnership administrative judgment.  Id.  Nothing in § 6230, however, authorizes this court to grant a refund in a § 6226 proceeding.  Id.  The fact that Robert Sands is no longer a partner does not change this result.

II.     Defendant's Litigation Costs

Rule 54 of the Rules of the United States Court of Federal Claims (RCFC) states that a party's costs, other than attorney's fees, "should be allowed to the prevailing party."  RCFC 54(d)(1).  In defendant's Judgment, defendant proposes that plaintiffs pay defendant's costs of litigation.  Def.'s J. Ex. 1, ¶ 4.  Plaintiffs contend, see Pls.' J. at 1, correctly, that because plaintiffs have prevailed on certain issues and defendant has prevailed on other issues, see, e.g., Alpha I, L.P. v. United States (Alpha III), 93 Fed. Cl. 280, 326 (2010) (granting defendant's motion and finding that substantial understatement and the negligence accuracy-related penalties apply); Alpha I, L.P. v. United States (Alpha II), 84 Fed. Cl. 622, 634 (2008) (granting plaintiffs' motion and finding that the underpayments of plaintiffs' taxes are not attributable to an overvaluation misstatement); Alpha I, 84 Fed. Cl. at 225 (granting-in-part plaintiffs' motion to invalidate a portion of the FPAA), neither party is entitled to costs of litigation, see RCFC 54(d)(1).  Each party shall bear its own costs.

III.    "All relief not granted is DENIED."

In Alpha III, the court determined that it had jurisdiction to make only partnership-level determinations.  See Alpha III, 93 Fed. Cl. at 298-300.  The court therefore determined whether certain defenses applied to plaintiffs based on the actions of the partnership.  See id. at 299-300.  The court noted that the applicability of certain penalties

4

and defenses remain to be determined for each partner.  See id. at 323 (noting that individual calculations would occur at the partner level).  The court finds defendant's proposal for judgment stating that "[a]ll relief not granted is DENIED" is inappropriate in the circumstances in this case.

IV.   Judgment

   The Clerk of Court shall ENTER JUDGMENT as follows:

   1.   Judgment for plaintiffs that the identity of a partner is a nonpartnership item that cannot be adjusted in a Final Partnership Administrative Adjustment (FPAA).

   2.   Judgment for defendant that the adjustments set out in the FPAAs in this case are correct:

      a.   for 2001, R, R, M & C Group, L.P.'s net long-term capital loss of $19,890,987 is adjusted to reflect a long-term capital gain of $65,539,019 and its originally reported short-term capital loss of $426,875 is adjusted to reflect a short-term capital loss of $207,636 as set out in the FPAA issued on December 22, 2005;

      b.   for 2002, Alpha I, L.P.'s net short-term capital loss of $3,140,776 is adjusted to reflect a net short-term capital gain of $355,374, as set out in the FPAA issued on December 22, 2005;

      c.   for the year that ended September 10, 2001, R, R, M & C Partners, L.L.C.'s net short-term capital loss of $424,565 is adjusted to reflect a net short-term loss of $0, as set out in the FPAA issued on December 22, 2005;

      d.   for 2002, Mickey Management, L.P.'s net short-term capital loss of $2,964,879 is adjusted to reflect a net short-term capital gain of $69,540, as set out in the FPAA issued on August 8, 2006; and

      e.   for 2002, M, L, R & R's net short-term capital loss of $4,275,885 is adjusted to reflect a net short-term capital loss of $1,241,541, as set out in the FPAA issued on September 7, 2006.

      3.        Judgment for plaintiffs that the forty-percent gross valuation misstatement penalty, as well as the twenty-percent substantial valuation misstatement penalty are not applicable.

      4.        Judgment for defendant that any underpayment of taxes from the partnership-level adjustments is subject to the 26 U.S.C. § 6662(b)(1) twenty-percent substantial understatement accuracy-related penalty and the 26 U.S.C. § 6662(b)(2) twenty-percent negligence accuracy-related penalty and that the reasonable basis defense and the reasonable cause and good faith defense are not available to plaintiffs.

No costs.

IT IS SO ORDERED.

                                                  s/ Emily C. Hewitt
                                                  EMILY C. HEWITT
                                                  Chief Judge